IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1264-SLR |
| | ) | |
| AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM INC., and OVERSTOCK.COM, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

Please take notice that Defendants Amazon.com, Inc. and Amazon Services, Inc. have served the attached subpoenas.

*[signature]*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

– and –

Kristin L. Cleveland
Jeffrey S. Love
James E. Geringer
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

David A. Zapolsky
Kathryn M. Sheehan
AMAZON.COM, INC.
1200 - 12th Avenue South, Suite 1200
Seattle, WA  98144-2734
206-266-1194

Attorneys for Defendants Amazon.com, Inc.
   and Amazon Services, Inc.

Dated:  April 1, 2005

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF  DELAWARE

BTG International, Inc.

v.

Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com, Inc., and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1264 SLR (Dist. Del.)

TO: Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Young Conway Stargatt & Taylor, LLP, The Brandywine Bldg, 1000 West Street, 17th Floor, Wilmington, DE 19801 (or as agreed) | 05/02/05 - 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) ATTORNEY FOR DEFENDANT AMAZON.COM | DATE 3/29/05 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
KRISTIN L. CLEVELAND (503) 595-5300
KLARQUIST SPARKMAN, LLP, 121 S.W. SALMON ST., SUITE 1600, PORTLAND, OR  97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                    DATE                                        SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>SCHEDULE A TO SUBPOENA OF MORGAN LEWIS & BOCKIUS, LLP
FOR THE PRODUCTION OF DOCUMENTS AND THINGS</u>

<u>INSTRUCTIONS AND DEFINITIONS</u>

A.  The term "Mr. Golub" shall mean and include Daniel H. Golub.

B.  The term "Reed Smith" shall mean and include Reed Smith LLP, and any of its members, associates, employees or agents.

C.  The term "Morgan Lewis" shall mean and include Morgan, Lewis & Bockius LLP, and any of its members, associates, employees or agents.

D.  The term "you" shall mean and include **Morgan Lewis**.

E.  The term "Infonautics" shall mean and include Infonautics Corporation, and any of its employees or agents.

F.  The term "Named Inventors" shall mean and include individually or collectively, the following persons: Terry E. Graber, Joshua Kopelman, Howell Watkeys, III, Marvin I. Weinberger, Thomas Damico, and Sheryl F. Wamoglu.

G.  The terms "writings," "recordings," or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all documents of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and all writings and recordings as those terms are defined by Rule 1001 of the Federal Rules of Evidence. The term "document" shall include without limitation any book, pamphlet, periodical, letter, record, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, software, source code, and all other electronic and digital forms of communication, however produced.

H.  References to the terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive.

I.  The "Patents-in-Suit" shall mean and include U.S. Patent No. 5,712,979 U.S. and U.S. Patent No. 5,717,860.

J.  The "Infonautics Patents" shall mean and include U.S. Patent Nos. 5,712,979, 5,717,860, 5,812,769, and 5,819,285.

K.  The "Infonautics Patent Applications" shall mean and include all patent applications leading to the **Infonautics Patents,** including without limitation, U.S. Patent Application Serial Nos. 531,031, 531,370, 531,371, and 531,369, and any related applications.

1

L.  The "Infonautics Patent File Histories," shall mean and include, the prosecution history of U.S. Patent Application Serial Nos. 531,031, 531,370, 531,371, and 531,369, and any related applications, including all corresonspence with the patent examiners, whether U.S. or foreign and all decisions by any such examining entituy.

M.  The "Infonautics Affiliate Program" shall mean and include any system, software or method, developed in whole or in part by Infonautics, which provided tracking of web page navigational history or affiliate referrals, whether or not the system or method was ever implemented, and whether or not **you** understand it to have been a reduction to practice of any of claim of the Infonautics Patents.

N.  Please produce documents in **your** possession, and any documents in the possession of **Morgan Lewis**, for which **you** have involvement, supervision or control.

O.  If **you** have no documents responsive to any particular subject matter, please so state.

P.  If **you** are not in possession of documents that **you** know to be responsive to the subpoena, but are aware of the actual or likely location of such responsive documents, please so state.

Q.  If **you** refuse to produce any documents or things on the basis of privilege or immunity from discovery, please identify: (1) the documents or things subject to the privilege, including the nature of the document or thing, its date, its author(s) and recipient(s), and a general description of the document or thing and its subject matter; and (2) the privilege or immunity asserted.

CATEGORIES OF DOCUMENTS AND THINGS TO BE PRODUCED

1.  All documents and things referring or relating to, in whole or in part, the **Named Inventors**.

2.  Documents sufficient to describe all patent matters for **Infonautics** in which **you** were involved in any capacity.

3.  All documents and things comprising, or referring or relating to, in whole or in part, the **Infonautics Patents**, including without limitation:

    a.  any applications or drafts thereof, and any documents discussing such drafts;

    b.  any foreign applications or patent counterparts thereto, including file histories for such applications;

    c.  the documents constituting, discussing, or reflecting any history of the prosecution of the **Infonautics Patent Applications**;

2

      d.      the **Infonautics Patents**' file histories or file wrappers;

      e.      any applications referring to any of the **Infonautics Patents** or **Infonautics Patent Applications**, whether for priority or otherwise;

      f.      recordings, notes, transcripts or memoranda of any interview or conversation with the United States Patent & Trademark Office (including any examiner) related to the prosecution of any of the **Infonautics Patent Applications**;

      g.      all descriptions of the subject matter of the **Infonautics Patent Applications** provided by or sent to the **Named Inventors** or other personnel at Infonautics;

      h.      all e-mails sent to or by the **Named Inventors** or other personnel at Infonautics or **Mr. Golub** related to the **Infonautics Patents**; and

      i.      the entire contents of any physical folder, file, or binder containing any of the above documents and things.

4.    All documents filed with or received from the United States Patent Office in connection with the prosecution of any of the **Infonautics Patents or Patent Applications**.

5.    All documents and things comprising, or referring or relating to, in whole or in part, any pending patent application on which any of the **Named Inventors** is listed as an inventor and which is related, in whole or in part, to the subject matter of the **Infonautics Patents**.

6.    All documents and things describing, or referring or relating to, in whole or in part, any work performed or billed by **Mr. Golub** in connection with the **Infonautics Patents or Patent Applications**.

7.    All documents and things describing, or referring or relating to, in whole or in part, any work performed or billed by **Morgan Lewis** in connection with the **Infonautics Patents or Patent Applications**.

8.    All documents and things comprising, or referring or relating to, any device, program, or system described or identified in any of the **Patents-in-Suit** and/or **Infonautics Patent Applications**, that was made, described, or reduced to practice prior to September 20, 1995.

9.    All documents and things referring or relating to, in whole or in part, the first use or the first offer for sale in the United States by any **Named Inventor** or **Infonautics**, of any product, program or system described in or claimed by the **Patents-in-Suit** or any **Infonautics Patent Application**.

10.    All documents and things comprising, or referring or relating to, in whole or in part, any evaluation, study, analysis, or review of the patentability, validity, enforceability,

infringement, ownership, or inventorship of any aspect of any of the **Patents-in-Suit** and/or the **Infonautics Patent Applications**.

11. All documents constituting, referring to, or relating to all prior art searches, or requests for such searches in connection with the **Patents-in-Suit** and/or the **Infonautics Patent Applications**.

12. All documents and things comprising, or referring or relating to, in whole or in part, any communications by, to, or with any actual or potential licensee under any of the **Patents-in-Suit** or **Infonautics Patent Applications**.

13. All documents and things comprising, or referring or relating to licensing of the **Patents-in-Suit**, including without limitation licenses, licensing plans, licensing evaluations, licensing plan agreements, or license plan policy agreements related to the **Patents-in-Suit**.

14. All documents comprising, referring or relating to any communication by or to anyone not then a client or agent of **Morgan Lewis** that related to **Infonautics** or any of the **Named Inventors**.

15. All documents and things comprising, or referring or relating to, in whole or in part any actual or potential bar to patentability, under any provision of 35 U.S.C. § 102, to any of the **Infonautics Patent Application** claims.

16. All documents and things comprising, or referring or relating to, in whole or in part, any products, publications, documents, things, or references of any kind reviewed or considered during, and related to, the prosecution of the **Infonautics Patent Applications**.

17. All documents and things comprising, or referring or relating to, in whole or in part, prior art (in the broadest sense of the term) to any of the **Infonautics Patents** and/or to any of the **Infonautics Patent Applications**.

18. All documents referring or relating to tracking the navigation path of users on the World Wide Web which were in **your** possession at any point prior to October 6, 1998.

19. Documents sufficient to describe all patents prosecuted, in whole or in part, by Mr. Golub between January 1, 1994 and December 31, 1998 (whether or not the entire prosecution history is encompassed by this date range), relating to the subject matter of the HTTP protocol, download of information about web sites or navigational history tracking between web sites.

20. All documents and things comprising, or referring or relating to, in whole or in part, any communications by, to, or with the **Named Inventors** regarding the HTTP "Referer" field.

21. All documents and things referring or relating to any reasons or explanations for informing the Patent and Trademark Office that "the purpose of this 'referer' field is to allow a web server to track the trajectory of a user as the user moves between web pages in a single web site. By contrast, the present invention is able to identify the movement of a user as the user

moves between different websites...." (See May 30, 1990 Amendment In Response to Office Action.)

22. All documents written, drafted, or read by **Mr. Golub** between July 1, 1995 and October 6, 1998, regarding a patent applicant's or patent attorney/agent's duty of disclosure to the Patent Office, Information Disclosure Statements, 37 C.F.R. § 131, or 37 C.F.R. § 56.

23. Documents sufficient to show **Mr. Golub**'s technical, legal, and patent background and experience.

24. All documents constituting, referring to, or relating to a performance or employee review or evaluation of **Mr. Golub** between July 1, 1995 and October 6, 1998.

25. Documents sufficient to explain **Morgan Lewis**' document retention policy or policies from January 1, 2001, to present.

AO 88 (Rev 11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

BTG International, Inc.

v.

Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1264 SLR (Dist. Del.)

TO: Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Young Conway Stargatt & Taylor,LLP,The Brandywine Bldg,1000 West Street,17th Floor,Wilmington,DE 19801 (or as agreed) | 05/02/05 - 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   ATTORNEY FOR DEFENDANT AMAZON.COM   DATE 3/29/05

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
KRISTIN L. CLEVELAND   (503) 595-5300
KLARQUIST SPARKMAN, LLP, 121 S.W. SALMON ST., SUITE 1600, PORTLAND, OR 97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

SCHEDULE A TO SUBPOENA OF REED SMITH, LLP
FOR THE PRODUCTION OF DOCUMENTS AND THINGS

INSTRUCTIONS AND DEFINITIONS

A. The term "Mr. Golub" shall mean and include Daniel H. Golub.

B. The term "Reed Smith" shall mean and include Reed Smith LLP, and any of its members, associates, employees or agents.

C. The term "Reed Smith" shall mean and include Reed Smith LLP, and any of its members, associates, employees or agents.

D. The term "you" shall mean and include **Reed Smith**.

E. The term "Infonautics" shall mean and include Infonautics Corporation, and any of its employees or agents.

F. The term "Named Inventors" shall mean and include individually or collectively, the following persons: Terry E. Graber, Joshua Kopelman, Howell Watkeys, III, Marvin I. Weinberger, Thomas Damico, and Sheryl F. Wamoglu.

G. The terms "writings," "recordings," or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all documents of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and all writings and recordings as those terms are defined by Rule 1001 of the Federal Rules of Evidence. The term "document" shall include without limitation any book, pamphlet, periodical, letter, record, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, software, source code, and all other electronic and digital forms of communication, however produced.

H. References to the terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive.

I. The "Patents-in-Suit" shall mean and include U.S. Patent No. 5,712,979 U.S. and U.S. Patent No. 5,717,860.

J. The "Infonautics Patents" shall mean and include U.S. Patent Nos. 5,712,979, 5,717,860, 5,812,769, and 5,819,285.

K. The "Infonautics Patent Applications" shall mean and include all patent applications leading to the **Infonautics Patents,** including without limitation, U.S. Patent Application Serial Nos. 531,031, 531,370, 531,371, and 531,369, and any related applications.

1

L.     The "Infonautics Patent File Histories," shall mean and include, the prosecution history of U.S. Patent Application Serial Nos. 531,031, 531,370, 531,371, and 531,369, and any related applications, including all corresonspence with the patent examiners, whether U.S. or foreign and all decisions by any such examining entituy.

M.     The "Infonautics Affiliate Program" shall mean and include any system, software or method, developed in whole or in part by Infonautics, which provided tracking of web page navigational history or affiliate referrals, whether or not the system or method was ever implemented, and whether or not **you** understand it to have been a reduction to practice of any of claim of the Infonautics Patents.

N.     Please produce documents in **your** possession, and any documents in the possession of **Reed Smith**, for which **you** have involvement, supervision or control.

O.     If **you** have no documents responsive to any particular subject matter, please so state.

P.     If **you** are not in possession of documents that **you** know to be responsive to the subpoena, but are aware of the actual or likely location of such responsive documents, please so state.

Q.     If **you** refuse to produce any documents or things on the basis of privilege or immunity from discovery, please identify: (1) the documents or things subject to the privilege, including the nature of the document or thing, its date, its author(s) and recipient(s), and a general description of the document or thing and its subject matter; and (2) the privilege or immunity asserted.

## CATEGORIES OF DOCUMENTS AND THINGS TO BE PRODUCED

1.     All documents and things referring or relating to, in whole or in part, the **Named Inventors**.

2.     Documents sufficient to describe all patent matters for **Infonautics** in which **you** were involved in any capacity.

3.     All documents and things comprising, or referring or relating to, in whole or in part, the **Infonautics Patents**, including without limitation:

        a.     any applications or drafts thereof, and any documents discussing such drafts;

        b.     any foreign applications or patent counterparts thereto, including file histories for such applications;

        c.     the documents constituting, discussing, or reflecting any history of the prosecution of the **Infonautics Patent Applications**;

    d.      the **Infonautics Patents'** file histories or file wrappers;

    e.      any applications referring to any of the **Infonautics Patents** or **Infonautics Patent Applications**, whether for priority or otherwise;

    f.      recordings, notes, transcripts or memoranda of any interview or conversation with the United States Patent & Trademark Office (including any examiner) related to the prosecution of any of the **Infonautics Patent Applications**;

    g.      all descriptions of the subject matter of the **Infonautics Patent Applications** provided by or sent to the **Named Inventors** or other personnel at Infonautics;

    h.      all e-mails sent to or by the **Named Inventors** or other personnel at Infonautics or **Mr. Golub** related to the **Infonautics Patents**; and

    i.      the entire contents of any physical folder, file, or binder containing any of the above documents and things.

4. All documents filed with or received from the United States Patent Office in connection with the prosecution of any of the **Infonautics Patents or Patent Applications**.

5. All documents and things comprising, or referring or relating to, in whole or in part, any pending patent application on which any of the **Named Inventors** is listed as an inventor and which is related, in whole or in part, to the subject matter of the **Infonautics Patents**.

6. All documents and things describing, or referring or relating to, in whole or in part, any work performed or billed by **Mr. Golub** in connection with the **Infonautics Patents or Patent Applications**.

7. All documents and things describing, or referring or relating to, in whole or in part, any work performed or billed by **Reed Smith** in connection with the **Infonautics Patents or Patent Applications**.

8. All documents and things comprising, or referring or relating to, any device, program, or system described or identified in any of the **Patents-in-Suit** and/or **Infonautics Patent Applications**, that was made, described, or reduced to practice prior to September 20, 1995.

9. All documents and things referring or relating to, in whole or in part, the first use or the first offer for sale in the United States by any **Named Inventor** or **Infonautics**, of any product, program or system described in or claimed by the **Patents-in-Suit** or any **Infonautics Patent Application**.

10. All documents and things comprising, or referring or relating to, in whole or in part, any evaluation, study, analysis, or review of the patentability, validity, enforceability,

3

infringement, ownership, or inventorship of any aspect of any of the **Patents-in-Suit** and/or the **Infonautics Patent Applications**.

11. All documents constituting, referring to, or relating to all prior art searches, or requests for such searches in connection with the **Patents-in-Suit** and/or the **Infonautics Patent Applications**.

12. All documents and things comprising, or referring or relating to, in whole or in part, any communications by, to, or with any actual or potential licensee under any of the **Patents-in-Suit** or **Infonautics Patent Applications**.

13. All documents and things comprising, or referring or relating to licensing of the **Patents-in-Suit**, including without limitation licenses, licensing plans, licensing evaluations, licensing plan agreements, or license plan policy agreements related to the **Patents-in-Suit**.

14. All documents comprising, referring or relating to any communication by or to anyone not then a client or agent of **Reed Smith** that related to **Infonautics** or any of the **Named Inventors**.

15. All documents and things comprising, or referring or relating to, in whole or in part any actual or potential bar to patentability, under any provision of 35 U.S.C. § 102, to any of the **Infonautics Patent Application** claims.

16. All documents and things comprising, or referring or relating to, in whole or in part, any products, publications, documents, things, or references of any kind reviewed or considered during, and related to, the prosecution of the **Infonautics Patent Applications**.

17. All documents and things comprising, or referring or relating to, in whole or in part, prior art (in the broadest sense of the term) to any of the **Infonautics Patents** and/or to any of the **Infonautics Patent Applications**.

18. All documents referring or relating to tracking the navigation path of users on the World Wide Web which were in **your** possession at any point prior to October 6, 1998.

19. Documents sufficient to describe all patents prosecuted, in whole or in part, by Mr. Golub between January 1, 1994 and December 31, 1998 (whether or not the entire prosecution history is encompassed by this date range), relating to the subject matter of the HTTP protocol, download of information about web sites or navigational history tracking between web sites.

20. All documents and things comprising, or referring or relating to, in whole or in part, any communications by, to, or with the **Named Inventors** regarding the HTTP "Referer" field.

21. All documents and things referring or relating to any reasons or explanations for informing the Patent and Trademark Office that "the purpose of this 'referer' field is to allow a web server to track the trajectory of a user as the user moves between web pages in a single web site. By contrast, the present invention is able to identify the movement of a user as the user

4

moves between different websites...." (See May 30, 1990 Amendment In Response to Office Action.)

22. All documents written, drafted, or read by **Mr. Golub** between July 1, 1995 and October 6, 1998, regarding a patent applicant's or patent attorney/agent's duty of disclosure to the Patent Office, Information Disclosure Statements, 37 C.F.R. § 131, or 37 C.F.R. § 56.

23. Documents sufficient to show **Mr. Golub**'s technical, legal, and patent background and experience.

24. All documents constituting, referring to, or relating to a performance or employee review or evaluation of **Mr. Golub** between July 1, 1995 and October 6, 1998.

25. Documents sufficient to explain **Reed Smith** document retention policy or policies from July 1, 1995, to present to present.

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire hereby certify that on April 1, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Rodger D. Smith, II, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE  19899-1347
>
>Steven J. Fineman, Esquire
>Richards, Layton & Finger
>One Rodney Square
>Wilmington, DE  19801
>
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue, 17th Floor
>Wilmington, DE  19899
>
>David J. Margules, Esquire
>Bouchard Margules & Friedlander, P.A.
>222 Delaware Avenue, Suite 1400
>Wilmington, DE  19801

I further certify that on April 1, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

>Jeffrey R. Chanin, Esquire
>Keker & Van Nest, L.L.P.
>710 Sansome Street
>San Francisco, CA  94111

Lawrence G. Kurland, Esquire
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104

Glenn A. Ballard, Jr., Esquire
Bracewell & Patterson LLP
711 Louisiana Street, Suite 2900
Houston, TX 77002-2781

Ronald J. Schultz, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Raymond P. Niro, Esquire
Arthur A. Gasey, Esq.
Robert P. Greenspoon
William W. Flaschsbart, Esquire
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602-4515

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for Amazon.com, Inc. and Amazon Services, Inc.