IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No.  04-1264-SLR |
| | ) | |
| AMAZON.COM, INC., AMAZON | ) | |
| SERVICES, INC., NETFLIX, INC., | ) | |
| BARNESANDNOBLE.COM INC., and | ) | |
| OVERSTOCK.COM, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

Please take notice that Defendants Amazon.com, Inc. and Amazon Services, Inc.

have served the attached subpoenas.

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

– and –

Kristin L. Cleveland
Jeffrey S. Love
James E. Geringer
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

David A. Zapolsky
Kathryn M. Sheehan
AMAZON.COM, INC.
1200 - 12th Avenue South, Suite 1200
Seattle, WA  98144-2734
206-266-1194

Attorneys for Defendants Amazon.com, Inc.
  and Amazon Services, Inc.

Dated:  April 11, 2005

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF      DELAWARE

BTG International, Inc.

v.

Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  **04-1264 SLR (Dist. Del.)**

TO: Terry Graber C/O Niall MacLeod
Robins, Kaplan, Miller & Ciresei, LLP
2800 LaSalle Plaza, 800 LaSalle Ave.
Minneapolis, MN 55402-2015

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Stargatt & Taylor, Brandywine Building, 1000 West Street, 17th Floor, Wilmington DE (or another mutual location) | 04/29/05 - 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 4/4/05 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER

John W. Shaw        Stargatt & Taylor, LLP, The Brandywine Building,
(302) 571-6689       1000 West Street, 17th Floor, Wilmington, DE  19801

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)  fails to allow reasonable time for compliance,

        (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv)  subjects a person to undue burden.

    (B)  If a subpoena

        (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

    (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## INSTRUCTIONS

1.      In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2.      Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.      Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4.      If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5.      If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

a.      The date of such document or thing;

b.      The place at which such document or thing was created and the medium involved;

c.      The identity of each person who has custody or control of the document or thing;

d.      The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

e.      The number of pages in any document and any attachments, or a full and complete description of any thing;

f.      The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

g.      The subject matter of the document or thing;

h.      The basis on which the privilege is claimed;

i.      Whether any non-privileged matter is contained within the document or thing; and

j.      The precise location of any redactions if the document or thing is redacted.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.      The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, representatives, attorneys, or any predecessor in interest.

2.      The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

3.      The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

4.      The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

5.     The term "B&N shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

6.     The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

7.     The terms "you," "your" shall refer to Terry Graber, and includes, without limitation, his past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, and any predecessor in interest.

8.     The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

9.     The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things.  No material may be withheld on the ground that it is not a "document."

10.     The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings:  bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to,

respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

11.     The term "your patents" shall refer to all patents and patent applications in which you are listed, rightly or wrongly, as a named inventor and the purported inventions claimed therein, including without limitation the following patents: United States Patent Nos. 5,712,979, 5,717,860, and 5,812,769.

12.     The term "this case" shall refer to the case BTG International Inc. v. Amazon.com, Inc., et al., case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.     All documents and things referring or relating to your patents, or the subject matter contained therein.

2.     All documents and things relating to the preparation or prosecution of the patent applications, which led to the issuance of your patents, and any foreign patent applications corresponding in whole or in part to your patents (collectively, the "Applications"), including but not limited to written descriptions, specifications, invention disclosure statements, for your patents.

3.     All documents and things relating to:

        a.     the conception of the claimed inventions and subject matter of your patents, including without limitation, the first disclosure by the alleged inventor(s) to another person;

        b.     the development of the claimed inventions and subject matter of your patents, and any attempts to reduce the claimed invention to practice;

c.    the first manufacture, use, sale or offer for sale and placing on sale of any product covered by or made in accordance with any claim of any of your patents;

d.    all testing, experimentation, research and development conducted during the design and/or development of any part or all of the embodiments described in any of your patents' specifications; and

e.    the determination of the proper inventor(s) of each claim of your patents.

4.    All documents and things that evidence, discuss, mention, refer, or otherwise relate to any concepts, designs, products, projects, prototypes, demonstrations, proofs-of-concept, software, or hardware that is described in your patents.

5.    All descriptions of, or actual schematic diagrams or layouts of, each device, program, or product which utilizes or embodies the alleged inventions claimed in your patents.

6.    All documents and things created by or at the direction of the named inventors of your patents including, but not limited to, laboratory notebooks, memos and reports, relating to all or part of any of the embodiments described in your patents.

7.    All documents and things that constitute, or refer or relate to, or reflect, in whole or in part, searches (including without limitation search requests and results) for prior art to your patents and applications or any subject matter claimed therein.

8.    All documents referring or relating to any prior art or potential prior art to your patents, including but not limited to documents relating to the first use on the Internet of affiliate programs, associates programs, composite URLs, and referer fields.

9.    All U.S. and foreign patents given to, received from, or identified to or by patent counsel for or during the preparation and prosecution of the Applications.

10.     All documents referring or relating to tracking the navigational path of an Internet user.

11.     All printed publications given to, received from or identified to or by patent counsel for or during the preparation and prosecution of the Applications.

12.     All documents referring or relating to any events, facts, and documents concerning your knowledge of your patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock or this case.

13.     All documents referring or relating to communications between you and any third party regarding your patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock, Joshua Kopelman, Marvin Weinberger or Edwin Watkeys.

14.     All documents referring or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock regarding BTG, Joshua Kopelman, Marvin Weinberger or Edwin Watkeys.

15.     All documents referring or relating to any potential litigation between BTG and Amazon.com, Amazon Services, Netflix, B&N, Overstock, Joshua Kopelman, Marvin Weinberger or Edwin Watkeys.

16.     All documents referring or relating to communications between you and all inventors, purported inventors or collaborators on your patents, expressly including, but not limited to Joshua Kopelman, Marvin Weinberger or Edwin Watkeys.

17.     All documents referring or relating to communications between you and any third party regarding your patents.

18.    All computer software, source code, computer files, object code, executables, computer hardware, or apparatus that perform or were intended to perform the purported inventions claimed in your patents, or embodiments described by your patents.

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF   DELAWARE

BTG International, Inc.

v.

Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-1264 SLR (Dist. Del.)

TO: Marvin Weinberger C/O Niall MacLeod
    Robins, Kaplan, Miller & Ciresei, LLP
    2800 LaSalle Plaza, 800 LaSalle Ave.
    Minneapolis, MN 554

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Stargatt & Taylor, Brandywine Building, 1000 West Street, 17th Floor, Wilmington DE (or another mutual location) | 04/29/05 - 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 4/4/05 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

John W. Shaw       Stargatt & Taylor, LLP, The Brandywine Building,
(302) 571-6689     1000 West Street, 17th Floor, Wilmington, DE  19801

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d)  DUTIES IN RESPONDING TO SUBPOENA.**

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## INSTRUCTIONS

1.      In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2.      Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.      Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4.      If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5.      If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

a.      The date of such document or thing;

b.      The place at which such document or thing was created and the medium involved;

c.      The identity of each person who has custody or control of the document or thing;

d.      The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

e.      The number of pages in any document and any attachments, or a full and complete description of any thing;

f.      The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

g.      The subject matter of the document or thing;

h.      The basis on which the privilege is claimed;

i.      Whether any non-privileged matter is contained within the document or thing; and

j.      The precise location of any redactions if the document or thing is redacted.

## <u>DEFINITIONS</u>

For purposes of these requests, the following terms shall have the meaning set forth below.

1.      The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, representatives, attorneys, or any predecessor in interest.

2.      The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

3.      The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

4.      The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

5.     The term "B&N shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

6.     The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

7.     The terms "you," "your" shall refer to Marvin Weinberger, and includes, without limitation, his past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, and any predecessor in interest.

8.     The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

9.     The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things.  No material may be withheld on the ground that it is not a "document."

10.     The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings:  bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to,

respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

11.     The term "your patents" shall refer to all patents and patent applications in which you are listed, rightly or wrongly, as a named inventor and the purported inventions claimed therein, including without limitation the following patents: United States Patent Nos. 5,712,979, 5,717,860, 5,675,788, 5,819,285, 5,812,769, 5,742,816, and 5,717,914.

12.     The term "this case" shall refer to the case BTG International Inc. v. Amazon.com, Inc., et al., case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.     All documents and things referring or relating to your patents, or the subject matter contained therein.

2.     All documents and things relating to the preparation or prosecution of the patent applications, which led to the issuance of your patents, and any foreign patent applications corresponding in whole or in part to your patents (collectively, the "Applications"), including but not limited to written descriptions, specifications, invention disclosure statements, for your patents.

3.     All documents and things relating to:

        a.     the conception of the claimed inventions and subject matter of your patents, including without limitation, the first disclosure by the alleged inventor(s) to another person;

        b.     the development of the claimed inventions and subject matter of your patents, and any attempts to reduce the claimed invention to practice;

c.     the first manufacture, use, sale or offer for sale and placing on sale of any product covered by or made in accordance with any claim of any of your patents;

d.     all testing, experimentation, research and development conducted during the design and/or development of any part or all of the embodiments described in any of your patents' specifications; and

e.     the determination of the proper inventor(s) of each claim of your patents.

4.     All documents and things that evidence, discuss, mention, refer, or otherwise relate to any concepts, designs, products, projects, prototypes, demonstrations, proofs-of-concept, software, or hardware that is described in your patents.

5.     All descriptions of, or actual schematic diagrams or layouts of, each device, program, or product which utilizes or embodies the alleged inventions claimed in your patents.

6.     All documents and things created by or at the direction of the named inventors of your patents including, but not limited to, laboratory notebooks, memos and reports, concerning and/or relating to all or part of any of the embodiments described in your patents.

7.     All documents and things that constitute, or refer or relate to, or reflect, in whole or in part, searches (including without limitation search requests and results) for prior art to your patents and applications or any subject matter claimed therein.

8.     All documents referring or relating to any prior art or potential prior art to your patents, including but not limited to documents relating to the first use on the Internet of affiliate programs, associates programs, composite URLs, and referer fields.

9.     All U.S. and foreign patents given to, received from, or identified to or by patent counsel for or during the preparation and prosecution of the Applications.

10.    All documents referring or relating to tracking the navigational path of an Internet user.

11.    All printed publications given to, received from or identified to or by patent counsel for or during the preparation and prosecution of the Applications.

12.    All documents referring or relating to any events, facts, and documents concerning your knowledge of your patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock or this case.

13.    All documents referring or relating to communications between you and any third party regarding your patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Joshua Kopelman or Edwin Watkeys.

14.    All documents referring or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock regarding BTG, Terry Graber, Joshua Kopelman or Edwin Watkeys.

15.    All documents referring or relating to any potential litigation between BTG and Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Joshua Kopelman or Edwin Watkeys.

16.    All documents referring or relating to communications between you and all inventors, purported inventors or collaborators on your patents, expressly including, but not limited to Terry Graber, Joshua Kopelman or Edwin Watkeys.

17.    All documents referring or relating to communications between you and any third party regarding your patents.

18.      All computer software, source code, computer files, object code, executables, computer hardware, or apparatus that perform or were intended to perform the purported inventions claimed in your patents, or embodiments described by your patents.

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF    DELAWARE

BTG International, Inc.

         v.

Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **04-1264 SLR (Dist. Del.)**

TO:   Joshua Kopelman C/O Joshua Slavitt
     SYNNESTVEDT & LECHNER LLP
     2600 Aramark Tower, 1101 Market St.
     Philadelphia, PA 19107-2950

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

                         See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Stargatt & Taylor, Brandywine Building, 1000 West Street, 17th Floor, Wilmington DE (or another mutual location) | 04/29/05 - 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 4/4/05 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

John W. Shaw      Stargatt & Taylor, LLP, The Brandywine Building,
(302) 571-6689     1000 West Street, 17th Floor, Wilmington, DE   19801

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or for the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## INSTRUCTIONS

1.      In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2.      Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.      Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4.      If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5.      If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

a.      The date of such document or thing;

b.      The place at which such document or thing was created and the medium involved;

c.      The identity of each person who has custody or control of the document or thing;

d.      The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

e.      The number of pages in any document and any attachments, or a full and complete description of any thing;

f.     The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

g.     The subject matter of the document or thing;

h.     The basis on which the privilege is claimed;

i.     Whether any non-privileged matter is contained within the document or thing; and

j.     The precise location of any redactions if the document or thing is redacted.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.     The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, representatives, attorneys, or any predecessor in interest.

2.     The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

3.     The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

4.     The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

5.      The term "B&N shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

6.      The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

7.      The terms "you," "your" shall refer to Joshua Kopelman, and includes, without limitation, his past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, and any predecessor in interest.

8.      The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

9.      The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things.  No material may be withheld on the ground that it is not a "document."

10.     The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings:  bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to,

respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

11.    The term "your patents" shall refer to all patents and patent applications in which you are listed, rightly or wrongly, as a named inventor and the purported inventions claimed therein, including without limitation the following patents: United States Patent Nos. 5,712,979, 5,717,860, 5,675,788, 5,819,285, and 5,812,769.

12.    The term "this case" shall refer to the case BTG International Inc. v. Amazon.com, Inc., et al., case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents and things referring or relating to your patents, or the subject matter contained therein.

2.    All documents and things relating to the preparation or prosecution of the patent applications, which led to the issuance of your patents, and any foreign patent applications corresponding in whole or in part to your patents (collectively, the "Applications"), including but not limited to written descriptions, specifications, invention disclosure statements, for your patents.

3.    All documents and things relating to:

a.    the conception of the claimed inventions and subject matter of your patents, including without limitation, the first disclosure by the alleged inventor(s) to another person;

b.    the development of the claimed inventions and subject matter of your patents, and any attempts to reduce the claimed invention to practice;

Page 4 – Schedule A – Joshua Kopelman

      c.     the first manufacture, use, sale or offer for sale and placing on sale of any product covered by or made in accordance with any claim of any of your patents;

      d.     all testing, experimentation, research and development conducted during the design and/or development of any part or all of the embodiments described in any of your patents' specifications; and

      e.     the determination of the proper inventor(s) of each claim of your patents.

4.     All documents and things that evidence, discuss, mention, refer, or otherwise relate to any concepts, designs, products, projects, prototypes, demonstrations, proofs-of-concept, software, or hardware that is described in your patents.

5.     All descriptions of, or actual schematic diagrams or layouts of, each device, program, or product which utilizes or embodies the alleged inventions claimed in your patents.

6.     All documents and things created by or at the direction of the named inventors of your patents including, but not limited to, laboratory notebooks, memos and reports, concerning and/or relating to all or part of any of the embodiments described in your patents.

7.     All documents and things that constitute, or refer or relate to, or reflect, in whole or in part, searches (including without limitation search requests and results) for prior art to your patents and applications or any subject matter claimed therein.

8.     All documents referring or relating to any prior art or potential prior art to your patents, including but not limited to documents relating to the first use on the Internet of affiliate programs, associates programs, composite URLs, and referer fields.

9.     All U.S. and foreign patents given to, received from, or identified to or by patent counsel for or during the preparation and prosecution of the Applications.

10.        All documents referring or relating to tracking the navigational path of an Internet user.

11.        All printed publications given to, received from or identified to or by patent counsel for or during the preparation and prosecution of the Applications.

12.        All documents referring or relating to any events, facts, and documents concerning your knowledge of your patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock or this case.

13.        All documents referring or relating to communications between you and any third party regarding your patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Marvin Weinberger or Edwin Watkeys.

14.        All documents referring or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock regarding BTG, Terry Graber, Marvin Weinberger or Edwin Watkeys.

15.        All documents referring or relating to any potential litigation between BTG and Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Marvin Weinberger or Edwin Watkeys.

16.        All documents referring or relating to communications between you and all inventors, purported inventors or collaborators on your patents, expressly including, but not limited to Terry Graber, Marvin Weinberger or Edwin Watkeys.

17.        All documents referring or relating to communications between you and any third party regarding your patents.

18.     All computer software, source code, computer files, object code, executables, computer hardware, or apparatus that perform or were intended to perform the purported inventions claimed in your patents, or embodiments described by your patents.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF    DELAWARE

BTG International, Inc.

v.

Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1264 SLR (Dist. Del.)

TO: Edwin Watkeys III
    651 Clemens Road
    Telford, PA 18969-2404

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

                    See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Stargatt & Taylor, Brandywine Building, 1000 West Street, 17th Floor, Wilmington DE (or another mutual location) | 04/29/05 - 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 4/4/05 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

John W. Shaw        Stargatt & Taylor, LLP, The Brandywine Building,
(302) 571-6689      1000 West Street, 17th Floor, Wilmington, DE  19801

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev 11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 4/6/05 | 651 Clemens Rd. Telford Pa 18969 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Edwin Watkeys III | by handing to Edwin's wife Jo Ann Watkeys. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Eric Leininger | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____4/6/05____
                    DATE

Eric Leininger
SIGNATURE OF SERVER

Po Box 26534
ADDRESS OF SERVER

Collegeville Pa 19426

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena. or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## INSTRUCTIONS

1.    In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2.    Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.    Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4.    If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5.    If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

a.    The date of such document or thing;

b.    The place at which such document or thing was created and the medium involved;

c.    The identity of each person who has custody or control of the document or thing;

d.    The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

e.    The number of pages in any document and any attachments, or a full and complete description of any thing;

f.      The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

g.      The subject matter of the document or thing;

h.      The basis on which the privilege is claimed;

i.      Whether any non-privileged matter is contained within the document or thing; and

j.      The precise location of any redactions if the document or thing is redacted.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.      The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, representatives, attorneys, or any predecessor in interest.

2.      The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

3.      The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

4.      The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

5.     The term "B&N shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

6.     The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

7.     The terms "you," "your" shall refer to Howell Watkeys, and includes, without limitation, his past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, and any predecessor in interest.

8.     The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

9.     The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

10.     The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings:  bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to,

respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

11.    The term "your patents" shall refer to all patents and patent applications in which you are listed, rightly or wrongly, as a named inventor and the purported inventions claimed therein, including without limitation the following patents: United States Patent Nos. 5,712,979, 5,717,860, 5,675,788, and 5,812,769.

12.    The term "this case" shall refer to the case BTG International Inc. v. Amazon.com, Inc., et al., case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents and things referring or relating to your patents, or the subject matter contained therein.

2.    All documents and things relating to the preparation or prosecution of the patent applications, which led to the issuance of your patents, and any foreign patent applications corresponding in whole or in part to your patents (collectively, the "Applications"), including but not limited to written descriptions, specifications, invention disclosure statements, for your patents.

3.    All documents and things relating to:

a.    the conception of the claimed inventions and subject matter of your patents, including without limitation, the first disclosure by the alleged inventor(s) to another person;

b.    the development of the claimed inventions and subject matter of your patents, and any attempts to reduce the claimed invention to practice;

Page 4 – Schedule A – Edwin Watkeys III

c.      the first manufacture, use, sale or offer for sale and placing on sale of any product covered by or made in accordance with any claim of any of your patents;

d.      all testing, experimentation, research and development conducted during the design and/or development of any part or all of the embodiments described in any of your patents' specifications; and

e.      the determination of the proper inventor(s) of each claim of your patents.

4.      All documents and things that evidence, discuss, mention, refer, or otherwise relate to any concepts, designs, products, projects, prototypes, demonstrations, proofs-of-concept, software, or hardware that is described in your patents.

5.      All descriptions of, or actual schematic diagrams or layouts of, each device, program, or product which utilizes or embodies the alleged inventions claimed in your patents.

6.      All documents and things created by or at the direction of the named inventors of your patents including, but not limited to, laboratory notebooks, memos and reports, concerning and/or relating to all or part of any of the embodiments described in your patents.

7.      All documents and things that constitute, or refer or relate to, or reflect, in whole or in part, searches (including without limitation search requests and results) for prior art to your patents and applications or any subject matter claimed therein.

8.      All documents referring or relating to any prior art or potential prior art to your patents, including but not limited to documents relating to the first use on the Internet of affiliate programs, associates programs, composite URLs, and referer fields.

9.      All U.S. and foreign patents given to, received from, or identified to or by patent counsel for or during the preparation and prosecution of the Applications.

10.     All documents referring or relating to tracking the navigational path of an Internet user.

11.     All printed publications given to, received from or identified to or by patent counsel for or during the preparation and prosecution of the Applications.

12.     All documents referring or relating to any events, facts, and documents concerning your knowledge of your patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock or this case.

13.     All documents referring or relating to communications between you and any third party regarding your patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Marvin Weinberger or Joshua Kopelman.

14.     All documents referring or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock regarding BTG, Terry Graber, Marvin Weinberger or Joshua Kopelman.

15.     All documents referring or relating to any potential litigation between BTG and Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Marvin Weinberger or Joshua Kopelman.

16.     All documents referring or relating to communications between you and all inventors, purported inventors or collaborators on your patents, expressly including, but not limited to Terry Graber, Marvin Weinberger or Joshua Kopelman.

17.     All documents referring or relating to communications between you and any third party regarding your patents.

18.      All computer software, source code, computer files, object code, executables, computer hardware, or apparatus that perform or were intended to perform the purported inventions claimed in your patents, or embodiments described by your patents.

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire hereby certify that on April 11, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Rodger D. Smith, II, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE  19899-1347

>Steven J. Fineman, Esquire
>Richards, Layton & Finger
>One Rodney Square
>Wilmington, DE  19801

>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue, 17th Floor
>Wilmington, DE  19899

>David J. Margules, Esquire
>Bouchard Margules & Friedlander, P.A.
>222 Delaware Avenue, Suite 1400
>Wilmington, DE  19801

I further certify that on April 11, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

>Jeffrey R. Chanin, Esquire
>Keker & Van Nest, L.L.P.
>710 Sansome Street
>San Francisco, CA  94111

Lawrence G. Kurland, Esquire
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104

Glenn A. Ballard, Jr., Esquire
Bracewell & Patterson LLP
711 Louisiana Street, Suite 2900
Houston, TX 77002-2781

Ronald J. Schultz, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Raymond P. Niro, Esquire
Arthur A. Gasey, Esq.
Robert P. Greenspoon
William W. Flaschsbart, Esquire
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602-4515

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for Amazon.com, Inc. and Amazon Services, Inc.