# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

April 20, 2005

**_By Electronic Filing_**

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

      RE:    *BTG International, Inc. v. Amazon.com, Inc.*,
                D. Del., C.A. No. 04-1264-SLR

Dear Chief Judge Robinson:

      I am writing on behalf of defendants Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com Inc. and Overstock.com, Inc., in connection with the discovery conference scheduled for 4:30 p.m. today. There are several issues defendants wish to raise. Counsel has previously raised each of these issues with plaintiff's counsel.

      1.      <u>Interrogatories.</u>

      Although plaintiff BTG International Inc. ("BTG") has responded to interrogatories, defendants believe that there are a number of deficiencies in those responses. Specifically, BTG has failed to state definitively: (a) which products allegedly infringe which claims; (b) the specific, alleged dates of conception and reduction to practice of the alleged invention; (c) the alleged inventive contributions of each alleged inventor; and (d) the facts surrounding the first use/sale/display of the technology described in the asserted patent.

      2.      <u>Tucows/Last Day to Amend/Add Parties.</u>

      Defendants would like to discuss the May 1, 2005 deadline for motions to join other parties and amend the pleadings. BTG maintains that it is the sole owner of the patents in suit. It is defendants' understanding that BTG acquired the asserted patents from Tucows, which had merged with Infonautics, the entity that originally assigned the patents. After reviewing the agreement between BTG and Tucows (which is also represented by Robins Kaplan, in this matter), defendants are concerned that Tucows may need to be added to the lawsuit. However, additional discovery is required. Specifically, BTG should supplement its production, and

The Honorable Sue L. Robinson
April 20, 2005
Page 2

Tucows should comply fully with the subpoena with which it was served. Under the circumstances, defendants believe it would be prudent to move back by approximately six weeks the existing deadline for motions to join other parties and amend the pleadings.

   3. Documents/Privilege.

   BTG has produced very few documents in certain areas, such as the alleged invention of the technology described in the asserted patents, the acquisition of the patents, and valuation of the patents. BTG has stated that it has produced all non-privileged documents. However, the parties have a dispute as to the proper assertion of privilege. BTG has informed defendants that it does have documents that it is withholding as privileged because it maintains that the Infonautics/Tucows privilege was transferred to BTG. It is our understanding that BTG acquired the asserted patents from Tucows, but that it did not acquire any other business assets. Defendants maintain that such documents should be produced because there is no transfer of privilege where there is a mere patent assignment (rather than a transfer of the business).

   4. Protective Order.

   Another unresolved issue is the protective order. The parties have been negotiating for several months, but have not reached a final agreement. The primary disagreement pertains to the documents to which in-house counsel will have access. Both BTG and defendants have submitted proposals to the Court.

            Respectfully,

            Rodger D. Smith

cc: Steven J. Balick, Esquire (By Electronic Filing)
   John W. Shaw, Esquire (By Electronic Filing)
   Steven J. Fineman, Esquire (By Electronic Filing)
   Karen L. Pascale, Esquire (By Electronic Filing)