IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1264 (SLR) |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC., AMAZON SERVICES, | ) | |
| INC., NETFLIX, INC., | ) | |
| BARNESANDNOBLE.COM INC. and | ) | |
| OVERSTOCK.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

TO:  Steven J. Balick, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Fl.
Wilmington, DE  19801

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Fl.
Wilmington, DE  19801

Steven J. Fineman, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

Karen L. Pascale, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

Ronald J. Schutz, Esquire
Robins Kaplan Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Plaza
Minneapolis, MN  55402-2015

Jeffrey S. Love, Esquire
Klarquist Sparkman, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204

Glenn A. Ballard, Jr., Esquire
Bracewell & Guiliani LLP
711 Louisiana Street, Suite 2900
Houston, TX  77002-2781

Arthur A. Gasey, Esquire
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, IL  60602

Lawrence G. Kurland, Esquire
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY  10104

PLEASE TAKE NOTICE that the attached subpoena will be served on:

Soverain Software LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
Rodger D. Smith II (#3778)
Leslie A. Polizoti (#4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  *Attorneys for Defendant Netflix, Inc.*

May 13, 2005

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>Delaware</u>

BTG International, Inc.

**SUBPOENA IN A CIVIL CASE**

v.

Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com, Inc., and Overstock.com, Inc.

Case Number:[1]  04-1264 SLR

TO:  Soverain Software LLC, c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, DE  19801

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE  19899-1347 | June 10, 2005 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Netflix, Inc. | May 13, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Paula L. Blizzard, Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, CA  94111, (415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Attachment A**

**DEFINITIONS**

A)      "SOVERAIN," "YOU" and "YOUR" refer to Soverain Software LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

B)      "BTG" means BTG PLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

C)      "SOVERAIN INVENTORS" means Thomas Mark Levergood, Lawrence C. Stewart, Stephen Jeffrey Morris, Andre C. Payne, George Winfield Treese, and David J. Mackie.

D)      The phrase "SOVERAIN PATENTS-IN-SUIT" refers to United States Patent Nos. 5,708,780, 5,715,314 and 5,909,492, any patent claiming priority from a patent application from which any of the SOVERAIN PATENTS-IN-SUIT claims priority, any continuation, continuation in part, or divisional of a patent application from which any of the SOVERAIN PATENTS-IN-SUIT claims priority, and any foreign counterpart patent or patent application RELATING TO any of the above categories of patents or patent applications.

E)      The term "DOCUMENT(S)" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded matter, however produced or reproduced, and all "writings" as defined in Federal Rule of Evidence 1001, including without limitation the following: abstracts, advertisements, agendas, agreements, analyses of any kind, appointment calendars, articles, assignments, blueprints, books, brochures, charts, circulars, compilations, computer programs, runs and printouts, computer data files in machine readable form, contracts, diaries, letters, email, reports (including reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers, drawings, photographs, specifications, drafts, catalogs, instructions, invoices, bills of materials, minutes, orders, publications, purchase orders, proposals, working papers, laboratory notebooks and other writings of whatsoever nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices; all drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists, and regardless of who has maintained custody of such documents; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

F)      The term "COMMUNICATION(S)" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone, mail, personal delivery or otherwise.

G)      The term "RELATING TO" means concerning, referring to, summarizing,

352090.01

reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

H)     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

I)     "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

A)     In answering this subpoena, YOU are required to furnish all DOCUMENTS that are available to YOU, under YOUR custody or control, not merely such DOCUMENTS as the persons preparing the responses know of their own personal knowledge, but including without limitation DOCUMENTS in the possession of YOUR attorneys, employees, or other persons directly or indirectly employed by, or connected with YOU or YOUR attorneys or consultants, or anyone acting on YOUR behalf or otherwise subject to YOUR control. In answering this subpoena YOU are requested to make a diligent search of YOUR records and of other papers and materials in YOUR possession or control or in the possession or control of YOUR employees, attorneys, consultants, or other representatives.

B)     YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure 34(b), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

C)     In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, YOU are required to provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated and cite any authority which YOU assert supports any claim of privilege.

D)     In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody or control, YOU shall identify such DOCUMENT, as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

## DOCUMENTS REQUESTED

1.     All DOCUMENTS RELATING TO the conception and reduction to practice of any invention claimed in the SOVERAIN PATENTS-IN-SUIT, and any embodiments of such inventions described or disclosed in the specifications or appendices of the SOVERAIN PATENTS-IN-SUIT.

2.     All discovery responses, including but not limited to responses to interrogatories,

to requests for production or to requests for admissions served by any party in the *Soverain Software LLC v. Amazon.com, Inc.*, E.D.Tx. NO. 6:04-CV-14, RELATING TO the conception and reduction to practice of any invention allegedly described in the SOVERAIN PATENTS-IN-SUIT.

3.    All DOCUMENTS that YOU obtained from or produced on behalf of any of the SOVERAIN INVENTORS.

4.    All DOCUMENTS that YOU obtained from or produced on behalf of any source that were authored by the SOVERAIN INVENTORS.

5.    All transcripts and videotapes of any depositions of any of the SOVERAIN INVENTORS.

6.    All COMMUNICATIONS between YOU and BTG.

7.    All DOCUMENTS and COMMUNICATIONS RELATING TO *BTG International v. Amazon.com Inc. et al.,* D.Del No. 04-1264-SLR.

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on May 13, 2005, I caused to be electronically filed Notice of Subpoena to Soverain Software LLC with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Steven J. Balick, Esquire
**ASHBY & GEDDES**
222 Delaware Avenue, 17th Fl.
Wilmington, DE 19801

John W. Shaw, Esquire
**YOUNG CONAWAY STARGATT & TAYLOR**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Steven J. Fineman, Esquire
**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
Wilmington, DE 19801

Karen L. Pascale, Esquire
**BOUCHARD MARGULES & FRIEDLANDER, P.A.**
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

I also certify that I caused copies to be served upon the following in the manner indicated:

## BY FEDERAL EXPRESS

Ronald J. Schutz, Esquire
**ROBINS, KAPLAN, MILLER & CIRESI, LLP**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Jeffrey S. Love, Esquire
**KLARQUIST SPARKMAN, LLP**
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204

Glenn A. Ballard, Jr., Esquire
**BRACEWELL & GIULIANI LLP**
711 Louisiana Street, Suite 2900
Houston, TX  77002-2781

Arthur A. Gasey, Esquire
**NIRO, SCAVONE, HALLER & NIRO**
181 West Madison
Suite 4600
Chicago, IL  60602

Lawrence G. Kurland, Esquire
**BRYAN CAVE, LLP**
1290 Avenue of the Americas
New York, NY  10104


_____
Rodger D. Smith II (#3778)