IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-1264 SLR |
| ) | |
| v. ) | |
| ) | |
| AMAZON.COM, INC., AMAZON ) | |
| SERVICES, INC., NETFLIX, INC., ) | |
| BARNESANDNOBLE.COM INC. AND ) | |
| OVERSTOCK.COM, INC., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF DEPOSITION OF DEFENDANT NETFLIX, INC.
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**PLEASE TAKE NOTICE,** that commencing on June 2, 2005, at 1:00 p.m. PST at the offices of Keker & Van Nest LLP, 710 Sansome Street, San Francisco, California 94111, or on such date, time and place as may be agreed to, Plaintiff BTG International Inc. will take the deposition on oral examination of Defendant Netflix, Inc. ("Defendant") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Pursuant to said Rule, Defendant shall designate one or more of its officers, directors, managing agents or other persons who consent to testify on its behalf, to testify as to matters known or reasonably available to Defendant concerning the subjects found in Attachment A.

The deposition of Defendant will continue from day to day until completed, and will be taken before a notary public or other officer authorized by law to administer oaths. The deposition will be recorded in real time and by videotape.

ASHBY & GEDDES

*/s/ John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: 302-654-1888

*Attorneys for BTG International Inc.*

*Of Counsel:*

Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
Telephone:  612-349-8500


Dated:  May 19, 2005
157515.1

## ATTACHMENT A

## DEFINITIONS

For purposes of this notice, the following terms shall have the meaning set forth below.

1. The term "Plaintiff" or "BTG" shall mean BTG International Inc., and its officers, agents, employees, and representatives.

2. The terms "Defendant(s)," "Netflix," "you," or "your" shall refer to named Defendant Netflix, Inc., and includes, without limitation, its divisions, subsidiaries, affiliates, successors, assigns, parents, directors, agents, representatives, attorneys and employees and any predecessor in interest.

3. The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the request.

4. The term "Person" means any individual, partnership, incorporated or unincorporated association, and any other legal or commercial entity.

5. The term "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

6. The term "Document" shall mean all writings, drawings, graphs, charts, photographs, recordings, source code, build logs, change logs, web pages, archived web pages, CGI scripts, HTML documents, electronic documents, PDFs, e-mails, database documents, TCP/IP documents, notebooks, engineering documents, invention

disclosures, patent applications, drawings, schematics, specifications, manuals, computer code, or other data compilations, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise as contemplated by Fed. R. Civ. P. 26 in any form, whether on paper, in electronic form, on tape, video, film or microfilm, or otherwise.

7. The term "Identify" when used in reference to a person means to provide the following information:

    A. Full name;

    B. Present or last known address; and

    C. Present or last known telephone number.

8. The terms "BTG's patents," "BTG patents," "BTG patent(s) -in-suit" and "patent(s)-in-suit" shall mean the United States patent or patents asserted against Defendant, whether it be United States Patent No. 5,712,979 ("'979 patent") entitled "Method and Apparatus for Attaching Navigational History Information to Universal Resource Locator Links on a World Wide Web Page" or United States Letters Patent No. 5,717,860 ("'860 patent") entitled "Method and Apparatus for Tracking the Navigation Path of a User on the World Wide Web" or both the '979 and '860 patents.

9. The term "WWW" shall mean the World Wide Web.

10. The terms "online advertisement" or "online advertising" shall mean any advertisement placed on a World Wide Web ("WWW") site other than Defendant's WWW site including, but not limited to, banner ads, button ads, pop-ups, interstitials, e-mails, text links, HTML banners, rich media, video, audio, advertorials, toolbars, ad words, or screensavers that can direct a WWW user to one of Defendant's WWW sites and identify a portion of the WWW navigation path of the WWW user.

11. "Affiliate Program(s)" shall mean the affiliate program(s) and/or associate program(s) described on any of Defendant's WWW sites, and any similar such programs currently or previously operated by Defendant.

12. The term "Third Party Agencies" shall mean parties with whom Defendant has contracted to provide services related to Defendant's online business including, but not limited to, online advertising management companies, affiliate management companies, web measurement companies, and web auditor companies.

13. The term "electronic commerce" shall mean commerce or commercial transactions conducted over the WWW, and shall include any features or technology of a WWW site, server, or database used to conduct commerce or commercial transactions.

**Matters for Examination**

Pursuant to Fed. R. Civ. P. 30(b)(6), NETFLIX is requested to designate one or more officers, directors, managing agents, or other persons (including non-NETFLIX employees) who consent to testify on NETFLIX's behalf with respect to the following matters known or reasonably available to NETFLIX:

1. The existence of Defendant's documents;
2. The storage, location and manner in which of Defendant's documents are kept;
3. The retention and destruction of Defendant's documents;
4. The identity of persons having Defendant's documents;
5. The Bates numbers or ranges of Defendant's documents, if such documents have been produced.
6. Defendant's efforts to find and produce all emails.

7. Defendant's efforts to find and produce patent licenses and all documents relating to those licenses including documents sufficient to show any royalties or compensation transferred or received by Defendant pursuant to any such licenses.

8. Defendant's efforts to find and produce documents that contain, refer or relate to narrative and/or technical descriptions of Defendant's systems or methods (including software and/or computer programs) for:

    a. identifying a WWW site that refers or directs or provides a link to a WWW user to one of Defendant's sites; and

    b. identifying referring WWW sites or referring URLs or hypertext links;

    c. identifying information related to collecting, capturing, or gathering of information related to referrals or WWW traffic from an Affiliate's WWW site to one of Defendant's WWW sites.

9. Defendant's efforts to find and produce documents that contain, refer or relate to user manuals, software specifications, system specifications, or other documentation related to, or describing the operation of, software, computer code, source code, object code, or CGI scripts.

10. Defendant's efforts to find and produce documents referring or relating to the operation of any databases comprising or storing (a) information related to WWW traffic directed to any of Defendant's WWW sites, (b) information related to WWW sites comprising Defendant's online advertisements, and (c) information related to Defendant's Affiliate WWW sites including, but not limited to, manuals and database specifications.

11. Defendant's efforts to find and produce documents referring or relating to the systems or methods by which (a) WWW sites comprising Defendant's online advertising or (b) Defendant's Affiliate WWW sites, are identified by Defendant.

12. Defendant's efforts to find and produce all documents referring or relating to exemplar logs of information logged on its web servers.

13. Defendant's efforts to find and produce documents generated, created, or referred to by Defendant dated February 1998 to present.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2005, the attached **NOTICE OF DEPOSITION OF DEFENDANT NETFLIX, INC. PURSUANT TO FED. R. CIV. P. 30 (b)(6)** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | **HAND DELIVERY** |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR  97204 | **VIA FEDERAL EXPRESS** |
| Rodger D. Smith, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899 | **HAND DELIVERY** |
| Jeffrey R. Chanin, Esquire<br>Keker & Van Nest, L.L.P.<br>710 Sansome Street<br>San Francisco, CA  94111 | **VIA FEDERAL EXPRESS** |
| William J. Wade, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>Wilmington, DE  19801 | **HAND DELIVERY** |
| William W. Flachsbart, Esquire<br>Niro Scavone Haller & Niro<br>181 West Madison, Suite 4600<br>Chicago, IL  60602 | **VIA FEDERAL EXPRESS** |

| | |
|---|---|
| Lawrence G. Kurland, Esquire<br>Bryan Cave, LLP<br>1290 Avenue of the Americas<br>New York, NY  10104 | <u>VIA FEDERAL EXPRESS</u> |
| David J. Margules, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19801 | <u>HAND DELIVERY</u> |
| Glenn A. Ballard, Jr., Esquire<br>Bracewell & Giuliani LLP<br>711 Louisiana Street, Suite 2300<br>Houston, TX  77002-2781 | <u>VIA FEDERAL EXPRESS</u> |

*/s/ John G. Day*
_____
John G. Day