**BOUCHARD MARGULES & FRIEDLANDER**
A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOANNE P. PINCKNEY
COUNSEL
KAREN L. PASCALE
JOHN M. SEAMAN
DOMINICK T. GATTUSO

June 14, 2005

*Via Electronic Filing*

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

RE:   *BTG International, Inc. v. Amazon.com, Inc.*,
       D. Del., C.A. No. 04-1264-SLR

Dear Chief Judge Robinson:

I am writing today on behalf of Defendants Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com Inc. and Overstock.com, Inc., in connection with the discovery conference at 4:30 p.m. today. There are several issues Defendants wish to raise. Defendants' counsel has raised each of these issues with Plaintiff's counsel.

1. **BTG's Assertions of Privilege**

As the Court may recall, in a letter to the Court on April 20, 2005 and at the discovery conference of the same date, Defendants raised a concern over Plaintiff's failure to produce documents related to the alleged invention of the technology of the patents-in-suit, the acquisition of the patents, and valuation of the patents. Plaintiff had asserted such documents were privileged. Under the Court's scheduling order, the parties were not obligated to exchange privilege logs until July 14, 2005. Defendants anticipated deposing the four named inventors, the subsequent owner of the patents (Tucows) and Plaintiff before mid-July, and were concerned about the potential impact mistaken claims of privilege could have on such depositions. Therefore, Defendants requested that the Parties exchange privilege logs on May 13, 2005, and have today's discovery conference to discuss Plaintiff's privilege claims.

On May 16, 2005, Plaintiff provided Defendants with a 474-page privilege log, alleging 2246 documents (not merely pages) are covered by one or more privileges. Many of Plaintiff's withheld documents, however, do not appear to fall under a proper claim of privilege. For example, Plaintiff has asserted privilege for the following classes of documents: (1) communications by and between Infonautics, Tucows, BTG, and other parties; (2) documents belonging to Infonautics/Tucows that have been disclosed to BTG prior to this litigation; (3) emails and other documents that do not appear to have been sent by or to an attorney; and (4) communications between BTG and some third party as well as documents created by third

The Honorable Sue L. Robinson
June 14, 2005
Page 2

parties. The total number of documents withheld that fall under these categories is in the neighborhood of 450 documents. Defendants maintain that these documents should be produced.

### 2. Netflix Interrogatories Nos. 9 and 10

Early in the case, BTG posed several interrogatories to Netflix, seeking facts in support of Netflix's laches and waiver defense. Netflix responded to BTG's interrogatories, laying out facts sufficient to sustain these defenses, most notably that BTG's predecessors-in-interest (Infonautics and Tucows) knew or reasonably should have known of Netflix's alleged infringement no later than May, 1999, when Netflix placed its first online advertisement. Netflix then posed Interrogatories No. 9 and 10 to BTG, asking BTG to state all facts it intends to rely on to defeat Netflix's laches and waiver defenses. On March 30, 2005, BTG responded, stating, in part, "Upon information and belief BTG's predecessors in interest never knew of Netflix's infringement." On April 11, 2005, Netflix amended its interrogatory responses, and provided additional facts in support of the laches and waiver defenses. For example, Netflix stated that Infonautics participated in Netflix's Affiliates Program, at least as early as 2001. BTG contends that Netflix infringes the '860 patent through its Affiliates Program. Netflix requested that BTG amend its responses to Interrogatories No. 9 and 10 in light of the additional information in Netflix's amended interrogatory responses. BTG refused.

Respectfully submitted,

*Karen L. Pascale*

Karen L. Pascale (#2903)
kpascale@bmf-law.com

cc:    All Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2005, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Steven J. Balick, Esquire
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
[sbalick@ashby-geddes.com]
  *Attorneys for Plaintiff, BTG International, Inc.*

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
[jshaw@ycst.com]
  *Attorneys for Defendant Amazon.com, Inc. and Amazon Services, Inc.*

Rodger D. Smith, Esquire
MORRIS NICHOLS ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
[rsmith@mnat.com]
  *Attorneys for Defendant Netflix, Inc.*

Steven J. Fineman, Esquire
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
[fineman@rlf.com]
  *Attorneys for Defendant Barnesandnoble.com, Inc.*
.

I further certify that on June 14, 2005, I caused a copy of the foregoing document to be served by hand on the above-listed counsel, and that a copy was served on the following non-registered participants on the date and in the manner indicated:

<u>*By E-mail on May 11, 2005*</u>

Niall A. MacLeod, Esquire
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
[NAMacLeod@rkmc.com]
  *Attorneys for Plaintiff, BTG International, Inc.*

Kristin L. Cleveland, Esquire
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
[kristin.cleveland@klarquist.com]
  *Attorneys for Defendant Amazon.com, Inc. and Amazon Services, Inc.*

Wendy J. Thurm, Esquire
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
[wjt@KVN.com]
  *Attorneys for Defendant Netflix, Inc.*

William W. Flachsbart, Esquire
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602
[flachsbart@nshn.com]
  *Attorneys for Defendant Barnesandnoble.com, Inc.*

Lawrence G. Kurland, Esquire
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104
[lgkurland@bryancave.com]
  *Attorneys for Defendant Barnesandnoble.com, Inc.*

                                    BOUCHARD MARGULES & FRIEDLANDER, P.A.

Dated: June 14, 2005              /s/ Karen L. Pascale
                                    David J. Margules (#2254)
                                    Karen L. Pascale (#2903) [kpascale@bmf-law.com]
                                    222 Delaware Avenue, Suite 1400
                                    Wilmington, Delaware 19801
                                    (302) 573-3500
                                      *Attorneys for Defendant Overstock.com, Inc.*