## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1264 SLR |
| | ) | |
| AMAZON.COM, INC., AMAZON | ) | |
| SERVICES, INC., NETFLIX, INC., | ) | |
| BARNESANDNOBLE.COM INC. AND | ) | |
| OVERSTOCK.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CONFIDENTIALITY STIPULATION AND PROPOSED ORDER

Plaintiff and each Defendant in the above-captioned matter assert that it possesses information relating to the subject matter of this action which it deems is confidential and proprietary. Each party recognizes that in the course of discovery proceedings it may be necessary to disclose to the other parties certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than this action, and shall not be made public by another party, or be otherwise disseminated by another party, beyond the extent necessary for purposes of this action. It is further contemplated that one or more parties may subpoena records from third parties during this litigation, some of which may be confidential and proprietary. Accordingly, the protections afforded to a "producing party" or a "designating party" shall be understood to extend to third parties.

1

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered that the following procedure shall be adopted for the protection of confidential and proprietary information:

## Definitions

1.     For purposes of this Order, CONFIDENTIAL Information means any information and material (including, without limitation, a document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement), designated by any party as CONFIDENTIAL because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(7).

2.     For purposes of this Order, CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY Information means any information and material (including, without limitation, a document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement), designated by any party as CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY because it contains or is highly sensitive financial information, ongoing research and development projects, or other information that will harm its competitive position if it becomes known to a person or party, other than the designating party, who is not precluded from using it for commercial purposes.  Examples of such material include without limitation:

        a.     Current and future business plans

        b.     Unpublished financial data and pricing information

        c.     Trade secrets

        d.     Proprietary engineering information

2

e.     Competitor market analyses

f.     Distributor and customer agreements and licenses

g.     Agreement with sales representatives and distributors

h.     Unpublished patent applications.

3.     For purposes of this Order, CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY – SOURCE CODE Information means any information and material that constitutes non-public source code and object code of the designating party's software or computer applications.

4.     For purposes of this Order, Designated Information means any information and material (including, without limitation, document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement), designated by any party under this Order, whether designated "Confidential," "Confidential – Outside Counsels Eyes Only," or "Confidential – Outside Counsels Eyes Only – Source Code." By way of example, and not limitation, Designated Information may constitute or be included in documents, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matter which any party considers confidential and desires not to be made public.

5.     By way of example and without any limitation, the term "documents" shall include but not be limited to correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, e-mails, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of

conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models, data, reports, work assignments, instructions and other writings.

### Designation of Information

6.    All documents and things produced by any party shall be numbered using a prefix bearing the party's name or an abbreviation thereof.  The prefix should be used on a consistent basis and in a manner which makes clear the identity of the producing party.  If it is not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

7.    It is contemplated that one or more of the parties will make available certain of its files for inspection by the other parties, which files may contain confidential as well as nonconfidential material, and that following such inspection an inspecting party will designate documents to be copied and the copies furnished or produced to it.  All documents and their contents made available for such inspection shall be assumed to be CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY and shall be treated as such until the producing party has had the opportunity to designate and mark selected furnished documents, according to paragraph 8 hereof.  A producing party may also, prior to or at the inspection, designate material CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY – SOURCE CODE, in which case it shall be treated as such.

8.    Whenever a document or thing produced by any party involves a disclosure of information which the producing party deems to be Designated Information, which it

wishes to be made subject to this Protective Order, the producing party shall designate confidentiality by marking the document or thing CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY, or CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY – SOURCE CODE or some similar such marking, at the time it is turned over to the receiving party.  Any copy made of such document or thing or any abstract, summary or memorandum embodying information designated pursuant to this Order shall bear on its face the legend CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY, or CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY – SOURCE CODE.  If it is not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

9.     If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this Order, to comprise or to be CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY, or CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY – SOURCE CODE and shall be treated in accordance with the designation.

10.     Whenever a deposition taken on behalf of any party hereto involves a disclosure of Designated Information of another party, the following procedure shall be implemented:

a.     At the request of the party whose Designated Information is subject to disclosure, the reporter shall be directed to bind those portions of the transcript containing Designated Information separately.  Such

request shall be made on the record whenever possible, but any party may appropriately designate portions of the transcript of depositions as containing CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY, or CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY – SOURCE CODE Information after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is promptly given to the other parties.  Following such notice, the parties shall confer as to the most convenient way to segregate the designated portions of this transcript.   The parties shall not disseminate a deposition transcript or the contents thereof beyond the class of persons designated in paragraph 13  hereof for a period of two (2) weeks after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court in connection with these proceedings at any time.

b.     The cover of that portion of any deposition transcript which contains testimony which has been designated CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY, or CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY – SOURCE CODE shall be prominently marked with the legend referred to in paragraph 8.  All portions of deposition transcripts hereinafter taken in this matter when designated under this Order

6

shall be sealed and dissemination of such transcript portion or the content thereof shall be limited to the persons identified in paragraphs 12-14 hereof.

11.    In the event that any documents which have been designated under this Order are included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such documents and related materials shall be filed with the clerk of the court, in accordance with Local R. Civ. P. 7(f), in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**
**DATED _____, 2005**
**CIV. No. 04-1264(SLR)**
**THIS ENVELOPE IS NOT TO BE OPENED NOR THE**
**CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,**
**EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

## Use of Confidential Information

12.    All material produced by any party pursuant to pretrial discovery in this action which is designated by the producing party as containing or comprising CONFIDENTIAL Information shall be maintained in confidence according to the terms of this Order by the receiving party and used solely in the preparation, prosecution or trial of this action.  Subject to the provisions of paragraphs 15-18, nothing herein shall prevent disclosure of any item of CONFIDENTIAL Information by the party who designated the item CONFIDENTIAL Information or to any of the following:

a.  any employee of the designating party or any former employee of the designating party who was involved with the matters the item is directed to at the time of the events to which the item is directed, or

b.  any non-party entity who authored or received the item prior to its production in this litigation, or

c.  counsel of record for Plaintiff and Defendants, in this case, including their respective support personnel, or

d.  an outside independent individual or business employed by counsel of record for assistance in the preparation, prosecution or trial of this action, subject to the terms of paragraphs 15-16, below; or

e.  mock jurors or focus group members, retained by counsel of record or consultant for preparation of trial of this matter, subject to the terms of paragraph 17, below; or

f.  the Court and its officers; or

g.  in-house counsel of a Plaintiff or Defendant, in this case, and the support personnel directly involved in assisting that counsel in this case; or

h.  no more than three, designated current employees of a Plaintiff or Defendant, in this case who are directly involved in assisting counsel in the preparation of this action, subject to paragraph 18, below.  However, no employee of any Defendant in this case may have access to any Designated Information of any other defendant in this case.

13. All material produced by any party pursuant to pretrial discovery in this action which is designated by the producing party as containing or comprising CONFIDENTIAL - OUTSIDE COUNSELS EYES ONLY Information shall be subject to the same restrictions as information designated as CONFIDENTIAL. No defendant is obligated to produce CONFIDENTIAL - OUTSIDE COUNSELS EYES ONLY Information to any other defendant.

    a. In addition, among the parties' employees, one in-house counsel of Plaintiff may be permitted access to defendants' information designated CONFIDENTIAL - OUTSIDE COUNSELS EYES ONLY. Before any disclosure of CONFIDENTIAL - OUTSIDE COUNSELS EYES ONLY information is made to an in-house counsel of Plaintiff, such individual shall execute a written statement under oath, in the form appended hereto as Exhibit "C." The individual shall then be identified by providing all parties with a copy of the executed Exhibit C, curriculum vitae, and a description of the individuals duties for BTG, for the designated in-house counsel, at least 5 business days prior to making any such disclosure so that the other parties may object and seek further protection should it be deemed necessary. If any party objects, no disclosure shall be made to such individual until the matter is resolved.

    b. If Plaintiff's designated in-house counsel accesses such information, then, that in-house counsel shall not prosecute, evaluate, purchase, acquire, license, litigate, or conduct due diligence for or in relation to patent rights

9

in the following fields for which the parties expect confidential information to be disclosed during the course of this litigation:

- types of advertising (including but not limited to, button ads, banner ads, links, images, pop ups, emails, text links, video, audio, HTML banners, advertorials, toolbars, ad words, screen savers, interstitials);

- programs related to placement and usage of such ads on the Internet (including but not limited to conventional advertising on the Internet and affiliate marketing programs);

- technology or information related to the placement of such ads on the Internet;

- technology or information related to directing, determining, capturing, identifying, evaluating, monitoring, collecting or gathering information when an Internet user is directed from one website to another website or from one web page to another web page;

- technology or information used to direct an Internet user from one website to another website or from one web page to another web page;

- information or technology used to determine on which website to place such ads;

- technology or information relating to methods for identifying a website that refers an Internet user to one of Defendants' websites;

- technology or information that determines the type and amount of compensation for purchasing, placing, using or having such ads or the type and amount of compensation owed to other parties because of such ads;

- technology or information relating to developing, managing, maintaining, implementing or utilizing such ads or ad programs;

- database management of customer, affiliate and advertisement tracking information;

- online ordering and payment procedures; and

- technology for setting up third party online commerce websites and related technology, including affiliate programs.

14. All material produced by any party pursuant to pretrial discovery in this action which is designated by the producing party as containing or comprising CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY – SOURCE CODE shall be subject to the same restrictions as information designated as CONFIDENTIAL – OUTSIDE COUNSELS EYES ONLY.  In addition, the following restrictions shall apply:

a.  **Access to source code.**  Absent agreement among the parties, the following procedures shall apply to ensure access to source code.

i.  A single electronic copy of such source code or executable code shall be made available for inspection on a stand alone computer.

ii.  The stand-alone computer shall be password protected and supplied by the source code provider.

iii.  The stand-alone computer shall be located with an independent escrow agent, with the costs of such to be shared by the parties.  If the parties cannot agree on such an agent, each party shall submit to the court the name and qualifications of their proposed agents for the court to choose.

iv.  Access to the stand-alone computer shall be permitted, after notice to the provider and an opportunity to object, to two (2) outside counsel representing the requesting party and two (2) experts retained by the requesting party, all of whom have been approved under the protective order in place.  No

11

        one from the provider shall have further access to the computer during the remainder of discovery.

    v.    Source code may not be printed or copied without the agreement of the producing party or further order of the court.

15.    Before any disclosure of Designated Information of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution or trial of this action, such individual or business shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form appended hereto as Exhibit "A", acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom Designated Information is disclosed of the obligations imposed by this Order.

16.    Each outside independent individual or business, to whom Designated Information of another party is sought to be disclosed, shall be identified to the other party by providing all parties with a copy of the executed Exhibit A and an identification of any past or present employment or consulting relationships with any parties to this suit or their affiliates, at least 10 business days prior to making any such disclosure so that the other party may object and seek further protection should it deem that necessary. If any party objects, no disclosure shall be made to such individual or business until the matter is resolved. This provision shall not apply to copying and imaging vendor, mock juror,

focus group member or jury consultants. While this provision applies to non-testifying expert consultants, such experts are immune from discovery unless and until identified as a testifying expert witness.

17.    Before any disclosure of Designated Information of another party is made to mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached as Exhibit "B" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying Designated Information of another party shall be left in the possession of any such person.

18.    Before any disclosure of Designated Information of another party is made to a designated employee of a Plaintiff or Defendant in this case, any such person shall execute a confidentiality agreement in the form attached as Exhibit "C" and such statement shall be kept by counsel for reference should such be necessary.

### Information Designated Improperly

19.    The receipt of Designated Material by a party shall not be construed as agreement by any other party that any such information is, in fact, confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

20.    The parties shall act in good faith in making designations under this Order. In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, the parties shall attempt to resolve the

dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order or raise the issue in a discovery status conference. The information shall be treated in accordance with its level of designation until the issue is resolved.

21.    No party shall be obligated to challenge the propriety or correctness of any designation and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation shall rest on the designating party.

22.    If a producing party inadvertently discloses to a receiving party any document, thing, or information containing information that the producing party deems confidential without designating it under this Order, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS EYES ONLY, or CONFIDENTIAL - ATTORNEYS EYES ONLY – SOURCE CODE under this Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to unauthorized persons.

23.    If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall

thereafter assert that such disclosure waived any privilege or immunity.  It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information.  The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

### **Other**

24.    Any document withheld from production based upon a claim of privilege shall be identified in a privilege log.  For each entry on the privilege log, the following identification of will be made:

        a.    Document production number;

        b.    Date;

        c.    Author;

        d.    Addresses and recipients of copies;

        e.    Type of document;

        f.    Subject matter of document; and

        g.    Nature of claimed privilege (i.e. attorney-client; work product).

25.    Promptly upon completion of the litigation, each party shall return to the producing party or destroy all Designated Information and all copies thereof and shall destroy all extracts, excerpts and summaries of data for such documents.

26.     All discovery material (and the information contained therein), whether or not containing Designated Information, shall be used by each person receiving it solely for the prosecution or defense of the claims in this litigation or any appeal therefrom and shall not be used by that person for any other litigation, proceeding, business, commercial, competitive, personal, or other purpose.

27.     Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or their discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

28.     Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

Agreed to by:

(Remainder of page intentionally left blank.)

**FOR PLAINTIFF BTG
INTERNATIONAL INC**.


By:___/s/ *John G. Day (2403)*_____
**ASHBY & GEDDES**
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888


                    and


**ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.**
Ronald J. Schutz
Jake M Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500

**FOR DEFENDANT AMAZON.COM AND AMAZON SERVICES, INC.**

By:  ___/s/ *Karen E. Keller (4489)*_____
**YOUNG, CONAWAY, STARGATT & TAYLOR, LLP**
John W. Shaw (I.D. #3362)
Karen E. Keller (I.D. #4489)
The Bradywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Telephone:  (302) 571-6600

          and

**KLARQUIST SPARKMAN, LLP**
Kristin L. Cleveland
Jeffrey S. Love
Todd M. Siegel
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR  97204
Telephone: (503) 226-7391

**FOR DEFENDANT
BARNESANDNOBLE.COM INC.**


By:     /s/ *William J. Wade (704)*
**RICHARDS, LAYTON & FINGER,
P.A.**
William J. Wade (I.D. #704)
Steven J. Fineman (I.D. #4025)
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE  19899-0551
Telephone:  (302) 651-7700


      and


**NIRO, SCAVONE, HALLER & NIRO**
William H. Flachsbart
Arthur A. Gasey
181 West Madison, Suite 4600
Chicago, IL  60602-4515
(312) 236-0733


      and


**BRYAN, CAVE LLP**
Lawrence G. Kurland
Joseph J. Richetti
1220 Avenue of the Americas
New York, NY  10104-3300
(212) 541-1235

**FOR DEFENDANT NETFLIX, INC.**

By: _____/s/ Rodger Smith (3778)_____
**MORRIS, NICHOLS, ARSHT &**
**TUNNELL**
Rodger Smith (I.D. #3778)
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone:  (302) 575-7205

     **and**

**KEKER & VAN NEST, LLP**
John W. Keker
Jeffrey R. Chanin
Wendy J. Thurm,
Paula L. Blizzard
710 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 391-5400

20

**FOR DEFENDANT**
**OVERSTOCK.COM**

By: _/s/ Karen L. Pascale (2903)_
**BOUCHARD MARGULES &**
**FRIEDLANDER, P.A.**
David J. Margules (I.D. #2254)
Karen L. Pascale (I.D. #2903)
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
Telephone (302) 573-3500

      And

**BRACEWELL & GIULIANI**
Glenn A. Ballard, Jr.
John F. Luman, III
711 Louisiana Street, Suite 2900
Houston, TX 77002-2781
Telephone:  (713) 221-1596

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BTG INTERNATIONAL INC.,      )
                                        )
           Plaintiff,        )
                                        )
          v.               )   Civil Action No. 04-1264 SLR
                                        )
AMAZON.COM, INC., AMAZON      )
SERVICES, INC., NETFLIX, INC.,     )
BARNESANDNOBLE.COM INC. AND  )
OVERSTOCK.COM, INC.,        )
                                        )
           Defendants.    )

## ORDER ENTERING CONFIDENTIALITY STIPULATION

      At Wilmington this ___ day of _____, 2005, IT IS HEREBY

ORDERED that the Stipulation for the Protection of Confidential Information (D.I. ____)

is entered as an order of this Court.

      For purposes of filing papers under seal in the CM/ECF system, this Order

shall serve as the Order that must be filed with the document filed under seal as required

by CM/ECF Rule G.1.


                              _____
                                United States District Judge

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1264 SLR |
| | ) | |
| AMAZON.COM, INC., AMAZON | ) | |
| SERVICES, INC., NETFLIX, INC., | ) | |
| BARNESANDNOBLE.COM INC. AND | ) | |
| OVERSTOCK.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREEMENT TO PROTECT
## CONFIDENTIAL INFORMATION

STATEMENT OF _____

State of                                  )
                                          ) ss.
County of                                 )

_____ being sworn, deposes and says:

1.      I have been requested by counsel for (BTG International Inc., Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com Inc., or Overstock.com, Inc.) to assist counsel with certain material which I have been informed is Designated Information within the terms of the Protective Order issued by the Court in the above-entitled action.

2.       I have read the Protective Order dated _____ entered in this action and I agree not to disclose any information designated as Designated Information and not to use such information other than in assisting counsel for (BTG International Inc., Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com Inc., or Overstock.com, Inc.).

3.       I hereby agree to submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of the undertakings I have made here and I appoint _____ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Signed: _____

SUBSCRIBED and sworn to
before me this _____ day of
_____, 2005.

_____
          Notary Public

**EXHIBIT B**

**AGREEMENT TO PROTECT**
**CONFIDENTIAL INFORMATION**


This agreement is between _____ and .
                                                    (Consultant)

_____ residing at _____.
        (Name)                                           (Address)

1.      I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

2.      I agree not to disclosure any information I learn today or to use such information outside the research group I am participating in today.


Signed: _____

Date:        _____

**EXHIBIT C**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1264 SLR |
| | ) | |
| AMAZON.COM, INC., AMAZON | ) | |
| SERVICES, INC., NETFLIX, INC., | ) | |
| BARNESANDNOBLE.COM INC. AND | ) | |
| OVERSTOCK.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREEMENT TO PROTECT
## CONFIDENTIAL INFORMATION

STATEMENT OF _____
.

| | | |
|---|---|---|
| State of | ) | |
| | ) ss. | |
| County of | ) | |

_____ being sworn, deposes and says:

1.     I am a current employee of (BTG International Inc., Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com Inc., or Overstock.com, Inc.).

2.     I have read the Protective Order dated _____ entered in this action and I agree not to disclose any information designated as Designated Information and not to use such information other than in assisting counsel for (BTG International Inc., Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com Inc., or Overstock.com, Inc.).

3.      I hereby agree to submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of the undertakings I have made here and I appoint _____ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.


Signed: _____


SUBSCRIBED and sworn to
before me this _____ day of
_____, 2005.


_____
        Notary Public