IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1264-SLR |
| | ) | |
| AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM, INC. and OVERSTOCK.COM, INC. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 30.2, Plaintiff BTG International Inc. ("BTG") requests that this Court enter a Protective Order regarding the upcoming depositions of non-parties Edwin Watkeys and Joshua Kopelman. Specifically, BTG requests that the Court order defendant Amazon.com to honor the deposition notices served and filed by BTG last December by allowing BTG to proceed first with the questioning of Messrs. Watkeys and Kopelman.

The grounds for this motion are as follows:

### Background

1.  Mr. Watkeys and Mr. Kopelman are non-party witnesses and the named inventors on the U.S. patents involved in this patent infringement case. Neither gentleman is being represented in this case by BTG's attorneys.[1]

---

[1] The other inventors in this case, Mr. Terry Graber and Mr. Marvin Weinberger, are being represented by BTG. Accordingly BTG will not be taking their depositions.

1

2.  On December 15, 2004, BTG served deposition notices upon Mr. Watkeys and Mr. Kopelman, noticing their respective depositions for dates in January 2005.  See Watkeys and Kopelman Deposition Notices (Exs. A and B hereto).

3.  BTG was soon after informed by counsel for several of the defendants that the noticed dates in January 2005 were not convenient for them.  Accordingly, BTG agreed to postpone the depositions of Mr. Watkeys and Mr. Kopelman until a date convenient for all parties (and the deponents) could be determined.  BTG reserved its rights to proceed with the questioning of Mr. Watkeys and Mr. Kopelman first since BTG had first noticed the depositions.  See December 21, 2004 Letter from N. MacLeod to Defense Counsel (Exhibit C hereto).

4.  BTG was not contacted by any of the defendants regarding new proposed dates for the Watkeys and Kopelman depositions, but reasonably assumed that it would be contacted when the defendants had convenient dates to propose.

5.  Despite the fact that BTG still had deposition notices outstanding, and instead of conferring with BTG to arrange convenient dates for the Watkeys and Kopelman depositions, on June 16, 2005 defendant Amazon served its own deposition notice on both Mr. Watkeys and Mr. Kopelman.  Defendant Amazon (and presumably the other defendants) now insists that its second-filed deposition notice somehow entitles it to begin questioning Mr. Watkeys and Mr. Kopelman at their respective depositions first.[2]

6.  BTG has informed Amazon that if Amazon truly believes its second filed deposition notice somehow entitles it to proceed with the questioning first, then Amazon should file a motion for a protective order with the Court to resolve the issue.  See June 16, 2005 letter from M. Collyard to T. Siegel (Exhibit D hereto); June 24, 2005 e-mail string between M.

---

[2] It is unclear what order the other defendants in the case believe they are entitled to conduct their examination.

2

Collyard and J. Love (Exhibit E). Amazon has stubbornly refused to do so, perhaps believing it will simply muscle its way at the deposition into proceeding first. Accordingly, BTG is compelled to bring this issue to the Court's attention via its own motion for protective order.

### Argument

7.   BTG made a tactical decision early in the case to notice the depositions of non-parties Watkeys and Kopelman.[3] Similarly, the defendants made a tactical decision <u>not</u> to notice those depositions, even though nothing prevented them from doing so. As BTG noticed these depositions first, fairness dictates that it be permitted to examine the witnesses first.

8.   Amazon has "offered" to allow BTG to proceed with Mr. Watkeys' deposition first, provided that BTG agrees to waive its right to depose Mr. Kopelman first. BTG sees no need to accept this "compromise," just because Amazon insists, with no bases whatsoever, that it is entitled to depose Mr. Watkeys and Mr. Kopelman first. <u>See</u> Exhibit D. Moreover, as noted above in footnote 1, the defendants will certainly be deposing inventors Mr. Graber and Mr. Weinberger first, as both are represented by BTG, so the "split the baby" approach suggested by Amazon is already in place.

9.   Finally, the Court has previously ordered that each of the inventors in this case be available for two days of deposition. There is thus no danger of defendants running short on time for their examinations if BTG proceeds first.[4]

---

[3] The depositions of non-parties and Rule 30(b)(6) witnesses are explicitly excluded from the Scheduling Order's requirement that depositions not be scheduled prior to the completion of document production. <u>See</u> D.I. 41 at ¶ 2(b)(4).

[4] BTG submits that Amazon should not have burdened Mr. Watkeys and Mr. Kopelman with its second-in-time deposition notices. None of the arguments Amazon has tried to make regarding its right to proceed with questioning first are based upon the existence of its second deposition notices. Amazon's second deposition notices are no more than extra pleadings complicating the case and burdening third party witnesses.

3

## Conclusion

For the reasons stated above, BTG requests that the Court order that BTG be permitted to proceed with the deposition questioning of Mr. Watkeys and Mr. Kopelman first.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (#2114)
John G. Day (#2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: 302-654-1888
Sbalick@ashby-geddes.com
Jday@ashby-geddes.com

*Attorneys for Plaintiff BTG International Inc.*

*Of Counsel*

Ronald J. Schutz
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
Telephone:  612-349-8500

Dated:  June 27, 2005
158953.1

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1**

I hereby certify that counsel have discussed the attached motion, but that an agreement could not be reached.

*/s/ John G. Day*
_____
John G. Day