# EXHIBIT A

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

2004 DEC 15  PM 4: 19

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-1264-SLR |
| AMAZON.COM, INC., AMAZON SERVICES, | ) | |
| INC., NETFLIX, INC., | ) | |
| BARNESANDNOBLE.COM INC. AND | ) | |
| OVERSTOCK.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF BTG INTERNATIONAL INC.'S
NOTICE OF TAKING DEPOSITION OF EDWIN WATKEYS III**

TO:  Edwin Watkeys III, 651 Clemens Road, Telford, PA  18969-2404

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure,

Plaintiff BTG International Inc. will take the deposition of Edwin Watkeys III at the time and place

as set forth below.

The deposition will be taken on January 6, 2005, beginning at 9:00 a.m. (local time) each day

and will be taken at the offices of Esquire Deposition Services, 11th Floor, 1800 John F. Kennedy

Blvd., Philadelphia, Pennsylvania 19103, or at a date, time, and place to be further agreed upon. The

deposition will continue from the first day until the next day, if necessary, but in no event shall be

longer than two seven (7) hour days of deposition time.  The deposition  shall be taken before any

officer qualified to administer oaths under  the Federal Rules of Civil Procedure. The deposition will

be recorded stenographically and may be recorded by videotape.

1



Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, you are expected to produce documents listed in the attached Schedule A at or prior to the deposition. The attached Schedule A is the same document as the Schedule A attached to the Subpoena served on you simultaneously with this notice.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE   19899
(302) 654-1888

*Attorneys for Plaintiff*

*Of Counsel:*

Ronald J. Schutz
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
Telephone:  612-349-8500

December 13, 2004
151152.1

2

## SCHEDULE A
## INSTRUCTIONS

1.    In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2.    Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.    Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4.    If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5.    If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

        a.    The date of such document or thing;

        b.    The place at which such document or thing was created and the medium involved;

        c.    The identity of each person who has custody or control of the document or thing;

        d.    The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

        e.    The number of pages in any document and any attachments, or a full and complete description of any thing;

        f.    The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

        g.    The subject matter of the document or thing;

        h.    The basis on which the privilege is claimed;

1

    i.    Whether any non-privileged matter is contained within the document or thing; and

    j.    The precise location of any redactions if the document or thing is redacted.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, and representatives.

2.    The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

3.    The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

4.    The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

5.    The term "B&N" shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys,

2

or any predecessor with an interest.

6. The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

7. The terms "you," "your" or "Mr. Watkeys" shall refer to Edwin Watkeys, and includes, without limitation, his past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, and any predecessor with an interest.

8. The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

9. The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

10. The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

3

11.   The term "patents-in-suit" shall refer to the following patents: United States Patent 5,712,979 and United States Patent 5,717,860.

12.   The term "this case" shall refer to the case *BTG International Inc. v. Amazon.com, Inc., et al.,* case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.   All documents referring or relating to United States Patent 5,712,979 and/or United States Patent 5,717,860.

2.   All documents referring or relating to Infonautics Corporation or Infonautics Inc. from 1996 or earlier and relating to tracking the navigational path of an Internet user.

3.   Documents referring or relating to any events, facts, and documents concerning your knowledge of the patents in suit, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock or this case.

4.   All documents referring or relating to communications between you and any third party regarding BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Joshua Kopelman or Marvin Weinberger.

5.   All documents referring or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock regarding BTG, Terry Graber, Joshua Kopelman or Marvin Weinberger.

6.   All documents referring or relating to any potential litigation between BTG and Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Joshua Kopelman or Marvin Weinberger.

4

7.    All documents referring or relating to communications between you and all inventors or collaborators on United States Patent 5,712,979 and/or United States Patent 5,717,860, expressly including, but not limited to Terry Graber, Joshua Kopelman or Marvin Weinberger.

8.    All documents referring or relating to communications between you and any third party regarding United States Patent 5,712,979 and/or United States Patent 5,717,860.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2004, the attached **PLAINTIFF BTG INTERNATIONAL INC.'S NOTICE OF TAKING DEPOSITION OF EDWIN WATKEYS III** was served upon the below-named defendants at the address and in the manner indicated:

Josy W. Ingersoll, Esquire                                    HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Jeffrey S. Love, Esquire                                    **VIA FEDERAL EXPRESS**
Klarquist, Sparkman, LLP
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR  97204

Rodger D. Smith, Esquire                                    HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Jeffrey R. Chanin, Esquire                                    **VIA FEDERAL EXPRESS**
Keker & Van Nest, L.L.P.
710 Sansome Street
San Francisco, CA  94111

William J. Wade, Esquire                                    HAND DELIVERY
Richards Layton & Finger
One Rodney Square
Wilmington, DE  19801

Lawrence G. Kurland, Esquire                                    **VIA FEDERAL EXPRESS**
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY  10104

David J. Margules, Esquire                          <u>HAND DELIVERY</u>
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Glenn A. Ballard, Jr., Esquire                      <u>VIA FEDERAL EXPRESS</u>
Bracewell & Patterson LLP
711 Louisiana Street, Suite 2900
Houston, TX 77002-2781

149142.1

John G. Day

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 DEC 15  PM 4: 16

BTG INTERNATIONAL INC.,          )
                                 )
            Plaintiff,           )
                                 )
    v.                           )
                                 )        Civil Action No. 04-1264-SLR
AMAZON.COM, INC., AMAZON SERVICES, )
INC., NETFLIX, INC.,             )
BARNESANDNOBLE.COM INC. AND      )
OVERSTOCK.COM, INC.,             )
                                 )
            Defendants.          )

**PLAINTIFF BTG INTERNATIONAL INC.'S**
**NOTICE OF TAKING DEPOSITION OF JOSHUA KOPELMAN**

TO:    Joshua Kopelman, 1001 Conshohocken State Road, Conshohocken, PA  19428

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure,

Plaintiff BTG International Inc. will take the deposition of Joshua Kopelman at the time and place

as set forth below.

The deposition will be taken on January 10, 2005, beginning at 9:00 a.m. (local time) each

day and will be taken at the offices of Esquire Deposition Services, 11th Floor, 1800 John F.

Kennedy Blvd., Philadelphia, Pennsylvania 19103, or at a date, time, and place to be further agreed

upon. The deposition will continue from the first day until the next day, if necessary, but in no event

shall be longer than two seven (7) hour days of deposition time.   The deposition  shall be taken

before any officer qualified to administer oaths under  the Federal Rules of Civil Procedure. The

deposition will be recorded stenographically and may be recorded by videotape.

1



Word 20113340.1



Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, you are expected to produce documents listed in the attached Schedule A at or prior to the deposition. The attached Schedule A is the same document as the Schedule A attached to the Subpoena served on you simultaneously with this notice.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Plaintiff*

*Of Counsel:*

Ronald J. Schutz
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
Telephone: 612-349-8500

December 13, 2004
151150.1

2

Word 20113340.1

## SCHEDULE A
## INSTRUCTIONS

1.    In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2.    Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.    Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4.    If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5.    If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

        a.      The date of such document or thing;
        b.      The place at which such document or thing was created and the medium involved;
        c.      The identity of each person who has custody or control of the document or thing;
        d.      The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;
        e.      The number of pages in any document and any attachments, or a full and complete description of any thing;
        f.      The identity of each person involved, together with his or her job title at the time of creation of the document or thing;
        g.      The subject matter of the document or thing;
        h.      The basis on which the privilege is claimed;

1

i.   Whether any non-privileged matter is contained within the document or thing; and

j.   The precise location of any redactions if the document or thing is redacted.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term  "BTG"  shall mean BTG International Inc. and its officers, agents, employees, and representatives.

2.    The term  "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

3.    The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

4.    The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

5.    The term "B&N" shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

2

6.      The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

7.      The terms "you," "your" or "Mr. Kopelman" shall refer to Joshua Kopelman, and includes, without limitation, his past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, and any predecessor with an interest.

8.      The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

9.      The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

10.     The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

Word 20113340.1

11.     The term "patents-in-suit" shall refer to the following patents: United States Patent 5,712,979 and United States Patent 5,717,860.

12.     The term "this case" shall refer to the case *BTG International Inc. v. Amazon.com, Inc., et al.*, case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      All documents referring or relating to United States Patent 5,712,979 and/or United States Patent 5,717,860.

2.      All documents referring or relating to Infonautics Corporation or Infonautics Inc. from 1996 or earlier and relating to tracking the navigational path of an Internet user.

3.      Documents referring or relating to any events, facts, and documents concerning your knowledge of the patents in suit, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock or this case.

4.      All documents referring or relating to communications between you and any third party regarding BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Marvin Weinberger or Edwin Watkeys.

5.      All documents referring or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock regarding BTG, Terry Graber, Marvin Weinberger or Edwin Watkeys.

6.      All documents referring or relating to any potential litigation between BTG and Amazon.com, Amazon Services, Netflix, B&N, Overstock, Terry Graber, Marvin Weinberger or Edwin Watkeys.

4

Word 20113340.1

7.     All documents referring or relating to communications between you and all inventors or collaborators on United States Patent 5,712,979 and/or United States Patent 5,717,860, expressly including, but not limited to Terry Graber, Marvin Weinberger or Edwin Watkeys.

8.     All documents referring or relating to communications between you and any third party regarding United States Patent 5,712,979 and/or United States Patent 5,717,860.

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2004, the attached **PLAINTIFF BTG INTERNATIONAL INC.'S NOTICE OF TAKING DEPOSITION OF JOSHUA KOPELMAN** was served upon the below-named defendants at the address and in the manner indicated:

Josy W. Ingersoll, Esquire       **HAND DELIVERY**
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Jeffrey S. Love, Esquire       **VIA FEDERAL EXPRESS**
Klarquist, Sparkman, LLP
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR 97204

Rodger D. Smith, Esquire       **HAND DELIVERY**
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Jeffrey R. Chanin, Esquire      **VIA FEDERAL EXPRESS**
Keker & Van Nest, L.L.P.
710 Sansome Street
San Francisco, CA 94111

William J. Wade, Esquire       **HAND DELIVERY**
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801

Lawrence G. Kurland, Esquire     **VIA FEDERAL EXPRESS**
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104

David J. Margules, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

<u>HAND DELIVERY</u>

Glenn A. Ballard, Jr., Esquire
Bracewell & Patterson LLP
711 Louisiana Street, Suite 2900
Houston, TX  77002-2781

<u>VIA FEDERAL EXPRESS</u>

John G. Day

149142.1

# EXHIBIT C

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

**ATTORNEYS AT LAW**

NIALL A. MACLEOD
(612) 349-8294

December 21, 2004

### *VIA E-MAIL and FACSIMILE*

**See Attached Distribution List**

> Re:   *BTG International Inc. v. Amazon.com, Inc., et al.*
>       Civil Action No.: 04-1264 SLR
>       Our File No. 122234.0001

Dear Counsel:

We have received requests to postpone the depositions of certain inventors that we noticed earlier this week until a more convenient time. We are willing to do that if your respective clients agree that BTG may be the first to proceed in questioning each witness. Please let us know if your clients agree to that as soon as possible, so that we may quickly inform the inventors that they need not be available on the noticed dates.

Also, we will be representing inventors Marvin Weinberger and Terry Graber in the litigation so all contact with those individuals must be through us.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Niall A. MacLeod

NAM/bmd
Attachment

20117830.1



ATLANTA · BOSTON · LOS ANGELES · M     ES · SAINT PAUL · WASHINGTON, D.C.

## Distribution List

Josy W. Ingersoll, Esq.
**Young, Conaway, Stargatt & Taylor, LLP**
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Telephone:     (302) 571-6600*
*Fax:            (302) 571-1253*

Jeffrey S. Love, Esq.
Kristin L. Cleveland, Esq.
**Klarquist, Sparkman, LLP**
One World Trade Center - Suite 1600
121 S.W. Salmon Street
Portland, OR 97204
*Telephone:     (503) 226-7391*
*Fax:            (503) 228-9446*

William J. Wade, Esq.
Steven J. Fineman, Esq.
**Richards, Layton & Finger, P.A.**
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0551
*Telephone:     (302) 651-7700*
*Fax:            (302) 651-7701*

Lawrence G. Kurland, Esq.
**Bryan Cave LLP**
1220 Avenue of the Americas
New York, NY 10104-3300
*Telephone:     (212) 541-1235*
*Fax:            (212) 904-0512*

Steven J. Balick, Esq.
John G. Day, Esq.
**Ashby & Geddes**
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
*Telephone:     (302) 654-1888*
*Fax:            (302) 654-2067*

Jeffrey R. Chanin, Esq.
Wendy Thurm, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
*Telephone:     (415) 391-5400*
*Fax:            (415) 397-7188*

Rodger Smith, Esq.
Kristen Healey, Esq.
**Morris, Nichols, Arsht & Tunnell**
Chase Manhattan Centre - 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19889-1347
*Telephone:     (302) 575-7205*
*Fax:            (302) 498-6209*

John F. Luman III, Esq.
Glenn A. Ballard, Jr., Esq.
Jeffrey S. Whitle, Esq.
**Bracewell & Patterson**
711 Louisiana Street
Suite 2900
Houston, TX 77002-2781
*Telephone:     (713) 221-1596*
*Fax:            (713) 437-5398*

David J. Margules, Esq.
Karen L. Pascale, Esq.
**Bourchard, Margules & Friedlander, P.A.**
222 Delaware Avenue
Suite 1400
Wilmington, DE 19801
*Telephone:     (302) 573-3500*
*Fax:            (302) 573-3501*

20117830.1

# EXHIBIT D

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Michael A. Collyard
(612) 349-0975

June 16, 2005

**VIA FACSIMILE**

Todd M. Siegel, Esq.
Klarquist, Sparkman, LLP
One World Trade Center – Suite 1600
121 S.W. Salmon Street
Portland, OR 97204

> Re:   *BTG International Inc. v. Amazon.com, et al.*
> C.A. No. 04-1264 (SLR)
> Our File No. 123334-0001

Dear Todd:

We write in response to your attempt to depose Ed Watkeys on June 30. We were surprised to get your notice of deposition. BTG noticed the depositions of Mr. Watkeys and other inventors in December, 2004 but agreed to postpone them at Amazon's request. We also agreed to re-schedule them for a time and date convenient for all the parties and inventors. We agreed to do so, however, only with the understanding that BTG would be the first to proceed with questioning. On December 21, 2004, we sent the defendants two letters on this matter.

It now appears that you duped us into postponing the depositions, only to try and jump ahead of us in proceeding first with the questioning at Mr. Watkeys' deposition by noticing it without even conferring with us. Although we don't object to the deposition going forward on the 30th, BTG will proceed first in questioning Mr. Watkeys. If you don't agree with this procedure, you must bring a motion for a protective order. Please let us know by the end of the day today if you have any objections to BTG being the first to question Mr. Watkeys.[1]

Additionally, yesterday you emailed me about possible dates for Josh Kopelman's deposition. It is unclear why you would give us proposed dates for Mr. Kopelman's deposition but not Mr. Watkeys'. Nonetheless, the same arguments apply. Therefore, before we agree on a date, you should agree that BTG will be the first to proceed with questioning. If you don't agree, you will need to move for a protective order.

---

[1] It is unclear whether it is even acceptable practice for you to burden Mr. Watkeys with a second deposition notice when one is already pending.

MP3 20139240.1

Todd M. Siegel, Esq.
June 16, 2005
Page 2


      We look forward to your response.  Please call me with any questions.


      Very truly yours,

      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

      Michael A. Collyard

MAC/dl
cc:    Kristin L. Cleveland, Esq.

MP3 20139240.1

```
** JOB STATUS REPORT **              AS OF  JUN 16 2005 15:56      PAGE.01
                                            R. K. M. & C.  LLP

        JOB #254

      DATE  TIME              TO/FROM        MODE    MIN/SEC    PGS   STATUS
001   6/16  15:54             15035955301    EC--S   00'31"     003   OK
```

---

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

---

**FROM:    Michael A. Collyard**

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

---

TO:                Kristin L. Cleveland, Esq.
                   Todd M. Siegel, Esq.

DATE:              June 16, 2005

FILE NO.:          122234-0001

FACSIMILE NO.:     (503) 595-5301

TELEPHONE NO.:     (503) 595-5300

NUMBER OF PAGES INCLUDING COVER SHEET: 3

**If transmission problems occur, or you are not the intended recipient, please call (612) 349-8500, or contact Donna LaFrance at (612) 349-8265.**

SPECIAL INSTRUCTIONS:

ORIGINAL:      _____ Mailed      __X__ Not Mailed

ATLANTA    BOSTON    LOS ANGELES    MINNEAPOLIS    NAPLES    SAINT PAUL    WASHINGTON, D.C.

# EXHIBIT E

From:       Michael A. Collyard
To:         Love, Jeffrey S.
Date:       6/24/2005 11:02:23 AM
Subject:    RE: Koppelman depo

Jeff,

It is certainly not BTG's preference to have you burden Judge Robinson and Mr. Watkeys with a phone call on the morning of his deposition. As I tried explaining to you on the phone and as I explained in my June 16 letter to your colleague, Todd Siegel, if Amazon seriously disputes BTG proceeding with questioning first at depositions that BTG noticed first, then Amazon needs to move for a protective order on that issue. That is the appropriate way to proceed. We still have no idea why you think you are entitled to go first at these depositions, and your e-mail below didn't give us an explanation.

BTG only postponed the depositions it noticed first at _your_ request. As we explained in our December 21 letter to you, we agreed to do so only with the understanding that BTG would be first in line for questioning. We also agreed to work with you to arrange convenient deposition dates. We never heard back from you. Instead, nearly six months later, without even contacting us about dates, you went ahead and burdened Mr. Watkeys and then Mr. Kopelman with new deposition notices when they already had one outstanding.

Sincerely,

Michael A. Collyard, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis MN 55402
Phone: 612-349-0975
Fax:    612-339-4181
E-mail: macollyard@rkmc.com
Internet: www.rkmc.com


>>> "Jeffrey S. Love" <jeffrey.love@klarquist.com> 6/23/2005 1:53:11 PM >>>
Michael,

This will confirm that in our telephone conversation a few minutes ago, BTG confirmed its availability for the depositions of Watkeys on June 30 and July 1, and of Kopelman on July 11 and 12, both at the deponents' requests near their places of work outside of Philadelphia. BTG had no objection to the new locations. I notified you that Amazon would amend the Watkeys notice to provide for the new location. You notified me that you are still unable to confirm that Kopelman's deposition can be held at BTG's offices (which are near his office). Accordingly, I will notice his deposition for somewhere nearby (probably a hotel conference room).

I repeated Defendants' offer to have defendants go first at the Watkeys' deposition and BTG go first at the Kopelman deposition. You rejected that offer, stated your position that BTG should go first at both depositions, and stated your preference to get the judge on the phone at the start of the depositions to resolve the issue. In the likely event that the Judge will not be available to resolve the issue at that time,



it is unclear how this dispute can be resolved.

Amazon has never agreed to, and will not now agree, that BTG should go
first in both depositions. On the contrary, in light of BTG's
representation of the other two inventors, and access to hundreds of
pages of information related to the patents and their prosecution and
enforcement that BTG refuses to produce, Amazon contends that Defendants
should go first in deposing the two remaining inventors whom your firm
does not represent. However, we are open to considering any suggestions
your firm may present for a compromise, in writing to facilitate a clear
record on this issue among all parties.

Regards,

Jeffrey S. Love
Klarquist Sparkman, LLP
Phone 503-226-7391

The attached message is intended
solely for the designated recipient,
and may contain confidential information.
If you received this by mistake, please let me
know and delete the e-mail.

-----Original Message-----
From: Michael A. Collyard [mailto:MACollyard@rkmc.com]
Sent: Wednesday, June 22, 2005 2:33 PM
To: Jeffrey S. Love; Niall MacLeod
Cc: John.Luman@bracewellgiuliani.com; lgkurland@BryanCave.com; Kristin
Cleveland; Linda Schroeder; Mary Pressel; wit@KVN.com;
flachsbart@nshn.com; Jake M. Holdreith
Subject: Re: Koppelman depo

>>>> Please read the confidentiality statement below <<<<

Jeff,

We won't be able to get back to you on this until tomorrow, but as I
told Todd Siegel last week, BTG will proceed first with any questioning
at the deposition.

Mike

Michael A. Collyard, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis MN 55402
Phone: 612-349-0975
Fax:    612-339-4181
E-mail: macollyard@rkmc.com
Internet: www.rkmc.com

>>> "Jeffrey S. Love" <jeffrey.love@klarquist.com> 6/22/2005 2:05:13 PM
>>>
Niall,

I plan to notice the Kopelman depo for 7/11-7/12.  He'd like to have the
location near his place of business.  I'm planning on renting hotel
space nearby, but he said BTG's offices were across the street, and
asked me to ask you if we could have the depo at BTG's offices for the
convenience of the deponent.  He asked me to firm up the depo by early
this afternoon, so I plan to send out the subpoena today.  Please let me
know if BTG is willing to host the depo at its offices on those days.
Regards,

Jeffrey S. Love
Klarquist Sparkman, LLP
Phone 503-226-7391

The attached message is intended
solely for the designated recipient,
and may contain confidential information.
If you received this by mistake, please let me
know and delete the e-mail.

Information contained in this e-mail transmission is privileged,
confidential and covered by the Electronic Communications Privacy Act,
18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or
reproduce this transmission.

If you have received this e-mail transmission in error, please notify us
immediately of the error by return email and please delete the message
from your system.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

CC:         Cleveland, Kristin;  flachsbart@nshn.com;  Holdreith, Jake M.;
John.Luman@bracewellgiuliani.com;  lgkurland@BryanCave.com;  Linda Schroeder  ;  MacLeod, Niall;
Mary Pressel  ;  wjt@KVN.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2005, the attached **MOTION FOR**

**PROTECTIVE ORDER** was served upon the below-named defendants at the address and in

the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR  97204 | VIA FEDERAL EXPRESS |
| Rodger D. Smith, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899 | HAND DELIVERY |
| Jeffrey R. Chanin, Esquire<br>Keker & Van Nest, L.L.P.<br>710 Sansome Street<br>San Francisco, CA  94111 | VIA FEDERAL EXPRESS |
| William J. Wade, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>Wilmington, DE  19801 | HAND DELIVERY |
| William W. Flachsbart, Esquire<br>Niro Scavone Haller & Niro<br>181 West Madison, Suite 4600<br>Chicago, IL  60602 | VIA FEDERAL EXPRESS |

Lawrence G. Kurland, Esquire                          <u>VIA FEDERAL EXPRESS</u>
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY  10104

David J. Margules, Esquire                            <u>HAND DELIVERY</u>
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

Glenn A. Ballard, Jr., Esquire                        <u>VIA FEDERAL EXPRESS</u>
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX  77002-2781


*/s/ John G. Day*
_____

John G. Day