# EXHIBIT D

1

1              IN THE UNITED STATES DISTRICT COURT

2              IN AND FOR THE DISTRICT OF DELAWARE

3                          - - -

4    BTG INTERNATIONAL INC.,        :        CIVIL ACTION
                                    :
5              Plaintiff            :
                                    :
6              vs.                  :
                                    :
7    AMAZON.COM, INC., AMAZON       :
     SERVICES, INC., NETFLIX,       :
8    INC., BARNESANDNOBLE.COM       :
     INC. and OVERSTOCK.COM, INC.,  :
9                                   :
               Defendants          :        NO. 04-1264 (SLR)
10
                                 - - -
11

12                                 Wilmington, Delaware
                                   Wednesday, April 20, 2005
13                                 4:37 o'clock, p.m.

                                 - - -
14

15   BEFORE:   HONORABLE SUE L. ROBINSON, Chief Judge

16                               - - -

17   APPEARANCES:

18           ASHBY & GEDDES
             BY:  STEVEN J. BALICK, ESQ.
19
                      -and-
20
             ROBINS, KAPLAN, MILLER & CIRESI LLP
21           BY:  NIALL A. MacLEOD, ESQ.
                  (Minneapolis, Minnesota)
22
                  Counsel for Plaintiff
23

24                               Valerie J. Gunning
                                 Official Court Reporter
25

1          THE COURT:  I'm not sure why either, but that

2    might be another issue that we need to address other than

3    this evening.

4          All right.  All right.  Defendants' issues?

5          MS. THURM:  Your Honor, Wendy Thurm again

6    for Netflix.  And Mr. Kurland and I, on behalf of

7    BarnesandNoble.com, are going to be jumping in.  There's

8    sort of a web of issues.

9          We sent you a letter earlier today, enumerating

10   some issues that relate to the relationship that BTG has

11   with the entity from which it obtained or was assigned

12   or we're not quite sure the patents that are at issue.

13         So let me just give you some brief background

14   facts in addition to what's in the letter.

15         In this case, there are two patents at issue.

16   These patents were, as we understand it, assigned, for

17   lack of a better word, to BTG from an entity called Tucows

18   in October of 2002.

19         Tucows obtained the patents in a corporate

20   merger with an original company called Infonautics, which

21   was the company that was original owner, assignees of the

22   patents.  That merger took place in 2001.

23         We have obtained from BTG a copy of the

24   agreement that purports to assign the patents, but the

25   agreement on its face is somewhat ambiguous and the

1    defendants have some serious questions as to whether or

2    not Tucows has retained a reversionary interest, an

3    existing property interest in the patents, such that BTG

4    does not have sufficient standing without Tucows here or

5    whether Tucows needs to be joined as a necessary party.

6              All of the defendants sought discovery from

7    BTG on this point.  In addition, Netflix subpoenaed, served

8    a third-party subpoena to Tucows, which also happens to be

9    represented by Robins Kaplan, seeking all manner of

10   documents relating to the patents but, in particular,

11   relating to the relationship, the due diligence documents,

12   valuation documents.

13             The only documents that BTG has provided are

14   drafts of the agreement, and a few e-mails discussing

15   though drafts between BTG and Tucows.  Tucows has produced

16   very little.  So we've got quite a few discovery issues

17   where we're not quite sure why we're not getting what we

18   believe we're entitled to and then we've got some timing

19   issues because, under the scheduling order set out by the

20   Court at the end of last year, there are some dates coming

21   up on the calendar for deadlines for filing to add or

22   amend certain parties and so we have some suggestions for

23   moving up some dates on the Court's calendar so that we

24   can more squarely address some of these Tucows BTG issues.

25             One of the more pressing issues is as it

1

1      IN THE UNITED STATES DISTRICT COURT

2      IN AND FOR THE DISTRICT OF DELAWARE

3                     - - -

4   BTG INTERNATIONAL INC.,          :        CIVIL ACTION
                                     :
5            Plaintiff              :
                                     :
6         vs.                       :
                                     :
7   AMAZON.COM, INC., AMAZON         :
    SERVICES, INC., NETFLIX,         :
8   INC., BARNESANDNOBLE.COM         :
    INC. and OVERSTOCK.COM, INC.,    :
9                                    :
             Defendants             :        NO. 04-1264 (SLR)

10                    - - -

11
                            Wilmington, Delaware
12                          Wednesday, April 20, 2005
                            4:37 o'clock, p.m.
13                    - - -

14
    BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

15                    - - -

16
    APPEARANCES:
17
            ASHBY & GEDDES
18          BY:  STEVEN J. BALICK, ESQ.

19                 -and-

20          ROBINS, KAPLAN, MILLER & CIRESI LLP
            BY:  NIALL A. MacLEOD, ESQ.
21               (Minneapolis, Minnesota)

22               Counsel for Plaintiff

23
                            Valerie J. Gunning
24                          Official Court Reporter

25

1        THE COURT:  I'm not sure why either, but that
2  might be another issue that we need to address other than
3  this evening.

4        All right.  All right.  Defendants' issues?

5        MS. THURM:  Your Honor, Wendy Thurm again
6  for Netflix.  And Mr. Kurland and I, on behalf of
7  BarnesandNoble.com, are going to be jumping in.  There's
8  sort of a web of issues.

9        We sent you a letter earlier today, enumerating
10 some issues that relate to the relationship that BTG has
11 with the entity from which it obtained or was assigned
12 or we're not quite sure the patents that are at issue.

13        So let me just give you some brief background
14 facts in addition to what's in the letter.

15        In this case, there are two patents at issue.
16 These patents were, as we understand it, assigned, for
17 lack of a better word, to BTG from an entity called Tucows
18 in October of 2002.

19        Tucows obtained the patents in a corporate
20 merger with an original company called Infonautics, which
21 was the company that was original owner, assignees of the
22 patents.  That merger took place in 2001.

23        We have obtained from BTG a copy of the
24 agreement that purports to assign the patents, but the
25 agreement on its face is somewhat ambiguous and the

1  defendants have some serious questions as to whether or

2  not Tucows has retained a reversionary interest, an

3  existing property interest in the patents, such that BTG

4  does not have sufficient standing without Tucows here or

5  whether Tucows needs to be joined as a necessary party.

6           All of the defendants sought discovery from

7  BTG on this point.  In addition, Netflix subpoenaed, served

8  a third-party subpoena to Tucows, which also happens to be

9  represented by Robins Kaplan, seeking all manner of

10 documents relating to the patents but, in particular,

11 relating to the relationship, the due diligence documents,

12 valuation documents.

13          The only documents that BTG has provided are

14 drafts of the agreement, and a few e-mails discussing

15 though drafts between BTG and Tucows.  Tucows has produced

16 very little.  So we've got quite a few discovery issues

17 where we're not quite sure why we're not getting what we

18 believe we're entitled to and then we've got some timing

19 issues because, under the scheduling order set out by the

20 Court at the end of last year, there are some dates coming

21 up on the calendar for deadlines for filing to add or

22 amend certain parties and so we have some suggestions for

23 moving up some dates on the Court's calendar so that we

24 can more squarely address some of these Tucows BTG issues.

25          One of the more pressing issues is as it

# EXHIBIT E

REDACTED

# EXHIBIT F

REDACTED

# EXHIBIT G

# REDACTED

`

# EXHIBIT H

REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2005, the attached **REDACTED REPLY BRIEF REGARDING COMMON INTEREST PRIVELEGE** was served upon the below-named defendants at the address and in the manner indicated:

Josy W. Ingersoll, Esquire                                        HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Jeffrey S. Love, Esquire                                          VIA FEDERAL EXPRESS
Klarquist, Sparkman, LLP
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR  97204

Rodger D. Smith, Esquire                                          HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Jeffrey R. Chanin, Esquire                                        VIA FEDERAL EXPRESS
Keker & Van Nest, L.L.P.
710 Sansome Street
San Francisco, CA  94111

William J. Wade, Esquire                                          HAND DELIVERY
Richards Layton & Finger
One Rodney Square
Wilmington, DE  19801

William W. Flachsbart, Esquire                                    VIA FEDERAL EXPRESS
Niro Scavone Haller & Niro
181 West Madison, Suite 4600
Chicago, IL  60602

Lawrence G. Kurland, Esquire
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY  10104

<u>VIA FEDERAL EXPRESS</u>

David J. Margules, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

<u>HAND DELIVERY</u>

*/s/ John G. Day*
_____

John G. Day