IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM INC. AND OVERSTOCK.COM, INC., | ) ) ) ) ) ) | **CONFIDENTIAL -- FILED UNDER SEAL** |
| Defendants. | ) | |

## DEFENDANTS AMAZON.COM, INC.'S AND AMAZON SERVICES, INC.'S RESPONSE TO BTG'S MOTION FOR PROTECTIVE ORDER

BTG's motion to go first in both scheduled inventor depositions should be denied. That would promote better cooperation in discovery and provide Defendants with a much-needed fresh look at Plaintiff's evidence of the patented "invention."

That fresh look is needed because BTG is hiding evidence of the "invention." Primarily, BTG has withheld hundreds of responsive documents on disputed "privilege" grounds that the parties recently briefed. The Court's much-anticipated ruling on that issue dwarfs in importance this issue. Access to those documents prior to the scheduled July 11 and 13 depositions would be most helpful.

BTG is also screening access to the named inventors. First, it "lawyered up" two of the four named inventors and told Defendants not to speak with them (see Exh. C to BTG's Motion). Now, it insists on questioning the other two named inventors first.

BTG's motive for insisting on questioning the inventors first is unclear, but it cannot be good. There is no good reason for rejecting Defendants' offer to take turns. BTG can question Mr. Kopelman first (July 11-12), and Defendants can question Mr.

Watkeys first (July 13-14). That is fair.

BTG's rejection of that fair proposal, REDACTED REDACTED, and its withholding of hundreds of responsive documents all suggest that BTG's motive here is to suppress evidence rather than to fully disclose it.

BTG has already questioned at length the two named inventors it does represent. BTG has already reviewed at length the responsive documents it continues to withhold. The depositions of Kopelman and Watkeys are Defendants' only opportunity to obtain fresh evidence of the "invention" -- untainted by BTG's filter. BTG's motion to go first at both of those depositions should be denied.

Denying BTG's motion would also promote better cooperation in discovery. Parties usually agree on "who goes first" in key depositions by taking turns, not by filing motions. The Court should not encourage BTG's refusal to take turns, or its filing of motions and letter briefs over every little thing.

Defendants would not have bothered the Court by filing a motion on this issue. If it had not been resolved by the time of the Watkeys deposition (originally scheduled for June 30), Defendants likely would have let BTG go first so the deposition could proceed. By filing this motion, without any advance notice to defense counsel, BTG scuttled the June 30 deposition at the last minute, inconveniencing counsel who had already made travel plans. If the Court does not have time to rule on BTG's motion prior to the scheduled July 11 and 13 depositions of Kopelman and Watkeys, defense counsel will let BTG go first so those depositions may proceed. But that result is not fair and not right. The Court should instead deny their motion before July 11.

BTG erroneously contends that Amazon.com agreed last December to let BTG go first in these depositions. In fact, Amazon.com refused to agree to that. It reserved the issue for future discussion (see Exh. 2 hereto).

BTG asserts that its subpoenas were served first, but those subpoenas (to Weinberger, whom they now represent, Watkeys and Kopelman) were pure gamesmanship. They were served on December 15th, less than a month after Amazon.com had even answered the complaint. They noticed the witnesses for January 4th, 6th and 10th without consulting the witnesses or defendants as to their availability. BTG refused to produce documents prior to those depositions, even documents they planned to use in the depositions. The dates were unreasonable, given the short notice during the holiday season and lack of production of any relevant documents. Ultimately they cancelled those dates. The parties agreed only to try to resolve the dispute later.

This dispute has not been resolved only because BTG refuses to compromise. Compromise is the golden rule in discovery. BTG tarnishes that rule by its motion, which seeks to parlay obstinance into an unfair advantage, and wasting everyone's time.

## CONCLUSION

The Court should deny BTG's motion, and rule that BTG goes first for Kopelman's deposition and Defendants go first for Watkey's deposition.

DATED: July 1, 2005

                          YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _____
    Josy W. Ingersoll (#1088)
    John W. Shaw (#3362)
    Glenn C. Mandalas (#4432)
    The Brandywine Building
    1000 West Street, 17th Floor
    P.O. Box 391
    Wilmington, Delaware 19899-0391
    (302) 571-6600
    gmandalas@ycst.com
    Attorneys for Amazon.com, Inc. and
    Amazon Services, Inc.

OF COUNSEL:

Kristin L. Cleveland
Jeffrey S. Love
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

# EXHIBIT 1

REDACTED -- PUBLIC VERSION, filed 7/6/05

# REDACTED

# EXHIBIT 2



REDACTED -- PUBLIC VERSION, filed 7/6/05

# KLARQUIST SPARKMAN, LLP
INTELLECTUAL PROPERTY LEGAL SERVICES • INCLUDING PATENTS, TRADEMARKS, COPYRIGHTS & LITIGATION • SINCE 1941

*Partners*
Lisa M. Caldwell
J. Christopher Carraway
Kristin L. Cleveland
James E. Geringer
Michael P. Girard
Joseph T. Jakubek
Michael D. Jones, Ph.D.
Ramon A. Klitzke II
William D. Noonan, M.D.
David P. Petersen
Richard J. Polley
Wayne W. Rupert
Stacey C. Slater
Donald L. Stephens, Jr.
John D. Vandenberg
Stephen A. Wight
Garth A. Winn

*Senior Counsel*
Kenneth S. Klarquist
James S. Leigh
Arthur L. Whinston

*Of Counsel*
Jeffrey S. Love
Michael N. Zachary

*Associates*
Theodore W. Baker
Patrick M. Bible
Michael L. Buckler
David Cash, Ph.D.
Scott E. Davis
B. Casey Fitzpatrick
Ryan C. Fox
Jared S. Goff
Debra A. Gordon, Ph.D.
Jeffrey B. Haendler
Tanya M. Harding, Ph.D.
Kevin M. Hayes
Stephen J. Joncus
Bryan J. Massey
Gregory L. Maurer
Richard D. Mc Leod
Sunjay Y. Mohan*
Joseph M. Olsen
Aden A. Rehms, Ph.D.
Kyle B. Rinehart
Sheree Lynn Rybak, Ph.D.
Todd M. Siegel
A. Jonathan Vance
Justin D. Wagner
Gwynedd Warren, Ph.D.

*Registered Patent Agents*
Christopher L. Andon
Daniel H. Bell
Gillian L. Bunker, Ph.D.
Anne Carlson, Ph.D.
Cory A. Jones
Genie Lyons
Susan Alpert Siegel, Ph.D.
Travis Young, Ph.D.

*\*Not a Member of the Oregon Bar*

December 22, 2004

*Via E-mail, Confirmation By First-Class Mail To:*

Niall A. MacLeod
Email: namacleod@rkmc.com
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

　　　　Re:　BTG Int'l v. Amazon.com et al.

Dear Niall:

　　　Thank you for your letter of the afternoon of December 21, canceling your notice of deposition of your client Mr. Weinberger, and continuing the other depositions you noticed for early January. Accordingly, Amazon.com will not file a motion to cancel those depositions at this time. As we previously discussed, all Defendants certainly agree that these depositions should be postponed, and that Judge Robinson should not be inconvenienced with a motion to postpone them in the short term. As to the particular mechanics of when and how the depositions should proceed, we would like to discuss those issues after January 1, as you suggest.

　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　KLARQUIST SPARKMAN, LLP

　　　　　　　　　　　　　　　Jeffrey S. Love

JL:mgp

cc:　Counsel of Record, via email

ONE WORLD TRADE CENTER • 121 S.W. SALMON STREET • SUITE 1600 • PORTLAND, OREGON 97204-2988 • U.S.A.
TELEPHONE: 503-595-5300 OR 503-226-7391 • FACSIMILE: 503-595-5301 OR 503-228-9446 • www.klarquist.com

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, Esquire hereby certify that on July 1, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Rodger D. Smith, II, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> Wilmington, DE 19899-1347
>
> Steven J. Fineman, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801
>
> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17[th] Floor
> Wilmington, DE 19899
>
> David J. Margules, Esquire
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801

I further certify that on July 1, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDEX

> Jeffrey R. Chanin, Esquire
> Keker & Van Nest, L.L.P.
> 710 Sansome Street
> San Francisco, CA 94111

Lawrence G. Kurland, Esquire
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104

Glenn A. Ballard, Jr., Esquire
Bracewell & Patterson LLP
711 Louisiana Street, Suite 2900
Houston, TX 77002-2781

Ronald J. Schultz, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Raymond P. Niro, Esquire
Arthur A. Gasey, Esquire
Robert P. Greenspoon
William W. Flaschsbart, Esquire
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602-4515

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Glenn C. Mandalas (No. 4432)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
gmandalas@ycst.com

*Attorneys for Amazon.com, Inc. and Amazon Services, Inc.*