IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BTG INTERNATIONAL, INC.,          )
                                  )
         Plaintiff,               )
                                  )
    v.                            )   Civ. No. 04-1264-SLR
                                  )
AMAZON.COM, INC.,                 )
                                  )
         Defendant.               )

**O R D E R**

At Wilmington this 6th day of July, 2005, having reviewed the papers submitted in connection with a discovery dispute relating to plaintiff's asserted common interest privilege (D.I. 146, 147, 150);

IT IS ORDERED that plaintiff BTG shall produce the disputed documents, for the reasons that follow:

1. The common interest privilege is an exception to the general rule that disclosure to a third party waives the attorney-client privilege. Corning Incorporated v. SRU Biosystems, Inc., LLC, 223 F.R.D. 189, 190 (D. Del. 2004). For the common interest privilege to apply, the interests must be "identical, not similar, and be legal, not solely commercial." In re Regents of the Univ. of Cal., 101 F.3d 1386, 1389 (Fed. Cir. 1996).

2. Plaintiff grounds its assertion of the privilege on the execution of a Patent Assignment and Commercialization Agreement ("PACA") entered between plaintiff and Tucows, whereby Tucows assigned to plaintiff "all of Tucows' right, title and interest in and to the Assigned Patents, including all of Tucows' right to claim and receive damages for infringement occurring both before and after the Effective Date." (D.I. 146, Ex. 1 at 2)

3. The "background" of the PACA is described as follows: "Tucows wants BTG to commercialize its intellectual property rights, and BTG is willing to undertake to do so . . . ." (Id. at 1) In this regard:

   a. Tucows and plaintiff will share the net receipts received by BTG from the Assigned Patents. (Id. at 4)

   b. Plaintiff has the "sole right to commence, conduct, defend and settle legal proceedings relating to infringement of the Assigned Patents." (Id. at 5)

   c. Tucows "will reasonably cooperate with and assist BTG in enforcing and defending the Assigned Patents, including making its personnel available to testify when requested, and making relevant records, documents, samples and other information reasonably available." (Id.)

4. Both parties have the right to terminate the PACA under certain conditions. (Id. at 8-9) Plaintiff maintains that the PACA creates identical legal interests for it and Tucows because

of the termination rights provided for in the PACA.

    5. It is my view, however, that if the termination provisions of the PACA create for Tucows a legal interest identical to that of plaintiff in this litigation, then Tucows should be deemed indispensable party to the litigation. Therefore, on or before **July 18, 2005**, plaintiff must either produce the documents exchanged between it and Tucows, or join Tucows to the litigation.

    6. On or before **July 18, 2005**, all parties shall go back to their privilege logs and more specifically identify, for categories (3) and (4), the attorneys who are implicated in all such documents.

                                       /s/ Sue L. Robinson
                                      United States District Judge