IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1264-SLR |
| | ) |
| AMAZON.COM, INC., AMAZON | ) |
| SERVICES, INC., NETFLIX, INC., | ) |
| BARNESANDNOBLE.COM INC., | ) |
| BARNESANDNOBLE.COM LLC, AND | ) |
| OVERSTOCK.COM, INC., | ) |
| | ) |
| Defendants. | |

**PLAINTIFF BTG INTERNATIONAL INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

In its Response to BTG's Motion for Protective Order (D.I. 152), Amazon fails to provide any reasoned arguments as to why it should be permitted to ignore BTG's first-filed deposition notices, and proceed to question Mr. Kopelman and Mr. Watkeys first at Amazon's later-noticed depositions. Instead, Amazon resorts to the unfounded and frivolous accusations that BTG is: (1) somehow "hiding evidence of the 'invention'" (Amazon Brief at 1) by deposing two of the inventors; and (2) acting unreasonably by insisting that Amazon play by the rules of this Court. This Court should not be fooled by Amazon's mischaracterizations, accusations, and pot-shots at BTG, and should grant BTG's motion for protective order.[1]

**BTG should proceed first with the questioning of Mr. Kopelman and Mr. Watkeys**

1.  BTG should be allowed to proceed first because it noticed the depositions first. See BTG's Motion for Protective Order (D.I. 149), ¶¶ 1-7. In response, Amazon provides no

---

[1] While this Reply is not actually due until July 11, BTG files it today—as quickly as it could get it done— in the interest of expeditiously resolving this dispute one way or the other.

legal arguments, cites no cases, and provides no logical reason why the first party to notice a deposition should <u>not</u> be the party to question the witness first.

2.  The only "arguments" Amazon does advance are erroneous and entirely unfair allegations that (1) BTG is not cooperating in discovery and should not have brought this dispute to the Court, and (2) BTG is "hiding evidence." Amazon Brief at 1.

**Although it attempts to blame BTG for this dispute, it is Amazon who is not cooperating in discovery**

3.  Amazon's Brief ignores the facts that it created an entirely meritless dispute, it then offered a self-serving "compromise" to resolve the dispute it manufactured, and it then accused BTG of not cooperating in discovery because BTG wouldn't bow to Amazon's pressure and accept the "compromise."

4.  Amazon has known that BTG intended to depose Mr. Kopelman and Mr. Watkeys since December 2004, when their depositions were first noticed by BTG. <u>See</u> BTG's Motion for Protective Order, Exhibit C (postponing the depositions and preserving the right to proceed first with questioning). If Amazon genuinely believed that BTG had acted improperly in noticing the Kopelman and Watkeys depositions, or by reserving the right to proceed first in questioning them when the depositions were rescheduled, it would have raised the issue with the Court on one or more of the numerous opportunities it has had since then to do so:

   a.  It could have raised the issue at the February 1, 2005 hearing before the Court. It chose not to do so.

   b.  It could have raised the issue at the April 20, 2005 hearing before the Court regarding discovery issues. Indeed, it could have listed the dispute in the pre-hearing letter it sent to the Court on April 20, 2005, and given BTG notice that the dispute, such as it is,

2

was still unresolved. BTG could have and would have responded as it has in this Motion for Protective Order. Amazon chose not to raise the issue at that time.

      c.    It could have raised the issue at the June 14, 2005 hearing before the Court regarding discovery issues, including privilege disputes it represented were of vital importance to the very Kopelman and Watkeys depositions at issue here. Once again, it could have listed the dispute in the pre-hearing letter it sent to the Court on June 14, 2005. And once again, it chose not to.

    5.    Rather than do any of those things, Amazon noticed the deposition of Mr. Watkeys a mere two days <u>after</u> the June 14, 2005 hearing on discovery disputes. Armed with its second-filed deposition notice, Amazon then proclaimed it was entitled to proceed with questioning first. Since that time, Amazon has ignored every request from BTG that it honor BTG's first-filed deposition notices or follow the procedures set forth in the Federal Rules to resolve this dispute. Instead, Amazon was content to wait until the day of the deposition, apparently planning or hoping that BTG would "blink" first. <u>See</u> BTG's Motion for Protective Order, Exhibit E, p. 1-2 (e-mail from Amazon's counsel: "In the likely event that the Judge will not be available to resolve the issue at that time, it is unclear how this dispute can be resolved.").

    6.    Amazon <u>now</u> says that "Defendants would not have bothered the Court by filing a motion on this issue. If it had not been resolved by the time of the Watkeys deposition . . . Defendants <u>likely</u> would have <u>let</u> BTG go first so the deposition could proceed." Amazon Brief at 2 (emphasis). However, since Amazon reneged on its own December 22nd suggestion that the parties discuss "when and how the depositions should proceed" (D.I. 152 at Ex. 2), unilaterally noticed its own depositions on short notice, and then announced that it—not

BTG—was going to question the witnesses first, BTG had little reason to expect that Amazon would shift gears and operate in good faith once the depositions had begun.

7.    BTG's motion for protective order was necessitated by Amazon's failure to live up its suggestion that the parties discuss when and how these depositions should proceed, and its attempt to force its will on BTG. If Amazon is permitted to benefit by this type of conduct, it likely will continue to be intransigent, instead of cooperating in discovery, as its Answering Brief cynically suggests.

**Amazon resorts to a baseless allegation that BTG is "hiding evidence"**

8.    Amazon's accusation that BTG is "hiding evidence" is entirely without merit. BTG is not hiding evidence, and BTG is not delaying or attempting to limit access to the inventors of the patents-in-suit in any way.

   a.    BTG is trying to <u>take</u> the depositions of Mr. Kopelman and Mr. Watkeys, not trying to keep them from being deposed.

   a.    Withholding documents from production on the grounds of attorney-client privilege, and listing them on a privilege log, is not "hiding evidence." It is protecting the attorney-client privilege, something that happens in virtually all patent litigation.

   b.    Contrary to Amazon's assertions, it is quite common for a plaintiff-patentee to represent the inventors of the patents-in-suit in litigation. Moreover, BTG is not limiting access to the two inventors it represents (Graber and Weinberger) at all. Amazon can depose those inventors, and can proceed first with questioning. All that BTG asks is that Amazon consult with BTG on scheduling convenient dates and times this time, instead of serving more and more deposition notices.

4

9.  Finally, Amazon assertion that "the depositions of Kopelman and Watkeys are Defendants' only opportunity to obtain fresh evidence of the "invention" – untainted by BTG's filter" (Amazon Brief at 2) is disingenuous at best.  Indeed, as the attached email demonstrates, Amazon already is working closely with Mr. Watkeys, and has apparently unfettered access, the likes of which BTG does not, and will not, have.  <u>See</u> Exhibit F.  (Mr. Watkeys explained to defense counsel: "The BTG lawyers called me up again today.  I told them I was interested in being represented at this time.  Now, if you representing me would make it more difficult for them, I'd be happy to listen to ideas…").

### Conclusion

For the reasons stated above, and in BTG's opening brief, BTG requests the Court order that BTG be permitted to proceed with the deposition questioning of Mr. Watkeys and Mr. Kopelman first at their respective depositions.

ASHBY & GEDDES

/s/ *John G. Day*
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Ronald J. Schutz
Niall A. MacLeod
Michael A. Collyard
ROBINS, KAPLAN, MILLER &
 CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated: July 8, 2005
159267.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2005, the attached **PLAINTIFF BTG INTERNATIONAL INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR  97204 | VIA FEDERAL EXPRESS |
| Rodger D. Smith, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899 | HAND DELIVERY |
| Jeffrey R. Chanin, Esquire<br>Keker & Van Nest, L.L.P.<br>710 Sansome Street<br>San Francisco, CA  94111 | VIA FEDERAL EXPRESS |
| William J. Wade, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>Wilmington, DE  19801 | HAND DELIVERY |
| William W. Flachsbart, Esquire<br>Niro Scavone Haller & Niro<br>181 West Madison, Suite 4600<br>Chicago, IL  60602 | VIA FEDERAL EXPRESS |

| | |
|---|---|
| Lawrence G. Kurland, Esquire<br>Bryan Cave, LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 | **VIA FEDERAL EXPRESS** |
| David J. Margules, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| John F. Luman, III, Esquire<br>Bracewell & Giuliani LLP<br>711 Louisiana Street, Suite 2300<br>Houston, TX 77002-2781 | **VIA FEDERAL EXPRESS** |

*/s/ John G. Day*
_____
John G. Day