# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS INC., <br><br>Plaintiffs, <br><br>v. <br><br>AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM LLC AND OVERSTOCK.COM, INC., <br><br>Defendants. | ) ) ) ) ) ) ) C.A. No. 04-1264-SLR ) ) ) ) ) ) ) |

**SECOND AMENDED COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs for their causes of action against Defendants Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com Inc., Barnesandnoble.com LLC, and Overstock.com, Inc. (collectively referred to as "Defendants"), state and allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement.

## THE PARTIES

2. Plaintiff BTG International Inc. ("BTG"), is a Delaware Corporation having its principal place of business at Five Tower Bridge, 300 Barr Harbor Dr., 7th Floor, West Conshohocken, Pennsylvania 19428-2998.

3. Plaintiff Tucows Inc. ("Tucows"), f/k/a Infonautics, Inc., is a Pennsylvania Corporation having its principal place of business at 96 Mount Avenue, Toronto, Ontario M6K 3M1.

4. Plaintiff Infonautics Corporation ("Infonautics"), is a Pennsylvania Corporation having its principal place of business at 96 Mowat Avenue, Toronto, Ontario M6K 3M1. Infonautics is a subsidiary of Tucows.

5. Upon information and belief, Defendant Amazon.com, Inc. is a Delaware corporation having its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734. Upon information and belief, Defendant Amazon Services, Inc. is a subsidiary of Amazon.com and is a Nevada Corporation having its principal place of business at 502 East John Street, Carson City, Nevada 89706. Amazon.com, Inc. and Amazon Services, Inc. are referred to collectively as "Amazon" throughout this Complaint.

6. Upon information and belief, Defendant Netflix, Inc. ("Netflix") is a Delaware corporation having its principal place of business at 970 University Avenue, Los Gatos, California 95032.

7. Upon information and belief, Defendant Barnesandnoble.com Inc. is a Delaware corporation having its principal place of business at 76 Ninth Avenue, New York, NY 10011. Upon information and belief, Defendant Barnesandnoble.com LLC is managed by Barnesandnoble.com Inc. and is a Delaware limited liability company, having its principle place of business located at 76 Ninth Avenue, New York, NY 10011. Barnesandnoble.com, Inc. and Barnesandnoble.com LLC are referred to collectively as "B&N" throughout this Complaint.

8. Upon information and belief, Defendant Overstock.com, Inc. ("Overstock") is a Delaware corporation having its principal place of business at 6322 South 3000 East, Suite 100, Salt Lake City, Utah 84121. Collectively, Amazon, Netflix, B&N, and Overstock are referred to as "Defendants."

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a), in that this action for patent infringement arises under the laws of the United States, including 35 U.S.C. §§ 271 and 281-285.

10. Personal jurisdiction over Defendants comports with the United States Constitution and 10 Del. C. § 3104 because Defendants are either citizens of the State of Delaware or because, upon information and belief, Defendants do business in this judicial district, have committed and continue to commit, or have contributed and continue to contribute to, acts of patent infringement in this judicial district as alleged in this Complaint, or otherwise have sufficient contacts with the state.

11. Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b), (c) and § 1400(b).

## FACTUAL BACKGROUND

12. On January 27, 1998, United States Patent No. 5,712,979 ("the '979 patent") entitled "Method and Apparatus for Attaching Navigational History Information to Universal Resource Locator Links on a World Wide Web Page" was duly and legally issued to Infonautics Corporation. A copy of the '979 patent is attached hereto as Exhibit A.

13. On February 10, 1998, United States Patent No. 5,717,860 ("the '860 patent") entitled "Method and Apparatus for Tracking the Navigation Path of a User on the World Wide Web" was duly and legally issued to Infonautics Corporation. A copy of the '860 patent is attached hereto as Exhibit B.

14. On or about October 10, 2002, BTG and Infonautics entered into a Patent Assignment and Commercialization Agreement (PACA) under which BTG acquired all right,

title, and interest in the '860 and '979 patents via assignment from Infonautics. Under the PACA, Infonautics has a potential reversionary interest in the '860 and '979 patents.

15. Pursuant to a July 6, 2005 Court Order, Tucows and Infonautics are joined as Plaintiffs in this action. BTG, Tucows and Infonautics are collectively referred to in this Complaint as "Plaintiffs."

16. The '860 and '979 patents are valid and enforceable.

## COUNT I - AMAZON'S INFRINGEMENT OF PATENT NO. 5,717,860

17. Amazon has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '860 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents, by using certain online advertising technologies that track the navigational history of a WWW user from a first website to Amazon's website.

18. BTG has informed Amazon of the existence of the '860 patent and has offered Amazon the opportunity to acquire rights to the patent, which Amazon has not accepted. Despite Amazon's knowledge of this patent, Amazon has willfully, deliberately and intentionally infringed claims of said patent.

19. The infringement by Amazon of the '860 patent has injured Plaintiffs, has caused them financial damage, and will continue to do so unless enjoined by the Court.

## COUNT II - NETFLIX'S INFRINGEMENT OF PATENT NO. 5,717,860

20. Netflix has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '860 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents, by using certain online advertising technologies that track the navigational history of a WWW user from a first website to Netflix's website.

21. BTG has informed Netflix of the existence of the '860 patent and has offered Netflix the opportunity to acquire rights to the patent, which Netflix has not accepted. Despite

Netflix's knowledge of this patent, Netflix has willfully, deliberately and intentionally infringed claims of said patent.

22. The infringement by Netflix of the '860 patent has injured Plaintiffs, has caused them financial damage, and will continue to do so unless enjoined by the Court.

### COUNT III - B&N'S INFRINGEMENT OF PATENT NO. 5,717,860

23. B&N has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '860 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents, by using certain online advertising technologies that track the navigational history of a WWW user from a first website to B&N's website.

24. BTG has informed B&N of the existence of the '860 patent and has offered B&N the opportunity to acquire rights to the patent, which B&N has not accepted. Despite B&N's knowledge of this patent, B&N has willfully, deliberately and intentionally infringed claims of said patent.

25. The infringement by B&N of the '860 patent has injured Plaintiffs, has caused them financial damage, and will continue to do so unless enjoined by the Court.

### COUNT IV - OVERSTOCK'S INFRINGEMENT OF PATENT NO. 5,717,860

26. Overstock has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '860 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents, by using certain online advertising technologies that track the navigational history of a WWW user from a first website to Overstock's website.

27. BTG has informed Overstock of the existence of the '860 patent and has offered Overstock the opportunity to acquire rights to the patent, which Overstock has not accepted. Despite Overstock's knowledge of this patent, Overstock has willfully, deliberately and intentionally infringed claims of said patent.

28. The infringement by Overstock of the '860 patent has injured Plaintiffs, has caused them financial damage, and will continue to do so unless enjoined by the Court.

### COUNT V - AMAZON'S INFRINGEMENT OF PATENT NO. 5,712,979

29. Amazon has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '979 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents, by using certain online advertising technologies that track the navigational history of a WWW user from a first website to Amazon's website.

30. BTG has informed Amazon of the existence of the '979 patent and has offered Amazon the opportunity to acquire rights to the patent, which Amazon has not accepted. Despite Amazon's knowledge of this patent, Amazon has willfully, deliberately and intentionally infringed claims of said patent.

31. The infringement by Amazon of the '979 patent has injured Plaintiffs, has caused them financial damage, and will continue to do so unless enjoined by the Court.

### COUNT VI - B&N'S INFRINGEMENT OF PATENT NO. 5,712,979

32. B&N has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '979 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents, by using certain online advertising technologies that track the navigational history of a WWW user from a first website to B&N's website.

33. BTG has informed B&N of the existence of the '979 patent and has offered B&N the opportunity to acquire rights to the patent, which B&N has not accepted. Despite B&N's knowledge of this patent, B&N has willfully, deliberately and intentionally infringed claims of said patent.

34. The infringement by B&N of the '979 patent has injured Plaintiffs, has caused them financial damage, and will continue to do so unless enjoined by the Court.

**DEMAND FOR JURY TRIAL**

35. Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby respectfully request a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That Defendants have infringed claims of the '860 patent literally and/or under the doctrine of equivalents;

B. That the Defendants and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '860 patent;

C. That the Defendants be ordered to account for and pay to Plaintiffs the damages to which Plaintiffs are entitled as a consequence of the infringement of the '860 patent in an amount no less than a reasonable royalty for the use made of the invention by Defendants;

D. That Defendants Amazon.com, Inc., Amazon Services, Inc., Barnesandnoble.com Inc. and Barnesandnoble.com LLC have infringed claims of the '979 patent literally and/or under the doctrine of equivalents;

E. That Defendants Amazon.com, Inc., Amazon Services, Inc., Barnesandnoble.com Inc. and Barnesandnoble.com LLC and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '979 patent;

F. That Defendants Amazon.com, Inc., Amazon Services, Inc., Barnesandnoble.com Inc. and Barnesandnoble.com LLC be ordered to account for and pay to Plaintiffs the damages to

which Plaintiffs are entitled as a consequence of the infringement of the '979 patent in an amount no less than a reasonable royalty for the use made of the invention by Defendants Amazon.com, Inc., Amazon Services, Inc., Barnesandnoble.com Inc. and Barnesandnoble.com LLC;

G.  That damages be trebled for the willful, deliberate and intentional infringement by Defendants as alleged herein in accordance with 35 U.S.C. § 284;

H.  That Plaintiffs be awarded prejudgment interest, costs, disbursements and attorneys' fees herein in accordance with 35 U.S.C. § 285; and

I.  That Plaintiffs be awarded such other and further relief as this Court may deem just and equitable.

ASHBY & GEDDES

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(302) 654-1888

*Attorneys for Plaintiffs*

*Of Counsel:*

Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER &
  CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated: July 18, 2005
159619.1