IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS, INC.<br><br>   Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM INC., BARNESAND NOBELE.COM LLC AND OVERSTOCK.COM, INC.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1264-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS AMAZON.COM, INC.'S AND AMAZON SERVICES, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO BTG INTERNATIONAL INC.'S SECOND AMENDED COMPLAINT**

Defendants Amazon.com, Inc. and Amazon Services, Inc. (collectively "Amazon.com") answer the Second Amended Complaint ("Complaint") of Plaintiff BTG International Inc. ("BTG"), Infonautics Corporation ("Infonautics") and Tucows, Inc. ("Tucows") (collectively "Plaintiffs") as follows:

   1. Amazon.com admits that the Complaint purports to state a cause of action under the patent laws of the United States, 35 United States Code, § 271.

   2. Amazon.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

   3. Amazon.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. Amazon.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Amazon.com, Inc. admits that it is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144-2734. Amazon Services, Inc. admits that it is a subsidiary of Amazon.com, Inc. and is a Nevada Corporation having its principal place of business at 502 East John Street, Carson City, Nevada 89706.

6. Amazon.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. Amazon.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Amazon.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Amazon.com admits that the Complaint purports to state a cause of action under the patent laws of the United States, Title 35, United States Code, over which this Court generally has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Amazon.com denies any and all remaining allegations of paragraph 9 of the Complaint, and specifically denies that it has infringed or now infringes any valid claim of the patents asserted against Amazon.com in the Complaint.

10. Amazon.com, Inc. and Amazon Services, Inc. do not contest personal jurisdiction for this action. Amazon.com denies that it has infringed or now infringes, directly or indirectly, any valid claim of the patents asserted against Amazon.com in

the Complaint. Amazon.com is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to other Defendants.

11. Amazon.com does not contest, for purposes of this action only, that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

12. Amazon.com admits that on its face the title page of U.S. Patent No. 5,712,979 (hereinafter "the '979 Patent") states that it was issued January 27, 1998, is entitled "Method and Apparatus for Attaching Navigational History to Universal Resource Locator Links on A World Wide Web" and lists "Infonautics Corporation" as the assignee. Amazon.com admits that a copy of the '979 Patent was attached to the copy of the Complaint delivered to Amazon.com, but is without sufficient knowledge or information to determine whether such copy was full and complete. Amazon.com denies that the '979 Patent was duly and legally issued. Amazon.com further denies any and all remaining allegations of paragraph 12 of the Complaint.

13. Amazon.com admits that on its face the title page of U.S. Patent No. 5,717,860 (hereinafter "the '860 Patent") states that it was issued February 10, 1998, is entitled "Method and Apparatus for Tracking the Navigational Path of a User on the World Wide Web," and lists "Infonautics Corporation" as the assignee. Amazon.com admits that a copy of the '860 Patent was attached to the copy of the Complaint delivered to Amazon.com, but is without sufficient knowledge or information to determine whether such copy was full and complete. Amazon.com denies that the '860 Patent was duly and legally issued. Amazon.com further denies any and all remaining allegations of paragraph 13 of the Complaint.

14. Amazon.com is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Amazon.com admits that Infonautics and Tucows were added subsequent (and likely in response to) the Court's July 6, 2005 Order. Amazon.com denies that the Court's July 6, 2005 Order required that parties be added, or authorized any party to be added that lacks standing to sue.

16. Denied.

17. Denied.

18. On June 20, 2003, BTG sent an email to an employee of Amazon.com, Inc., identifying the '860 patent. Amazon.com denies the remaining allegations of paragraph 18 of the Complaint, and specifically denies that it has infringed or now infringes any valid claim of the patents asserted against Amazon.com in the Complaint.

19. Denied.

20. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

DB01:1816761.1   063675.1001

24. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. Denied.

30. On June 20, 2003, BTG sent an email to an employee of Amazon.com, Inc., identifying the '979 patent. Amazon.com denies the remaining allegations of paragraph 30 of the Complaint, and specifically denies that it has infringed or now infringes any valid claim of the patents asserted against Amazon.com in the Complaint.

31. Denied.

32. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35. No "answer" is required by the statement set forth in paragraph 35 of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Amazon.com asserts the following defenses. Amazon.com reserves the right to amend its answer with additional defenses as further information is obtained.

### First Defense: Non-infringement of the Asserted Patents

1. Amazon.com has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '979 Patent or the '860 Patent, and is not liable for infringement thereof.

### Second Defense: Invalidity of the Asserted Patents

2. On information and belief, the claims of the '979 Patent and the '860 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112, and the doctrine of double patenting.

### Third Defense: Inequitable Conduct

3. The claims of the '979 Patent and the '860 Patent are unenforceable due to inequitable conduct, including those acts and failures to act set forth in Amazon.com's Counterclaim for Declaratory Judgment of Unenforceability of the '979 and '860 Patents, set forth below.

**Fourth Defense: Failure to Provide Notice**

4. On information and belief, Plaintiffs have failed to meet the requirements of 35 U.S.C. § 287 regarding damages.

**Fifth Defense: Prosecution History Estoppel**

5. Plaintiffs' alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiffs are estopped from claiming that one or more of the '979 Patent and the '860 Patent covers or includes any accused Amazon.com method, system, apparatus, and/or product.

**Sixth Defense: Dedication to the Public**

6. Plaintiffs have dedicated to the public all methods, systems, apparatus, and/or products disclosed in the '979 Patent and the '860 Patent but not literally claimed therein, and are estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

**Seventh Defense: License**

7. To the extent that any of Plaintiffs' allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatus, and/or products that were manufactured by or for a licensee and/or provided to Amazon.com by or to a licensee of Plaintiffs or their predecessors-in-interest, such allegations are barred pursuant to license.

**Eighth Defense: Laches**

8. This lawsuit was filed more than six years after the issuance of the '979 Patent and the '860 Patent. On information and belief, throughout this entire period,

Plaintiffs and/or their predecessors-in-interest had knowledge of Amazon.com's conduct that is accused of infringement in the Complaint. This delay of more than six years in the filing of this lawsuit prejudiced Amazon.com. Thus, Plaintiffs' claims against Amazon.com are barred by laches.

### Ninth Defense: Acquiescence

9. On information and belief, Plaintiffs and/or their predecessors-in-interest knew of Amazon.com's conduct that is accused of infringement in the Complaint prior to the issuance of the patents in suit. During this time, Plaintiffs and/or their predecessors-in-interest acquiesced in Amazon.com's conduct, resulting in prejudice to Amazon.com. Thus, Plaintiffs are barred from bringing these claims against Amazon.com.

### Tenth Defense: Patent Unenforceability Due to Patent Misuse

10. The '979 Patent and the '860 Patent are unenforceable due to patent misuse. Plaintiffs have sought to enforce the '979 Patent and the '860 Patent by alleging infringement by methods, systems, apparatus, and/or products that do not infringe. Plaintiffs have further sought to illegally extend its alleged patent rights by alleging that methods, systems, apparatus, and/or products having substantial non-infringing commercial uses contributorily infringe the patents and induce infringement of the patents.

### Eleventh Defense: Failure to State a Claim

11. Plaintiffs' purported claims, individually and as a whole, are barred because they fail to state a claim upon which relief can be granted.

### Twelfth Defense: Reverse Doctrine of Equivalents

12.     Amazon.com's accused methods and apparatus operate in a way that is substantially different in principle from the way the invention described in the patent operates, and Plaintiffs cannot sustain their burden of proving otherwise.

### Thirteenth Defense: Lack of Standing -- Infonautics

13.     Infonautics lacks standing as a plaintiff in this action. Upon information and belief, Infonautics does not own either of the patents allegedly at issue, and does not own any right to sue for past damages for either patent. It's alleged "potential reversionary interest" has not ripened into an actual interest. Infonautics is not sufficiently affected by the matter at hand, and there is no controversy that can be resolved by legal action. Infonatics cannot claim: (1) injury in fact, or an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the alleged conduct; or (3) a likelihood that the injury will be redressed by a favorable decision.

### Fourteenth Defense: Lack of Standing --Tucows

14.     Tucows lacks standing as a plaintiff in this action. Upon information and belief, Tucows does not own either of the patents allegedly at issue, and does not own any right to sue for past damages for either patent. It lacks even the "potential reversionary interest" allegedly retained by Infonautics Corporation. It is a complete stranger to these patents. Tucows is not sufficiently affected by the matter at hand, and there is no controversy that can be resolved by legal action. Tucows cannot claim: (1)

injury in fact, or an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the alleged conduct; or (3) a likelihood that the injury will be redressed by a favorable decision.

### Fifteenth Defense:  Lack of Ripeness -- Infonautics

15. Infonautics's alleged "potential reversionary interest" in the patents allegedly at issue is not yet, and may never become, an actual interest. Its claims are not ripe.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Amazon.com, Inc. and Amazon Services, Inc. (collectively "Amazon.com") plead the following counterclaims against BTG International Inc., Infonautics Corporation, and Tucows, Inc.

### First Counterclaim:  Patent Non-infringement

1. This counterclaim arises under the patent laws of the United States, Title 35 U.S.C. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1338, 2201, and 2202.

2. Plaintiff BTG International Inc., Infonautics Corporation, and Tucows, Inc. (hereinafter "Plaintiffs") have filed suit against Amazon.com, Inc. and Amazon Services, Inc. (collectively "Amazon.com") in this district.

3. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon Services, Inc. is a Nevada corporation with its principal place of business in Carson City, Nevada.

4. To the extent that this action remains in this district, venue for this counterclaim is proper within this district because the counterclaim arises from facts and circumstances alleged in the Complaint filed by Plaintiffs in this district.

5. Plaintiffs purports to be the owners of the U.S. Patent No. 5,712,979 (hereinafter "the '979 Patent") and U.S. Patent No. 5,717,860 (hereinafter "the '860 Patent").

6. Plaintiffs have alleged that Amazon.com has infringed the '979 Patent and the '860 Patent.

7. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiffs, on the one hand, and Amazon.com, on the other hand, on the non-infringement of the '979 Patent and the '860 Patent.

8. Amazon.com has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '979 Patent and the '860 Patent, and is not liable for infringement thereof.

### Second Counterclaim: Patent Invalidity

9. Amazon.com repeats and realleges paragraphs 1-6 of its Counterclaims, as if fully set forth here.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiffs, on the one hand, and Amazon.com, on the other hand, on the invalidity of the '979 Patent and the '860 Patent.

11. On information and belief, the claims of the '979 Patent and the '860 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35

U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and the doctrine of double patenting.

### Third Counterclaim: Patent Unenforceability

12. Amazon.com repeats and realleges paragraphs 1-6 of its Counterclaims, as if fully set forth here.

13. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiffs, on the one hand, and Amazon.com, on the other hand, on the unenforceability of the '979 Patent and the '860 Patent.

14. Upon information and belief, prior to September 20, 1995, at least one or more named inventors were aware of the use of HTTP "Request" Fields, including the "Referer" Field.

15. During the prosecution in an Office Action dated March 28, 1997, Examiner Rinehart rejected the claims of the 531,370 Application (which later issued as the '860 patent) over a publication describing "HTTP Request Fields," which described a "Referer" field, (hereinafter, "Referer Field Publication").

16. During the prosecution in a May 30, 1997, Amendment and Response to Office Action, the applicants distinguished the Referer Field Publication on the grounds that "the purpose of this 'referer' field is to allow a web server to track the trajectory of a user <u>as the user moves between web pages in a single web site.</u> By contrast, the present invention is able to identify the movement of a user <u>as the user moves between different websites</u>...." (Emphasis in original.)

17.     Upon information and belief, at least one or more of the named inventors or the prosecuting attorney, knew, at the time that the statement set forth in paragraph 16, above, was made, that the "Referer" field was an optional HTTP header that provided the URL of the Web site from which visitors to a site had come.

18.     Upon information and belief, at least one or more of the named inventors or the prosecuting attorney, knew at the time while the 531,370 Application was pending, that it was inaccurate to describe the "Referer" field as only allowing the tracking of a user within a single web site.

19.     The Referer Field Publication is material. The patent examiner understood it to be a relevant reference.

20.     During the prosecution of the 531,031 Application (which later issued as the '979 patent), in an IDS dated May 30, 1997, the applicants identified the Referer Field Publication in a list of many patents and publications to Examiner Coleman, without disclosing that Examiner Rinehart in their related application had rejected claims over that publication.

21.     On information and belief, with deceptive intent, at least one or more of the named inventors and/or the prosecuting attorney, misled the Patent Office with an inaccurate description of the "Referer" field, in order to obtain the '860 Patent and failed to disclose material information in order to obtain the '979 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Amazon.com prays for the following relief:

A.  A judgment against, and dismissing with prejudice, Plaintiffs' Complaint and all claims asserted therein against Amazon.com;

B.  A judgment declaring that the asserted claims of the '979 Patent and the '860 Patent are invalid, unenforceable, and not infringed by Amazon.com;

C.  A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Amazon.com of its costs and reasonable attorneys' fees, together with interest, including prejudgment interest, thereon; and

D.  Such other and further relief as may be deemed just and appropriate.

/s/ Karen E. Keller
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

– and –

Kristin L. Cleveland
Jeffrey S. Love
James E. Geringer
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

        David A. Zapolsky
        Kathryn M. Sheehan
        AMAZON.COM, INC.
        1200 - 12th Avenue South, Suite 1200
        Seattle, WA  98144-2734
        206-266-1194

        *Attorneys for Defendants Amazon.com, Inc.*
          *and Amazon Services, Inc.*

Dated:  August 17, 2005

DB01:1816761.1      063675.1001

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire hereby certify that on August 17, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Rodger D. Smith, II, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE 19899-1347
>
>Steven J. Fineman, Esquire
>Richards, Layton & Finger
>One Rodney Square
>Wilmington, DE 19801
>
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue, 17th Floor
>Wilmington, DE 19899
>
>David J. Margules, Esquire
>Bouchard Margules & Friedlander, P.A.
>222 Delaware Avenue, Suite 1400
>Wilmington, DE 19801

I further certify that on August 17, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

>Jeffrey R. Chanin, Esquire
>Keker & Van Nest, L.L.P.
>710 Sansome Street
>San Francisco, CA 94111

DB01:1599383.1

Lawrence G. Kurland, Esquire
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104

Glenn A. Ballard, Jr., Esquire
Bracewell & Patterson LLP
711 Louisiana Street, Suite 2900
Houston, TX 77002-2781

Ronald J. Schultz, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Raymond P. Niro, Esquire
Arthur A. Gasey, Esq.
Robert P. Greenspoon
William W. Flaschsbart, Esquire
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602-4515

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Karen E. Keller*
        Karen E. Keller (No. 4489)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        (302) 571-6600
        kkeller@ycst.com

        Attorneys for Amazon.com, Inc. and Amazon Services, Inc.

DB01:1599383.1