IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL, INC., INFONAUTICS CORPORATION, and TUCOWS INC., | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC., AMAZON SERVICES, INC., BARNESANDNOBLE.COM, INC., BARNESANDNOBLE.COM LLC, and OVERSTOCK.COM, INC. | § § § § § § § | |
| *Defendants*. | § § | |

**DEFENDANT OVERSTOCK.COM, INC.'S ORIGINAL ANSWER
AND COUNTERCLAIM TO PLAINTIFFS'
SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Overstock.com, Inc. ("Defendant" or "Overstock.com") files this Original Answer to Plaintiffs' Second Amended Complaint for Patent Infringement ("Original Complaint") as follows:

**Nature of the Action**

1.  Overstock.com admits that Plaintiffs have brought an action alleging patent infringement, but denies there is any basis in law or fact for such allegations contained in paragraph 1 of the Second Amended Complaint.

**The Parties**

2.  After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 2 of the Second Amended Complaint, and therefore denies the same.

3. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 3 of the Second Amended, and therefore denies the same.

4. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 4 of the Second Amended Complaint, and therefore denies the same.

5. Overstock.com admits the allegations contained in paragraph 5 of the Second Amended Complaint.

6. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 6 of the Second Amended Complaint, and therefore denies the same.

7. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 7 of the Second Amended Complaint, and therefore denies the same.

8. Overstock.com admits the allegations contained in paragraph 8 of the Second Amended Complaint.

**Jurisdiction and Venue**

9. Overstock.com admits that jurisdiction for patent infringement is provided for under 28 U.S.C. §§ 1331 and 1338(a). To the extent that paragraph 9 of the Second Amended Complaint contains additional factual allegations, Overstock.com denies them.

10. Overstock.com admits that as a Delaware corporation Overstock.com is subject to personal jurisdiction in Delaware. To the extent that paragraph 10 of the Second Amended Complaint contains additional factual allegations, Overstock.com denies them.

11. Overstock.com admits that as a Delaware corporation, to the extent Plaintiffs have sufficiently alleged a patent infringement cause of action, venue could be proper in this Court under the provisions of 28 U.S.C. §§ 1391(b)-(c).

**Factual Background**

12. Overstock.com admits that the cover sheet of United States Patent No. 5,712,979 ("the '979 patent) provides that it was issued on January 27, 1998, and was assigned to Infonautics Corporation. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 12 of the Second Amended Complaint, and therefore denies the same.

13. Overstock.com admits that the cover sheet of United States Patent No. 5,717,860 ("the '860 patent) provides that it was issued on February 10, 1998, and was assigned to Infonautics Corporation. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 13 of the Second Amended Complaint, and therefore denies the same.

14. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 14 of the Second Amended Complaint, and therefore denies the same.

15. Overstock.com admits the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Overstock.com denies the allegations contained in paragraph 16 of the Second Amended Complaint.

### Count I – Amazon's Infringement of Patent No. 5,717,860

17. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 17 of the Second Amended Complaint, and therefore denies the same.

18. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 18 of the Second Amended Complaint, and therefore denies the same.

19. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 19 of the Second Amended Complaint, and therefore denies the same.

### Count II – Netflix's Infringement of Patent No. 5,717,860

20. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 20 of the Second Amended Complaint, and therefore denies the same.

21. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 21 of the Second Amended Complaint, and therefore denies the same.

22. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 22 of the Second Amended Complaint, and therefore denies the same.

### Count III – B&N's Infringement of Patent No. 5,717,860

23. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 23 of the Second Amended Complaint, and therefore denies the same.

24. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 24 of the Second Amended Complaint, and therefore denies the same.

25. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 25 of the Second Amended Complaint, and therefore denies the same.

### Count IV – Overstock.com's Infringement of Patent No. 5,717,860

26. Overstock.com denies the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Overstock.com denies the allegations contained in paragraph 27 of the Second Amended Complaint.

28. Overstock.com denies the allegations contained in paragraph 28 of the Second Amended Complaint.

### Count V – Amazon's Infringement of Patent No. 5,712,979

29. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 29 of the Second Amended Complaint, and therefore denies the same.

30. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 30 of the Second Amended Complaint, and therefore denies the same.

31. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 31 of the Second Amended Complaint, and therefore denies the same.

**Count VI – B&N's Infringement of Patent No. 5,712,979**

32. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 32 of the Second Amended Complaint, and therefore denies the same.

33. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 33 of the Second Amended Complaint, and therefore denies the same.

34. After reasonable investigation, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 34 of the Second Amended Complaint, and therefore denies the same.

**Demand for Jury Trial**

35. Paragraph 35 is a request for a jury trial on all triable issues, which does not require an admission or denial.

**Prayer for Relief**

36. The remainder of the Second Amended Complaint is a request for relief, which does not require an admission or denial. In any event, Overstock.com denies that Plaintiffs are entitled to recover and/or receive any of the relief sought in paragraphs A-I against, and as it relates to, Overstock.com. To the extent that paragraphs A-I contain factual allegations, Overstock.com denies them. To the extent that paragraphs A-I contain the request for relief with respect to the remaining defendants, Overstock.com is without sufficient information or knowledge to form a belief as to the truth or falsehood of the request for relief with respect to the remaining defendants, and therefore denies the same.

**AFFIRMATIVE DEFENSES**

37. Overstock.com has not and does not (i) literally infringe, (ii) infringe under the doctrine of equivalents, (iii) contributorily infringe, or (iv) induce infringement of the '860 patent.

38. The claims of the '860 patent are invalid under the provisions of 35 U.S.C. §§ 102, 103, and 112, particularly when those claims are sought to be interpreted to cover the business activities of Overstock.com.

39. Plaintiffs Infonautics Corporation and Tucows, Inc. lack standing to assert the claims set forth in the Second Amended Complaint.

40. Plaintiffs' claims are barred by the equitable doctrine of laches.

41. Plaintiffs are estopped from bringing these claims due to unclean hands.

42. The claims of the '860 patent are unenforceable due to inequitable conduct, as detailed by at least the conduct set forth in Overstock.com's Counterclaim below.

43. The '860 patent is unenforceable due to patent misuse. Plaintiffs have sought to enforce the '860 patent by alleging infringement by methods, systems, apparatus, and/or products that do not infringe.

**COUNTERCLAIMS**

For its Counterclaim, Overstock.com alleges as follows:

**I. Declaration of Patent Non-Infringement and Invalidity**

1. This counterclaim arises under 28 U.S.C. §§ 2201 and 2202, and this Court has jurisdiction under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a). There is an actual justiciable controversy between Overstock.com and Plaintiffs concerning the alleged infringement, validity, scope and enforceability of U.S. Patent No.

5,717,860. Jurisdiction is also conferred upon this Court in that this counterclaim arises out of the same transaction that is the subject matter of the Second Amended Complaint.

2.   Venue is proper in this Court under Title 28, U.S.C. §1391 (b) and (c), in that the claims arose within this Judicial District.

3.   Plaintiffs claim to be the present owners of all right, title and interest in and to the '860 patent, including the right to sue and recover damages for infringement.

4.   Plaintiffs have asserted that activities of Overstock.com in the United States infringe the '860 patent directly, indirectly, contributorily, and/or by inducement.

5.   On information and belief, U.S. Patent No. 5,717,860 is invalid and void under the provisions of 35 U.S.C. §§ 102, 103, and/or 112, as set forth specifically in the affirmative defenses of the Original Answer to which this counterclaim is appended.

6.   Overstock.com has not infringed and is not infringing the '860 patent.

7.   Plaintiffs have, in bad faith, knowingly undertaken to enforce the '860 patent against Overstock.com while knowing that the '860 patent is not infringed.

8.   Therefore, because of the foregoing, there exists an actual controversy between the parties as to the validity, enforceability, and infringement of U.S. Patents No. 5,717,860, to which Overstock.com requests a declaratory judgment in its favor.

9.   Based upon the foregoing conduct of Plaintiffs, this is an exceptional case under 35 U.S.C. § 285.

10.   As a result of Plaintiffs' conduct, Overstock.com is entitled to recover attorneys' fees.

### II. Declaration of Patent Unenforceability

1.   This counterclaim arises under 28 U.S.C. §§ 2201 and 2202, and this Court has jurisdiction under the laws of the United States concerning actions relating to patents, 28 U.S.C.

§ 1338(a). There is an actual justiciable controversy between Overstock.com and Plaintiffs concerning the alleged infringement, validity, scope and enforceability of U.S. Patent No. 5,717,860. Jurisdiction is also conferred upon this Court in that this counterclaim arises out of the same transaction that is the subject matter of the Second Amended Complaint.

2.  Upon information and belief, prior to September 20, 1995, at least one or more named inventors were aware of the use of HTTP "Request" Fields, including the "Referer" Field.

3.  During the prosecution in an Office Action dated March 28, 1997, Examiner Rinehart rejected the claims of the 531,370 Application (which later issued as the '860 Patent) over a publication describing "HTTP Request Fields," which described a "Referer" field, (hereinafter, "Referer Field Publication").

4.  During the prosecution in a May 30, 1997, Amendment and Response to Office Action, the applicants distinguished the Referer Field Publication on the grounds that "the purpose of this 'referer' field is to allow a web server to track the trajectory of a user <u>as the user moves between web pages in a single website</u>. By contrast, the present invention is able to identify the movement of a user <u>as the user moves between different websites</u>...." (Emphasis in original.)

5.  Upon information and belief, at least one or more of the named inventors or the prosecuting attorney, knew, at the time that the statement set forth in paragraph 4, above, was made, that the "Referer" field was an optional HTTP header that provided the URL of the web site from which visitors had come.

6.  Upon information and belief, at least one or more of the named inventors or the prosecuting attorney, knew at the time while the 531,370 Application was pending, that it was inaccurate to describe the "Referer" field as only allowing the tracking of a user within a single web site.

7. The Referer Field Publication was material. The patent examiner understood it to be a relevant reference.

8. On information and belief, with deceptive intent, at least one or more of the named inventors and/or the prosecuting attorney, misled the Patent Office with an inaccurate description of the "Referer" field, in order to obtain the '860 Patent.

9. On information and belief, U.S. Patent No. 5,717,860 is unenforceable.

10. Therefore, because of the foregoing, there exists an actual controversy between the parties as to the enforceability and infringement of U.S. Patent No. 5,717,860, to which Overstock.com requests a declaratory judgment in its favor.

11. Based upon the foregoing conduct of Plaintiffs, this is an exceptional case under 35 U.S.C. § 285.

12. As a result of Plaintiffs' conduct, Overstock.com is entitled to recover attorneys' fees.

## PRAYER

WHEREFORE, Defendant, Overstock.com, Inc. prays that:

a. Plaintiffs' Second Amended Complaint be dismissed in its entirety, with prejudice;

b. A holding of noninfringement of U.S. Patent No. 5,717,860 be entered relating to Overstock.com;

c. U.S. Patent No. 5,717,860 be declared invalid;

d. U.S. Patent No. 5,717,860 be declared unenforceable;

e. The Court find this to be an exceptional case; and

f. Plaintiffs be ordered to pay attorneys' fees and costs to Overstock.com and any such additional amount that appears reasonable to the Court.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Dated: August 17, 2005

_____/s/ Karen L. Pascale_____
David J. Margules (I.D. No. 2254)
  [dmargules@bmf-law.com]
Karen L. Pascale (I.D. No. 2903)
  [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
  *Attorneys for Defendant Overstock.com, Inc.*

OF COUNSEL:

Glenn A. Ballard, Jr.
John F. Luman, III
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781
(713) 223-2300

1864752.3

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2005, I caused the foregoing ***Defendant Overstock.com, Inc.'s Original Answer and Counterclaim to Plaintiffs' Second Amended Complaint for Patent Infringement*** to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation and Tucows Inc.*

John W. Shaw, Esquire [jshaw@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

William J. Wade, Esquire [wade@rlf.com]
Steven J. Fineman, Esquire [fineman@rlf.com]
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
  *Attorneys for Defendants Barnesandnoble.com, Inc. and Barnesandnoble.com LLC*
.

I further certify that on August 17, 2005, I caused a copy of the foregoing document to be served by hand on the above-listed counsel, and that a copy was served on the following non-registered participants on the date and in the manner indicated:

***By E-mail on August 17, 2005***

Niall A. MacLeod, Esquire [NAMacLeod@rkmc.com]
Michael A. Collyard, Esquire [MACollyard@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation and Tucows Inc.*

Kristin L. Cleveland, Esquire [kristin.cleveland@klarquist.com]
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

William W. Flachsbart, Esquire [flachsbart@nshn.com]
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602
  *Attorneys for Defendants Barnesandnoble.com, Inc. and Barnesandnoble.com LLC*

Lawrence G. Kurland, Esquire [lgkurland@bryancave.com]
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104
  *Attorneys for Defendants Barnesandnoble.com, Inc. and Barnesandnoble.com LLC*

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ Karen L. Pascale*

Dated: August 17, 2005

David J. Margules (#2254) [dmargules@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
  *Attorneys for Defendant Overstock.com, Inc.*

2