IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL, INC., | § |
| INFONAUTICS CORPORATION | § |
| and TUCOWS INC., | § |
| | § |
| *Plaintiffs*, | § |
| | § |
| vs. | § |
| | § |
| AMAZON.COM, INC., AMAZON | § |
| SERVICES, INC., NETFLIX, INC., | § |
| BARNESANDNOBLE.COM, INC., | § |
| BARNESANDNOBLE.COM LLC, and | § |
| OVERSTOCK.COM, INC. | § |
| | § |
| *Defendants.* | § |

C.A. No. 04-1264-SLR

## NOTICE OF SUBPOENA DIRECTED TO LYCOS, INC.

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Overstock.com has served a subpoena duces tecum upon Lycos, Inc., in

the form attached hereto, for the production on September 2, 2005 of the documents described in

Exhibit "A" attached to the subpoena

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Dated: August 18, 2005

/s/ Karen L. Pascale
David J. Margules (I.D. No. 2254)
 [dmargules@bmf-law.com]
Karen L. Pascale (I.D. No. 2903)
 [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
 *Attorneys for Defendant Overstock.com, Inc.*

OF COUNSEL:

Glenn A. Ballard, Jr.
John F. Luman, III
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781
(713) 223-2300

\* AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF  Massachusetts

BTG INTERNATIONAL, INC.

V.

AMAZON.COM, INC., AMAZON
SERVICES, INC., NETFLIX, INC.,
BARNESANDNOBLE.COM, INC.,
AND OVERSTOCK.COM, INC.

**SUBPOENA IN A CIVIL CASE**
Case Number: 04-1264
District of Delaware

## TO:  Lycos, Inc., Attn: General Counsel, 100 5th Avenue, Waltham, MA 02451.

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM | N/A |
|---|---|---|
| N/A | DATE AND TIME | N/A |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION    N/A | DATE AND TIME    N/A |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):  **See Exhibit A, Attached**

| PLACE | DATE AND TIME |
|---|---|
| **Lycos, Inc., 100 5th Avenue, Waltham, MA 02451 (Documents to be obtained by RLS Legal Solutions)** | 9/02/2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME    N/A |
|---|---|
| N/A | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents. or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which the
person will testily. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Overstock.com | August 17, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John F. Luman, III, Bracewell & Giuliani, L.L.P., 711 Louisiana ST, STE 2300, Houston, Texas 77002-
2781, (713) 221-1596

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

\* A088 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE. |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | Defendant's Attorney |

| SERVED BY (PRINT NAME)) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## EXHIBIT A
## TO LYCOS, INC. SUBPOENA

### DEFINITIONS

1.    As used herein, the terms "Lycos, Inc.," "HotWired," "www.hotwired.com," or "You" refer to Lycos, Inc., its successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives and others acting on behalf of Lycos, Inc..

2.    As used herein, the term "BTG" means BTG PLC, BTG International, Inc., its successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives, and others acting on behalf of BTG.

3.    As used herein, the term "Infonautics" means Infonautics, Inc., Infonautics Corporation, its successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives, and others acting on behalf of Infonautics Corporation.

4.    As used herein, the term "Tucows" means Tucows, Inc., Tucows.com, Inc., its successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives, and others acting on behalf of Tucows.

5.    As used herein the term "Amazon" means Amazon.com, Inc., Amazon Services, Inc., their successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives, and others acting on behalf of Amazon.com, Inc. and Amazon Services, Inc.

6.    As used herein the term "Netflix" means Netflix, Inc., its successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives, and others acting on behalf of Netflix, Inc.

7.    As used herein the term "BarnesandNoble.com" means Barnesandnoble.com, Inc., its successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives, and others acting on behalf of Barnesandnoble.com, Inc.

8.    As used herein, the term "Overstock.com" means Overstock.com, Inc., its successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives and others acting on behalf of Overstock.com.

9.    As used herein, the term "Patents-in-Suit" refers to United States Patent Nos. 5,717,860 and 5,712,979 entitled respectively "Method and Apparatus for Tracking the Navigation Path of a User on the World Wide Web" which issued on February 10, 1998 to Terry E. Graber, Joshua Kopelman, Edwin Howell Watkeys, III, and Marvin I. Weinberger and "Method and Apparatus for Attaching Navigational History Information to Universal Resource Locator Links on a World Wide Web Page" which issued on January 27, 1998 to Terry E. Graber, Joshua Kopelman, Edwin Howell Watkeys, III, and Marvin I. Weinberger.

10.    As used herein, the term "named inventors" refers to following individually: Terry E. Graber, Joshua Kopelman, Edwin Howell Watkeys, III, and Marvin I. Weinberger

11.     As used herein, the term "assignee of the Patents-in-Suit" refers to any company, association, partnership or individual(s), including, but not limited to Tucows, Infonautics and BTG, who has or had any rights to the Patents-in-Suit.

12.     As used herein, the term "user navigation path tracking system" refers to any method or apparatus of tracking the navigation path of a user on the World Wide Web of the general type described in the Patents-in-Suit.

13.     As used herein, the terms "document" or "documents" are used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded matter, however produced or reproduced, and all "writings" as defined in Federal Rule of Evidence 1001, including without limitation the following: abstracts, advertisements, affidavits, agendas, agreements, analyses of any kind, appointment calendars, articles, assignments, blueprints, books, brochures, charts, circulars, compilations, computer programs, runs and printouts, computer data files in machine readable form, computer disks, compact disks, contracts, diaries, email, letters, papers, reports (including reports or notes of telephone or other conversations), schedules, memoranda, minutes, brochures, books, graphs, ledgers, drawings, photographs, photostats, specifications, sketches, tabulations, drafts, catalogs, instructions, invoices, bills of materials, minutes, orders, publications, purchase orders, proposals, working papers, laboratory notebooks, telegrams, website pages, website page archives, and other writings of whatsoever nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices; all drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists, and regardless of who has maintained custody of such documents; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

14.     As used herein, the term "communication" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone, mail, personal delivery or otherwise

15.     As used herein, the term "relating to" in reference to a subject means making a statement about, referring to, mentioning, discussing, describing, reflecting, dealing with, consisting of, constituting, comprising, recording, or in any way pertaining to the subject, whether in whole or in part and either directly or indirectly.

16.     As used herein, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

17.     As used herein, the words "and" and "or" shall be construed in the conjunctive and disjunctive, whichever makes the request more inclusive.

18.     As used herein, the word "any" shall mean one or more, and the word "each" shall mean "each and every."

19.     The use of the singular form of any word includes the plural and vice versa.

2

## INSTRUCTIONS

1.      In answering this subpoena, you are required to furnish all documents that are available to you, under your custody or control, not merely such documents as the persons preparing the responses know of their own personal knowledge, but including without limitation documents in the possession of your attorneys, employees, or other persons directly or indirectly employed by, or connected with you or your attorneys or consultants, or anyone acting on your behalf or otherwise subject to your control. In answering this subpoena you are requested to make a diligent search of your records and of other papers and materials in your possession or control or in the possession or control of your employees, attorneys, consultants, or other representatives.

2.      You are required to produce all documents that are or contain a computer file, software code, or HTML code on a CD, or similar storage media, preserving the information as to when the computer file, software code, or HTML code was created and any other available meta-information associated with the computer file, software code, or HTML code.

3.      You are required to produce all documents in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure 34(b), including, where applicable, any index tabs, file dividers, designations or information as to the location of documents.

4.      If you object to any document request or part thereof, (a) state with specificity all grounds for such objection, and (b) respond to the document request to the extent not objected to.

5.      Where a claim of privilege is asserted in objecting to any document request, or part thereof, and the requested documents are not provided on the basis of such assertion:

(a)      in the objection, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(b)      provide the following information:

(i)      for documents:  (1) the type of document; (2) general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressed to each other;

(ii)      for oral communications:  (1) the name of the person making the communication and the names of persons present while the communication was made, and where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of the communication; and (3) the general subject matter of the communication.

6.      In the event that any document called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such document, as completely as possible, and shall specify the date of disposal of the document, the

3

manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the document.

     7.    Unless otherwise indicated, all requests are limited in scope to documents and communications from January 1, 1994, to February 10, 1998.

## DOCUMENTS AND THINGS TO BE PRODUCED:

### REQUEST 1:

All documents concerning advertising on www.hotwired.com.

### REQUEST 2:

All documents concerning sales of advertising to potential advertisers on www.hotwired.com.

### REQUEST 3:

All documents, including but not limited to invoices, between you and any advertiser on www.hotwired.com.

### REQUEST 4:

All documents and marketing materials describing an advertiser's ability to place advertisements on www.hotwired.com.

### REQUEST 5:

All documents concerning technical specifications, design, and/or engineering of systems, methods, or processes related to implementation and tracking of advertising for advertisement placed on www.hotwired.com.

### REQUEST 6:

All documents concerning technical specifications, design, and/or engineering of systems, methods, or processes related to implementation and tracking of advertising effectiveness for advertisement placed on www.hotwired.com.

### REQUEST 7:

All documents concerning technical specifications, design, and/or engineering of systems, methods, or processes related to implementation and tracking of users viewing advertisements placed on www.hotwired.com.

### REQUEST 8:

All documents concerning the use of a URL related to advertising placed on www.hotwired.com.

### REQUEST 9:

All documents concerning the use of a URL related to advertisements placed on www.hotwired.com.

### REQUEST 10:

All documents, including but not limited to URLs, URL links, webpages, webpage designs, and/or webpage archives concerning you, www.hotwired.com, or containing an icon, symbol, or

HTML or other link to any webpage at any website of any advertiser and the associated computer file(s) or software code, back-up copies of computer file(s) or software code, and the date that the computer file(s) or software code was created and/or first used.

**REQUEST 11:**

All documents concerning any advertiser that placed an advertisement on www.hotwired.com.

**REQUEST 12:**

All communication between you and any advertiser that placed an advertisement on www.hotwired.com.

**REQUEST 13:**

All documents demonstrating advertisements placed on www.hotwired.com by any advertiser.

**REQUEST 14:**

All communication between www.hotwired.com and AT&T Corporation.

**REQUEST 15:**

All documents demonstrating advertisements placed on www.hotwired.com by AT&T Corporation.

**REQUEST 16:**

All documents, including but not limited to URLs, URL links, webpages, webpage designs, and/or webpage archives concerning you, AT&T Corporation, or containing an icon, symbol, or HTML or other link to any webpage at an AT&T Corporation website and the associated computer file(s) or software code, back-up copies of computer file(s) or software code, and the date that the computer file(s) or software code was created and/or first used.

**REQUEST 17:**

All communication between www.hotwired.com and any automobile manufacturer.

**REQUEST 18:**

All documents demonstrating advertisements placed on www.hotwired.com by any automobile manufacturer.

**REQUEST 19:**

All documents, including but not limited to URLs, URL links, webpages, webpage designs, and/or webpage archives concerning you, any automobile manufacturer or containing an icon, symbol, or HTML or other link to any webpage at an automobile manufacturer's website and the associated computer file(s) or software code, back-up copies of computer file(s) or software code, and the date that the computer file(s) or software code was created and/or first used.

6

**REQUEST 20:**

All communication between www.hotwired.com and Volvo Car Corporation.

**REQUEST 21:**

All documents demonstrating advertisements placed on www.hotwired.com by Volvo Car Corporation.

**REQUEST 22:**

All documents, including but not limited to URLs, URL links, webpages, webpage designs, and/or webpage archives concerning you, Volvo Car Corporation or containing an icon, symbol, or HTML or other link to any webpage at an Volvo Car Corporation website and the associated computer file(s) or software code, back-up copies of computer file(s) or software code, and the date that the computer file(s) or software code was created and/or first used.

**REQUEST 23:**

All communication between www.hotwired.com and Saturn Corporation.

**REQUEST 24:**

All documents demonstrating advertisements placed on www.hotwired.com by Saturn Corporation.

**REQUEST 25:**

All documents, including but not limited to URLs, URL links, webpages, webpage designs, and/or webpage archives concerning you, Saturn Corporation or containing an icon, symbol, or HTML or other link to any webpage at an Saturn Corporation website and the associated computer file(s) or software code, back-up copies of computer file(s) or software code, and the date that the computer file(s) or software code was created and/or first used.

**REQUEST 26:**

All documents concerning Brian Behelendorf.

**REQUEST 27:**

All communications between www.hotwired.com and Brian Behelendorf.

**REQUEST 28:**

All documents concerning Andrew Anker.

**REQUEST 29:**

All communications between www.hotwired.com and Andrew Anker.

7

**REQUEST 30:**

All documents concerning any method, process, software code or system created, implemented, or used by you as a "user navigation path tracking system" from January 1, 1994, to the present

**REQUEST 31:**

If no documents were located relating to one or more of the individual request, then all documents, including but not limited to internal notices, memorandums, e-mails, and messages, concerning how documents requested were searched for and/or located, and the name and contact information for the individuals responsible for such document searches from January 1, 1994, to the present.

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2005, I caused the foregoing *Notice of Subpoena*

*Directed to Lycos, Inc.* to be electronically filed with the Clerk of Court using CM/ECF, which will

send notification of such filing to the following:

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
 *Attorneys for Plaintiff, BTG International, Inc.*

John W. Shaw, Esquire [jshaw@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
 *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

Steven J. Fineman, Esquire [fineman@rlf.com]
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
 *Attorneys for Defendants Barnesandnoble.com, Inc. and Barnesandnoble.com LLC*

.

I further certify that on August 18, 2005, I caused a copy of the foregoing document to be

served by hand on the above-listed counsel, and that a copy was served on the following non-

registered participants on the date and in the manner indicated:

### *By E-mail on August 18, 2005*

Niall A. MacLeod, Esquire [NAMacLeod@rkmc.com]
Michael A. Collyard, Esquire [MACollyard@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
 *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation and Tucows Inc.*

Kristin L. Cleveland, Esquire [kristin.cleveland@klarquist.com]
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

William W. Flachsbart, Esquire [flachsbart@nshn.com]
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602
  *Attorneys for Defendants Barnesandnoble.com, Inc. and Barnesandnoble.com LLC*

Lawrence G. Kurland, Esquire [lgkurland@bryancave.com]
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104
  *Attorneys for Defendants Barnesandnoble.com, Inc. and Barnesandnoble.com LLC*


BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ Karen L. Pascale*

Dated: August 18, 2005
_____
David J. Margules (#2254) [dmargules@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
  *Attorneys for Defendant Overstock.com, Inc.*