IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM LLC AND OVERSTOCK.COM, INC., <br><br> Defendants. | Civil Action No. 04-1264-SLR |

**PLAINTIFFS' REPLY TO THE ANSWER, DEFENSES, AND
COUNTERCLAIMS OF DEFENDANT OVERSTOCK.COM, INC.**

Plaintiffs BTG International Inc. ("BTG"), Infonautics Corporation ("Infonautics") and Tucows Inc. ("Tucows") (collectively "Plaintiffs"), as and for their reply to the Counterclaims of Defendant Overstock.com, Inc. ("Overstock"), state as follows:

I.   **Overstock's Declaration of Patent Non-Infringement and Invalidity**

1.   In response to the allegations set forth in Paragraph 1 of Overstock's Counterclaims, Plaintiffs admit the allegations.

2.   In response to the allegations set forth in Paragraph 2 of Overstock's Counterclaims, Plaintiffs admit the allegations.

3.   In response to the allegations set forth in Paragraph 3 of Overstock's Counterclaims, Plaintiffs admit the allegations.

4.   In response to the allegations set forth in Paragraph 4 of Overstock's Counterclaims, Plaintiffs admit the allegations.

5.   In response to the allegations set forth in Paragraph 5 of Overstock's Counterclaims, Plaintiffs deny the allegations.

6. In response to the allegations set forth in Paragraph 6 of Overstock's Counterclaims, Plaintiffs deny the allegations.

7. In response to the allegations set forth in Paragraph 7 of Overstock's Counterclaims, Plaintiffs deny the allegations.

8. In response to the allegations set forth in Paragraph 8 of Overstock's Counterclaims, Plaintiffs admit that an actual controversy exists as to validity, enforceability, and infringement of U.S. Patent No. 5,717,860, but deny that Overstock is entitled declaratory judgment in its favor.

9. In response to the allegations set forth in Paragraph 9 of Overstock's Counterclaims, Plaintiffs deny the allegations.

10. In response to the allegations set forth in Paragraph 10 of Overstock's Counterclaims, Plaintiffs deny the allegations.

II. **Overstock's Declaration of Patent Unenforceability**

1. In response to the allegations set forth in Paragraph 1 of Overstock's Counterclaims, Plaintiffs admit the allegations.

2. In response to the allegations set forth in Paragraph 2 of Overstock's Counterclaims, Plaintiffs are without sufficient information to form a belief as to the truth of the allegations relating to the named inventors and therefore deny the allegations.

3. In response to the allegations set forth in Paragraph 3 of Overstock's Counterclaims, Plaintiffs admit that the examining attorney cited the "Referer Field Publication" in the rejection of claims but denies all other allegations in the paragraph.

4. In response to the allegations set forth in Paragraphs 4 of Overstock's Counterclaims, Plaintiffs admit the Paragraph recites statements made in a May 28, 1997 Amendment and Response but deny all other allegations in the Paragraph.

5. In response to the allegations set forth in Paragraph 5 of Overstock's Counterclaims, Plaintiffs are without sufficient information to form a belief of the truth of the allegations relating to the named inventors or the prosecuting attorney and therefore deny the allegations.

6. In response to the allegations set forth in Paragraph 6 of Overstock's counterclaims, Plaintiffs are without sufficient information to form a belief of the truth of the allegations regarding the named inventors or the prosecuting attorney and therefore deny the allegation.

7. In response to the allegations set forth in Paragraph 7 of Overstock's Counterclaims, Plaintiffs deny that the "Referer Field Publication" is material. Plaintiffs are without sufficient information to form a belief of the truth of the allegations relating to the patent examiner and therefore deny the allegations.

8. In response to the allegations set forth in Paragraph 8 of Overstock's Counterclaims, Plaintiffs deny the allegations.

9. In response to the allegations set forth in Paragraph 9 of Overstock's Counterclaims, Plaintiffs deny the allegations.

10. In response to the allegations set forth in Paragraph 10 of Overstock's Counterclaims, Plaintiffs admit that there is an actual controversy between the parties as to the enforceability and infringement of U.S. Patent No. 5,717,860, but deny that Overstock is entitled to declaratory judgment in its favor.

11. In response to the allegations set forth in Paragraph 11, Plaintiffs deny the allegations.

12. In response to the allegations set forth in Paragraph 12, Plaintiffs deny the allegations.

## AFFIRMATIVE DEFENSES TO OVERSTOCK'S COUNTERCLAIMS

13. Defendant Overstock has failed to state a claim upon which relief can be granted in its Counterclaims.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs BTG International Inc., Infonautics Corporation and Tucows Inc. demand a jury trial on all issues so triable as set forth in the Counterclaims in Defendant Overstock.com, Inc.'s Answer and Counterclaims to Plaintiffs' Second Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, with respect to Overstock's Counterclaims, Plaintiffs BTG International Inc., Infonautics Corporation and Tucows Inc. pray for judgment as follows:

A. That Defendant Overstock's Counterclaims be dismissed with prejudice;

B. That Defendant Overstock be ordered to pay attorneys' fees and costs to Plaintiffs and any such additional amount that appears reasonable to the Court; and

C. For such other and further relief as the Court may deem just and equitable.

| | |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| Ronald J. Schutz<br>Jake M. Holdreith<br>Niall A. MacLeod<br>Michael A. Collyard<br>Stephanie L. Adamany<br>ROBINS, KAPLAN, MILLER &<br>  CIRESI, LLP<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402-2015<br>(612) 349-8500 | /s/ *John G. Day*<br>_____<br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19801<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com |
| Dated: September 6, 2005<br>161104.1 | *Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of September, 2005, the attached **PLAINTIFFS' REPLY TO THE ANSWER, DEFENSES, AND COUNTERCLAIMS OF DEFENDANT OVERSTOCK.COM, INC.** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | **HAND DELIVERY** |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR  97204 | **VIA FEDERAL EXPRESS** |
| William J. Wade, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>Wilmington, DE  19801 | **HAND DELIVERY** |
| William W. Flachsbart, Esquire<br>Niro Scavone Haller & Niro<br>181 West Madison, Suite 4600<br>Chicago, IL  60602 | **VIA FEDERAL EXPRESS** |
| Lawrence G. Kurland, Esquire<br>Bryan Cave, LLP<br>1290 Avenue of the Americas<br>New York, NY  10104 | **VIA FEDERAL EXPRESS** |
| David J. Margules, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19801 | **HAND DELIVERY** |

John F. Luman, III, Esquire  
Bracewell & Giuliani LLP  
711 Louisiana Street, Suite 2300  
Houston, TX 77002-2781

<u>**VIA FEDERAL EXPRESS**</u>

*/s/ John G. Day*
_____
John G. Day