IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION, AND TUCOWS INC., <br><br>   Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM LLC, AND OVERSTOCK.COM, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 04-1264-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF TUCOWS INC.'S RESPONSES AND OBJECTIONS
TO AMAZON.COM, INC.'S AND AMAZON SERVICES, INC.'S
NOTICE OF DEPOSITION OF TUCOWS, INC.
<u>PURSUANT TO FED. R. CIV. P. 30(b)(6)</u>**

Plaintiff Tucows, Inc. ("Tucows") responds as follows to Defendant Amazon.com, Inc.'s and Amazon Services, Inc.'s ("Amazon.com") Notice of Deposition of Tucows:

<u>**GENERAL RESPONSE AND OBJECTIONS**</u>

Tucows makes the following General Objections to Amazon.com's Notice of Deposition of Tucows, Inc. pursuant to Fed. R. Civ. P. 30(b)(6), which may apply to any and all of the individual topics that have been noticed:

  1. Tucows objects to the notice as not providing reasonable notice, pursuant to Fed. R. Civ. P. 30, and objects to the Sept. 20, 2005 date as being unduly burdensome. Tucows' counsel will confer with Amazon.com's counsel to identify mutually agreeable dates.

- 2 -

2. Tucows objects to the notice to the extent that it sets the location of the deposition in Wilmington, Delaware. Tucows reserves the right to change the location of the deposition to Toronto, Canada, if that is more convenient, once the date and representative(s) are identified.

3. Tucows objects to the notice and to each topic to the extent that they seek information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity. This includes, but is not limited to, any and all topics that seek information relating to attorney advice or guidance regarding Tucows' response to any of Defendants' discovery requests.

4. Tucows objects to the notice and to each topic to the extent they are unlimited in time and scope, vague, ambiguous, overly broad, unduly burdensome, harassing, cumulative, duplicative, or not reasonably calculated to lead to the discovery of admissible evidence.

5. Tucows objects to Definition B of "Infonautics" to the extent that it solicits information from Tucows that is no longer obtainable or accessible and/or regards Infonautics prior to the effective date of the merger between Tucows and Infonautics in August 2001.

6. Tucows objects to Definition H of the phrase "relating to" as vague, ambiguous, overly broad and unduly burdensome to the extent it does not limit itself to information reasonably calculated to lead to the discovery of admissible evidence.

7. Tucows objects to each and every topic to the extent they impose obligations on Tucows beyond the scope and obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court.

8. Tucows reserves the right to modify, supplement, add to or amend the responses to these topics to the extent required or permitted by the Federal Rules of Civil Procedure.

## OBJECTIONS TO TOPICS OF EXAMINATION

Tucows makes the following additional objections to the individual topics that are requested for examination:

1. Tucows objects to Topic No. 1 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity. Tucows also reasserts the objections set forth in its response to Amazon.com's Request for the Production of Documents. Tucows further objects to Topic No. 1 to the extent that it exceeds the scope of Netflix's Subpoena in a Civil Case to Tucows beyond that agreed upon by Tucows and Netflix.

2. Tucows objects to Topic No. 2 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity. Tucows also reasserts the objections set forth in its response to Amazon.com's Request for the Production of Documents. Tucows further objects to Topic No. 2 to the extent that it exceeds the scope of Netflix's Subpoena in a Civil Case to Tucows beyond that agreed upon by Tucows and Netflix.

3. Tucows objects to Topic No. 3 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

4. Tucows objects to Topic No. 4 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

5. Tucows objects to Topic No. 5 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

6. Tucows objects to Topic No. 6 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

7. Tucows objects to Topic No. 7 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

8. Tucows objects to Topic No. 8 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

9. Tucows objects to Topic No. 9 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

10. Tucows objects to Topic No. 10 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

11. Tucows objects to Topic No. 11 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

12. Tucows objects to Topic No. 12 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

13. Tucows objects to Topic No. 13 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

14. Tucows objects to Topic No. 14 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

15. Tucows objects to Topic No. 15 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

16. Tucows objects to Topic No. 16 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

17.    Tucows objects to Topic No. 17 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

18.    Tucows objects to Topic No. 18 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

19.    Tucows objects to Topic No. 19 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

20.    Tucows objects to Topic No. 20 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

21.    Tucows objects to Topic No. 21 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

22.    Tucows objects to Topic No. 22 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

23.    Tucows objects to Topic No. 23 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the

extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

24. Tucows objects to Topic No. 24 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

25. Tucows objects to Topic No. 25 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

26. Tucows objects to Topic No. 26 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

27. Tucows objects to Topic No. 27 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

28. Tucows objects to Topic No. 28 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

29. Tucows objects to Topic No. 29 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the

extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

30. Tucows objects to Topic No. 30 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

31. Tucows objects to Topic No. 31 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

32. Tucows objects to Topic No. 32 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

33. Tucows objects to Topic No. 33 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

34. Tucows objects to Topic No. 34 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

35. Tucows objects to Topic No. 35 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

- 9 -

                    ASHBY & GEDDES

                    /s/ Steven J. Balick
                    _____
                    Steven J. Balick (I.D. #2114)
                    John G. Day (I.D. #2403)
                    222 Delaware Avenue, 17th Floor
                    P.O. Box 1150
                    Wilmington, Delaware 19801
                    (302) 654-1888
                    *Attorneys for Plaintiffs*

*Of Counsel:*

Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER &
  CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated: September 12, 2005
161288.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2005, the attached **PLAINTIFF TUCOWS INC.'S RESPONSES AND OBJECTIONS TO AMAZON.COM, INC.'S AND AMAZON SERVICES, INC.'S NOTICE OF DEPOSITION OF TUCOWS, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR  97204 | VIA FEDERAL EXPRESS |
| William J. Wade, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>Wilmington, DE  19801 | HAND DELIVERY |
| William W. Flachsbart, Esquire<br>Niro Scavone Haller & Niro<br>181 West Madison, Suite 4600<br>Chicago, IL  60602 | VIA FEDERAL EXPRESS |
| Lawrence G. Kurland, Esquire<br>Bryan Cave, LLP<br>1290 Avenue of the Americas<br>New York, NY  10104 | VIA FEDERAL EXPRESS |
| David J. Margules, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19801 | HAND DELIVERY |

John F. Luman, III, Esquire  
Bracewell & Giuliani LLP  
711 Louisiana Street, Suite 2300  
Houston, TX 77002-2781

<u>VIA FEDERAL EXPRESS</u>

_____  
John G. Day