IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1264 SLR |
| AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM LLC AND OVERSTOCK.COM, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF BTG INTERNATIONAL INC.'S
NOTICE OF TAKING DEPOSITION OF JASON OLIM**

TO:  Jason Olim, 5 Mill Road, Phoenixville, Pennsylvania.

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff BTG International Inc. will take the deposition of Jason Olim at the time and place as set forth below.

The deposition will be taken on October 11, 2005, beginning at 10:00 a.m. (local time) each day and will be taken at the offices of Bracewell & Giuliani, L.L.P., 1177 Avenue of the Americas, New York, NY 10036, or at a date, time, and place to be further agreed upon. The deposition will continue from the first day until the next day, if necessary, but in no event shall be longer than two seven (7) hour days of deposition time. The deposition shall be taken before any officer qualified to administer oaths under the Federal Rules of Civil Procedure. The deposition will be recorded stenographically and may be recorded by videotape.

1

MP3 20152375.1

Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, you are expected to produce documents listed in the attached Schedule A at or prior to the deposition. The attached Schedule A is the same document as the Schedule A attached to the Subpoena served on you simultaneously with this notice.

ASHBY & GEDDES

By: _____
Steven J. Balick (#2114)
John G. Day (#2403)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888

ATTORNEYS FOR PLAINTIFF
BTG INTERNATIONAL INC.

*Of Counsel*

ROBINS, KAPLAN, MILLER & CIRESI LLP
Ronald J. Schutz
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500

Dated: September 29, 2005

## SCHEDULE A
### INSTRUCTIONS

1. In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2. Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3. Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4. If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5. If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

   a. The date of such document or thing;
   b. The place at which such document or thing was created and the medium involved;
   c. The identity of each person who has custody or control of the document or thing;
   d. The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;
   e. The number of pages in any document and any attachments, or a full and complete description of any thing;
   f. The identity of each person involved, together with his or her job title at the time of creation of the document or thing;
   g. The subject matter of the document or thing;
   h. The basis on which the privilege is claimed;
   i. Whether any non-privileged matter is contained within the document or thing; and
   j. The precise location of any redactions if the document or thing is redacted.

1

## **DEFINITIONS**

For purposes of these requests, the following terms shall have the meaning set forth below.

1. The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, and representatives.

2. The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

3. The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

4. The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

5. The term "B&N" shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorney s, or any predecessor with an interest.

6. The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without

limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

7. The term "CDNOW" shall refer to CDNOW, Inc. which was/is a publicly held corporation with its principal place of business in Philadelphia, Pennsylvania, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

8. The terms "you," "your" or "Mr. Olim" shall refer to Jason Olim, and includes, without limitation, his past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, any predecessor with an interest, and CDNOW.

9. The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

10. The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

11. The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

12. The term "patents-in-suit" shall refer to the following patents: United States Patent 5,712,979 and United States Patent 5,717,860.

13. The term "this lawsuit" shall refer to the case *BTG International Inc. v. Amazon.com, Inc., et al.*, case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

14. The term "WWW" shall mean the World Wide Web.

15. The terms "online advertisement" or "online advertising" shall mean any advertisement placed on a World Wide Web ("WWW") site other than one's own WWW site including, but not limited to, banner ads, button ads, pop-ups, interstitials, e-mails, text links, HTML banners, rich media, video, audio, advertorials, toolbars, ad words, or screensavers that can direct a WWW user to one's own WWW sites.

## DOCUMENTS AND THINGS TO BE PRODUCED

1. All documents referring or relating to any alleged system used by you or CDNOW for identifying a WWW site that refers or directs or provides a link to a WWW user to yours or a CDNOW site.

2. All documents referring or relating to any alleged system used by you or CDNOW for monitoring, evaluating, collecting, capturing, or gathering information related to online advertisements including, but not limited to, information related to the WWW site on which your or CDNOW online advertisements are placed.

3. All documents referring or relating to any alleged system used by you or CDNOW to collect, capture, or gather of information related to referrals or WWW traffic from a WWW site to your site or a CDNOW WWW site.

4. All documents referring or relating to any alleged system used by you or CDNOW for identifying referring WWW sites or referring URLs or hypertext links.

5. All documents referring or relating to United States Patent 5,712,979 and/or United States Patent 5,717,860.

6. All documents referring or relating to any events, facts, and documents concerning your knowledge of the patents-in-suit, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock or this lawsuit.

7. All documents referring or relating to communications between you and any third party regarding BTG, Amazon.com, Amazon Services, Netflix, B&N, or Overstock and related to this lawsuit or the patents-in-suit.

8. All documents referring to or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock and related to this lawsuit or the patents-in-suit.

9. All documents referring or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock regarding BTG and related to this lawsuit or the patents-in-suit.

10. All documents referring or relating to any potential litigation between BTG and Amazon.com, Amazon Services, Netflix, B&N, Overstock.

11. All documents referring or relating to communications between you and any third party regarding United States Patent 5,712,979 and/or United States Patent 5,717,860.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2005, the attached **PLAINTIFF BTG INTERNATIONAL INC.'S NOTICE OF TAKING DEPOSITION OF JASON OLIM** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | <u>HAND DELIVERY</u> |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR  97204 | <u>VIA FEDERAL EXPRESS</u> |
| William J. Wade, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>Wilmington, DE  19801 | <u>HAND DELIVERY</u> |
| William W. Flachsbart, Esquire<br>Niro Scavone Haller & Niro<br>181 West Madison, Suite 4600<br>Chicago, IL  60602 | <u>VIA FEDERAL EXPRESS</u> |
| Lawrence G. Kurland, Esquire<br>Bryan Cave, LLP<br>1290 Avenue of the Americas<br>New York, NY  10104 | <u>VIA FEDERAL EXPRESS</u> |
| David J. Margules, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19801 | <u>HAND DELIVERY</u> |

John F. Luman, III, Esquire                                VIA FEDERAL EXPRESS
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781

John G. Day