IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC.,<br>INFONAUTICS CORPORATION AND<br>TUCOWS, INC. | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC., AMAZON<br>SERVICES, INC., AND<br>OVERSTOCK.COM, INC. | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Amazon.com, Inc. and Amazon Services, Inc.,
have served the attached subpoena.

Date: October 13, 2005

*Karen E Keller*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19801
(302) 571-6600
jshaw@ycst.com

-and-

Kristin L. Cleveland
Jeffrey S. Love
James E. Geringer
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

*Attorneys for Defendants*
*Amazon.com, Inc and Amazon Services, In*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**COPY**

Issued by the

## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

BTG International Inc., Infonautics Corporation,
and Tucows Inc.,

              Plaintiff

               v.

Amazon.com, Inc., Amazon Services, Inc
Barnesandnoble.com, Inc., Barnesandnoble.com LLC,
and Overstock.com, Inc.,

              Defendants.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  **04-1264 SLR**

TO:    **Robert W. Blaisse**
        **4 Valley View Lane**
        **Newtown Square, PA  19073**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware  19801 (or another agreed location)** | **November 2, 2005 at 9:00 a.m.** |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE SCHEDULE A ATTACHED.**

| PLACE | DATE AND TIME |
|---|---|
| **Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware  19801 (or another agreed location)** | **October 26, 2005** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure.  30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Counsel to Defendant Amazon.com, Inc. and Amazon Services, Inc. *Karen E Keller* | 10/11/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karen E. Keller, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

Phone:  302-571-6600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## INSTRUCTIONS

1.      In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2.      Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3.      Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4.      If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5.      If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

  a.      The date of such document or thing;

  b.      The place at which such document or thing was created and the medium involved;

  c.      The identity of each person who has custody or control of the document or thing;

  d.      The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

  e.      The number of pages in any document and any attachments, or a full and complete description of any thing;

f.    The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

g.    The subject matter of the document or thing;

h.    The basis on which the privilege is claimed;

i.    Whether any non-privileged matter is contained within the document or thing; and

j.    The precise location of any redactions if the document or thing is redacted.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, representatives, attorneys, or any predecessor in interest.

2.    The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

3.    The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

4.    "Infonautics" means Infonautics Corporation, its subsidiaries, successors, divisions, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

4.    The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

5.    The term "B&N shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

6.    The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor in interest.

7.    The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

8.    The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings:  bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

9.    The phrase "patents-in-suit and related patents" shall refer to United States Patent

Nos. 5,712,979, 5,717,860, 5,675,788, 5,819,285, and 5,812,769.

10.    The term "this case" shall refer to the case BTG International Inc., et al. v.

Amazon.com, Inc., et al., case number 04-1264 (SLR), venued in the United States District Court

for the District of Delaware.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents and things referring or relating to the patents-in-suit and related

patents, or the subject matter contained therein.

2.    All documents referring or relating to any events, facts, and documents

concerning your knowledge of the patents-in-suit and related patents, BTG, Amazon.com,

Amazon Services, Netflix, B&N, Overstock, or this case.

3.    All documents referring or relating to communications between you and any third

party regarding the patents-in-suit and related patents, BTG, Amazon.com, Amazon Services,

Netflix, B&N, or Overstock.

4.    All documents referring or relating to communications between you and BTG,

Amazon.com, Amazon Services, Netflix, B&N or Overstock.

5.    All documents referring or relating to considering whether to enforce or license,

and any attempts to enforce or license, the patents-in-suit and related patents.

6.    All documents referring or relating to affiliate programs for Infonautics consumer

web sites.

7.    All documents referring or relating to any investigation of web properties that use

technology to track traffic for the purpose of advertising or bounty programs.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on October 13, 2005, I caused to

be electronically filed a true and correct copy of the foregoing document with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record, who were also served by **hand delivery** on the

same date:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue, 17th Floor
>Wilmington, DE 19801
>
>Karen L. Pascale, Esquire
>Bouchard Margules & Friedlander, P.A.
>222 Delaware Avenue, Suite 1400
>Wilmington, DE 19801

Additionally, on October 13, 2005, the foregoing document was served upon

the following counsel in the manner indicated:

### BY CM/ECF & FEDERAL EXPRESS

>Glenn A. Ballard, Jr., Esquire
>John F. Luman, III, Esquire
>Bracewell & Giuliani LLP
>711 Louisiana Street, Suite 2300
>Houston, TX 77002-2781
>
>Ronald J. Schutz, Esquire
>Niall A. MacLeod, Esquire
>Robins, Kaplan, Miller & Ciresi LLP
>2800 LaSalle Plaza
>800 LaSalle Avenue
>Minneapolis, MN 55402-2015

Date: 10/13/05

Karen E. Keller (No. 4489)