### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION, AND TUCOWS INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-1264 SLR |
| v. | ) ) | |
| AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., AND OVERSTOCK.COM, INC., | ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF INFONAUTICS CORPORATION'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO AMAZON.COM, INC.'S AND AMAZON SERVICES, INC.'S NOTICE OF DEPOSITION OF INFONAUTICS CORPORATION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Plaintiff Infonautics Corporation ("Infonautics") responds as follows to Defendant Amazon.com, Inc.'s and Amazon Services, Inc.'s ("Amazon.com") Notice of Deposition of Infonautics as follows:

### GENERAL RESPONSE AND OBJECTIONS

Infonautics makes the following General Objections to Amazon.com's Notice of Deposition of Infonautics Corporation pursuant to Fed. R. Civ. P. 30(b)(6), which may apply to any and all of the individual topics that have been noticed.

1.    Infonautics objects to the notice as not providing reasonable notice, pursuant to Fed. R. Civ. P. 30, and objects to the Sept. 20, 2005 date as being unduly burdensome. Infonautics' counsel will confer with Amazon.com's counsel to identify mutually agreeable dates.

2.      Infonautics objects to the notice to the extent that it sets the location of the deposition in Wilmington, Delaware.  Infonautics reserves the right to change the location of the deposition to Toronto, Canada, if that is more convenient, once the date and representative(s) are identified.

3.      Infonautics objects to the notice and to each topic to the extent that they seek information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.  This includes, but is not limited to, any and all topics that seek information relating to attorney advice or guidance regarding Infonautics' response to any of Defendants' discovery requests.

4.      Infonautics objects to the notice and to each topic to the extent they are unlimited in time and scope, vague, ambiguous, overly broad, unduly burdensome, harassing, cumulative, duplicative, or not reasonably calculated to lead to the discovery of admissible evidence.

5.      Infonautics objects to Definition B of "Infonautics" to the extent that it solicits information from Infonautics that is no longer obtainable or accessible and/or regards Infonautics prior to the effective date of the merger between Infonautics and Tucows in August 2001.

6.      Infonautics objects to Definition H of the phrase "relating to" as vague, ambiguous, overly broad and unduly burdensome to the extent it does not limit itself to information reasonably calculated to lead to the discovery of admissible evidence.

7.      Infonautics objects to each and every topic to the extent they impose obligations on Infonautics beyond the scope and obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court.

8.    Infonautics reserves the right to modify, supplement, add to or amend the responses to these topics to the extent required or permitted by the Federal Rules of Civil Procedure.

## OBJECTIONS TO TOPICS OF EXAMINATION

Infonautics makes the following additional objections to the individual topics that are requested for examination.

1.    Infonautics objects to Topic No. 1 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.  Infonautics also reasserts the objections set forth in its response to Amazon.com's Request for the Production of Documents.  Infonautics further objects to Topic No. 1 to the extent that it exceeds the scope of Netflix's Subpoena in a Civil Case to Infonautics beyond that agreed upon by Infonautics and Netflix.

2.    Infonautics objects to Topic No. 2 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.  Infonautics also reasserts the objections set forth in its response to Amazon.com's Request for the Production of Documents.  Infonautics further objects to Topic No. 2 to the extent that it exceeds the scope of Netflix's Subpoena in a Civil Case to Infonautics beyond that agreed upon by Infonautics and Netflix.

3.    Infonautics objects to Topic No. 3 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the

extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

4.    Infonautics objects to Topic No. 4 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

5.    Infonautics objects to Topic No. 5 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

6.    Infonautics objects to Topic No. 6 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

7.    Infonautics objects to Topic No. 7 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.  Infonautics further objects to Topic No. 7 as premature to the extent it relates to or calls for expert testimony long before expert reports are due, and to the extent it relates to, seeks, or effectively seeks Infonautics' claim construction contentions long before such contentions are due.

8.    Infonautics objects to Topic No. 8 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.  Infonautics further objects to Topic No. 8 as premature to the extent it relates to or calls for expert testimony long before expert reports are due, and to the extent it relates to, seeks, or effectively seeks Infonautics' claim construction contentions long before such contentions are due.

9.    Infonautics objects to Topic No. 9 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.  Infonautics further objects to Topic No. 9 as premature to the extent it relates to or calls for expert testimony long before expert reports are due.

10.    Infonautics objects to Topic No. 10 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

11.    Infonautics objects to Topic No. 11 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

12.    Infonautics objects to Topic No. 12 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

13.    Infonautics objects to Topic No. 13 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

14.    Infonautics objects to Topic No. 14 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege

and/or the work-product doctrine or any other privilege or immunity.

15.     Infonautics objects to Topic No. 15 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

16.     Infonautics objects to Topic No. 16 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

17.     Infonautics objects to Topic No. 17 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

18.     Infonautics objects to Topic No. 18 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

19.     Infonautics objects to Topic No. 19 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

20.     Infonautics objects to Topic No. 20 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

21. Infonautics objects to Topic No. 21 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

22. Infonautics objects to Topic No. 22 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

23. Infonautics objects to Topic No. 23 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

24. Infonautics objects to Topic No. 24 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

25. Infonautics objects to Topic No. 25 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

26. Infonautics objects to Topic No. 26 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

27. Infonautics objects to Topic No. 27 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the

extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

28.    Infonautics objects to Topic No. 28 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

29.    Infonautics objects to Topic No. 29 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

30.    Infonautics objects to Topic No. 30 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

31.    Infonautics objects to Topic No. 31 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

32.    Infonautics objects to Topic No. 32 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

33.     Infonautics objects to Topic No. 33 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

34.     Infonautics objects to Topic No. 34 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

35.     Infonautics objects to Topic No. 35 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

ASHBY & GEDDES

/s/ John G. Day

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19801
(302) 654-1888
*Attorneys for Plaintiffs*

Of Counsel:

Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER &
  CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated: October 13, 2005
162386.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2005, the attached **PLAINTIFF**

**INFONAUTICS CORPORATION'S SUPPLEMENTAL RESPONSES AND**

**OBJECTIONS TO AMAZON.COM, INC.'S AND AMAZON SERVICES, INC.'S**

**NOTICE OF DEPOSITION OF INFONAUTICS CORPORATION PURSUANT TO FED.**

**R. CIV. P. 30(b)(6)** was served upon the below-named defendants at the address and in the

manner indicated:

Josy W. Ingersoll, Esquire                                            <u>HAND DELIVERY</u>
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Jeffrey S. Love, Esquire                                              <u>VIA FEDERAL EXPRESS</u>
Klarquist, Sparkman, LLP
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR  97204

David J. Margules, Esquire                                            <u>HAND DELIVERY</u>
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

John F. Luman, III, Esquire                                           <u>VIA FEDERAL EXPRESS</u>
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781


                                        */s/ John G. Day*
                                        _____
                                        John G. Day