IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION, AND TUCOWS INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-1264 SLR |
| v. | ) ) ) | |
| AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., AND OVERSTOCK.COM, INC., | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF TUCOWS INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO AMAZON.COM, INC.'S AND AMAZON SERVICES, INC.'S NOTICE OF DEPOSITION OF TUCOWS, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Plaintiff Tucows, Inc. ("Tucows") responds as follows to Defendant Amazon.com, Inc.'s and Amazon Services, Inc.'s ("Amazon.com") Notice of Deposition of Tucows as follows:

**GENERAL RESPONSE AND OBJECTIONS**

Tucows makes the following General Objections to Amazon.com's Notice of Deposition of Tucows, Inc. pursuant to Fed. R. Civ. P. 30(b)(6), which may apply to any and all of the individual topics that have been noticed.

1.      Tucows objects to the notice as not providing reasonable notice, pursuant to Fed. R. Civ. P. 30, and objects to the Sept. 20, 2005 date as being unduly burdensome. Tucows' counsel will confer with Amazon.com's counsel to identify mutually agreeable dates.

2. Tucows objects to the notice to the extent that it sets the location of the deposition in Wilmington, Delaware. Tucows reserves the right to change the location of the deposition to Toronto, Canada, if that is more convenient, once the date and representative(s) are identified.

3. Tucows objects to the notice and to each topic to the extent that they seek information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity. This includes, but is not limited to, any and all topics that seek information relating to attorney advice or guidance regarding Tucows' response to any of Defendants' discovery requests.

4. Tucows objects to the notice and to each topic to the extent they are unlimited in time and scope, vague, ambiguous, overly broad, unduly burdensome, harassing, cumulative, duplicative, or not reasonably calculated to lead to the discovery of admissible evidence.

5. Tucows objects to Definition B of "Infonautics" to the extent that it solicits information from Tucows that is no longer obtainable or accessible and/or regards Infonautics prior to the effective date of the merger between Tucows and Infonautics in August 2001.

6. Tucows objects to Definition H of the phrase "relating to" as vague, ambiguous, overly broad and unduly burdensome to the extent it does not limit itself to information reasonably calculated to lead to the discovery of admissible evidence.

7. Tucows objects to each and every topic to the extent they impose obligations on Tucows beyond the scope and obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court.

8. Tucows reserves the right to modify, supplement, add to or amend the responses to these topics to the extent required or permitted by the Federal Rules of Civil Procedure.

## **OBJECTIONS TO TOPICS OF EXAMINATION**

Tucows makes the following additional objections to the individual topics that are requested for examination.

1.  Tucows objects to Topic No. 1 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity. Tucows also reasserts the objections set forth in its response to Amazon.com's Request for the Production of Documents. Tucows further objects to Topic No. 1 to the extent that it exceeds the scope of Netflix's Subpoena in a Civil Case to Tucows beyond that agreed upon by Tucows and Netflix.

2.  Tucows objects to Topic No. 2 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity. Tucows also reasserts the objections set forth in its response to Amazon.com's Request for the Production of Documents. Tucows further objects to Topic No. 2 to the extent that it exceeds the scope of Netflix's Subpoena in a Civil Case to Tucows beyond that agreed upon by Tucows and Netflix.

3.  Tucows objects to Topic No. 3 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

4. Tucows objects to Topic No. 4 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

5. Tucows objects to Topic No. 5 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

6. Tucows objects to Topic No. 6 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

7. Tucows objects to Topic No. 7 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity. Tucows further objects to Topic No. 7 as premature to the extent it relates to or calls for expert testimony long before expert reports are due, and to the extent it relates to, seeks, or effectively seeks Tucows' claim construction contentions long before such contentions are due.

8. Tucows objects to Topic No. 8 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity. Tucows further objects to Topic No. 8 as premature to the extent it relates to or calls for expert testimony long before expert reports are due, and to the extent it relates to, seeks, or effectively seeks Tucows' claim construction contentions long before such contentions are due.

9. Tucows objects to Topic No. 9 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege

and/or the work-product doctrine or any other privilege or immunity. Tucows further objects to Topic No. 9 as premature to the extent it relates to or calls for expert testimony long before expert reports are due.

10. Tucows objects to Topic No. 10 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

11. Tucows objects to Topic No. 11 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

12. Tucows objects to Topic No. 12 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

13. Tucows objects to Topic No. 13 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

14. Tucows objects to Topic No. 14 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

15. Tucows objects to Topic No. 15 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

16. Tucows objects to Topic No. 16 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

17. Tucows objects to Topic No. 17 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

18. Tucows objects to Topic No. 18 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

19. Tucows objects to Topic No. 19 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

20. Tucows objects to Topic No. 20 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

21. Tucows objects to Topic No. 21 as vague, ambiguous, overly broad, unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

22. Tucows objects to Topic No. 22 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

23. Tucows objects to Topic No. 23 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

24. Tucows objects to Topic No. 24 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

25. Tucows objects to Topic No. 25 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

26. Tucows objects to Topic No. 26 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

27. Tucows objects to Topic No. 27 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the

extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

28. Tucows objects to Topic No. 28 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

29. Tucows objects to Topic No. 29 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

30. Tucows objects to Topic No. 30 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

31. Tucows objects to Topic No. 31 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

32. Tucows objects to Topic No. 32 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.

33. Tucows objects to Topic No. 33 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

34. Tucows objects to Topic No. 34 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

35. Tucows objects to Topic No. 35 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

ASHBY & GEDDES

/s/ *John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(302) 654-1888
*Attorneys for Plaintiffs*

*Of Counsel:*

Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER &
  CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated: October 13, 2005
162387.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2005, the attached **PLAINTIFF TUCOWS INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO AMAZON.COM, INC.'S AND AMAZON SERVICES, INC.'S NOTICE OF DEPOSITION OF TUCOWS, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR 97204 | VIA FEDERAL EXPRESS |
| David J. Margules, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801 | HAND DELIVERY |
| John F. Luman, III, Esquire<br>Bracewell & Giuliani LLP<br>711 Louisiana Street, Suite 2300<br>Houston, TX 77002-2781 | VIA FEDERAL EXPRESS |

*/s/ John G. Day*
_____
John G. Day