IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS, INC.<br><br>　　Plaintiffs,<br><br>　　v.<br><br>AMAZON.COM, INC., AMAZON SERVICES, INC., AND OVERSTOCK.COM, INC.<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-1264-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Amazon.com, Inc. and Amazon Services, Inc., have served the attached subpoena.

Date: October 14, 2005

*/s/ Karen E. Keller*
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

-and-

Kristin L. Cleveland
Jeffrey S. Love
James E. Geringer
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

*Attorneys for Defendants*
*Amazon.com, Inc and Amazon Services, In*

AO 88 (Rev.11/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN  DISTRICT OF  CALIFORNIA

BTG International, Inc., Infonautics Corporation, and Tucows, Inc.
v.
Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., Barnesandnoble.com, Inc., Barnesandnoble.com LLC, and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1264 SLR (Dist. Del.)

TO: Andrew Conru
C/O Ira P. Rothken, Esq., Rothken Law Firm
1050 Northgate Drive, Suite 520
San Rafael, CA 94903

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Rothken Law Firm, 1050 Northgate Drive, Suite 520, San Rafael, CA 94903 (or at another agreed upon location) | 11/08/05 9:00AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
| --- | --- |
| Klarquist Sparkman, LLP, 121 SW Salmon Street, Suite 1600, Portland, OR 97204 (or at another agreed upon location) | 11/03/05 10:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | October 13, 2005 |
| ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER | |
| Todd M. Siegel   Klarquist Sparkman, LLP, 121 SW Salmon Street, | |
| (503) 595-5300   Suite 1600, Portland, OR 97204 | |

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1. "Conru" refers to Andrew Conru, W3, Inc., FriendFinder, Inc., FriendFinder Network, Inc., Internet Media Services, and any subsidiaries, divisions, affiliates, parents, successors, predecessors thereto, and any website controlled by Conru, and/or each of Conru's employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2. The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

## DOCUMENTS AND THINGS TO BE PRODUCED

1. All documents, source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, disclose, teach, or show any of the subject matter found in U.S. Patents 5,712,979 and 5,717,860 (attached hereto).

2. All documents, source code, computer files, and other materials (e.g., press releases, white papers, diagrams) authored or created prior to January 1, 1996 that describe the architecture of Conru's servers, systems, and/or business models.

3. All source code, computer files, and other materials (e.g., scripting code) for scripts or other code authored or created prior to January 1, 1996 that generates a link to another website and/or redirects a browser to the other website. E.g., code that generates link

Page 1 – Schedule A – Andrew Conru

www.othersite.com+code (where code is in the form of path or CGI parameter that identifies a Conru webstite) then causes browser to redirect to the other website.

4. All documents, source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, show, or explain user tracking, customer tracking, URL tracking, URL, or tracking the navigation path of a computer user.

5. All documents and things related to agreements between Conru and other websites or other entities related compensation for referrals.

6. All documents and things authored or created prior to January 1, 1996 related to online advertisements (including without limitation banner ads).

7. All documents and things authored or created prior to January 1, 1996 showing or describing the manner in which links to advertiser websites were identified.

8. All source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, show, or explain any use by Conru of any technology which used information stored in a URL to identify the source of a click-through from an online advertisement.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on October 14, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record, who were also served by **hand delivery** on the same date:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> Wilmington, DE 19801
>
> Karen L. Pascale, Esquire
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801

Additionally, on October 14, 2005, the foregoing document was served upon the following counsel in the manner indicated:

### BY CM/ECF & FEDERAL EXPRESS

> Glenn A. Ballard, Jr., Esquire
> John F. Luman, III, Esquire
> Bracewell & Giuliani LLP
> 711 Louisiana Street, Suite 2300
> Houston, TX 77002-2781
>
> Ronald J. Schutz, Esquire
> Niall A. MacLeod, Esquire
> Robins, Kaplan, Miller & Ciresi LLP
> 2800 LaSalle Plaza
> 800 LaSalle Avenue
> Minneapolis, MN 55402-2015

Date: October 14, 2005

Karen E. Keller (No. 4489)