IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL, INC., INFONAUTICS CORPORATION and TUCOWS INC., <br><br> *Plaintiffs*, <br><br> vs. <br><br> AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM, INC., BARNESANDNOBLE.COM LLC, and OVERSTOCK.COM, INC., <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § | C.A. No. 04-1264-SLR |

**CROSS NOTICE OF DEPOSITION TO TUCOWS, INC.
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE that beginning at 9:00 a.m., on October 27, 2005, at the Toronto Carpet Factory, Suite 101S, 77 Mowat Ave., Toronto, Ontario M6K 3E3, or at another mutually agreeable time, date, and location, Defendants, pursuant to Fed. R. Civ. P. 30(b)(6), will take the testimony of Plaintiff Tucows, Inc. on the matters listed in Schedule A, attached hereto.

Pursuant to Rule 30(b)(6), Tucows, Inc. is requested to designate one or more persons who "shall testify to matters known or reasonably available to" it on each of the subjects set forth in Schedule A. The deposition will be taken before an officer authorized to administer oaths and will be recorded by stenographic and videotape means, and will continue from day to day until completed. You are invited to attend and cross-examine.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Dated: October 19, 2005

/s/ Karen L. Pascale
David J. Margules (I.D. No. 2254)
 [dmargules@bmf-law.com]
Karen L. Pascale (I.D. No. 2903)
 [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
 *Attorneys for Defendant Overstock.com, Inc.*

OF COUNSEL:

Glenn A. Ballard, Jr.
John F. Luman, III
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2770
(713) 223-2300

## SCHEDULE A

## DEFINITIONS

A) "TUCOWS," "YOU" and "YOUR" refer to Tucows, Inc., its subsidiaries, divisions, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time. "TUCOWS" does not refer to or include "INFONAUTICS" prior to the effective date of the merger between TUCOWS and INFONAUTICS in August, 2001.

B) "INFONAUTICS" means Infonautics Corporation, its subsidiaries, divisions, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time. "INFONAUTICS" does not refer to or include "TUCOWS" prior to the effective date of the merger between TUCOWS and INFONAUTICS in August, 2001.

C) "BTG" means BTG International, Inc, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

D) "ALACRITUDE" means Alacritude LLC, Highbeam Research LLC, and Highbeam Research Corporation, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

E) "PROQUEST" means ProQuest Company, ProQuest Information and Learning, and ProQuest Business Solutions, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

F) As used herein, the term "DEFENDANTS" refers to one or more of the current or previous Defendants in this litigation including, but not limited to, Overstock.com, Inc., Amazon.com, Inc., Amazon Services, Inc. Barnesandnoble.com, Inc., Barnesandnoble.com, L.L.C., and Netflix, Inc., their successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives and others acting on behalf of one or more of the Defendants.

G) The phrase "PATENTS-IN-SUIT" refers to United States Patent Nos. 5,717,860 and 5,712,979, collectively.

H) The term "RELATED PATENT" means United States Patent Nos. 5,812,769 and 5,819,285, and any patent claiming priority from a patent application from which any of the PATENTS-IN-SUIT claims priority, any continuation, continuation in part, or divisional of a

patent application from which any of the PATENTS-IN-SUIT claims priority, and any foreign counterpart patent or patent application RELATING TO any of the above categories of patents or patent applications.

I)   The term "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

J)   The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

K)   "Any" shall mean one or more; "'each" shall mean "each and every."

## MATTERS UPON WHICH EXAMINATION IS REQUESTED

1.   The location of all documents responsive to DEFENDANTS' Request for the Production of Documents, including, but not limited to, Netflix's Subpoena in a Civil Case to TUCOWS, served on February 7, 2005, and Amazon.com's Request for the Production of Documents served on August 19, 2005.

2.   The search for and production of documents in response to DEFENDANTS' Request for the Production of Documents, including, but not limited to, Netflix's Subpoena in a Civil Case to TUCOWS, served on February 7, 2005, and Amazon.com's Request for the Production of Documents served on August 19, 2005.

3.   All communications, negotiations and discussions between TUCOWS and INFONAUTICS, prior to the merger of TUCOWS and INFONAUTICS in August, 2001, relating to the PATENTS-IN-SUIT or any RELATED PATENT.

4.   All communications, negotiations and discussions between TUCOWS and/or INFONAUTICS and Janney Montgomery Scott relating to the PATENTS-IN-SUIT or any RELATED PATENT.

5.   All communications, negotiations and discussions between TUCOWS and/or INFONAUTICS and Morgan, Lewis & Bockius, LLP relating to the PATENTS-IN-SUIT or any RELATED PATENT.

6.   All communications, negotiations and discussions between TUCOWS and/or INFONAUTICS and the law firm of Reed Smith relating to the PATENTS-IN-SUIT or any RELATED PATENT.

7.   All efforts undertaken by TUCOWS and/or INFONAUTICS to analyze or determine the validity or enforceability of the PATENTS-IN-SUIT or any RELATED PATENT.

8.   All efforts undertaken by TUCOWS and/or INFONAUTICS to investigate whether any person or entity was infringing the PATENTS-IN-SUIT or any RELATED PATENT.

9. All efforts undertaken by TUCOWS and/or INFONAUTICS to determine, estimate, analyze or evaluate the value of the PATENTS-IN-SUIT or any RELATED PATENT.

10. All efforts undertaken by TUCOWS and/or INFONAUTICS to license, commercialize, assign or sell the PATENTS-IN-SUIT or any RELATED PATENT.

11. All efforts undertaken by TUCOWS and/or INFONAUTICS to enforce the PATENTS-IN-SUIT or any RELATED PATENT.

12. All efforts undertaken by TUCOWS and/or INFONAUTICS to comply with the marking requirements of 35 U.S.C. §287(a) for the PATENTS-IN-SUIT or any RELATED PATENT.

13. All efforts undertaken by TUCOWS and/or INFONAUTICS to solicit and publish online advertisements on any website owned or operated by TUCOWS and/or INFONAUTICS, or on any third-party website.

14. All efforts undertaken by TUCOWS and/or INFONAUTICS to determine the commercial success of the PATENTS-IN-SUIT or RELATED PATENTS.

15. The conception, design, development and implementation of TUCOWS' affiliate program, if any.

16. The conception, design, development and implementation of INFONAUTICS' affiliate program.

17. All marketing efforts undertaken by INFONAUTICS directed to Prodigy, and all efforts to place or track advertisements on Prodigy and to track users on Prodigy.

18. All communications between TUCOWS and/or INFONAUTICS and Terry E. Graber relating to the PATENTS-IN-SUIT or any RELATED PATENT.

19. All communications between TUCOWS and/or INFONAUTICS and Joshua Kopelman relating to the PATENTS-IN-SUIT or any RELATED PATENT.

20. All communications between TUCOWS and/or INFONAUTICS and Edwin Howell Watkeys, III relating to the PATENTS-IN-SUIT or any RELATED PATENT.

21. All communications between TUCOWS and/or INFONAUTICS and Marvin I. Weinberger relating to the PATENTS-IN-SUIT or any RELATED PATENT.

22. All communications between TUCOWS and/or INFONAUTICS and Sheryl F. Namoglu relating to the PATENTS-IN-SUIT or any RELATED PATENT.

23. All communications between TUCOWS and/or INFONAUTICS and Thomas Damico relating to the PATENTS-IN-SUIT or any RELATED PATENT.

24. All communications between INFONAUTICS and/or TUCOWS and William Tobin relating to the PATENTS-IN-SUIT or any RELATED PATENT.

25. All communications between TUCOWS and/or INFONAUTICS and Cedarampattu ("Ram') S. Mohan relating to the PATENTS-IN-SUIT or any RELATED PATENT.

26. All communications between INFONAUTICS and Prodigy related to soliciting or publishing online advertisements, and tracking advertisements or users.

27. All communications, negotiations and discussions between TUCOWS and any other party, including but not limited to BTG, relating to any the PATENTS-IN-SUIT or any RELATED PATENT.

28. All communications, negotiations and discussions between TUCOWS and any other party, including but not limited to BTG, relating to any due diligence investigation by TUCOWS of the PATENTS-IN-SUIT or any RELATED PATENT.

29. All communications, negotiations and discussions between TUCOWS and BTG leading up to the execution of the Patent Assignment and Commercialization Agreement, allegedly entered into by TUCOWS and BTG in October, 2002.

30. All communications and discussions between TUCOWS and BTG relating to carrying out terms of the Patent Assignment and Commercialization Agreement, allegedly entered into by TUCOWS and BTG in October, 2002.

31. All communications and discussions between TUCOWS and any other party, including but not limited to BTG, relating to the termination provisions, set forth in Article VIII of the Patent Assignment and Commercialization Agreement, allegedly entered into by TUCOWS and BTG in October, 2002.

32. All evaluations or analysis performed or conducted by TUCOWS of the Patent Assignment and Commercialization Agreement, allegedly entered into by TUCOWS and BTG in October, 2002.

33. All communications, negotiations and discussions between TUCOWS and ALACRITUDE relating to the PATENTS-IN-SUIT or any RELATED PATENT.

34. All communications, negotiations and discussions between TUCOWS and PROQUEST relating to the PATENTS-IN-SUIT or any RELATED PATENT.

35. When INFONAUTICS first made available a website on the World-Wide Web (WWW) portion of the Internet.

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2005, I caused the foregoing *Cross Notice of Deposition to Tucows, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6)* to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
  *Attorneys for Plaintiff, BTG International, Inc.*

John W. Shaw, Esquire [jshaw@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc..*

I further certify that on October 19, 2005, I caused a copy of the foregoing document to be served by hand on the above-listed counsel, and that a copy was served on the following non-registered participants on the date and in the manner indicated:

### By E-mail on October 19, 2005

Niall A. MacLeod, Esquire [NAMacLeod@rkmc.com]
Michael A. Collyard, Esquire [MACollyard@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation and Tucows Inc.*

Kristin L. Cleveland, Esquire [kristin.cleveland@klarquist.com]
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

Dated: October 19, 2005

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ Karen L. Pascale*

David J. Margules (#2254) [dmargules@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
   *Attorneys for Defendant Overstock.com, Inc.*

2