IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS, INC.<br><br>          Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON SERVICES, INC., AND OVERSTOCK.COM, INC.<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1264-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that Amazon.com, Inc. and Amazon Services, Inc., have served the attached subpoena.

Date: October 24, 2005

*/s/ Karen E. Keller*
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801-0391
(302) 571-6600
kkeller@ycst.com

-and-

Kristin L. Cleveland
Jeffrey S. Love
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
495 Metro Place South, Suite 210
(503) 595 5300

*Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*



# KLARQUIST SPARKMAN, LLP
INTELLECTUAL PROPERTY LEGAL SERVICES • INCLUDING PATENTS, TRADEMARKS, COPYRIGHTS & LITIGATION • SINCE 1941

October 19, 2005

*Partners*
Lisa M. Caldwell
J. Christopher Carraway
Kristin L. Cleveland
James E. Geringer
Michael P. Girard
Joseph T. Jakubek
Stephen J. Joncus
Michael D. Jones, Ph.D.
Ramon A. Klitzke II
Jeffrey S. Love
Gregory L. Maurer
William D. Noonan, M.D.
David P. Petersen
Richard J. Polley
Kyle B. Rinehart
Wayne W. Rupert
Stacey C. Slater
Donald L. Stephens, Jr.
John D. Vandenberg
Stephen A. Wight
Garth A. Winn

*Senior Counsel*
Kenneth S. Klarquist
James S. Leigh
Arthur L. Whinston

*Of Counsel*
Robert C. Ryan *†
Michael N. Zachary

*Associates*
Theodore W. Baker
Patrick M. Bible
Michael L. Buckler
David Cash, Ph.D.
Scott E. Davis
B. Casey Fitzpatrick
Ryan C. Fox
Jared S. Goff
Debra A. Gordon, Ph.D.
Jeffrey B. Haendler
Tanya M. Harding, Ph.D.
Kevin M. Hayes
Ryan A. Heck, Ph.D. *†
Bryan J. Massey
Richard D. Mc Leod
Sunjay Y. Mohan *
Joseph M. Olsen
Samir N. Pandya *
Sheree Lynn Rybak, Ph.D.
Todd M. Siegel
A. Jonathan Vance
Justin D. Wagner
Gwynedd Warren, Ph.D.

*Registered Patent Agents**
Christopher L. Andon
Daniel H. Bell
Gillian L. Bunker, Ph.D.
Anne Carlson, Ph.D.
Cory A. Jones
Genie Lyons
Susan Alpert Siegel, Ph.D.
Travis Young, Ph.D.

**Not a Member of the Oregon Bar*

*†Only Klarquist Sparkman Attorneys Admitted to the Nevada Bar*

The Hearst Corporation
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

      RE:    <u>BTG International v. Amazon.com et al.</u>
               U.S. District Court Delaware Case No.: 04-1264

To Whom It May Concern:

    We represent Amazon.com in the above-referenced patent litigation pending in Delaware. Prior to serving the enclosed subpoena, we spoke with Bob Holly, in-house counsel for The Hearst Corporation, about this matter.

    We believe that in 1995, Hearst, in conjunction with some students from MIT, built an internet system that constitutes relevant prior art to the patents at issue in this case. The two Hearst websites that may be pertinent are http://mmnewstand.com and http://homearts.com. The enclosed subpoena requests documents related to that system, as well as a deposition of a Hearst representative pursuant to FRCP 30(b)(6) on December 15. A check for the witness fee is also enclosed. We understand that Jay Bobowicz, a current Hearst employee, may have some knowledge about the requested information.

    In the event Hearst is unable to locate any responsive documents, we would still like to take a short deposition to establish that a search for documents was performed, but responsive documents were not located.

    Please call so that we can answer any questions you may have and work out any scheduling concerns.

                                    Sincerely yours,

                                    KLARQUIST SPARKMAN, LLP

                                    Todd M. Siegel

TMS:trl
Enclosures

ONE WORLD TRADE CENTER • 121 S.W. SALMON STREET • SUITE 1600 • PORTLAND, OREGON 97204-2988 • U.S.A.
TELEPHONE: 503-595-5300 OR 503-226-7391 • FACSIMILE: 503-595-5301 OR 503-228-9446 • www.klarquist.com

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN     DISTRICT OF   NEW YORK

BTG International, Inc., Infonautics
Corporation, and Tucows, Inc.
    V.

Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
Barnesandnoble.com LLC, and Overstock.
com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1264 SLR (Dist. Del.)

TO: The Hearst Corporation
    c/o C T CORPORATION SYSTEM
    111 Eighth Avenue
    New York, New York 10011

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.    (Pursuant to FRCP 30(b)(6), See attached Schedule A)

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Bracewell & Giuliani, LLP, 1177 Avenue of the Americas, New York, NY 10036 (or at another agreed upon location) | 12/15/05 1:00 PM EST |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See attached Schedule B

| PLACE | DATE AND TIME |
| --- | --- |
| Bracewell & Giuliani, LLP, 1177 Avenue of the Americas, New York, NY 10036 (or at another agreed upon location) | 12/15/05 1:00 PM EST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* | DATE October 17, 2005 |
| --- | --- |
| ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER Todd M. Siegel   Klarquist Sparkman, LLP, 121 SW Salmon Street, (503)595-5300   Suite 1600, Portland, OR 97204 | |

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A
## TO SUBPOENA OF HEARST CORPORATION
## FOR DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

### SUBJECT MATTER OF EXAMINATION

1. The search for, authenticity of, and production of documents and things pursuant to the subpoena and requests for documents and things in Schedule B.

2. The document retention policy or policies of Hearst Corporation from 1994 to present, and the extent it was followed with respect to the subject matter requested in Schedule B.

3. The destruction or transfer to another person or entity of any document, email, correspondence, computer readable medium, source code, or object code that related or referred to, or contained any of the subjected matter requested in Schedule B.

4. The subject matter of the documents and things requested in Schedule B.

## SCHEDULE B

## INSTRUCTIONS

1. In producing documents and things, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2. Please produce electronic documents in an intelligible format together with a description of the system from which the format was derived sufficient to permit rendering of the materials intelligible.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1. "Hearst" refers to the Hearst Corporation, its subsidiaries, divisions, affiliates, parents, successors, predecessors, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2. The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

## DOCUMENTS AND THINGS TO BE PRODUCED

1.  For documents and other materials created or authored prior to December 31, 1996:

    (a) all documents, source code, computer files, and other materials related to Hearst's Multimedia Newsstand website (http://mmnewstand.com) (see Exhibit 1 attached hereto);

    (b) all documents, source code, computer files, and other materials related to Hearst's Home Arts website (http://homearts.com) (see Exhibit 2 attached hereto);

    (c) all documents, source code, computer files, and other materials (e.g., press releases, white papers, diagrams) describing architecture of Hearst's servers, systems, and/or business models;

    (d) all documents, source code, computer files, and other materials (e.g., scripting code) for scripts or other code on Hearst's server(s) to generate a link to another Web site and/or redirect a browser to the other Web site. E.g., code that generates link www.othersite.com+code (where code is in the form of path or CGI parameter that identifies a Hearst webstite) then causes browser to redirect to the other Web site;

    (e) all documents, source code, computer files, and other materials that show or explain user tracking, customer tracking, URL tracking, URL, or tracking the navigation path of a computer user;

    (f) all documents and things related to agreements between Hearst and other websites or other entity related compensation for referrals.

2.  All document retention policies of Hearst from 1994 to present.

3. All documents, correspondence, emails, and other materials related to the destruction or transfer to another person or entity of any document, email, correspondence, computer readable medium, source code, or object code that related or referred to any of the subjected matter requested herein.

# EXHIBIT 1

10/13/2005

**The Hearst Corporation**

# HEARST DEBUTS THE MULTIMEDIA NEWSSTAND ON THE INTERNET

NEW YORK, N.Y., January 24, 1995-The Hearst Corporation today launched "The Multimedia Newsstand," an on-line service which is now available to all users of the Internet, the worldwide computer network which connects millions of individual users, plus government agencies, corporations, libraries and universities, to each other through a web of hundreds of smaller networks.

Hearst's Multimedia Newsstand is an interactive shopping and entertainment service available to any user accessing the Internet's World Wide Web. The Multimedia Newsstand principally offers magazine subscriptions, as well as videotapes and audio CDs. The service later will be expanded to include the sale of CD-ROMs and other electronic products. A chief attraction of the service is entertainment features, including a daily adventure comic strip, a daily trivia quiz and a collectors' trading post. The Multimedia Newsstand is the first distribution initiative from Hearst's New Media & Technology Division and is designed to serve as the newsstand of the future.

"The Multimedia Newsstand is one of many new Internet services, but an important one for us," Frank A. Bennack, Jr., president and chief executive officer of The Hearst Corporation, said. "It is an attempt to merge traditional marketing and distribution services with innovative electronic options. We expect to learn a great deal from it."

The Multimedia Newsstand is a joint project of the Hearst New Media & Technology Division and the Hearst Magazines Division. It was developed in the Hearst New Media Center, a digital training and development facility at the Company's New York City headquarters.

"The Multimedia Newsstand is not only a place to buy media products; it is also a place to browse, be entertained, and communicate with others," said Alfred C. Sikes, president of the Hearst New Media & Technology Division. "When users enter The Multimedia Newsstand, they will be inviting a well-stocked newsstand right into their home."

The Multimedia Newsstand allows users to:

- Subscribe to more than 250 magazines, many at a substantial discount to newsstand prices;
- Search and select magazines by category such as Men's, Science & Technology, Sports, Automotive and numerous others;
- Trade collectibles such as comic books and baseball cards through The Multimedia Newsstand's "Swap Shoppe" feature;
- Browse through, or preview, selected text, photos and graphics, on the "Featured Magazines" page.

http://www.hearstcorp.com/news/01_24_1995.html

Page 1 of 2

AMZ-B00277044

10/13/2005

Appearing on the screen will be current or recent issues of at least two magazines each month. These could include Hearst magazines such as Popular Mechanics, Esquire, SmartMoney, Sports Afield, Cosmopolitan and Good Housekeeping, and/or magazines from other publishers. This selective position will be made available for a fee;

- View a daily adventure comic strip, "Secret Agent X," from King Features Syndicate, the leading syndicator of newspaper comic strips and a Hearst subsidiary;
- Purchase videocassettes and audio CDs. Users can search and select by categories such as Action-Adventure, Comedy, or How-To, from among more than 200 video titles. CD-ROMs and other electronic products will be offered in the future;
- Play a daily trivia quiz; and
- Post commentary and responses on an electronic bulletin board. Users can put photos on the board as well.

To access The Multimedia Newsstand, Internet users type the universal resource locator http://mmnewsstand.com.

Magazine subscriptions, videos and CD products can be purchased from The Multimedia Newsstand through any of four options: selecting a Bill Me option to which they will be asked to add their mailing address and Internet electronic mail address; faxing their order; calling an 800-number; or electronically by entering a credit card number.

Orders for subscriptions and products will be processed through Hearst's fulfillment company, Periodical Publishers' Service Bureau, Inc. (PPSB). PPSB is one of the largest fulfillment companies and annually handles more than 1 million magazine subscriptions to more than 500 titles.

The Multimedia Newsstand is a service mark of The Hearst Corporation.

▸ CLOSE WINDOW

http://www.hearstcorp.com/news/01_24_1995.html

Page 2 of 2

AMZ-B00277045

# EXHIBIT 2

10/13/2005

**The Hearst Corporation**

# HEARST LAUNCHES HOMEARTS, AN INNOVATIVE ON-LINE NETWORK FOCUSING ON THE HOME AND HOME LIFE

NEW YORK, N.Y., August 28, 1995 — An innovative and comprehensive on-line network focusing on the home and home life was launched today by Hearst New Media & Technology, an operating group of The Hearst Corporation. Named HomeArts, this electronic gathering place on the Internet's World Wide Web draws together information from well-known Hearst Magazines brands, such as Country Living, Good Housekeeping, Popular Mechanics, and Redbook, as well as a broad range of other companies.

HomeArts (http://homearts.com) will offer a diversity of information on topics such as food, decorating, design, entertaining, gardening, home repair, health, fitness, household management, and family relationships. Affiliated companies participating in HomeArts include Books That Work, a leading publisher of visualization products for the home and yard; Wine Navigator, an information service in which users can select a meal and receive advice on the best wine accompaniments; Homes & Land, which will provide real estate listings for 250 U.S. regions, and Lifestyle Software Group, which will provide food, nutrition and gardening information.

Accessibility is a key feature of HomeArts, with the network designed to offer users different paths to desired information. Users can choose a department such as food, home and garden, health, or relationships, and receive relevant information from all sources in HomeArts. They can select specific magazine titles or participating service companies by name. They can enter a key word or topic of interest, and access all relevant content in the entire network. And, finally, according to HomeArts' editor, Abe Dane, users can click on "Fresh Today" to review new information and features.

The diverse content includes features such as "A Buyers Guide to Microwave Ovens," "Peskiest Garden Problems," "A Tour of a Berkshire Barn," "Painted Furniture," and "How to Install Dry Wall," all from Hearst magazines; and columns such as "The People's Pharmacy" and "Kovel's Antique and Collecting Source," from Hearst's King Features Syndicate.

"Today's interactive services are either very narrow — a single title — or very broad — an aggregation of unrelated content," said Alfred C. Sikes, president of Hearst New Media & Technology. "HomeArts represents a new model, unified by a single focus on the home and home-life, and supported by comprehensive information and resources. I look forward to the rapid growth of HomeArts and the continued expansion of this service to those who are passionate about their home."

D. Claeys Bahrenburg, president of Hearst Magazines, added, "Traditionally, millions of readers across the country have depended on Hearst magazines for information about

http://www.hearstcorp.com/news/08_28_1995.html

Page 1 of 2

AMZ-B00277046

their home, their interests, and their lifestyle. Now, the magazine editors who understand their audiences' interests have taken these editorial franchises and developed another way to communicate with their readers. While technology will evolve, the source remains the same trusted voice readers have relied upon for years."

HomeArts will be advertiser supported and is working with a number of technology partners, including Netscape Communications, IBM, Sun Microsystems, and Oracle Systems, that are assisting with the software and hardware infrastructure for the network.

"HomeArts is a unique source of home-related information," said Kathryn Creech, HomeArts general manager. "It is a dynamic, engaging environment where visitors can quickly access information, consult the magazines they know and trust, locate products and services of interest, share ideas, and find solutions."

CLOSE WINDOW

## **CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on October 24, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Karen L. Pascale, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

I further certify that copies of the foregoing document were served by hand delivery on the above-listed counsel and on the following counsel in the manner indicated:

**BY CM/ECF & FEDERAL EXPRESS**

Glenn A. Ballard, Jr., Esquire
John F. Luman, III, Esquire
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781

Ronald J. Schutz, Esquire
Niall A. MacLeod, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

DB01:1850333.1                                                                                   063675.1001