IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.  04-1264-SLR |
| AMAZON.COM, INC., AMAZON SERVICES, INC., AND OVERSTOCK.COM, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Amazon.com, Inc. and Amazon Services, Inc.,

have served the attached subpoenas.

Date:  October 27, 2005

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

-and-

Kristin L. Cleveland
Jeffrey S. Love
James E. Geringer
Todd M. Siegel
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

*Attorneys for Defendants*
*Amazon.com, Inc and Amazon Services, In*

# EXHIBIT 1

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN____ DISTRICT OF ___CALIFORNIA

BTG International, Inc., Infonautics
Corporation, and Tucows, Inc.
                    V.
Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
Barnesandnoble.com LLC, and Overstock.
com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **04-1264 SLR (Dist. Del.)**

TO: David Koblas
729 Anderson Drive
Los Altos, CA 94024

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Ramada, Ltd., 55 Fairchild Drive, Mountain View, CA 94043 (or at another agreed upon location) | 11/09/05   9:00AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
| --- | --- |
| Ramada, Ltd., 55 Fairchild Drive, Mountain View, CA 94043 (or at another agreed upon location) | 11/09/05   9:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* | October 25, 2005 |

| ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER | |
| --- | --- |
| Todd M. Siegel (503)595-5300 | Klarquist Sparkman, LLP, 121 SW Salmon Street, Suite 1600, Portland, OR 97204 |

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

|  |  |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

|  |  |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.    The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents, source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, disclose, teach, or show any of the subject matter found in U.S. Patents 5,712,979 and 5,717,860 (attached hereto as Exhibits A and B).

2.    All documents, source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, show, or explain user tracking, customer tracking, URL tracking, URL, or tracking the navigation path of a computer user.

3.    All documents and things authored or created prior to January 1, 1996 related to online advertisements (including without limitation banner ads).

4.    All documents and things authored or created prior to January 1, 1996 showing or describing the manner in which links to advertiser websites were identified.

5.    All documents and things authored or created prior to January 1, 1996 related to www.yellow.com.

6.    All documents and things authored or created prior to January 1, 1996 relating or referring to Exhibit C, the internet posting at http://web.archive.org/web/19991008093843/www.i-m.com/archives/9410/0190.html, (attached hereto).

Page 1 – Schedule A – David Koblas

# EXHIBIT 2



# KLARQUIST SPARKMAN, LLP

INTELLECTUAL PROPERTY LEGAL SERVICES • INCLUDING PATENTS, TRADEMARKS, COPYRIGHTS & LITIGATION • SINCE 1941

*Partners*
Lisa M. Caldwell
J. Christopher Carraway
Kristin L. Cleveland
James E. Geringer
Michael P. Girard
Joseph T. Jakubek
Stephen J. Joncus
Michael D. Jones, Ph.D.
Ramon A. Klitzke II
Jeffrey S. Love
Gregory L. Maurer
William D. Noonan, M.D.
David P. Petersen
Richard J. Polley
Kyle B. Rinehart
Wayne W. Rupert
Stacey C. Slater
Donald L. Stephens, Jr.
John D. Vandenberg
Stephen A. Wight
Garth A. Winn

*Senior Counsel*
Kenneth S. Klarquist
James S. Leigh
Arthur L. Whinston

*Of Counsel*
Robert C. Ryan •†
Michael N. Zachary

*Associates*
Theodore W. Baker
Patrick M. Bible
Michael L. Buckler
Lane M. Chitwood
Scott E. Davis
B. Casey Fitzpatrick
Ryan C. Fox
Jared S. Goff
Debra A. Gordon, Ph.D.
Jeffrey B. Haendler
Tanya M. Harding, Ph.D.
Kevin M. Hayes
Ryan A. Heck, Ph.D.•†
Cory A. Jones
Bryan J. Massey
Richard D. Mc Leod
Sunjay Y. Mohan *
Samir N. Pandya *
Sheree Lynn Rybak, Ph.D.
Todd M. Siegel
A. Jonathan Vance
Justin D. Wagner
Jonathan M. Ward *
Gwynedd Warren, Ph.D.

*Registered Patent Agents *
Christopher L. Andon
Daniel H. Bell
Gillian L. Bunker, Ph.D.
Anne Carlson, Ph.D.
Ian J. Griswold, Ph.D.
Genie Lyons
Karen M. Morse, Ph.D.
Susan Alpert Siegel, Ph.D.
Travis Young, Ph.D.

*•Not a Member of
the Oregon Bar
†Only Klarquist Sparkman
Attorneys Admitted to the
Nevada Bar*

October 25, 2005

**<u>Via Hand Delivery</u>**
Andrew Conru
445 Sherman Avenue, Suite T
Palo Alto, CA 94306

RE:    BTG v. Amazon.com

Dear Mr. Conru:

Prior to serving you with this letter and enclosed subpoenas, we attempted to do so through your attorney, Ira Rothken, to avoid personal service. However, Mr. Rothken has not acknowledged receipt of these subpoenas, or that you will be available to provide a deposition at his office on November 8.

Although we are still amenable to taking your deposition at Mr. Rothken's office, we have reserved the Ramada Limited, 55 Fairchild Drive, Mountain View, CA, which is where we are taking other depositions during the same week. Thus, we look forward to seeing you on November 8, 2005 at 9:00 a.m. at the Ramada Limited, 55 Fairchild Drive, Mountain View, CA unless we hear from you or Mr. Rothken about scheduling your deposition for a different location.

Sincerely yours,

KLARQUIST SPARKMAN, LLP

*Todd M Siegel*

Todd M. Siegel

TMS:trl
Enclosures

ONE WORLD TRADE CENTER • 121 S.W. SALMON STREET • SUITE 1600 • PORTLAND, OREGON 97204-2988 • U.S.A.
TELEPHONE: 503-595-5300 OR 503-226-7391 • FACSIMILE: 503-595-5301 OR 503-228-9446 • www.klarquist.com

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN____ DISTRICT OF __CALIFORNIA

BTG International, Inc., Infonautics
Corporation, and Tucows, Inc.
                        V.

Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
Barnesandnoble.com LLC, and Overstock.
com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **04-1264 SLR (Dist. Del.)**

TO: Andrew Conru
    445 Sherman Avenue, Suite T
    Palo Alto, CA 94306

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ramada, Ltd., 55 Fairchild Drive, Mountain View, CA 94043 (or at another agreed upon location) | 11/08/05 9:00AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Ramada, Ltd., 55 Fairchild Drive, Mountain View, CA 94043 (or at another agreed upon location) | 11/08/05 9:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE October 25, 2005 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Todd M. Siegel    Klarquist Sparkman, LLP, 121 SW Salmon Street,
(503)595-5300     Suite 1600, Portland, OR 97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

    1.    "Conru" refers to Andrew Conru, W3, Inc., FriendFinder, Inc., FriendFinder Network, Inc., Internet Media Services, and any subsidiaries, divisions, affiliates, parents, successors, predecessors thereto, and any website controlled by Conru, and/or each of Conru's employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

    2.    The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

## DOCUMENTS AND THINGS TO BE PRODUCED

    1.    All documents, source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, disclose, teach, or show any of the subject matter found in U.S. Patents 5,712,979 and 5,717,860 (attached hereto).

    2.    All documents, source code, computer files, and other materials (e.g., press releases, white papers, diagrams) authored or created prior to January 1, 1996 that describe the architecture of Conru's servers, systems, and/or business models.

    3.    All source code, computer files, and other materials (e.g., scripting code) for scripts or other code authored or created prior to January 1, 1996 that generates a link to another website and/or redirects a browser to the other website. E.g., code that generates link

www.othersite.com+code (where code is in the form of path or CGI parameter that identifies a Conru webstite) then causes browser to redirect to the other website.

4.    All documents, source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, show, or explain user tracking, customer tracking, URL tracking, URL, or tracking the navigation path of a computer user.

5.    All documents and things related to agreements between Conru and other websites or other entities related compensation for referrals.

6.    All documents and things authored or created prior to January 1, 1996 related to online advertisements (including without limitation banner ads).

7.    All documents and things authored or created prior to January 1, 1996 showing or describing the manner in which links to advertiser websites were identified.

8.    All source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, show, or explain any use by Conru of any technology which used information stored in a URL to identify the source of a click-through from an online advertisement.

# EXHIBIT 3

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN ___ DISTRICT OF ___ CALIFORNIA

BTG International, Inc., Infonautics
Corporation, and Tucows. Inc.
          v.
Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
Barnesandnoble.com LLC, and Overstock.
com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **04-1264 SLR (Dist. Del.)**

TO: W3, Inc.
    c/o Andrew Conru
    445 Sherman Avenue, Suite T
    Palo Alto, CA 94306

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

        See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Ramada, Ltd., 55 Fairchild Drive, Mountain View, CA 94043 (or at another agreed upon location) | 11/08/05 9:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Todd M. Siegel* | October 25, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Todd M. Siegel      Klarquist Sparkman, LLP, 121 SW Salmon Street,
(503)595-5300      Suite 1600, Portland, OR 97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)  fails to allow reasonable time for compliance,

        (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv)  subjects a person to undue burden.

    (B)  If a subpoena

        (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.     "Conru" refers to Andrew Conru, W3, Inc., FriendFinder, Inc., FriendFinder Network, Inc., Internet Media Services, and any subsidiaries, divisions, affiliates, parents, successors, predecessors thereto, and any website controlled by Conru, and/or each of Conru's employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2.     The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

## DOCUMENTS AND THINGS TO BE PRODUCED

1.     All documents, source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, disclose, teach, or show any of the subject matter found in U.S. Patents 5,712,979 and 5,717,860 (see attachment to Subpoena to Andrew Conru).

2.     All documents, source code, computer files, and other materials (e.g., press releases, white papers, diagrams) authored or created prior to January 1, 1996 that describe the architecture of Conru's servers, systems, and/or business models.

3.     All source code, computer files, and other materials (e.g., scripting code) for scripts or other code authored or created prior to January 1, 1996 that generates a link to another website and/or redirects a browser to the other website. E.g., code that generates link

Page 1 – Schedule A – W3, Inc.

www.othersite.com+code (where code is in the form of path or CGI parameter that identifies a Conru webstite) then causes browser to redirect to the other website.

4.    All documents, source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, show, or explain user tracking, customer tracking, URL tracking, URL, or tracking the navigation path of a computer user.

5.    All documents and things related to agreements between Conru and other websites or other entities related compensation for referrals.

6.    All documents and things authored or created prior to January 1, 1996 related to online advertisements (including without limitation banner ads).

7.    All documents and things authored or created prior to January 1, 1996 showing or describing the manner in which links to advertiser websites were identified.

8.    All source code, computer files, and other materials authored or created prior to January 1, 1996 that describe, show, or explain any use by Conru of any technology which used information stored in a URL to identify the source of a click-through from an online advertisement.

# EXHIBIT 4

AO 88 (Rev.11/94)  Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN __ DISTRICT OF  NEW YORK

BTG International, Inc., Infonautics
Corporation, and Tucows, Inc.
                 v.

Amazon.com, Inc., Amazon Services, Inc.,
Netflix, Inc., Barnesandnoble.com, Inc.,
Barnesandnoble.com LLC, and Overstock.
com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **04-1264 SLR (Dist. Del.)**

TO: Matthew Olim
    115 E. 9th Street, Apt. 16B
    New York, NY 10003

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 216 E. 45th St., 8th Floor, New York, NY 10017(or at another agreed upon location) | 11/30/05 - 10:00AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

       See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Klarquist Sparkman, LLP, 121 SW Salmon Street, Suite 1600, Portland, OR 97204 (or at another agreed upon location) | 11/23/05 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | October 26, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Todd M. Siegel        Klarquist Sparkman, LLP, 121 SW Salmon Street,
(503)595-5300         Suite 1600, Portland, OR 97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## INSTRUCTIONS

1.      In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2.      Please produce electronic documents in an intelligible format together with a description of the system h m which it was derived sufficient to permit rendering of the materials intelligible.

3.      Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents ardor things are responsive.

4.      If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5.      If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

   a.      The date of such document or thing;
   b.      The place at which such document or thing was created and the medium involved;
   c.      The identity of each person who has custody or control of the document or thing;
   d.      The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;
   e.      The number of pages in any document and any attachments, or a full and complete description of any thing;
   f.      The identity of each person involved, together with his or her job title at the time of creation of the document or thing;
   g.      The subject matter of the document or thing;
   h.      The basis on which the privilege is claimed,
   i.      Whether any non-privileged matter is contained within the document or thing; and
   j.      The precise location of any redactions if the document or thing is redacted.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1.     The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, and representatives.

2.     The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

3.     The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

4.     The term "NNetflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

5.     The term "B&N" shall refer to Barnesandnoble.com, Inc. and is a publicly held corporation with its principal place of business in New York, NY, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorney s, or any predecessor with an interest.

6.     The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without

limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

7.     The term "CDNOW" shall refer to CDNOW, Inc. which was/is a publicly held corporation with its principal place of business in Philadelphia, Pennsylvania, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

8.     The terms "you," "your" or "Mr. Olim" shall refer to Matthew Olim, and includes, without limitation, his past and present partners, associates, agents, representatives, attorneys, employees, others acting or purporting to act on his behalf, any predecessor with an interest, and CDNOW.

9.     The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

10.     The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

11.     The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

Page 3 – Schedule A – Matthew Olim

12.    The term "patents-in-suit" shall refer to the following patents: United States Patent 5,712,979 and United States Patent 5,717,860.

13.    The term "this lawsuit" shall refer to the case *BTG International Inc. v. Amazon.com, Inc., et al.*, case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

14.    The term "WWW" shall mean the World Wide Web.

15.    The terms "online advertisement" or "online advertising" shall mean any advertisement placed on a World Wide Web ("WWW") site other than one's own WWW site including, but not limited to, banner ads, button ads, pop-ups, interstitials, e-mails, text links, HTML banners, rich media, video, audio, advertorials, toolbars, ad words, or screensavers that can direct a WWW user to one's own WWW sites.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents referring or relating to any alleged system used by you or CDNOW for identifying a WWW site that refers or directs or provides a link to a WWW user to yours or a CDNOW site.

2.    All documents referring or relating to any alleged system used by you or CDNOW for monitoring, evaluating, collecting, capturing, or gathering information related to online advertisements including, but not limited to, information related to the WWW site on which your or CDNOW online advertisements are placed.

3.    All documents referring or relating to any alleged system used by you or CDNOW to collect, capture, or gather of information related to referrals or WWW traffic from a WWW site to your site or a CDNOW WWW site.

4.    All documents referring or relating to any alleged system used by you or CDNOW for identifying referring WWW sites or referring URLs or hypertext links.

Page 4 – Schedule A – Matthew Olim

5.    All documents referring or relating to United States Patent 5,712,979 and/or United States Patent 5,717,860.

6.    All documents referring or relating to any events, facts, and documents concerning your knowledge of the patents-in-suit, BTG, Amazon.com, Amazon Services, Netflix, BW, Overstock or this lawsuit.

7.    All documents referring or relating to communications between you and any third party regarding BTG, Amazon.com, Amazon Services, Netflix, B&N, or Overstock and related to this lawsuit or the patents-in-suit.

8.    All documents referring to or relating to communications between you and Amazon.com, Amazon Services, Netflix, B&N or Overstock and related to this lawsuit or the patents-in-suit.

9.    All documents referring or relating to communications between you and Arnazon.com, Amazon Services, Netflix, B&N or Overstock regarding BTG and related to this lawsuit or the patents-in-suit.

10.    All documents referring or relating to any potential litigation between BTG and Amazon.com, Amazon Services, Nettle, B&N, Overstock.

11.    All documents referring or relating to communications between you and any third party regarding United States Patent 5,712,979 and/or United States Patent 5,717,860.

# EXHIBIT 5

AO 88 (Rev. 1/94) Subpoena in a Civil Case



Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

BTG International Inc., Infonautics Corporation,
and Tucows Inc.,

            Plaintiff

            v.

Amazon.com, Inc., Amazon Services, Inc
Barnesandnoble.com, Inc., Barnesandnoble.com LLC, and
Overstock.com, Inc.,

            Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]    **04-1264 SLR**

TO:    **Morgan Lewis**
       **1701 Market Street**
       **Philadelphia, PA  19103-2921**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **(Pursuant to F.R.C.P. 30(b)(6), See Schedule B attached).**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware  19801 (or another agreed location)** | 12/01/05 at 9:00 a.m. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See Schedule A attached

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware  19801 (or another agreed location) | 12/01/05 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure.  30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Karen E. Keller* <br> Karen E. Keller, counsel to Defendant Amazon.com, Inc. and Amazon Services, Inc. | 10/26/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karen E. Keller, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor,

PO Box 391, Wilmington, DE 19899-0391

Phone:  302-571-6600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.  All documents and things relating to any proposal related to any potential transaction between Tucows and Infonautics that are in the possession, custody or control of Skadden Arps, including but not limited to, any agenda or minutes of any meetings, whether formal, informal, in person, or otherwise, in connection therewith; all documents presented to or considered by Infonautics or Tucows, in connection therewith; and/or any analyses, studies, reports, opinions or other documents relating to the value of Infonautics, or its assets.

2.  All documents and things supplied to Tucows or Skadden Arps in connection with due diligence regarding the merger between Tucows and Infonautics.

3.  All documents referring or relating to the value of the patents-at-issue, including, but not limited to documents prepared or reviewed in connection with (a) any proposal by Tucows to merge with or acquire all the assets of Infonautics or; (b) the Agreement and Plan of Merger Among Infonautics Inc., Tucows Inc. and TAC Acquisition Corp.

4.  All documents referring to any communication between Skadden Arps and BTG International, Inc. concerning Tucows, Infonautics, or any patents owned by Tucows or Infonautics.

5.  All documents furnished to or received from Infonautics regarding possible strategic alternatives.

6.  All communications with Infonautics, Morgan Lewis & Bockius, Allen & Company, or any financial advisors to Tucows or Infonautics discussing, describing, relating to, referring to or concerning any purchase of any part or asset of Infonautics or any potential transaction between Tucows and Infonautics

7. All documents, including drafts thereof, relating to the purchase of all, any part, or any asset of Infonautics in connection with any potential transaction between Tucows and Infonautics.

8. All documents that describe, analyze, or evaluate Infonautics' then current or future intellectual property strategy.

9. All documents referring or relating to the value or royalties that could be derived from licensing any individual patents owned by Infonautics or by all or any part of Infonautics' patent portfolio.

10. All documents discussing, evaluating, or describing any patent owned by Infonautics, including without limitation, any valuations of any individual patents owned by Infonautics or by all or any part of Infonautics' patent portfolio.

11. All minutes, resolutions, notes, agendas, descriptions, or other similar documents describing, discussing, or concerning any meeting of any persons at Tucows that refers to or relates to the merger of Infonautics and Tucows or to the value of Infonautics or any of its assets.

12. All documents reflecting any valuations of Infonautics, or any part or asset of Infonautics.

13. All strategic plans, business plans, forecasts, projections, financial statements and operating statements for Infonautics.

14. All documents furnished to or received from Infonautics.

## DEFINITIONS AND INSTRUCTIONS

A.     If Morgan Lewis has no documents or things responsive to a particular category, please so state.

B.     If Morgan Lewis has documents or things responsive to a particular category that Morgan Lewis claims are privileged, please so state, and for each such document or thing, please identify: (a) the privilege claimed; (b) the nature of the document or thing (letter, memorandum, notes, etc.); (c) its date; (d) its author(s) and recipient(s), if any; (e) each and every person who has seen such document or thing or a portion of such document or things; and (f) a general description of the document or thing and its subject matter.

C.     "Morgan Lewis" as used herein means Morgan, Lewis & Bockius, LLP, and its subsidiaries and divisions and all employees, officers, directors, attorneys, agents or representatives thereof.

D.     "Patents-at-Issue" as used herein means U.S. Patent Nos. 5,712,979 and 5,717,860.

E.     "And" and "or" as used herein means "and/or" with the singular form being deemed to include the plural and vice versa.

F.     "Document" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but

is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail and all other electronic and digital forms of communication, however produced.

G.    "Refer to" and "relate to" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

H.    "Communication(s)" as used herein means any and all exchanges of information between two or more persons by any medium, including but not limited to documents, meetings, telephone conversations, correspondence, memoranda, contracts, agreements, computer, radio, telegraph, or verbal actions intended to or actually conveying information or data.

I.    "Infonautics" as used herein means Infonautics, Inc. and its subsidiaries and divisions and all employees, officers, directors, attorneys, agents or representatives thereof as Infonautics, Inc. existed before the effective date of the Agreement and Plan of Merger Among Infonautics Inc., Tucows Inc. and TAC Acquisition Corp.

J.    "Tucows" means Tucows, Inc. and its subsidiaries and divisions and all employees, officers, directors, attorneys, agents or representatives thereof as Tucows, Inc. existed before the effective date of the Agreement and Plan of Merger Among Infonautics Inc., Tucows Inc. and TAC Acquisition Corp.

K.     These document requests call for information (including any information contained in or on any document) that is known or available to Morgan Lewis, or in its possession, custody or control, including all information known or available to, or in the possession, custody or control of Morgan Lewis' agents, representatives, investigators, or any other person acting on behalf of Morgan Lewis or under the direction or control of Morgan Lewis or its attorneys or agents.

L.     The obligation to provide the information sought by these discovery requests, or parts thereof, is continuing within the requirements of Federal Rule of Civil Procedure 26(e).

## SCHEDULE B

### SUBJECT MATTER FOR EXAMINATION

1.    The search for, authenticity of, and production of documents and things pursuant to the subpoena and requests for documents and things in Schedule A.

2.    The document retention policy or policies of Morgan, Lewis and Bockius, LLP and the extent it was followed with respect to the subject matter of the documents requested in Schedule A.

3.    The destruction or transfer to another person or entity of any document, email, correspondence, computer readable medium, that related or referred to or contained any of the subject matter requested in Schedule A.

4.    The subject matter of the documents requested in Schedule A.

063675.1001

# EXHIBIT 6

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

BTG International Inc., Infonautics Corporation,
and Tucows Inc.,

           Plaintiff

                v.

Amazon.com, Inc., Amazon Services, Inc
Barnesandnoble.com, Inc., Barnesandnoble.com LLC, and
Overstock.com, Inc.,

           Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]    **04-1264 SLR**

TO:    **Skadden, Arps. Slate, Meagher & Flom LLP**
        **Four Times Square**
        **New York, NY 10038**

□ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **(Pursuant to F.R.C.P. 30(b)(6), See Schedule B attached)**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Bracewell & Giuliani, LLP., 1177 Avenue of the Americas, New York, NY 10036** | 11/29/05 at 9:00 a.m. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See Schedule A attched.

| PLACE | DATE AND TIME |
|---|---|
| **Bracewell & Giuliani, LLP., 1177 Avenue of the Americas, New York, NY 10036** | 11/29/05 at 9:00 a.m. |

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 10/26/05 |
|---|---|
| *Karen E. Keller* | |
| Karen E. Keller, counsel to Defendant Amazon.com, Inc. and Amazon Services, Inc. | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karen E. Keller, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor,
PO Box 391, Wilmington, DE 19899-0391
Phone: 302-571-6600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

      1.   All documents and things relating to any proposal related to any potential transaction between Tucows and Infonautics that are in the possession, custody or control of Morgan Lewis, including but not limited to, any agenda or minutes of any meetings, whether formal, informal, in person, or otherwise, in connection therewith; all documents presented to or considered by Infonautics or Tucows, in connection therewith; and/or any analyses, studies, reports, opinions or other documents relating to the value of Infonautics, or its assets.

      2.   All documents and things supplied to Morgan Lewis in connection with due diligence regarding the merger between Tucows and Infonautics.

      3.   All documents referring or relating to the value of the patents-at-issue, including, but not limited to documents prepared or reviewed in connection with (a) any proposal by Tucows to merge with or acquire all the assets of Infonautics or; (b) the Agreement and Plan of Merger Among Infonautics Inc., Tucows Inc. and TAC Acquisition Corp.

      4.   All documents referring to any communication between Morgan Lewis and BTG International, Inc. concerning Tucows, Infonautics, or any patents owned by Tucows or Infonautics.

      5.   All documents furnished to or received from Tucows regarding possible strategic alternatives.

      6.   All communications with Infonautics, Skadden, Arps, Slate, Meagher and Flom LLP, Allen & Company, or any financial advisor to Tucows or Infonautics discussing, describing, relating to, referring to or concerning any purchase of any part or asset of Infonautics or any potential transaction between Tucows and Infonautics.

7. All documents, including drafts thereof, relating to the purchase of all, any part, or any asset of Infonautics in connection with any potential transaction between Tucows and Infonautics.

8. All documents that describe, analyze, or evaluate Infonautics' then current or future intellectual property strategy.

9. All documents referring or relating to the value or royalties that could be derived from licensing any individual patents owned by Infonautics or by all or any part of Infonautics' patent portfolio.

10. All documents discussing, evaluating, or describing any patent owned by Infonautics, including without limitation, any valuations of any individual patents owned by Infonautics or by all or any part of Infonautics' patent portfolio.

11. All minutes, resolutions, notes, agendas, descriptions, or other similar documents describing, discussing, or concerning any meeting of any persons at Infonautics that refers to or relates to the merger of Infonautics and Tucows or to the value of Infonautics or any of its assets.

12. All documents reflecting any valuations of Infonautics, or any part or asset of Infonautics.

13. All strategic plans, business plans, forecasts, projections, financial statements and operating statements for Infonautics.

14. All documents furnished to or received from Tucows.

15. All documents that relate or refer to any licensing or royalty negotiations or agreements between Infonautics and any other party.

DEFINITIONS AND INSTRUCTIONS

     A.    If Skadden Arps has no documents or things responsive to a particular category, please so state.

     B.    If Skadden Arps has documents or things responsive to a particular category that Skadden Arps claims are privileged, please so state, and for each such document or thing, please identify: (a) the privilege claimed; (b) the nature of the document or thing (letter, memorandum, notes, etc.); (c) its date; (d) its author(s) and recipient(s), if any; (e) each and every person who has seen such document or thing or a portion of such document or things; and (f) a general description of the document or thing and its subject matter.

     C.    "Skadden Arps" as used herein means Skadden, Arps, Slate, Meagher & Flom LLP, and its subsidiaries, affiliates and divisions and all employees, officers, directors, attorneys, agents or representatives thereof.

     D.    "Patents-at-Issue" as used herein means U.S. Patent Nos. 5,712,979 and 5,717,860.

     E.    "And" and "or" as used herein means "and/or" with the singular form being deemed to include the plural and vice versa.

     F.    "Document" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but

is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail and all other electronic and digital forms of communication, however produced.

G.    "Refer to" and "relate to" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

H.    "Communication(s)" as used herein means any and all exchanges of information between two or more persons by any medium, including but not limited to documents, meetings, telephone conversations, correspondence, memoranda, contracts, agreements, computer, radio, telegraph, or verbal actions intended to or actually conveying information or data.

I.    "Infonautics" as used herein means Infonautics, Inc. and its subsidiaries and divisions and all employees, officers, directors, attorneys, agents or representatives thereof as Infonautics, Inc. existed before the effective date of the Agreement and Plan of Merger Among Infonautics Inc., Tucows Inc. and TAC Acquisition Corp.

J.    "Tucows" means Tucows, Inc. and its subsidiaries and divisions and all employees, officers, directors, attorneys, agents or representatives thereof as Tucows, Inc. existed before the effective date of the Agreement and Plan of Merger Among Infonautics Inc., Tucows Inc. and TAC Acquisition Corp.

063675.1001

K.    These document requests call for information (including any information contained in or on any document) that is known or available to Skadden Arps, or in its possession, custody or control, including all information known or available to, or in the possession, custody or control of Skadden Arps' agents, representatives, investigators, or any other person acting on behalf of Skadden Arps or under the direction or control of Skadden Arps or its attorneys or agents.

L.    The obligation to provide the information sought by these discovery requests, or parts thereof, is continuing within the requirements of Federal Rule of Civil Procedure 26(e).

## SCHEDULE B

### SUBJECT MATTER FOR EXAMINATION

1.      The search for, authenticity of, and production of documents and things pursuant to the subpoena and requests for documents and things in Schedule A.

2.      The document retention policy or policies of Skadden, Arps, Slate, Meagher & Flom LLP and the extent it was followed with respect to the subject matter of the documents requested in Schedule A.

3.      The destruction or transfer to another person or entity of any document, email, correspondence, computer readable medium, that related or referred to or contained any of the subject matter requested in Schedule A.

4.      The subject matter of the documents requested in Schedule A.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on October 27, 2005, I caused to

be electronically filed a true and correct copy of the foregoing document with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Karen L. Pascale, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

I further certify that copies of the foregoing document were served by hand

delivery on the above-listed counsel and on the following counsel in the manner indicated:

### BY CM/ECF & FEDERAL EXPRESS

Glenn A. Ballard, Jr., Esquire
John F. Luman, III, Esquire
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781

Ronald J. Schutz, Esquire
Niall A. MacLeod, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

063675.1001