## BOUCHARD MARGULES & FRIEDLANDER
A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOANNE P. PINCKNEY
COUNSEL
KAREN L. PASCALE
JOHN M. SEAMAN
DOMINICK T. GATTUSO
JAMES G. MCMILLAN, III

November 2, 2005

*Via Electronic Filing*

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

      RE:  *BTG International, Inc., et al. v. Amazon.com, Inc., et al.*,
            D. Del., C.A. No. 04-1264-SLR

Dear Chief Judge Robinson:

      I am writing today on behalf of Defendants Amazon.com, Inc., Amazon Services, Inc., and Overstock.com, Inc. in connection with the discovery conference at 4:30 p.m. today. There are several issues Defendants wish to raise, in addition to certain housekeeping issues. Defendants' counsel has raised each of these issues with Plaintiffs' counsel but we have not been able to resolve our differences.

### 1. Plaintiffs' Assertion of Privilege for Tucows Documents

      As the Court may recall, Plaintiff BTG originally provided Defendants with a 474-page privilege log, alleging 2246 documents were covered by one or more privileges. BTG asserts a "common interest" privilege as to a number of documents originally in the possession of Tucows/Infonautics, which were subsequently provided to BTG sometime around the time Tucows assigned the patents-in-suit to BTG. BTG's primary argument was that the Patent Assignment and Commercialization Agreement ("PACA") contained termination rights allowing Tucows to terminate and regain interest in the patents. The parties briefed this issue for the Court, and on July 6, 2005, the Court offered BTG two options: either produce the documents or join Tucows/Infonautics to the litigation. *See* July 6, 2005 Order (D.I. 157). BTG joined Tucows and Infonautics as parties.

      Defendants have since reviewed the Tucows/Infonautics documents, and deposed those parties. This evidence demonstrates that Tucows' "interest" is neither identical, nor "legal" (as is required to assert the common interest privilege), but rather is solely commercial in nature. In light of these and other facts developed since July 6, 2005, Defendants request the opportunity to brief why the common interest privilege does not apply to the communications logged by Plaintiff BTG and why the documents should be turned over to Defendants.

The Honorable Sue L. Robinson
November 2, 2005
Page 2

### 2. Plaintiffs' Assertion of Privilege for Third-Party Communications

The Court may also recall that Defendants questioned a number of documents on BTG's privilege log relating to internal BTG communications and documents not involving attorney communications with third parties. After the last discovery conference with the Court, BTG reviewed these privilege log entries (covering about 50 documents) and merely added the phrase "performed at the direction of Bradley Ditty, Esq." This is hardly meaningful or explanatory and in no way assists Defendants in determining if such documents are actually privileged. Defendants would request that the Court inspect these documents to determine if they are privileged.

BTG has also asserted privilege with respect to a number of communications with third-parties. BTG has continued to refuse to produce communications with Patent Logistics and Serissa Research, purported experts that BTG consulted long before this lawsuit ever commenced. Additionally, after our last discovery conference in June, BTG produced some communications with the marketing firms Firefly and Taylor Rafferty. BTG, however, has refused to produce the remainder of the documents it withheld due to a claim of privilege. There is no basis for the assertion of privilege regarding communications with third-party marketing companies. Defendants request the Court inspect these documents to determine if they are privileged.

### 3. Response to Overstock.com's Interrogatory No. 7 and Amazon.com's No. 9

Overstock.com and Amazon.com have fully answered BTG's Interrogatory Nos. 9 and 10 related to identification of prior art, providing detailed claim charts and descriptions of the invalidating prior art references. Both defendants have served interrogatories requesting BTG to identify the claim limitations not present in the prior art identified in detail in Defendants' answers to BTG's Interrogatory Nos. 9 and 10. To date, BTG has provided only objections, but no substantive response. Defendants request that the Court order BTG to respond.

### 4. "Confidential" Designation of Watkeys Deposition

Defendants took the deposition of Edwin Watkeys. At the end of the deposition, BTG designated the entire transcript "Confidential" under the protective order in this case. Overstock.com thereafter requested on September 14, 2005 that the transcript of the second day of the deposition and all of the public domain exhibits be de-designated. After getting no response, Overstock.com again requested de-designation on September 29, and October 28, 2005. BTG has not substantively responded.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
[kpascale@bmf-law.com]

cc: All counsel

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2005, I caused the foregoing *Agenda Letter to the Honorable Sue L. Robinson* to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

John W. Shaw, Esquire [jshaw@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

I further certify that on November 1, 2005, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and that a copy was served on the following non-registered participants by e-mail:

Niall A. MacLeod, Esquire [NAMacLeod@rkmc.com]
Michael A. Collyard, Esquire [MACollyard@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

Kristin L. Cleveland, Esquire [kristin.cleveland@klarquist.com]
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ Karen L. Pascale

Dated: November 1, 2005
_____
David J. Margules (#2254) [dmargules@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
  *Attorneys for Defendant Overstock.com, Inc.*