# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | ) | |
| INFONAUTICS CORPORATION, AND | ) | |
| TUCOWS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-1264 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC., AMAZON | ) | |
| SERVICES, INC., NETFLIX, INC., | ) | |
| BARNESANDNOBLE.COM INC., | ) | |
| BARNESANDNOBLE.COM LLC, AND | ) | |
| OVERSTOCK.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF BTG INTERNATIONAL, INC.'S RESPONSES AND OBJECTIONS
TO OVERSTOCK.COM, INC.'S AMENDED NOTICE OF RULE 30(b)(6)
<u>DEPOSITION OF PLAINTIFF BTG INTERNATIONAL, INC.</u>**

Plaintiff BTG International, Inc. ("BTG") responds as follows to Defendants Overstock.com, Inc., Amazon.com, Inc.'s and Amazon Services, Inc., Barnesandnoble.com, Inc., and Barnesandnoble.com, L.L.C. ("collectively "Defendants") Amended Notice of Deposition of BTG as follows:

## <u>GENERAL RESPONSE AND OBJECTIONS</u>

BTG makes the following General Objections to Defendants' Amended Notice of Rule 30(B)(6) Deposition of Plaintiff BTG International Inc. pursuant to Fed. R. Civ. P. 30(b)(6), which may apply to any and all of the individual topics that have been noticed.

1.     BTG objects to the notice and to each topic to the extent that they seek information protected by the attorney-client privilege and/or the work-product doctrine or any other privilege or immunity.  This includes, but is not limited to, any and all topics that seek

information relating to attorney advice or guidance regarding BTG's response to any of Defendants' discovery requests.

2.      BTG objects to the notice and to each topic to the extent they are vague, ambiguous, overly broad, unduly burdensome, harassing, cumulative, duplicative, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      BTG objects to Definition 16 of the phrase "relating to" as vague, ambiguous, overly broad and unduly burdensome to the extent it does not limit itself to information reasonably calculated to lead to the discovery of admissible evidence.

4.      BTG objects to each and every topic to the extent they impose obligations on BTG beyond the scope and obligations imposed by the Federal Rules of Civil Procedure or any Local Rule for this Court.

5.      BTG reserves the right to modify, supplement, add to or amend the responses to these topics to the extent required or permitted by the Federal Rules of Civil Procedure.

## OBJECTIONS TO TOPICS OF EXAMINATION

BTG makes the following additional objections to the individual topics that are requested for examination.

1.      The nature and terms of the relationship between BTG, Infonautics, and Tucows, including, but not limited to, how it relates to each of the following: (a) the subject matter of this lawsuit; (b) the '860 patent; (c) the '979 patent; and (d) ownership of any rights with respect to, or interest in, any of the claims asserted by Plaintiff in this Lawsuit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 1 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "the nature and terms of the relationship." BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent that BTG is able to understand the Topic.

2.    All valuations performed by or for any assignee of the Patents-in-Suit by any person or entity, including, but not limited to, valuations of the Patents-in-Suit, relating to any corporate financing, stock offering, stock sale, or transaction with any venture capital fund that was offered or considered by any assignee of the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 2 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll valuations performed by or for any assignee." BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic relating to BTG's knowledge if any, and only to the extent that BTG is able to understand the Topic.

3.    All valuations performed by or for Infonautics or Tucows by any person or entity, including, but not limited to, valuations of the Patents-in-Suit, relating to the merger transaction between Infonautics and Tucows.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 3 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll valuations," and "any person or entity" and to the extent it seeks "valuations" not performed by or for BTG.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic relating to BTG's knowledge if any, and only to the extent that BTG is able to understand the Topic.

4.    The ownership of the Patents-In-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 4 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG.  BTG further objects to this topic as vague, ambiguous, overly broad and indefinite as to time.  Subject to and without waiving the foregoing

objections, BTG will produce a witness for this Topic on information for which BTG has knowledge.

5.     The nature and terms of any past, expired, canceled, live, or current reversionary interest in the Patents-in-Suit held by Tucows, Infonautics, or any third party.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 5 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[T]he nature and terms of any past, expired, canceled, live, or current reversionary interest." BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG and to the extent it is duplicative or cumulative of previous testimony. Moreover, BTG objects to the extent this request seeks legal conclusions. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic relating to BTG's understanding, and only to the extent that BTG is able to understand the Topic.

6.     The circumstances under which BTG became aware of the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 6 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery

of admissible evidence.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic.

7.     The nature and terms under which BTG became the assignee of the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 7 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "nature and terms."  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent that BTG is able to understand the Topic.

8.     The substance of BTG's due diligence investigation relating to the Patents-in-Suit prior to becoming the assignee of the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 8 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this topic as vague, ambiguous and overly broad to the extent it refers to "the substance of BTG's due diligence investigation."  Subject to and without waiving the foregoing objections, BTG will produce a witness for this topic only to the extent that non privileged information is sought from the witness, and to the extent BTG understands the topic.

9.     The conception, reduction to practice, diligence between such conception and such reduction to practice, and the best mode of practicing the alleged inventions claimed or described in the Patents-in-Suit.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 9 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic to the extent it calls for legal conclusions or expert testimony.  Subject to and without waiving the foregoing objections, BTG will produce a witness to testify to information not calling for expert testimony to the extent it has knowledge of such information.  Moreover, BTG will produce an expert witness to testify to these issues at a time in accordance with the Federal Rules of Civil Procedure and the Court's scheduling order.

10.     The investigation, research, conception, evaluation, or development of the alleged inventions claimed or disclosed by the Patents-in-Suit.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 10 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG.  BTG also objects to the terms "investigation," "research," "evaluation" and "development" as vague and ambiguous.  BTG further objects to this topic to the extent it seeks legal conclusions or calls for expert testimony.  Subject to and without waiving the foregoing objections, BTG will produce an expert witness to

testify to these issues at a time in accordance with the Federal Rules of Civil Procedure and the Court's scheduling order and will produce a witness to testify to information not calling for legal conclusions or expert testimony to the extent BTG understands the topic and has knowledge of such information.

11.     All testing, analysis, trials, experiments or other work performed by BTG, or of which BTG is aware, to build any user navigation path tracking system.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 11 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the forgoing objections BTG will produce a witness to the extent it understands the Topic and has knowledge about the Topic.

12.     The design, structure, and operation of the alleged inventions described in the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 12 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as premature and improper to the extent it relates to or calls for expert testimony or legal conclusions.  BTG also further objects to the Topic as harassing, duplicative, and cumulative of testimony already given.  Subject to and without waiving the

foregoing objections, BTG will produce a witness for this Topic to testify to information not calling for expert testimony and to the extent BTG has knowledge of such information and understands the Topic.

13.     Inventorship of the Patents-in-Suit, including the identity of any inventor of the alleged inventions disclosed in the Patents-in-Suit, and their individual contributions to the subject matter and alleged inventions disclosed in the Patents-in-Suit, and the factual bases, if any, for BTG's assertions that Terry E. Graber, Joshua Kopelman, Edwin Howell Watkeys, III, and Marvin I. Weinberger invented or contributed to the alleged invention of the subject matter of the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 13 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG.  Moreover, each of the inventors has already been deposed by defendants.  As such, this Topic is duplicative, cumulative and harassing.  Subject to and without waiving the foregoing objections, BTG will produce a witness only to the extent it has knowledge of the Topic.

14.     All prior art relevant to the Patents-in-Suit, including all prior art considered during the prosecution of the Patents-in-Suit, whether disclosed to the U.S. Patent and Trademark Office or not, and all prior art cited to BTG, Infonautics, or Tucows, or identified or disclosed by any person or entity during or prior to this Lawsuit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 14 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll prior art relevant to the Patents-in-Suit."  BTG also objects to this Topic as premature and improper to the extent it relates to or calls for expert testimony and legal conclusions.  Subject to and without waiving these objections, BTG will produce an expert witness on this matter at a time in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order and BTG will produce a witness for this topic to testify to information not calling for expert testimony and to the extent BTG has knowledge of such information and understands the Topic.

15.    The prosecution of each and every patent or patent application related to the '860 patent, including, but not limited to, the patent applications filed in the United States and all correspondence to and from the U.S. Patent and Trademark Office for each application related to the '860 patent.  "Related to" is used herein as being (1) any application filed in the U.S. Patent and Trademark Office, or any foreign patent office, claiming the earliest filing date of the '860 patent and all foreign counterpart applications thereto; and (2) any application filed in the U.S. Patent and Trademark Office, or any foreign patent office, wherein the specification of the application is substantially similar, including without limitation, to the '860 patent, the '979 patent, U.S. Patent No.5,819,285, or U.S. Patent No. 5,812,769.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 15 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG. Moreover, BTG objects to the term "any application filed" as vague, ambiguous, overly broad and harassing. BTG also objects to this Topic as harassing and not likely to lead to the discovery of admissible evidence as BTG was not involved in the prosecution of the patents in suit or any related patents. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent BTG has knowledge of such information and understands the Topic.

16.     The prosecution of each and every patent or patent application related to the '979 patent, including, but not limited to, the patents applications filed in the United States and all correspondence to and from the U.S. Patent and Trademark Office for each application related to the '979 patent. "Related to" is used herein as being (1) any application filed in the U.S. Patent and Trademark Office, or any foreign patent office, claiming the earliest filing date of the '860 patent and all foreign counterpart applications thereto; and (2) any application filed in the U.S. Patent and Trademark Office, or any foreign patent office, where the specification of the application is substantial similar, including without limitation, to the '860 patent, the '979 patent, U.S. Patent No. 5,819,285, or U.S. Patent No. 5,812,769.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 16 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG.  Moreover, BTG objects to the term "any application filed" as vague, ambiguous, overly broad and harassing.  BTG also objects to this Topic as harassing and not likely to lead to the discovery of admissible evidence as BTG was not involved in the prosecution of the patents in suit or any related patents.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent BTG has knowledge of such information and understands the Topic.

17.    All efforts, if any, to exploit, attempt to exploit, commercialize, or attempt to commercialize the Patents-in-Suit, including, but not limited to, any sale, offer to sell, license, or offer to license any technology, product or service relating to the subject matter of the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 17 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll efforts, if any" and "exploit."  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic for information which it has knowledge of such information and to the extent that BTG is able to understand the Topic.

18.    All licensing of rights or attempted licensing activities to date, if any, under the Patents-in-Suit, including the identities of all persons or entities who have been contacted or offered

license to the Patents-in-Suit, or any alleged inventions disclosed therein, and all responses or proposals by any person or entity to those licensing efforts.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 18 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as the phrase "all persons or entities who have been contacted" is vague, ambiguous, overly broad and indefinite as to time and scope. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to testify to information for which it has knowledge.

19.    All licenses granted by BTG to any third party for use of the alleged inventions disclosed in the Patents-in-Suit, including: (a) the identity and number of licenses entered into; (b) royalties or other consideration received by BTG; (c) the nature, scope and terms of the licenses offered; (d) BTG's policies concerning licenses; and (e) BTG's position regarding royalty rates in the industry.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 19 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as premature and improperly calling for expert testimony. Subject to and without waiving the foregoing objections, BTG will produce an expert witness to testify to damages issues at a time in accordance with the Federal Rules of Civil Procedure and the Court's

Scheduling Order.  Moreover, BTG will produce a witness to testify to information not calling for expert testimony within this Topic to the extent BTG has knowledge of such information.

20.    All licenses granted by Infonautics to any third party for use of the alleged inventions disclosed in the Patents-in-Suit, including: (a) the identity and number of licenses entered into; (b) royalties or other consideration received by Infonautics; (c) the nature, scope and terms of the licenses offered; (d) Infonautics' policies concerning licenses; (e) Infonautics' position regarding royalty rates in the industry; and (f) whether or not this license and its rights and obligations were given, sold, assigned, or otherwise transferred to BTG.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 20 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic as duplicative, cumulative and harassing as defendants have already deposed Infonautics and Tucows on this Topic.  Subject to and without waiving its objections BTG will produce a witness on this Topic to the extent it has knowledge of such information and understands the Topic.

21.    All licenses granted by Tucows to any third party for use of the alleged inventions disclosed in the Patents-in-Suit, including: (a) the identity and number of licenses entered into; (b) royalties or other consideration received by Tucows; (c) the nature, scope and terms of the licenses offered; (d) Tucows' policies concerning licenses; (e) Tucows' position regarding royalty rates in the industry; and (f) whether or not this license and its rights and obligations were given, sold, assigned, or otherwise transferred to BTG.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 20 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic as duplicative, cumulative and harassing as defendants have already deposed Infonautics and Tucows on this Topic.  Subject to and without waiving its objections BTG will produce a witness on this Topic to the extent it has knowledge of such information and understands the Topic.

22.     All inquires, proposals or offers to purchase the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 22 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll inquires, proposals or offers" and indefinite as to time and scope.  BTG further objects to this Topic as harassing because Infonautics and Tucows have been deposed about their knowledge on this Topic.  BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG.  Subject to and without waiving  the foregoing objections, BTG will produce a witness for this Topic to the extent that BTG has knowledge of such information and is able to understand the Topic.

23.     BTG's first awareness of any Defendants' accused infringing product, service or activity.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 23 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic to the extent it calls for legal conclusions of expert testimony.  BTG also objects to this topic to the extent it calls for legal conclusions or expert testimony.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic.

24.     BTG's investigation of any Defendants' products, services, or activity prior to the filing of this Lawsuit, including, but not limited to, the identity of who performed the investigation and when it occurred.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 24 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to testify to non-privileged information, if any such information exists.

25.     BTG's explanation or identification of each Defendants' products, services or activity, and each element or component thereof, that BTG contends infringe any element of any Asserted Claim.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 25 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as premature and improper as it calls for expert testimony and legal conclusions. BTG further objects to this Topic as premature to the extent it seeks, or effectively seeks, BTG's claim construction contentions long before such contentions are due. Subject to and without waiving the foregoing objections, BTG states that it will produce a witness to testify to any non-privileged information and information not calling for expert testimony or claim construction, to the extent BTG has knowledge of any such information and to the extent BTG understands the Topic. Moreover, BTG will produce an expert to testify to information calling for expert testimony at a time in accordance with the Federal Rules of Evidence and this Court's Scheduling Order.

26.     The damages, if any, allegedly sustained by BTG as a result of any action of Defendants as alleged by BTG in this Lawsuit including the elements, amounts and methods for calculation thereof.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 26 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as premature and improper as it calls for expert testimony. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic for information not calling for expert testimony, to the extent BTG has knowledge of any such

information.  Moreover, BTG will produce an expert to testify at a time in accordance with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

27.     BTG's gross monthly revenues, if any, derived from any product or service covered by one or more claims of the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 27 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic.

28.     All revenue generated by BTG relating to the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 28 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic.

29.     BTG's financial performance (actual and projected) since inception including, but not limited to, capital investment, revenue, costs and expenses, amortization, gross and net profit or loss, cash flow, return on investment, the profits earned or losses suffered or expected by BTG.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 29 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome, and harassing to the extent it refers to "BTG's financial performance (actual and projected) since inception."  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, BTG will produce a witness on this Topic only if defendants can narrow the request.

30.    All revenues, profits, sales, and license fees that BTG has received, or expects to receive, as a result of making, selling, offering for sale, or licensing any user navigation path tracking system.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 30 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Moreover, BTG objects to this request as premature and improper to the extent it calls for expert testimony.  Subject to and without waiving the foregoing

objections, BTG will produce a witness for this Topic on information not calling for expert testimony and to the extent BTG understands the Topic.

31.     All revenues, profits, sales, and license fees that BTG has received, or expects to receive, as a result of making, selling, offering for sale, or licensing any alleged invention claimed in the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 30 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Moreover, BTG objects to this request as premature and improper to the extent it calls for expert testimony.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to testify to its knowledge of information not calling for expert testimony and to the extent BTG understands the Topic.

32.     Cost information concerning any user navigation path tracking system, including costs or expenses (fixed and variable) that BTG has incurred, is incurring, or expects to incur as a result of the lease, use, transfer, manufacture, offer for sale, providing to customers or sale of any such system.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 32 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic.

33.     Cost information concerning any method, product or service claimed or disclosed in the Patents-in-Suit, including costs or expenses (fixed and variable) that BTG has incurred, is incurring, or expects to incur as a result of the lease, use, transfer, manufacture, offer for sale, providing to customers or sale of ay method, product or service.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 33 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent BTG understands the Topic.

34.     Cost information concerning any alleged invention disclosed in the Patents-in-Suit, including costs or expenses (fixed and variable) that BTG has incurred, is incurring, or expects to incur as a result of the lease, use, transfer, manufacture, offer for sale, providing to customers or sale of any such alleged invention.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 33 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent BTG understands the Topic.

35.     Any monies, fees, royalties, payments or other consideration provided to any third party to develop all or any part of any alleged invention disclosed in the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 35 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this topic to the extent that it is cumulative and

duplicative of other Topics or Requests.  Subject to and without waiving the foregoing

objections, BTG will produce a witness for this Topic.

36.     Any monies, fees, royalties, payments or other consideration provided or promised to any

third party based on any award of damages as a result of this Lawsuit, or any license entered into

by BTG relating to the Patents-in-Suit.

**RESPONSE:**

        BTG incorporates by reference its general objections.  In particular, BTG objects to

Topic 36 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG

further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the

extent it refers to "other consideration."  BTG objects to this Topic to the extent it relates to

information that is not relevant to the subject matter of this action and to the extent that it is not

reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to

this topic to the extent that it is cumulative and duplicative of other Topics, Requests or

testimony.  Subject to and without waiving the foregoing objections, BTG will produce a witness

for this Topic to testify to non-privileged information to the extent BTG has knowledge of any

such information and to the extent that BTG is able to understand the Topic.

37.     BTG's licensing practices for any BTG licensed technology, method, product, or service

including without limitation:

        a.      the percentage of BTG license agreements that require a running royalty payment;

        b.      the percentage license agreements that require a lump sum payment;

c.      the percentage of BTG license agreements that provide for a flat rate royalty payment;

d.      the percentage of BTG license agreements with a lump sum payment that require a lump sum payment under $1,000,000.

e.      the percentage BTG license agreements with a lump sum payment that require a lump sum payment over $1,000,000.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 37 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "BTG's licensing practices for any BTG licensed technology, method, product, or service including without limitation" and to the extent it is indefinite as to time and scope. BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, BTG will produce a witness to testify to BTG's licensing practices for Internet technologies, to the extent any exist and to the extent BTG understands the Topic.

38.    The terms of all lump sum or flat rate license agreements entered into by BTG for any BTG licensed technology, method, product, or service.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 38 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "all lump sum or flat rate license agreements entered into by BTG for any BTG licensed technology, method, product, or service" and as it is indefinite in time and scope.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving the foregoing objections, BTG will produce a witness to testify to any BTG licenses for Internet technologies, to the extent any such licenses exist and BTG understands the Topic.

39.    All knowledge and information obtained by or for BTG prior to becoming an assignee of the Patents-in-Suit relating to any licensing activity, license terms, licenses offered, or licenses granted by Infonautics or Tucows.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 39 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic.

40.     Any non-infringing substitute or alternative to any alleged invention claimed or disclosed in the Patents-in-Suit of which BTG is aware or has been made aware of by any person or entity.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 40 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG.  BTG also objects to this Topic as premature and improper to the extent it relates to or calls for expert testimony or claim construction contentions.  BTG further objects to this Topic to the extent it calls for legal conclusions.  Subject to and without waiving the foregoing objections, BTG will produce a witness on this Topic to the extent it has knowledge of such information and understands the Topic.

41.     BTG's awareness of any third party's promotion or sale of any user navigation path tracking system or service.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 41 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic as the phrase "third party's promotion or sale of any" as vague, ambiguous, and overly broad.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent it understands the Topic.

42.     BTG's manufacturing, marketing, and distribution capacity to meet the demand for any user navigation path tracking system or any alleged invention claimed or disclosed in the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 42 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this Topic as the phrase "manufacturing, marketing, and distribution capacity to meet the demand for any" is vague, ambiguous, overly broad and unintelligible.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent it understands the Topic.

43.     Market demand for any user navigation path tracking system or alleged invention claimed or disclosed in the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 43 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG.  BTG also objects to this Topic as premature and improper to the extent it relates to or calls for expert testimony.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to testify to information not

calling for expert testimony and to the extent BTG has knowledge of this Topic and understands it.

44.     BTG's search for and efforts to produce any documents or information in this Lawsuit.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 44 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "any documents or information."  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic only after defendants have identified documents they believe are missing or portions of BTG's production defendants believe have been insufficient—just as defendants demanded BTG to do in the past.  BTG will consider producing a witness on this Topic only after counsel has had a chance to meet and confer if defendants make the requested identification.

45.     The locations searched for any documents or information requested from BTG by each of the Defendants in this Lawsuit.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 45 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "any documents or information requested from BTG".  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and

without waiving the foregoing objections, BTG will produce a witness for this Topic only after defendants have identified documents they believe are missing or portions of BTG's production defendants believe have been insufficient—just as defendants demanded BTG to do in the past. BTG will consider producing a witness on this Topic only after counsel has had a chance to meet and confer if defendants make the requested identification.

46.     Information relating to any person(s) or entity(ies) who searched for documents or information on BTG's behalf in this Lawsuit.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 46 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "Information relating to any person(s) or entity(ies)." Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic only after defendants have identified documents they believe are missing or portions of BTG's production defendants believe have been insufficient—just as defendants demanded BTG to do in the past. BTG will consider producing a witness on this Topic only after counsel has had a chance to meet and confer if defendants make the requested identification.

47.     The nature and basis for any assertion of privilege or protection for any document or information listed on BTG's privilege log.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 47 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG

further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome and

harassing.  BTG further objects to this Topic as calling for a legal conclusion.  Subject to and

without waiving the foregoing objection, unless defendants can narrow or limit the Topic to non-

privileged information or information not calling for a legal conclusion, BTG will not produce a

witness on this Topic.

48.     Information relating to any person(s) or entity(ies) who prepared BTG's answers to

Defendants' interrogatories in this Lawsuit.

**<u>RESPONSE:</u>**

BTG incorporates by reference its general objections.  In particular, BTG objects to

Topic 48 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG

further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the

extent it refers to "any person(s) or entity(ies)."  BTG further objects to this topic to the extent

that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving

the foregoing objections, BTG will produce a witness only to the identity of persons.

49.     All correspondence and communications between Plaintiff, and those acting on Plaintiff's

behalf, and any potential licensee or purchaser of Plaintiff related to the Patents-in-Suit.

**<u>RESPONSE:</u>**

BTG incorporates by reference its general objections.  In particular, BTG objects to

Topic 49 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG

further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the

extent it refers to "All correspondence and communication."  BTG further objects to this Topic

as cumulative and duplicative to the extent it seeks information pertaining to Infonautics and

Tucows for which BTG does not have knowledge.  Subject to and without waiving the foregoing

objections, BTG will produce a witness for this Topic on information for which BTG has

knowledge.

50.     The identification of any current or former employee of BTG with knowledge relating to

the Patents-in-Suit.

**RESPONSE:**

        BTG incorporates by reference its general objections.  In particular, BTG objects to

Topic 50 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG

further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the

extent it refers to "any current or former employee of BTG with knowledge relating to the

Patents-in-Suit."  BTG objects to this Topic to the extent it relates to information that is not

relevant to the subject matter of this action and to the extent that it is not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing

objections, BTG will produce a witness for this Topic to the extent that BTG is able to

understand the Topic.

51.     All information relating to the formation, structure, and organizations of BTG.

**RESPONSE:**

        BTG incorporates by reference its general objections.  In particular, BTG objects to

Topic 51 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG

further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll information" and is unlimited in time and scope. BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to testify to the current general structure and organization of BTG to the extent that it is able to understand the Topic.

52.     All information relating to any person(s) or entity(ies) who researched, investigated, suggested, determined, or approved filing this Lawsuit against each of the Defendants.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 52 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG further objects to this Topic as hopelessly vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll information." BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent that BTG is able to understand the Topic.

53.     The basis, if any, that provided support for, or was reviewed or relied upon by any person(s) or entity(ies) who researched, investigated, suggested, determined, or approved filing this Lawsuit against each of the Defendants.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 53 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic on non-privileged information to the extent any such information exists, and to the extent BTG understands the Topic.

54.    All information related to BTG or any related or affiliated entity that has ever tracked the navigation path of a user on the Internet.

**<u>RESPONSE</u>:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 54 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this Topic as hopelessly vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll information" and "any related or affiliated entity that has ever tracked the navigation path of a user on the Internet" and BTG does not understand what is being requested.  As such, BTG will not produce a witness on this

Topic unless defendants can rephrase their request in a comprehensible way for BTG to understand it.

55.     All information related to BTG or any related or affiliated entity that has ever tracked the navigation path of a user on the Internet prior to September 1995.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 55 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this Topic as hopelessly vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll information" and "any related or affiliated entity that has ever tracked the navigation path of a user on the Internet" and BTG does not understand what is being requested.  As such, BTG will not produce a witness on this Topic unless defendants can rephrase their request in a comprehensible way for BTG to understand it.

56.     All information related to any entity funded by BTG to perform research, investigate, study, analyze, develop, or commercialize the tracking of the navigation path of a user on the Internet.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 56 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll information." BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, BTG will produce a witness on this Topic to the extent it has any knowledge of such information and understands the Topic.

57.     All correspondence and communications between Plaintiff, and those acting on Plaintiff's behalf, and each of the following individuals relating to this Lawsuit:

     a.     Terry E. Graber;

     b.     Joshua Kopelman;

     c.     Edwin Howell Watkeys;

     d.     Marvin I. Weinberger;

     e.     Daniel H. Golub;

     f.     Madeleine Campbell;

     g.     Steven Laird;

     h.     Bruce Bernstein;

     i.     Anthony Lando;

     j.     Alice Burt;

     k.     Winfred Treese;

     l.     Sheryl F. Namoglu;

     m.     Thomas Damico;

     n.     James T. Beattie;

    o.      Lawrence A. Husick;

    p.      Michael S. Krupit;

    q.      Howard Morgan;

    r.      any current or former employee of Infonautics;

    s.      any current or former employee of Tucows; or

    t.      any current or former employee of Patent Logistics.

"Relating to the Lawsuit" as used herein shall include communications about the Lawsuit itself, about the facts relating to the Lawsuit, or about the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 57 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll correspondence and communications."  BTG objects to this Topic to the extent it relates to information that is not relevant to the subject matter of this action and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving  the foregoing objections, BTG will produce a witness for this Topic to the extent that BTG is able to understand the Topic.

58.    The basis, if any, for BTG's assertion that the prior art referenced, identified, or disclosed by the Defendants does not: (1) invalidate on an element by element basis each of the claims of the Patents-in-Suit; (2) make obvious any alleged invention claimed or disclosed in the Patents-in-Suit; (3) anticipate any alleged invention claimed or disclosed in the Patents-in-Suit; (4) make

the Patents-in-Suit invalid because the alleged invention was known or used by others in this country prior to investigation, research, conception, evaluation, and development of the alleged inventions claimed or disclosed by the Patents-in-Suit; (5) make the Patents-in-Suit invalid because the alleged invention was patented or described in a printed publication in any country prior to investigation, research, conception, evaluation, and development of the alleged inventions claimed or disclosed by the Patents-in-Suit; (6) make the Patents-in-Suit invalid because the alleged invention was patented or described in a printed publication in any country prior to September 20, 1994.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 58 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as premature and improper as it relates to and calls for expert testimony. BTG further objects to this Topic as premature to the extent it seeks, or effectively seeks, BTG's claim construction contentions long before such contentions are due. Subject to and without waiving the foregoing objections BTG will produce a witness to testify to non privileged information and information not calling for expert testimony only to the extent BTG has knowledge of such information. Moreover, BTG states that it will produce an expert witness to testify to matters within this Topic calling for expert testimony at a time in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

59.     The basis, if any, for Plaintiff's allegations of infringement by any of the Defendants of any Asserted Claim.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 59 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic as premature and improper as it relates to and calls for expert testimony.  BTG further objects to this Topic as premature to the extent it seeks, or effectively seeks, BTG's claim construction contentions long before such contentions are due.  Subject to and without waiving the foregoing objections BTG will produce a witness to testify to non privileged information and information not calling for expert testimony only to the extent BTG has knowledge of such information.  Moreover, BTG states that it will produce an expert witness to testify to matters within this Topic calling for expert testimony at a time in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

60.     BTG's construction of the claimed inventions of the Patents-in-Suit, including, but not limited to, any limitations or required elements of the claimed alleged inventions.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 60 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic as premature and improper as it relates to and calls for expert testimony.  BTG further objects to this Topic as premature to the extent it seeks, or effectively seeks, BTG's claim construction contentions long before such contentions are due.  Subject to and without waiving the foregoing objections BTG will produce a witness to testify to non-privileged information and information not calling for expert testimony only to the extent BTG

has knowledge of such information.  Moreover, BTG states that it will produce an expert witness to testify to matters within this Topic calling for expert testimony at a time in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

61.     The substance and factual support of BTG's answers to Defendants' interrogatories in this Lawsuit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 61 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG objects to this Topic to the extent it calls for information that is equally accessible to both parties or is more accessible to Overstock than to BTG.  BTG also objects to this Topic as premature to the extent it relates to or calls for expert testimony long before expert reports are due or to the extent it calls for BTG's claim construction contentions long before such contentions are due. BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic for information not calling for expert testimony or claim construction contentions, to the extent BTG has knowledge of any such information.

62.     The claims and allegations set forth in the Complaint, including, but not limited to, BTG's claims that Defendants infringe the Patents-in-suit, and whether and how such infringement is direct, contributory, through active inducement, or combination thereof.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 62 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as premature and improper as it relates to and calls for expert testimony. BTG further objects to this Topic as premature to the extent it seeks, or effectively seeks, BTG's claim construction contentions long before such contentions are due. Subject to and without waiving the foregoing objections BTG will produce a witness to testify to non-privileged information and information not calling for expert testimony or claim construction only to the extent BTG has knowledge of such information. Moreover, BTG states that it will produce an expert witness to testify to matters in this Topic calling for expert testimony at a time in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

63.     Whether BTG's construction used to determine if any Defendants' products, processes, methods or systems infringe any claimed alleged inventions of the Patents-in-Suit changed, been amended, or altered during the course of litigation.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 63 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG also objects to this Topic as premature and improper as it relates to and calls for expert testimony. BTG further objects to this Topic as premature to the extent it seeks, or effectively seeks, BTG's claim construction contentions long before such contentions are due. Subject to and without waiving the foregoing objections BTG will produce a witness to testify to non-privileged information and information not calling for expert testimony only to the extent BTG has knowledge of such information. Moreover, BTG states that it will produce an expert witness to testify to matters in

this Topic calling for expert testimony at a time in accordance with the Federal Rules of Civil

Procedure and the Court's Scheduling Order.

64.    The basis, if any, for BTG construing the Patents-in-Suit in a manner that any

Defendants' products, processes, methods, or systems infringe the claimed alleged inventions of

the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to

Topic 64 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG

also objects to this Topic as premature and improper as it relates to and calls for expert

testimony.  BTG further objects to this Topic as premature to the extent it seeks, or effectively

seeks, BTG's claim construction contentions long before such contentions are due.  Subject to

and without waiving the foregoing objections BTG will produce a witness to testify to non-

privileged information and information not calling for expert testimony only to the extent BTG

has knowledge of such information.  Moreover, BTG states that it will produce an expert witness

to testify to matters in this Topic calling for expert testimony at a time in accordance with the

Federal Rules of Civil Procedure and the Court's Scheduling Order.

65.    The substance and factual support for BTG's contention(s) that any Defendants'

infringement is willful, deliberate, or intentional.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to

Topic 65 to the extent it seeks information and documents protected by the attorney-client

privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG

also objects to this Topic as premature and improper to the extent it calls for expert testimony. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to testify to non privileged information which does not call for expert testimony, to the extent BTG has knowledge of any such information.

66.     The basis, if any, for Plaintiff's contention that the '860 patent is valid and/or enforceable.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 66 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic as premature and improper to the extent it calls for expert testimony. BTG also objects to this Topic to the extent that the burden of establishing the invalidity of any patent or claim in any patent rests on the party challenging the patent's validity, per 35 U.S.C. § 282.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to testify to non privileged information which does not call for expert testimony, to the extent BTG has knowledge of any such information.

67.     The basis, if any, for Plaintiff's contention that the '979 patent is valid and/or enforceable.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 67 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG also objects to this Topic as premature and improper to the extent it calls for expert testimony.

BTG also objects to this Topic to the extent that the burden of establishing the invalidity of any patent or claim in any patent rests on the party challenging the patent's validity, per 35 U.S.C. § 282. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to testify to non-privileged information which does not call for expert testimony, to the extent BTG has knowledge of any such information.

68.    All efforts undertaken by any assignee of the Patents-in-Suit to comply with the marking requirements of 35 U.S.C. § 287(a) for the Patents-in-Suit or any patent related to the Patents-in-Suit. "Related to" is used herein as being (1) any application filed in the U.S. Patent and Trademark Office, or any foreign patent office, claiming the earliest filing date of the '860 patent and all foreign counterpart applications thereto; and (2) any application filed in the U.S. Patent and Trademark Office, or any foreign patent office, wherein the specification of the application is substantial similar, including without limitation, to the '860 patent, the '979 patent, U.S. Patent No. 5,819,285, or U.S. Patent No. 5,812,769.

**RESPONSE:**

BTG incorporates by reference its general objections. In particular, BTG objects to Topic 68 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity. BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll efforts undertaken by any assignee of the Patents-in-Suit." BTG also objects to this Topic as cumulative and duplicative of other testimony already given. Moreover, BTG objects to this Topic to the extent it calls for legal conclusions. Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic to the extent that BTG has knowledge of any such information.

69.    All efforts undertaken by BTG to comply with the marking requirements of 35 U.S.C. § 287(a) for the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 69 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll efforts."  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests and to the extent it calls for legal conclusions.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic.

70.    The substance of BTG's due diligence investigation relating to compliance with the marking requirements of 35 U.S.C. § 287(a) for the Patents-in-Suit prior to BTG becoming the assignee of the Patents-in-Suit.

**RESPONSE:**

BTG incorporates by reference its general objections.  In particular, BTG objects to Topic 70 to the extent it seeks information and documents protected by the attorney-client privilege and/or the attorney work product doctrine or any other privilege or immunity.  BTG further objects to this Topic as vague, ambiguous, overly broad or unduly burdensome to the extent it refers to "[A]ll efforts."  BTG further objects to this topic to the extent that it is cumulative and duplicative of other Topics or Requests and the extent it calls for legal conclusions.  Subject to and without waiving the foregoing objections, BTG will produce a witness for this Topic.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER &
  CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated: November 7, 2005

163226.1

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2005, the attached **PLAINTIFF BTG INTERNATIONAL, INC.'S RESPONSES AND OBJECTIONS TO OVERSTOCK.COM, INC.'S NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF BTG INTERNATIONAL, INC.** was served upon the below-named defendants at the address and in the manner indicated:

Josy W. Ingersoll, Esquire                          HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Jeffrey S. Love, Esquire                            VIA FEDERAL EXPRESS
Klarquist, Sparkman, LLP
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR  97204

David J. Margules, Esquire                          HAND DELIVERY
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

John F. Luman, III, Esquire                         VIA FEDERAL EXPRESS
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781


                                        */s/ Tiffany Geyer Lydon*
                                        _____
                                        Tiffany Geyer Lydon