IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON SERVICES, INC., AND OVERSTOCK.COM, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1264-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that Amazon.com, Inc. and Amazon Services, Inc. have served the attached subpoena directed to CNET Network, Inc.

*[signature]*
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Rolin Bissell (No. 4478)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

– and –

Kristin L. Cleveland
Jeffrey S. Love
James E. Geringer
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

Dated: November 10, 2005

*Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BTG International, Inc., Infonautics Corporation, and Tucows, Inc.

v.

Amazon.com, Inc., Amazon Services, Inc., Netflix, Inc., and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-1264 SLR (Dist. Del.)

TO: CNET Networks, Inc.
c/o Sharon Le Duy
235 Second Street
San Francisco, CA 94105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.    Pursuant to FRCP 30(b)(6a), See Schedule A attached.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| CNET Networks, Inc., 235 Second Street, San Francisco, CA 94015 (or at another agreed upon location) | 12/09/05 9:00AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule B

| PLACE | DATE AND TIME |
|---|---|
| CNET Networks, Inc., 235 Second Street, San Francisco, CA 94015 (or at another agreed upon location) | 12/02/05 9:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Todd M. Siegel* (signature) | November 9 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Todd M. Siegel    Klarquist Sparkman, LLP, 121 SW Salmon Street,
(503)595-5300     Suite 1600, Portland, OR 97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A
## TO SUBPOENA OF CNET NETWORKS, INC.
## FOR DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

### SUBJECT MATTER OF EXAMINATION

1. The search for, authenticity of, and production of documents and things pursuant to the subpoena and requests for documents and things in Schedule B.

2. The document retention policy or policies of CNET Networks, Inc. from 1994 to present, and the extent it was followed with respect to the subject matter requested in Schedule B.

3. The destruction or transfer to another person or entity of any document, email, correspondence, computer readable medium, source code, or object code that related or referred to, or contained any of the subjected matter requested in Schedule B.

4. The subject matter of the documents and things requested in Schedule B.

## SCHEDULE B

## INSTRUCTIONS

1. In producing documents and things, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2. Please produce electronic documents in an intelligible format together with a description of the system from which the format was derived sufficient to permit rendering of the materials intelligible.

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1. "CNET" refers to CNET Networks, Inc., its subsidiaries, divisions, affiliates, parents, successors, predecessors, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2. The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

Page 1 – Schedule B – CNET Networks, Inc.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      For documents and other materials created or authored prior to December 31, 1995:

(a) all documents, source code, computer files, and other materials (e.g., scripting code) for scripts or other code on CNET's server(s) to generate a link to another website and/or redirect a browser to the other website; e.g., code that generates link www.othersite.com+code (where code is in the form of path or CGI parameter that identifies a website) then causes browser to redirect to another website;

(b) all documents, source code, computer files, and other materials that show or explain user tracking, customer tracking, URL tracking, URL, tracking the navigation path of a computer user, or placing ID tokens (or tags/codes) in URLs or website links;

(c) all documents referring or relating to any alleged system used by CNET for monitoring, evaluating, collecting, capturing, or gathering information related to online advertisements including;

(d) all documents referring or relating to any online advertisement agreements between CNET and Amazon.com; and

(e) all documents referring or relating to any alleged system used by Time for identifying referring WWW sites or referring URLs or hypertext links, or tagging of URLs for any purpose.

2.      All document retention policies of CNET from 1994 to present.

3.      All documents, correspondence, emails, and other materials related to the destruction or transfer to another person or entity of any document, email, correspondence,

Page 2 – Schedule B – CNET Networks, Inc.

computer readable medium, source code, or object code that related or referred to any of the subjected matter requested herein.

Page 3 – Schedule B – CNET Networks, Inc.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on November 10, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Karen L. Pascale, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

I further certify that copies of the foregoing document were served by hand delivery on the above-listed counsel and on the following counsel in the manner indicated:

### BY CM/ECF & FEDERAL EXPRESS

Glenn A. Ballard, Jr., Esquire
John F. Luman, III, Esquire
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781

Ronald J. Schutz, Esquire
Niall A. MacLeod, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com