# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 16, 2005

The Honorable Sue L. Robinson  
United States District Court  
844 North Kind Street,  
Wilmington, DE 19801

VIA ELECTRONIC FILING

RE: *BTG International Inc. v. Amazon.com, Inc.*  
C.A. No. 04-1264-SLR

Dear Chief Judge Robinson:

Yesterday, at the Court's direction, the parties to the above action submitted letter briefs concerning privilege issues that were raised by defendants during the November 2, 2005 discovery status conference in the above action. As to the first issue—whether communications between non-lawyers undertaken at an attorney's instruction are privileged—the Court instructed the parties to provide "a one-page letter, one or two cases from each party that would persuade me that the privilege is extended that way or not." (11/2 Transcript at 24) As to the second issue—whether certain communications with third-party consultants are privileged—the Court again instructed the parties to "give me the best case or two. I don't want a long explanation because I can read cases." (11/2 Transcript at 30) As to the third issue—whether the privilege was waived as to certain documents stored at a sublet facility—the Court directed the parties to further develop the facts: "If you are prepared to offer your version of the facts to me on those issues [on November 15th], that's fine. If there needs to be a different mechanism than this letter memorandum you're going to send me, then you should contact my office so we can have a telephone conference and determine how we're going to address the issue." (11/2 Transcript at 35)

Plaintiffs complied with the Court's instructions by: (1) briefly summarizing the first two issues and submitting their "best case or two" on each issue without further discussion; and (2) informing first the defendants, and then the Court, that plaintiffs needed an additional week to finish gathering the facts relevant to the third issue. Defendants, however, substantially ignored the Courts instructions by submitting a six-page, single-spaced letter that cited and discussed more than a dozen cases, and—despite having been advised by plaintiffs' counsel on Monday November 14, 2005 that plaintiffs were not yet in a position to address the "stored documents" issue—attached over thirty pages of exhibits addressing that topic.

Although we are reluctant to burden the Court with another issue in this matter, this is not the first time that defendants have knowingly ignored the Court's instructions at BTG's

The Honorable Sue L. Robinson
November 16, 2005
Page 2

expense,[1] and we fear it will not be the last <u>unless</u> the Court requires defendants to abide by its directives. Accordingly, plaintiffs respectfully request that the Court strike defendants' letter, or in the alternative, allow plaintiffs to submit a detailed response.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

JGD: nml
Attachment
163614.1

cc:  Clerk of the Court (by hand)
     John W. Shaw, Esquire (by hand)
     Karen L. Pascale, Esquire (by hand)
     Niall A. MacLeod, Esquire (via electronic mail)
     Michael A. Collyard, Esquire (via electronic mail)
     Kristin L. Cleveland, Esquire (via electronic mail)
     John F. Luman, III, Jr., Esquire (via electronic mail)

---

[1] *See* Tab 1 (email to the Court from Steven J. Balick, Esquire, responding to defendants' decision to ignore the Court's directive forbidding attachments to email submissions).