IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON SERVICES, INC., OVERSTOCK.COM, INC., <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 04-1264-SLR ) ) ) ) ) ) ) |

**NOTICE OF DEPOSITION AND SUBPOENA DIRECTED TO**
<u>**CNET NETWORKS, INC.**</u>

**PLEASE TAKE NOTICE** that pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Plaintiff BTG International Inc. will take the deposition of CNET Networks, Inc. on December 9, 2005, beginning at 9:00 a.m. at CNET Networks, Inc., 235 Second Street, San Francisco, CA 94105, or at a date, time, and place to be otherwise agreed upon. The deposition will be conducted before an officer authorized to administer oaths, and will continue from day-to-day thereafter until complete. The deposition will be recorded stenographically and may be recorded by videotape. You are invited to attend and examine the deponent.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiff BTG International Inc. will serve upon CNET Networks, Inc. a Subpoena in a Civil Case. Attached hereto is a true and correct copy of that Subpoena.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500

Dated: November 18, 2005

163751.1

AO 88 (Rev. 11/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN   DISTRICT OF   CALIFORNIA

BTG International Inc., Infonautics Corporation, and
Tucows, Inc.,

**SUBPOENA IN A CIVIL CASE**

Plaintiff(s),

Case Number:[1]  04-1264 SLR (Dist. of Del.)

V.

Amazon.com, Inc., Amazon Services, Inc., and
Overstock.com, Inc.,

Defendant(s).

TO:   CNET Networks, Inc.
c/o Sharon Le Duy
235 Second Street, San Francisco, CA 94105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Pursuant to FRCP 30(b)(6), See Schedule A attached.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| CNET Networks, Inc., 235 Second Street, San Francisco, CA 94015 (or at another agreed upon location) | 12/09/05 9:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule B

| PLACE | DATE AND TIME |
| --- | --- |
| Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Ave., Minneapolis, MN 55402 | 12/2/05 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| S. [signature] , Counsel for Plaintiff | November 17, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephanie L. Adamany, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Ave.
S., Minneapolis, MN 55402-2015, (612) 349-8500

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

|  DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) if a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## SUBJECT MATTER OF EXAMINATION

1. The search for, authenticity of, and production of documents and things pursuant to the subpoenas and requests for documents and things in Schedule B.

2. The document retention policy or policies of CNET Networks, Inc. from 1994 to present, and the extent it was followed with respect to the subject matter requested in Schedule B.

3. The destruction or transfer to another person or entity of any document, email, correspondence, computer readable medium, source code, or object code that related or referred to, or contained any of the subjected matter requested in Schedule B.

4. The subject matter of the documents and things requested in Schedule B.

MP3 20158434.1

## SCHEDULE B
## INSTRUCTIONS

1. In producing documents, provide all documents and things known or available to you, whether such documents or things are within your direct possession, custody, or control.

2. Please produce electronic documents in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

3. Please produce all responsive documents and things as you keep them in the ordinary course of business, or indicate the number of the request to which the documents and/or things are responsive.

4. If you have no documents or things responsive to a particular request, please list the number of the request and state that no such documents or things exist responsive to that request.

5. If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising your response identifying each such document by production number together with the following information:

   a. The date of such document or thing;
   b. The place at which such document or thing was created and the medium involved;
   c. The identity of each person who has custody or control of the document or thing;
   d. The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;
   e. The number of pages in any document and any attachments, or a full and complete description of any thing;
   f. The identity of each person involved, together with his or her job title at the time of creation of the document or thing;
   g. The subject matter of the document or thing;
   h. The basis on which the privilege is claimed;
   i. Whether any non-privileged matter is contained within the document or thing; and

j.  The precise location of any redactions if the document or thing is redacted.

## **DEFINITIONS**

For purposes of these requests, the following terms shall have the meaning set forth below.

1.  The term "BTG" shall mean BTG International Inc. and its officers, agents, employees, and representatives.

2.  The term "Amazon.com" shall refer to Amazon.com, Inc., a publicly held corporation with its principal place of business in Seattle, Washington, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

3.  The term "Amazon Services" shall refer to Amazon Services, Inc. and is a publicly held corporation with its principal place of business in Carson City, Nevada, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

4.  The term "Netflix" shall refer to Netflix, Inc. and is a publicly held corporation with its principal place of business in Los Gatos, California, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

5.  The term "B&N" shall refer to Barnesandnoble.com, Inc. and Barnesandnoble.com, LLC and includes, without limitation, their past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest. Barnesandnoble.com, Inc. is a publicly held corporation with its principal place of business in New York, NY, and Barnesandnoble.com LLC is managed by Barnesandnoble.com

Inc. and is a Delaware limited liability company, having its principle place of business located at 76 Ninth Avenue, New York, NY.

6. The term "Overstock" shall refer to Overstock.com, Inc. and is a publicly held corporation with its principal place of business in Salt Lake City, UT, and includes, without limitation, its past and present divisions, subsidiaries, directors, agents, representatives, employees, attorneys, or any predecessor with an interest.

7. "CNET" refers to CNET Networks, Inc., its subsidiaries, divisions, affiliates, parents, successors, predecessors, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

8. The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

9. The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

10. The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

11. The term "patents-in-suit" shall refer to the following patents: United States Patent 5,712,979 and United States Patent 5,717,860.

12. The term "related patents" shall refer to the following patents: United States Patent 5,819,285 and United States Patent 5,812,769.

13. The term "this case" shall refer to the case *BTG International Inc. v. Amazon.com, Inc., et al.*, case number 04-1264 (SLR), venued in the United States District Court for the District of Delaware.

## DOCUMENTS AND THINGS TO BE PRODUCED

1. For documents and other materials created or authored prior to December 31, 1995:

   a) all documents, source code, computer files, and other materials (e.g., scripting code) for scripts or other code on CNET's server(s) to generate a link to another website and/or redirect a browser to the other website; e.g., code that generates link www.othersite.com+code (where code is in the form of path or CGI parameter that identifies a website) then causes browser to redirect to another website;

   b) all documents, source code, computer files, and other materials that show or explain user tracking, customer tracking, URL tracking, URL, or tracking the navigation path of a computer user, or placing ID tokens (or tags/codes) in URLs or website links;

   c) all documents referring or relating to any alleged system used by CNET for monitoring, evaluating, collecting, capturing, or gathering information related to online advertisements including;

   d) all documents referring or relating to any online advertisement agreements between CNET and Amazon.com; and

e) all documents referring or relating to any alleged system used by Time for identifying referring WWW sites or referring URLs or hypertext links, or tagging of URLs for any purpose.

2. All document retention policies of CNET from 1994 to present.

3. All documents, correspondence, emails, and other materials related to the destruction or transfer to another person or entity of any document, email, correspondence, computer readable medium, source code, or object code that related or referred to any of the subjected matter requested herein.

4. All documents and things, source code and computer files, referring or relating to WWW or internet users being referred from one web site to a second web site, whereat the Uniform Resource Locator (URL) at the second web site contained information representative of the referring web site or the source of the referral.

5. All documents referring or relating to United States Patent 5,712,979 and/or United States Patent 5,717,860 and any related patents.

6. All documents referring or relating to any events, facts, and documents concerning your knowledge of the patents-in-suit or related patents, BTG, Amazon.com, Amazon Services, Netflix, B&N, Overstock or this case.

7. All documents referring or relating to any actual or potential litigation between BTG and Amazon.com, Amazon Services, Netflix, B&N, Overstock, Josh Kopelman, Terry Graber, Marvin Weinberger or Edwin Watkeys.

8. All documents referring or relating to communications between you and any third party regarding United States Patent 5,712,979 and/or United States Patent 5,717,860 and/or the related patents.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2005, the attached **NOTICE OF DEPOSITION AND SUBPOENA DIRECTED TO CNET NETWORKS, INC.** was served upon the below-named counsel for defendants at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR 97204 | VIA FEDERAL EXPRESS |
| David J. Margules, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801 | HAND DELIVERY |
| John F. Luman, III, Esquire<br>Bracewell & Giuliani LLP<br>711 Louisiana Street, Suite 2300<br>Houston, TX 77002-2781 | VIA FEDERAL EXPRESS |

/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon