IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL, INC.,<br>INFONAUTICS CORPORATION,<br>and TUCOWS INC.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AMAZON.COM, INC., AMAZON<br>SERVICES, INC., NETFLIX, INC.,<br>BARNESANDNOBLE.COM, INC.,<br>BARNESANDNOBLE.COM LLC, and<br>OVERSTOCK.COM, INC.<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 04-1264-SLR |

**DEFENDANT OVERSTOCK.COM'S MOTION  TO QUASH PLAINTIFF BTG'S
NOTICE OF DEPOSITION OF PATRICK BYRNE AND NOTICE OF DEPOSITION OF
<u>JONATHAN E. JOHNSON, III AND MOTION FOR PROTECTION</u>**

Pursuant to FED. R. CIV. P. 26(c), Defendant Overstock.com, Inc. ("Defendant" or

"Overstock.com") hereby moves the Court to quash the notices issued by Plaintiff BTG

International, Inc ("Plaintiff" or "BTG") for the deposition of two of Overstock.com's high-level

executives (President Patrick Byrne, *see* D.I. 289, filed November 10, 2005; and Senior Vice

President Jonathan E. Johnson, III, *see* D.I. 297, filed November 15, 2005), and for a protective

order precluding BTG from proceeding with those depositions.  As shown below, there is good

cause to prevent these high-level executive depositions .

### I. BACKGROUND

1.      On September 14, 2004, BTG sued Overstock.com and others for alleged

infringement of U.S. Patent No. 5,717,860, titled "Method and Apparatus for Tracking the

Navigation Path of a User on the World Wide Web." As a general proposition, the '860 patent is

directed to tracking a World Wide Web (WWW) user moving from one WWW page to another

by placing a "tracking tag" in the "URL,"[1] something numerous WWW sites were doing long before the September 20, 1995, filing date of the '860 patent. In general, claim 1 of the '860 patent claims the use of a "code" in a URL in a link in on a first website, that is received by a second website and used to determine the web user's navigation path.

      2.      Overstock.com is a leading Internet retailer that sells name-brand merchandise at clearance prices. Overstock.com purchases top quality excess-inventory from manufacturers, distributors, importers, retailers, e-tailers and catalog companies. These companies are commonly left with excess merchandise due to the uncertainty of predicting exactly what, when, and how much of their products will sell. After Overstock.com acquires the excess merchandise, it then sells these products through the Internet. As an online retailer, the holiday season is generally the busiest time of the year for Overstock.com.

      3.      Despite the fact that discovery has been ongoing for many months, to date, BTG has not taken a single deposition of an Overstock.com employee or representative, nor has it taken a deposition of any other Defendant in this matter. In fact, BTG began serving its notices of deposition on Overstock.com on November 10, barely two months before the close of discovery, setting numerous Overstock.com depositions for the peak shopping time between Thanksgiving and the end of December. As Overstock.com's counsel has expressed on numerous occasions to BTG's counsel, the fourth quarter, and December in particular, are very demanding on Overstock.com personnel due to the holiday shopping season. Despite this knowledge, BTG has waited until December to take Overstock.com's employee and corporate depositions.

---

[1] An example of a URL (or Universal Resource Locator) is http://www.ded.uscourts.gov/, which can be seen in the "address" line of Microsoft's Internet Explorer.

4.     Moreover, and particularly germane to this Motion, BTG noticed the deposition of Overstock.com's President, Patrick Byrne, and Senior Vice President, Jonathan E. Johnson III, high level executives who have no unique personal knowledge about this controversy.  As a result, Overstock.com seeks a protective order from this Court quashing the depositions of Mr. Byrne and Mr. Johnson.

## II.  ARGUMENT AND AUTHORITIES

5.     On November 10, 2005, BTG noticed the deposition of Patrick Byrne, President of Overstock.com, for December 8, 2005 in Houston, Texas.  (*See* Exhibit. A.)  BTG never consulted with Overstock.com's counsel regarding the deposition or date.   Then, on November 15, 2005, BTG noticed the deposition of Jonathan E. Johnson, III, Overstock.com's Senior Vice President, Corporate Affairs and Legal, for November 29, 2005 in Houston, Texas.  (*See* Exhibit B.)  Again, BTG never consulted with Overstock.com about this deposition or to determine if this was a convenient date.

6.     BTG should not be permitted to depose the President and Senior Vice President of Overstock.com.  Both are clearly apex depositions.  Mr. Byrne is the President of Overstock.com and has no unique personal knowledge regarding the technical internet patents that are at issue in this case. *See* Exhibit C, Byrne Aff.  Mr. Johnson is Senior Vice President and also has no unique personal knowledge. *See* Exhibit D, Johnson Aff.  BTG's last-minute deposition notices are nothing more than a burdensome and harassing tactic.  This is not permitted, as "Rule 26(b) gives the Court power to regulate harassing or burdensome depositions, and that unless a high level executive has unique personal knowledge about the controversy, the Court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive...." *Folwell v. Hernandez*, 210 F.R.D. 169 (M.D.N.C. 2002), citing *Baine v. General Motors*, 151 F.R.D. 332 (M.D. Ala. 1991).  Because Mr. Byrne and Mr. Johnson have

no unique personal knowledge, the Court should quash BTG's deposition notices.  FED. R. CIV. P. 26(c).

7.    Further, the Court should quash BTG's deposition notices because BTG never consulted on dates of the depositions, and because BTG seeks two days of testimony from each deponent—a full day more than prescribed under Fed. R. Civ. P. 30(d)(2).  Overstock.com has repeatedly informed BTG that during the fourth quarter, particularly the holiday season, Overstock.com's employees will be extremely busy and generally unavailable.  Nevertheless, BTG waited until the fourth quarter and noticed Overstock.com's President for deposition two weeks before Christmas and Overstock.com's Senior Vice President for the week after Thanksgiving, and demanded two days for each deposition.  The Court should not allow such a harassing tactic.  If BTG wishes to depose those Overstock.com employees who have knowledge of the facts and issues relevant to this matter, then BTG should consult with Overstock.com's counsel to determine convenient dates and set each deposition for one day, not to exceed seven hours.  Indeed, Overstock.com's counsel sent BTG's counsel a letter on November 21, 2005 setting forth the basis of this Motion and offering to consult on mutually convenient dates for substantive depositions.  *See* Exhibit E.  BTG has failed to respond.

WHEREFORE, Defendant Overstock.com respectfully requests that this Court enter an order, in the form attached hereto, quashing the Byrne and Johnson deposition notices (attached as Exhibits A and B), and precluding BTG from taking the depositions of those high-level Overstock.com executives.  Overstock.com requests all other relief to which it may be justly entitled.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ Karen L. Pascale*

Dated: November 22, 2005

David J. Margules (#2254) [dmargules@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
  *Attorneys for Defendant Overstock.com, Inc.*

OF COUNSEL:

Glenn A. Ballard, Jr.
John F. Luman, III
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781
(713) 223-2300

## CERTIFICATION PURSUANT TO D. DEL. LOCAL RULE 7.1.1

Pursuant to D. Del. Local Rule 7.1.1, the undersigned counsel for defendant Overstock.com, Inc. hereby certifies that lead counsel for Overstock.com, Inc. has made reasonable efforts but was unable to reach agreement with counsel for the plaintiffs on the subject of the foregoing motion.

Karen L. Pascale (#2903)

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2005, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

John W. Shaw, Esquire [jshaw@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

I further certify that on November 22, 2005, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and that a copy was served on the following non-registered participants by e-mail:

Niall A. MacLeod, Esquire [NAMacLeod@rkmc.com]
Michael A. Collyard, Esquire [MACollyard@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

Kristin L. Cleveland, Esquire [kristin.cleveland@klarquist.com]
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Dated:  November 22, 2005

*/s/ Karen L. Pascale*

David J. Margules (#2254) [dmargules@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
   *Attorneys for Defendant Overstock.com, Inc.*