IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION, AND TUCOWS, INC. | ) ) ) ) | **REDACTED PUBLIC VERSION** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC. AMAZON SERVICES, INC., NETFLIX INC., BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM, LLC, AND OVERSTOCK.COM, INC. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF BTG INTERNATIONAL INC.'S OPPOSITION TO DEFENDANT OVERSTOCK.COM, INC.'S MOTION TO QUASH PLAINTIFF BTG'S NOTICE OF DEPOSITION OF PATRICK BYRNE AND NOTICE OF DEPOSITION OF JONATHAN E. JOHNSON, III AND MOTION FOR PROTECTION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888

*Of Counsel:*

*Attorneys for Plaintiffs*

Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500

Dated: December 13, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION, AND TUCOWS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC. AMAZON SERVICES, INC., NETFLIX INC., BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM, LLC, AND OVERSTOCK.COM, INC. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF BTG INTERNATIONAL INC.'S OPPOSITION TO DEFENDANT OVERSTOCK.COM, INC.'S MOTION TO QUASH PLAINTIFF BTG'S NOTICE OF DEPOSITION OF PATRICK BYRNE AND NOTICE OF DEPOSITION OF JONATHAN E. JOHNSON, III AND MOTION FOR PROTECTION**

Overstock's motion to quash the notices of depositions of Jonathan E. Johnson and Patrick Byrne should be denied because both Mr. Johnson and Mr. Byrne possess unique personal knowledge relevant to the facts of this case. Indeed, Overstock's counsel himself stated on the record at a deposition that specific communications that Mr. Johnson had with BTG are reasonably calculated to lead to the discovery of admissible evidence. Overstock's counsel even questioned BTG's Vice President on the precise communications he had with Mr. Johnson. Additionally, Overstock's Patrick Byrne has made public statements about many facts relating to this case, including Overstock's on-line advertising and affiliate programs—which are directly related to Overstock's use of the patented technology.

1

## BACKGROUND

1. BTG is accusing Overstock of infringing U.S. Patent No. 5,717,860, entitled "Method for Tracking the Navigation Path of a User on the World Wide Web." (Compl. ¶ 11.) The '860 patent covers a method and apparatus for tracking the navigation path of a user that has been directed to a second site on the World Wide Web (WWW) from a first site on the WWW. Overstock uses technology covered by this patent to track the navigational paths of its customers in connection with its on-line advertising and on-line affiliate marketing programs.

2. Fact discovery does not close until January 16, 2006. Defendants have taken many depositions in this case including the individual deposition of BTG's in-house counsel, Brad Ditty, the individual deposition of BTG's Vice President, Scott Williams, as well as insisting on asking questions pertaining to the personal knowledge of Tucows' General Counsel Brenda Lazare, and Tucows' CEO, Elliot Noss, while they were being deposed as 30(b)(6) witnesses. Overstock has also noticed many other depositions that are not expected to take place until well into January, including the remaining 30(b)(6) deposition of BTG.

3. On November 10, 2005—more than two months before the close of fact discovery— BTG noticed the deposition of Patrick Byrne for December 8, 2005. On November 15, 2005, BTG noticed the deposition of Jonathan Johnson for November 29, 2005—this deposition was noticed only after Overstock's counsel maintained that Mr. Johnson's conversations with BTG are relevant to this case. Both of these depositions were timely noticed and each of the notices stated that depositions would take place on the dates proposed "or at a date, time, and place to be further agreed upon."[1] *See* Exhibits A and B. Moreover, the time

---

[1] BTG inadvertently stated in its notices that the depositions may last for two days. It only seeks to depose these witnesses for one 7 hour day at most.

between the notices and the proposed deposition dates were entirely reasonable. *See* Del. Loc. R. 30.1 (notice is reasonable if not less than 5 days before the deposition).

## ARGUMENT AND AUTHORITIES

<u>BTG's Notice of Deposition of Jonathan Johnson is necessary</u>

4. Just recently, on November 10, 2005, Overstock took the personal deposition of BTG's Vice President, Scott Williams. Throughout that deposition, Overstock's counsel questioned Mr. Williams about specific conversations he had with Overstock's Jonathan Johnson. For example, Overstock's counsel questioned Mr. Williams about a February 14, 2005 email he sent to Mr. Johnson under Rule 408 which discussed and attached a BTG damages model, prepared for purposes of discussing settlement with Mr. Johnson. This email was marked as Exhibit 129 to Mr. Williams' deposition. *See* Exhibit C; Exhibit D, p. at 205-228, p. 207 (21-22). Mr. Williams testified that this damages model was provided to Mr. Johnson only after Mr. Johnson specifically requested it. *See id.* at p. 218(23-24). In fact, Overstock's counsel even agreed on the record that Mr. Johnson was the one who received it. *See id.* at p. 212(7-10). Overstock's counsel then maintained that these communications between Mr. Johnson and Mr. Williams were indeed relevant to the claims and defenses involved in this litigation. In fact, Overstock's counsel admitted this in a discussion on the record with BTG's counsel during Overstock's deposition of BTG's in house counsel, Brad Ditty:

> MR. COLLYARD:   . . . you are saying that Exhibit Number 129 is relevant and reasonably calculated to lead to the discovery of admissible evidence
>
> MR. LUMAN: Presently I do. And that's why we took the testimony.

(Exhibit E, at p. 6(21-25).)

5. Overstock has not met its burden to quash the deposition of Mr. Johnson or to warrant a protective order in this instance. Indeed, Overstock insisted on deposing BTG's Vice

3

President on communications that Mr. Johnson had with him. Because Overstock maintained that these communications are relevant to this case, BTG must be afforded the opportunity to take discovery on them. *See Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) (in general, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party"); Fed. R. Civ. P. 26(a). Moreover, Mr. Johnson is the only witness for these types of communications because he is the one who had them with Mr. Williams.

6.  Overstock bases its entire argument on the assertion that Mr. Johnson has no unique personal knowledge to this case. While the evidence here is plainly to the contrary, Overstock's baseless assertion is irrelevant. Indeed, even a professed lack of knowledge does not constitute good cause and is insufficient to warrant quashing a deposition. *Naftchi v. New York Univ. Medical Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) (stating "[n]or, in ordinary circumstances, does it matter that the proposed witness is a busy person or professes lack of knowledge of the matters at issue, as the party seeking the discovery is entitled to test the asserted lack of knowledge"). Thus, under Overstock's own theory, Mr. Johnson has information that BTG is entitled to discover. His deposition is not only proper in this instance, it is necessary.

BTG's notice of deposition of Patrick Byrne is proper

7.  Mr. Byrne also has information relevant to the facts of this case that BTG is entitled to discover. He made many public statements concerning his personal knowledge about Overstock's on-line advertising and its on-line affiliate marketing programs. In fact, many of these statements go to the value of these programs, the use of the programs, changes made to the programs, and their effectiveness—undeniably, all relevant to the facts in this case. *See e.g.,* Exhibit F, *Industry Leaders Convene to Examine Trends and Share Key Success Strategies at*

4

*LinkShare Symposium*, Press Release, June 26, 2002 (stating "[a]ccording to Patrick Byrne, CEO of Overstock.com, '[w]e switched our affiliate marketing program from another provider to LinkShare three months ago and have already doubled affiliate revenue"); Exhibit G, *Mass Merchant/Department Stores: Winning by Leveraging More of What the Web Can Do*, Internet Retailer, December 4, 2004 (stating that "Overstock relies on both online ads and mass-media marketing" and quoting Patrick Byrne as stating "'about 75% of our advertising is done online and we're not afraid to pay for performance'"); Exhibit H, *Overstock Obsession*, Revenue Issue 4 ("Byrne sees his raft of affiliates as his not-so secret army to do battle with larger rivals like Amazon.com... 'A few ears ago, affiliates did $150,000 in sales a month. Now they do millions. It's not yet $10 million a month, but it will by the end of this year.'")

8. As with Mr. Johnson, Overstock has not met its burden to prove that the deposition of Mr. Byrne is improper for any reason. Overstock merely provides a self serving affidavit of Mr. Byrne to state that he has no knowledge of facts relevant to this case. These conclusory statements are not enough, however, to prevent this deposition from going forward. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (stereotyped, conclusory statements to prove good cause are insufficient); *U. S. v. Panhandle Eastern Corp.*, 118 F.R.D. 346, 350 (D. Del. 1988) (a protective order designed to place restrictions on discovery should not be issued unless the party seeking such order makes a particularized showing of good cause; conclusory allegations are "insufficient to meet the stringent requirements of Rule 26(c)").

<u>Overstock did not attempt to meet and confer before it brought this motion</u>

9. Contrary to Overstock's assertions, its counsel did not meet and confer with BTG's counsel on these depositions. In fact, although BTG's counsel told Overstock's counsel

5

in a telephone conversation that it would consider attempting to take a 30(b)(6) deposition of topics relating to Mr. Byrne—while reserving its rights to take Mr. Byrne's deposition if the appropriate information was not discovered through the 30(b)(6) witness—Overstock's counsel went ahead and filed this motion without consulting BTG's counsel. Overstock merely threatened to bring this motion in a letter and then filed it less than 24 hours later, without discussing the issues with BTG's counsel.

## CONCLUSION

For the reasons discussed above, Overstock's motion to quash the notices of the depositions of Mr. Johnson and Mr. Byrne and its motion for a protective order should be denied.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

**ROBINS, KAPLAN, MILLER & CIRESI LLP**
Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500

Dated: December 7, 2005
164376.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL, INC., INFONAUTICS CORPORATION, AND TUCOWS INC.<br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. AMAZON SERVICES, INC., NETFLIX INC., BARNESANDNOBLE.COM INC. BARNES ANDNOBLE.COM LLC, AND OVERSTOCK.COM, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-1264 SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING DEFENDANT OVERSTOCK.COM, INC.'S MOTION TO QUASH BTG'S NOTICE OF DEPOSITION OF PATRICK BYRNE AND NOTICE OF DEPOSITION OF JONATHAN E. JOHNSON, III AND MOTION FOR PROTECTION**

This ___ day of _____, 2005, Plaintiff BTG International Inc. having filed its opposition to Overstock.com's "Motion to Quash Plaintiff BTG's Notice of Deposition of Patrick Byrne and Notice of Deposition of Jonathan E. Johnson, III and Motion for Protection" (D.I. _____); and the Court having considered the submissions of the parties and finding that good cause has not been shown therefore;

IT IS HEREBY ORDERED that Overstock.com's motions to quash the Notices of Depositions of Patrick Byrne and Johnathan Johnson and motion for protection are DENIED.

_____<br>
UNITED STATES DISTRICT JUDGE

164377.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 13th day of December, 2005, the attached **REDACTED PUBLIC VERSION OF PLAINTIFF BTG INTERNATIONAL INC.'S OPPOSITION TO DEFENDANT OVERSTOCK.COM, INC.'S MOTION TO QUASH PLAINTIFF BTG'S NOTICE OF DEPOSITION OF PATRICK BYRNE AND NOTICE OF DEPOSITION OF JONATHAN E. JOHNSON, III AND MOTION FOR PROTECTION** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | <u>HAND DELIVERY</u> |
| Jeffrey S. Love, Esquire<br>Klarquist, Sparkman, LLP<br>One World Trade Center, Suite 1600<br>121 S.W. Salmon Street<br>Portland, OR  97204 | <u>VIA FEDERAL EXPRESS</u> |
| David J. Margules, Esquire<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE  19801 | <u>HAND DELIVERY</u> |
| John F. Luman, III, Esquire<br>Bracewell & Giuliani LLP<br>711 Louisiana Street, Suite 2300<br>Houston, TX 77002-2781 | <u>VIA FEDERAL EXPRESS</u> |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon