IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION, AND TUCOWS INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1264 SLR |
| AMAZON.COM, INC. AMAZON SERVICES, BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM, LLC, AND OVERSTOCK.COM, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

**REDACTED: PUBLIC VERSION**
**PLAINTIFFS' MOTION FOR LEAVE TO BE HEARD AND FOR**
**CLARIFICATION REGARDING THE COURT'S DECEMBER 2, 2005 ORDER**
<u>**AND FOR A PARTIAL STAY PENDING THE COURT'S DECISION**</u>

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*                    *Attorneys for Plaintiffs*

**ROBINS, KAPLAN, MILLER & CIRESI LLP**
Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500

Dated: December 20, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION, AND TUCOWS INC., | ) ) ) | **REDACTED:** <br> **PUBLIC VERSION** |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC. AMAZON SERVICES, BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM, LLC, AND OVERSTOCK.COM, INC. | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO BE HEARD AND FOR
CLARIFICATION REGARDING THE COURT'S DECEMBER 2, 2005 ORDER
AND FOR A PARTIAL STAY PENDING THE COURT'S DECISION**

Plaintiffs BTG International Inc., Infonautics Corp., and Tucows Inc. (collectively "BTG") respectfully request that the Court grant BTG leave to be heard regarding paragraph 1 of the Court's December 2, 2005 Order (D.I. 324), and that paragraph 1 be stayed until such time as BTG has been heard. Specifically, BTG requests that the Court consider the results of the factual investigation it conducted into the "Alacritude issue," and BTG's accompanying argument, neither of which was considered by the Court in issuing its December 2, 2005 Order. See Letter to Court dated December 14, 2005 attached as Exhibit A. BTG was unable to present the facts set forth in Exhibit A – facts into which the defendants chose not to conduct discovery – until just now when it completed its investigation. The Court has not heard from BTG on the "Alacritude issue" at all. Because paragraph 1 of the December 2, 2005 Order requires the highly prejudicial production of privileged documents by this Monday, December 19, 2005,

1

BTG also respectfully requests that the Court stay paragraph 1 until it has had an opportunity to consider this motion.

Plaintiffs also respectfully request that the Court clarify paragraph 2 of its December 2, 2005 Order and make it clear that paragraph 2 applies to all parties to this litigation, not only BTG. See November 2, 2005 Transcript at 26:7-9 (Court required that the parties be "playing on a level playing field" with respect to characterization of privileged documents on parties' respective privilege logs). The grounds for plaintiffs' motion are set forth below.

## BACKGROUND

1.     During the November 2, 2005 discovery hearing, defendants for the first time alleged that plaintiff Tucows "did not maintain the documents in question in a confidential manner necessary to preserve the privilege" and thus waived privilege to certain documents. Hearing Transcript at p. 4:19-22. Because defendants had never even raised this issue until that hearing, BTG was unable to substantively respond to defendants' allegations—notwithstanding how thin those allegations were. The Court recognized that the issue had just been raised, and that it was a fact intensive one, and held that BTG could include the results of its factual investigation in its November 15 submission on other issues if it was prepared to do so by that time. Alternatively, the Court also stated that if a different mechanism was required for BTG to present its factual investigation to the Court, then BTG should contact chambers. Hearing Transcript at 12:19 and 35:10-14.

2.     In its November 15, 2005 letter to the Court (which addressed the issues in paragraph 2 of the Court's December 2, 2005 Order), BTG informed the Court – as the Court had anticipated might be the case – that it did indeed need more time to fully investigate defendants' allegations of privilege waiver with respect to documents stored at Tucows' King of

Prussia, Pennsylvania facility (i.e. the "Alacritude issue").  On November 23, BTG again

informed the Court that it would need additional time to investigate defendants' allegations.

BTG has had to contact third-party individuals, obtain several declarations, and draft its letter

brief (Exhibit A).  With the Thanksgiving holiday, BTG was not able to submit its statement of

the facts in Exhibit A before the Court issued its Order.  Importantly, the Court's remarks at the

November 2, 2005 discovery hearing led BTG to believe that the Court was content for BTG to

take the time it felt it needed in order to thoroughly investigate and present the pertinent facts,

and BTG relied to its detriment on that belief.  Although BTG does not believe that completing

its factual investigation any sooner was possible, had it realized that the Court had a date in mind

by which it would rule regardless of whether the investigation was complete, BTG at a minimum

would have submitted whatever information it had been able to compile as of that time, rather

than risk the Court making its decision without BTG having had the benefit of making any

record at all.

      3.    The Order also allows defendants to identify 12 documents on BTG's privilege

log, in each of three categories in the Order, and requires BTG to provide those documents to the

Court for in camera review.  During the November 2 hearing, however, the Court stated that the

parties should be "playing on a level playing field" with respect those categories of documents,

so that all the same kinds of documents falling within those categories are treated in the same

way, regardless of whether they are identified on BTG's or Defendants' privilege logs.  Transcr.

26:7-9.  Indeed, Amazon has documents on its privilege log falling within at least one of those

categories, but the Order only addresses BTG's documents.

## ARGUMENT

4.      BTG respectfully requests that the Court vacate paragraph 1 of its December 2 Order and consider the result of BTG's factual investigation of the issue, as set forth in Exhibit A. The Court has never heard from BTG on this issue. Because paragraph 1 of the December 2, 2005 Order requires the highly prejudicial production of privileged documents by this Monday, December 19, 2005, BTG also respectfully requests that the Court stay paragraph 1 until it has had an opportunity to consider this motion. BTG's ability, via this motion, to request that the Court reconsider its ruling in paragraph 1 to take into account the results of the now completed factual investigation into the Alacritude issue will be meaningless if BTG will already have been required to produce the privileged documents in question before the Court has had the chance to consider BTG's motion.

5.      BTG also requests that the Court clarify paragraphs 2 and 3 of its December 2 Order to ensure that all parties' documents are treated equally. Specifically, BTG respectfully requests that the Court clarify the Order to allow BTG to select 12 exemplar documents of Amazon's privilege log, from each category within the Order, and require Amazon to produce those documents for the Court's in camera review.[1]

WHEREFORE, plaintiffs respectfully request that the Court revise its ruling in paragraph 1 of the Order in light of the results of the now completed factual investigation into the Alacritude issue, and that the Court meanwhile stay paragraph 1 of the Order until it has had the opportunity to decide whether to do so. For the Court's convenience, a proposed form of order imposing a stay until the Court has had an opportunity to consider this motion is attached hereto.

---

[1] Because Overstock's privilege log has only five entries—all of which appear to be internal memos to a file—plaintiffs make no specific request that the Order be clarified with respect to those documents.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

**ROBINS, KAPLAN, MILLER & CIRESI LLP**
Ronald J. Schutz
Jake M. Holdreith
Niall A. MacLeod
Michael A. Collyard
Stephanie L. Adamany
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500

Dated: December 14, 2005

164579.1

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION, AND TUCOWS INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC. AMAZON SERVICES, BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM, LLC, AND OVERSTOCK.COM, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This _____ day of _____, 2005, plaintiffs having moved for

relief in connection with the Court's December 2, 2005 order (D.I. 324) (the "Order"), and for a

stay of paragraph 1 of the Order so that they need not produce the privileged documents in

question before the Court has had an opportunity to consider their motion, and the Court having

concluded that good grounds exist for the partial stay in order to preserve the status quo until the

Court can address plaintiff's motion on the merits; now therefore,

IT IS HEREBY ORDERED that the requested partial stay is granted, and that paragraph

1 of the Order is stayed pending further order of the Court.

_____

Chief Judge

164641.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2005, the attached **PLAINTIFFS'**

**MOTION FOR LEAVE TO BE HEARD AND FOR CLARIFICATION REGARDING**

**THE COURT'S DECEMBER 2, 2005 ORDER AND FOR A PARTIAL STAY PENDING**

**THE COURT'S DECISION** was served upon the below-named defendants at the address and

in the manner indicated:


Josy W. Ingersoll, Esquire                                   HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Jeffrey S. Love, Esquire                                   VIA FEDERAL EXPRESS
Klarquist, Sparkman, LLP
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR  97204

David J. Margules, Esquire                                   HAND DELIVERY
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

John F. Luman, III, Esquire                                   VIA FEDERAL EXPRESS
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781



*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2005, the attached **REDACTED:**

**PUBLIC VERSION OF PLAINTIFFS' MOTION FOR LEAVE TO BE HEARD AND**

**FOR CLARIFICATION REGARDING THE COURT'S DECEMBER 2, 2005 ORDER**

**AND FOR A PARTIAL STAY PENDING THE COURT'S DECISION** was served upon the

below-named defendants at the address and in the manner indicated:


Josy W. Ingersoll, Esquire                                HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Jeffrey S. Love, Esquire                                  VIA FEDERAL EXPRESS
Klarquist, Sparkman, LLP
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR  97204

David J. Margules, Esquire                                HAND DELIVERY
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

John F. Luman, III, Esquire                               VIA FEDERAL EXPRESS
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781


*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon