# EXHIBIT A

**BOUCHARD MARGULES & FRIEDLANDER**
A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOANNE P. PINCKNEY
COUNSEL
KAREN L. PASCALE
JOHN M. SEAMAN
DOMINICK T. GATTUSO
JAMES G. McMILLAN, III

November 2, 2005

*Via Electronic Filing*

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

   RE: *BTG International, Inc., et al. v. Amazon.com, Inc., et al.,*
      D. Del., C.A. No. 04-1264-SLR

Dear Chief Judge Robinson:

  I am writing today on behalf of Defendants Amazon.com, Inc., Amazon Services, Inc., and Overstock.com, Inc. in connection with the discovery conference at 4:30 p.m. today. There are several issues Defendants wish to raise, in addition to certain housekeeping issues. Defendants' counsel has raised each of these issues with Plaintiffs' counsel but we have not been able to resolve our differences.

  **1. Plaintiffs' Assertion of Privilege for Tucows Documents**

  As the Court may recall, Plaintiff BTG originally provided Defendants with a 474-page privilege log, alleging 2246 documents were covered by one or more privileges. BTG asserts a "common interest" privilege as to a number of documents originally in the possession of Tucows/Infonautics, which were subsequently provided to BTG sometime around the time Tucows assigned the patents-in-suit to BTG. BTG's primary argument was that the Patent Assignment and Commercialization Agreement ("PACA") contained termination rights allowing Tucows to terminate and regain interest in the patents. The parties briefed this issue for the Court, and on July 6, 2005, the Court offered BTG two options: either produce the documents or join Tucows/Infonautics to the litigation. *See* July 6, 2005 Order (D.I. 157). BTG joined Tucows and Infonautics as parties.

  Defendants have since reviewed the Tucows/Infonautics documents, and deposed those parties. This evidence demonstrates that Tucows' "interest" is neither identical, nor "legal" (as is required to assert the common interest privilege), but rather is solely commercial in nature. In light of these and other facts developed since July 6, 2005, Defendants request the opportunity to brief why the common interest privilege does not apply to the communications logged by Plaintiff BTG and why the documents should be turned over to Defendants.

The Honorable Sue L. Robinson
November 2, 2005
Page 2

### 2. Plaintiffs' Assertion of Privilege for Third-Party Communications

The Court may also recall that Defendants questioned a number of documents on BTG's privilege log relating to internal BTG communications and documents not involving attorney communications with third parties. After the last discovery conference with the Court, BTG reviewed these privilege log entries (covering about 50 documents) and merely added the phrase "performed at the direction of Bradley Ditty, Esq." This is hardly meaningful or explanatory and in no way assists Defendants in determining if such documents are actually privileged. Defendants would request that the Court inspect these documents to determine if they are privileged.

BTG has also asserted privilege with respect to a number of communications with third-parties. BTG has continued to refuse to produce communications with Patent Logistics and Serissa Research, purported experts that BTG consulted long before this lawsuit ever commenced. Additionally, after our last discovery conference in June, BTG produced some communications with the marketing firms Firefly and Taylor Rafferty. BTG, however, has refused to produce the remainder of the documents it withheld due to a claim of privilege. There is no basis for the assertion of privilege regarding communications with third-party marketing companies. Defendants request the Court inspect these documents to determine if they are privileged.

### 3. Response to Overstock.com's Interrogatory No. 7 and Amazon.com's No. 9

Overstock.com and Amazon.com have fully answered BTG's Interrogatory Nos. 9 and 10 related to identification of prior art, providing detailed claim charts and descriptions of the invalidating prior art references. Both defendants have served interrogatories requesting BTG to identify the claim limitations not present in the prior art identified in detail in Defendants' answers to BTG's Interrogatory Nos. 9 and 10. To date, BTG has provided only objections, but no substantive response. Defendants request that the Court order BTG to respond.

### 4. "Confidential" Designation of Watkeys Deposition

Defendants took the deposition of Edwin Watkeys. At the end of the deposition, BTG designated the entire transcript "Confidential" under the protective order in this case. Overstock.com thereafter requested on September 14, 2005 that the transcript of the second day of the deposition and all of the public domain exhibits be de-designated. After getting no response, Overstock.com again requested de-designation on September 29, and October 28, 2005. BTG has not substantively responded.

Respectfully submitted,

/s/ Karen L. Pascale

Karen L. Pascale (#2903)
[kpascale@bmf-law.com]

cc: All counsel

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2005, I caused the foregoing *Agenda Letter to the Honorable Sue L. Robinson* to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

John W. Shaw, Esquire [jshaw@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

I further certify that on November 1, 2005, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and that a copy was served on the following non-registered participants by e-mail:

Niall A. MacLeod, Esquire [NAMacLeod@rkmc.com]
Michael A. Collyard, Esquire [MACollyard@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

Kristin L. Cleveland, Esquire [kristin.cleveland@klarquist.com]
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ *Karen L. Pascale*

Dated: November 1, 2005

David J. Margules (#2254) [dmargules@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
  *Attorneys for Defendant Overstock.com, Inc.*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM INC., BARNESANDNOBLE.COM LLC AND OVERSTOCK.COM, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

### NOTICE OF DEPOSITION TO TUCOWS, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that beginning at 9:00 a.m., on September 20, 2005, at the offices of Young Conway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, or at another mutually agreeable time, date, and location, Defendants, pursuant to Fed. R. Civ. P. 30(b)(6), will take the testimony of Plaintiff Tucows, Inc. on the matters listed in Schedule A, attached hereto.

Pursuant to Rule 30(b)(6), Tucows, Inc. is requested to designate one or more persons who "shall testify to matters known or reasonably available to" it on each of the subjects set forth in Schedule A. The deposition will be taken before an officer authorized to administer oaths and will be recorded by stenographic and videotape means, and will continue from day to day until completed. You are invited to attend and cross-examine.

## Schedule A

## DEFINITIONS

A) "TUCOWS," "YOU" and "YOUR" refer to Tucows, Inc., its subsidiaries, divisions, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time. "TUCOWS" does not refer to or include "INFONAUTICS" prior to the effective date of the merger between TUCOWS and INFONAUTICS in August, 2001.

B) "INFONAUTICS" means Infonautics Corporation, its subsidiaries, divisions, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time. "INFONAUTICS" does not refer to or include "TUCOWS" prior to the effective date of the merger between TUCOWS and INFONAUTICS in August, 2001.

C) "BTG" means BTG International, Inc, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

D) "ALACRITUDE" means Alacritude LLC, Highbeam Research LLC, and Highbeam Research Corporation, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

E) "PROQUEST" means ProQuest Company, ProQuest Information and Learning, and ProQuest Business Solutions, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

F) The phrase "PATENTS-IN-SUIT" refers to United States Patent Nos. 5,717,860 and 5,712,979, collectively.

G) The term "RELATED PATENT" means United States Patent Nos. 5,812,769 and 5,819,285, and any patent claiming priority from a patent application from which any of the PATENTS-IN-SUIT claims priority, any continuation, continuation in part, or divisional of a patent application from which any of the PATENTS-IN-SUIT

claims priority, and any foreign counterpart patent or patent application RELATING TO any of the above categories of patents or patent applications.

H) The term "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

I) The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

J) "Any" shall mean one or more; "each" shall mean "each and every."

## MATTERS UPON WHICH EXAMINATION IS REQUESTED

1. The location of all documents responsive to Netflix's Subpoena in a Civil Case to TUCOWS, served on February 7, 2005, and Amazon.com's Request for the Production of Documents served on August 19, 2005.

2. The search for and production of documents in response to Netflix's Subpoena in a Civil Case to TUCOWS, served on February 7, 2005, and Amazon.com's Request for the Production of Documents served on August 19, 2005.

3. All communications, negotiations and discussions between TUCOWS and INFONAUTICS, prior to the merger of TUCOWS and INFONAUTICS in August, 2001, relating to the PATENTS-IN-SUIT or any RELATED PATENT.

4. All communications, negotiations and discussions between TUCOWS and/or INFONAUTICS and Janney Montgomery Scott relating to the PATENTS-IN-SUIT or any RELATED PATENT.

5. All communications, negotiations and discussions between TUCOWS and/or INFONAUTICS and Morgan, Lewis & Bockius, LLP relating to the PATENTS-IN-SUIT or any RELATED PATENT.

6. All communications, negotiations and discussions between TUCOWS and/or INFONAUTICS and the law firm of Reed Smith relating to the PATENTS-IN-SUIT or any RELATED PATENT.

7. All efforts undertaken by TUCOWS and/or INFONAUTICS to analyze or determine the validity or enforceability of the PATENTS-IN-SUIT or any RELATED PATENT.

8. All efforts undertaken by TUCOWS and/or INFONAUTICS to investigate whether any person or entity was infringing the PATENTS-IN-SUIT or any RELATED PATENT.

9. All efforts undertaken by TUCOWS and/or INFONAUTICS to determine, estimate, analyze or evaluate the value of the PATENTS-IN-SUIT or any RELATED PATENT.

10. All efforts undertaken by TUCOWS and/or INFONAUTICS to license, commercialize, assign or sell the PATENTS-IN-SUIT or any RELATED PATENT.

11. All efforts undertaken by TUCOWS and/or INFONAUTICS to enforce the PATENTS-IN-SUIT or any RELATED PATENT.

12. All efforts undertaken by TUCOWS and/or INFONAUTICS to comply with the marking requirements of 35 U.S.C. §287(a) for the PATENTS-IN-SUIT or any RELATED PATENT.

13. All efforts undertaken by TUCOWS and/or INFONAUTICS to solicit and publish online advertisements on any website owned or operated by TUCOWS and/or INFONAUTICS, or on any third-party website.

14. All efforts undertaken by TUCOWS and/or INFONAUTICS to determine the commercial success of the PATENTS-IN-SUIT or RELATED PATENTS.

15. The conception, design, development and implementation of TUCOWS's affiliate program, if any.

16. The conception, design, development and implementation of INFONAUTICS' affiliate program.

17. All marketing efforts undertaken by INFONAUTICS directed to Prodigy, and all efforts to place or track advertisements on Prodigy and to track users on Prodigy.

18. All communications between TUCOWS and/or INFONAUTICS and Terry E. Graber relating to the PATENTS-IN-SUIT or any RELATED PATENT.

19. All communications between TUCOWS and/or INFONAUTICS and Joshua Kopelman relating to the PATENTS-IN-SUIT or any RELATED PATENT.

20. All communications between TUCOWS and/or INFONAUTICS and Edwin Howell Watkeys, III relating to the PATENTS-IN-SUIT or any RELATED PATENT.

21. All communications between TUCOWS and/or INFONAUTICS and Marvin I. Weinberger relating to the PATENTS-IN-SUIT or any RELATED PATENT.

22. All communications between TUCOWS and/or INFONAUTICS and Sheryl F. Wamoglu relating to the PATENTS-IN-SUIT or any RELATED PATENT.

23. All communications between TUCOWS and/or INFONAUTICS and Thomas Damico relating to the PATENTS-IN-SUIT or any RELATED PATENT.

24. All communications between INFONAUTICS and/or TUCOWS and William Tobin relating to the PATENTS-IN-SUIT or any RELATED PATENT.

25. All communications between TUCOWS and/or INFONAUTICS and Cedarampattu ("Ram") S. Mohan relating to the PATENTS-IN-SUIT or any RELATED PATENT.

26. All communications between INFONAUTICS and Prodigy related to soliciting or publishing online advertisements, and tracking advertisements or users.

27. All communications, negotiations and discussions between TUCOWS and any other party, including but not limited to BTG, relating to any the PATENTS-IN-SUIT or any RELATED PATENT.

28. All communications, negotiations and discussions between TUCOWS and any other party, including but not limited to BTG, relating to any due diligence investigation by TUCOWS of the PATENTS-IN-SUIT or any RELATED PATENT.

29. All communications, negotiations and discussions between TUCOWS and BTG leading up to the execution of the Patent Assignment and Commercialization Agreement, allegedly entered into by TUCOWS and BTG in October, 2002.

30. All communications and discussions between TUCOWS and BTG relating to carrying out terms of the Patent Assignment and Commercialization Agreement, allegedly entered into by TUCOWS and BTG in October, 2002.

31. All communications and discussions between TUCOWS and any other party, including but not limited to BTG, relating to the termination provisions, set forth in Article VIII of the Patent Assignment and Commercialization Agreement, allegedly entered into by TUCOWS and BTG in October, 2002.

32. All evaluations or analysis performed or conducted by TUCOWS of the Patent Assignment and Commercialization Agreement, allegedly entered into by TUCOWS and BTG in October, 2002.

33. All communications, negotiations and discussions between TUCOWS and ALACRITUDE relating to the PATENTS-IN-SUIT or any RELATED PATENT.

34. All communications, negotiations and discussions between TUCOWS and PROQUEST relating to the PATENTS-IN-SUIT or any RELATED PATENT.

35. When INFONAUTICS first made available a website on the World-Wide Web (WWW) portion of the Internet.

DATED this 26th day of August, 2005.

AMAZON.COM, INC.

By: _____
Josy W. Ingersoll
Email: jingersoll@ycst.com
John W. Shaw
Email: jshaw@ycst.com
Kevin M. Baird
Email: kbaird@ycst.com
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Kristin L. Cleveland, admitted *pro hac vice*
Email: kristin.cleveland@klarquist.com
Jeffrey S. Love, admitted *pro hac vice*
Email: jeffrey.love@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 26, 2005, a true copy of **AMAZON.COM, INC.'S 30(b)(6) SUPOENA TO TUCOWS, INC.** was served on Counsel via:

### Via Email to:

Steven J. Balick: sbalick@ashby-geddes.com
John G. Day: jday@ashby-geddes.com
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801

Ronald J. Schutz: rjschutz@rkmc.com
Niall A. MacLeod: namacleod@rkmc.com
Michael A. Collyard: macollyard@rkmc.com
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, Minnesota 55402

*Attorneys for Plaintiff BTG International, Inc.*

John F. Luman, III: johnluman@bracepatt.com
Glenn Ballard, Jr.: glennballard@bracepatt.com
Bracewell & Giuliani
711 Louisiana Street, Suite 2900
Houston, Delaware 77002

David J. Margules: dmargules@bmf-law.com
Bouchard, Margules & Friedlander
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801

*Attorneys for Defendant Overstock.com*

Raymond P. Niro: rniro@nshn.com
Arthur A. Gasey: gasey@nshn.com
Robert P. Greenspoon: greenspoon@nshn.com
William W. Flachsbart: flachsbart@nshn.com
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602

William J. Wade: wade@rlf.com
Steven J. Fineman: fineman@RLF.com
Richards, Layton & Finger
One Rodney Square, 920 N. King Street
Wilmington, Delaware 19899

*Attorneys for Defendant Barnesandnoble.com*

By: _____
Kristin L. Cleveland

# EXHIBIT C

**REDACTED**