IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL, INC., | § | |
| INFONAUTICS CORPORATION, AND | § | |
| TUCOWS, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 04-1264 |
| vs. | § | |
| | § | |
| AMAZON.COM, INC., AMAZON | § | **JURY TRIAL DEMANDED** |
| SERVICES, INC., AND | § | |
| OVERSTOCK.COM, INC. | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT OVERSTOCK.COM, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF BTG INTERNATIONAL, INC.'S AMENDED NOTICE OF DEPOSITION OF OVERSTOCK.COM, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)[1]

Overstock.com, Inc. ("Overstock") responds as follows to Plaintiff BTG International,

Inc.'s ("Plaintiff") Notice of Deposition of Overstock.com, Inc. as follows:

### GENERAL RESPONSE AND OBJECTIONS

Overstock.com makes the following general objections to Plaintiffs' Notice of Deposition

of Overstock.com pursuant to Federal Rule of Civil Procedure 30(b)(6), which shall apply to any

and all of the individual topics that are noticed.

Overstock.com objects to the notice to the extent that it purports to seek testimony

for a longer duration than permitted by the Federal Rules of Civil Procedure or the Local Rules

of the District of Delaware.

Overstock.com objects to the notice to the extent that it seeks material covered by

the attorney client privilege or immune from production under the work product doctrine.

---

[1] The only change to this document from D.I. 371 was to include topic headings.

Overstock.com objects to the notice and to each and every topic to the extent that it is unduly burdensome, unreasonably cumulative or duplicative, overlapping of other topics, or obtainable from some other source that is more convenient or less burdensome.

Overstock.com objects to each and every topic to the extent that it imposes obligations on Overstock.com beyond the scope required by the Federal Rules of Civil Procedure or any Local Rule of the District of Delaware.

Overstock.com objects to the notice to the extent that it seeks production of corporate testimony that is unduly burdensome and seeks to inquire into areas that are irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Overstock.com objects to the notice to the extent that it seeks to obtain "corporate" testimony on factual events about which individuals are most capable of testifying, to the extent that such testimony is unreasonably cumulative or duplicative, overlapping of other topics, or obtainable from some other source that is more convenient or less burdensome.

Overstock.com objects to each and every topic to the extent that it presumes that Overstock.com performs certain functions, without any foundation that such function is performed.

Overstock.com objects to each and every topic to the extent that it uses language from the claims of the patent in suit, as vague and ambiguous and improper to the extent it seeks a legal conclusion.

Overstock.com objects generally to the failure of the notice to comply with Federal rule of Civil Procedure 30(b)(6).

2

Overstock.com objects to Definition No. 1 of the terms "Plaintiff" and "BTG" to the extent that it includes officers, agents, employees, and representatives which Overstock.com does not understand to be affiliated with BTG.

Overstock.com objects to Definition No. 2 of the term "Infonautics" to the extent that it includes officers, agents, employees, and representatives which Overstock.com does not understand to be affiliated with Infonautics.

Overstock.com objects to Definition No. 3 of the term "Tucows" to the extent that it includes officers, agents, employees, and representatives which Overstock.com does not understand to be affiliated with Tucows.

Overstock.com objects to Definition No. 5 of the phrase "referring or relating to" as being overly broad and unduly burdensome, as well as vague and ambiguous to the extent that it purports to include *de minimis* references or requires determination of something being "in any way logically or factually relevant to the matter described in the request."

Overstock.com objects to Definition No. 6 of the term "Person" as being overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it purports to include "any other legal or commercial entity."

Overstock.com objects to Definition No. 7 of the term "date" and the phrase "including relationship to other events" as being overly broad and unduly burdensome, as well as vague and ambiguous.

Overstock.com objects to Definition No. 8 of the term "document" to the extent it purports to enlarge the definition set forth in Federal Rule of Civil Procedure 34.

Overstock.com objects to Definition No. 9 of the term "identify" as unduly burdensome to the extent that it seeks a witness to have recall of full legal names, addresses, or telephone numbers.

3

Overstock.com objects to Definition No. 12 of the phrases "online advertisement" and "online advertising" as being overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not reasonable calculated to lead to the discovery of admissible evidence.

Overstock.com objects to Definition No. 13 of the phrase "Affiliate Program(s)" as being vague and ambiguous.

Overstock.com objects to Definition No. 14 of the phrase "Third Party Agencies" as being vague and ambiguous.

Overstock.com objects to Definition No. 15 of the phrase "electronic commerce" as being vague and ambiguous.

Overstock.com objects to Definition No. 16 of the phrase "transfer mechanism" as being vague and ambiguous.

Overstock.com objects to Definition No. 17 of the phrase "user navigation path tracking mechanism" as being vague and ambiguous.

Overstock.com objects to topics that request witnesses for "contentions." Overstock.com has submitted material responsive to certain topics in response to interrogatories and requests for production, and will supplement such responses when appropriate.

Overstock.com objects to topics that call for expert testimony.

Overstock.com reserves the right to amend or supplement the responses to these topics to the extent required or permitted by the Federal Rules of Civil Procedure or any Local Rule of the District of Delaware.

## OBJECTIONS TO TOPICS OF EXAMINATION

### TOPIC NO. 1:

Defendant's document collection and production efforts including the following:

a.    Defendant's search for and efforts to produce any documents or information in this lawsuit.

b.    The location and search for any documents or information requested from Defendant by plaintiffs in this lawsuit.

c.    The storage, location and manner in which Defendant's documents are kept;

d.    The retention and destruction of Defendant's documents;

e.    The identity of persons having Defendant's documents;

f.    The Bates numbers or ranges of Defendant's documents, if such documents have been produced.

g.    Defendant's efforts to find and produce emails.

h.    Defendant's efforts to find and produce patent licenses, and all documents relating to those licenses including documents sufficient to show any royalties or compensation transferred or received by Defendant pursuant to any such licenses.

i.    Defendant's efforts to find and produce documents that contain, refer or relate to narrative and/or technical descriptions of Defendant's systems, methods or apparatus (including software and/or computer programs) for:

  (i)    identifying a WWW site through any means (including but not limited to name of the site, the ownership information, numeric data, account information or any other identifying information) that refers or directs a WWW user to one of Defendant's WWW sites, or that provides a link to a WWW user to one of Defendant's W -WW sites; and

  (ii)    identifying information pertaining to referring WWW sites (or other information relating to WWW sites that contain a link to one of Defendant's WWW sites) or referring URLs or hypertext links;

  (iii)    identifying information related to collecting, capturing, or gathering of information related to referrals or WWW traffic from a WWW site containing an online advertisement or from an Affiliate's WWW site to one of Defendant's WWW sites.

j.    Defendant's efforts to find and produce documents that contain, refer or relate to user manuals, software specifications, system specifications, or other documentation related to, or describing the operation of, software, computer code, source code, object code, or CGI scripts.

k.    Defendant's efforts to find and produce documents referring or relating to the operation of any databases or servers comprising or storing (a) information related to WWW traffic directed to any of Defendant's WWW sites, (b) information

-5-

related to WWW sites comprising Defendant's online advertisements, and (c) information related to Defendant's Affiliate's WWW sites including, but not limited to, manuals and database specifications.

l.    Defendant's efforts to find and produce documents referring or relating to the systems, methods and apparatus by which (a) WWW sites (or identifying information related to the WWW sites) comprising Defendant's online advertising or (b) Defendant's Affiliate's WWW sites or Affiliate members, are identified by Defendant.

m.    Defendant's efforts to find and produce all documents referring or relating to exemplar logs of information logged on its web servers.

n.    Defendant's efforts to find and produce all documents referring or relating to any technical information, know how, software or source code exchanged between Defendant and Third Party Agencies, such as BeFree, ValueClick or LinkShare, including, but not limited to, documents referring or relating to Defendant's W-WW sites, Defendant's online advertisements and Defendant's Affiliate's WWW sites.

o.    Defendant's efforts to find and produce documents generated, created, or referred to by Defendant dated February 1998 to present.

p.    Information related to any person(s) or entity(ies) who searched for documents or information on Defendant's behalf in this lawsuit.

q.    Information relating to any person(s) or entity(ies) who prepared Defendant's answers to Plaintiffs' interrogatories and request for documents in this lawsuit.

**RESPONSE:**

Overstock.com objects to Topics No. 1(a) through 1(p) as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Overstock.com further objects to these Topics to the extent that they seek material covered by the attorney client privilege or immune from production under the work product doctrine. In accordance with the agreement of the parties, the parties must specifically identify areas of inquiry and attempt to resolve such issues with lawyer exchange before presenting a witness. Subject to and without waiving any of the foregoing

general and specific objections, Overstock.com will provide testimony on this topic only after

counsel has met and conferred regarding the identification of particular issues.

## TOPIC NO. 2:

The following studies, analyses, research, or reports conducted by or for Defendant
including, but not limited to:

- a.    The success, benefits, advantages, features or efficacy of Affiliate Programs;

- b.    The successes, advantages, benefits, features or efficacy of Defendant's online
       advertising, including, but not limited to, comparison of online advertising to
       other advertising methods or mediums.

- c.    Any comparison of Defendant's Affiliate Program(s) to third party Affiliate
       Programs, including, but not limited to, any comparisons of features or
       technology.

- d.    Any comparison of Defendant's online advertising to third parties' online
       advertising including but not limited to, any comparisons of features or
       technology used to track WVW traffic from an online advertisement to one of
       Defendant's WWW sites.

- e.    The need, ability, benefits or value to track WWW traffic from an online
       advertisement, WWW site, or any other person, place or thing to one of
       Defendant's WWW sites.

## RESPONSE:

Overstock.com objects to Topic No. 2 as vague, ambiguous, overly broad, unduly

burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence. Overstock.com specifically objects to this Topic as overbroad and

unduly burdensome to the extent it seeks "any comparison." Overstock.com specifically objects

to this Topic as overbroad, unduly burdensome, and vague and ambiguous with respect to the

term "any other person, place or thing," as used in the context of this Topic. Overstock.com

objects to this Topic to the extent that it seeks material covered by the attorney client privilege or

immune from production under the work product doctrine. Overstock.com further objects to this

Topic to the extent it addresses something broader than a service or product offered by

Overstock.com.    Subject to and without waiving any of the foregoing general and specific

objections, Overstock.com will produce a witness for this Topic.

## TOPIC NO. 3:

The steps or acts taken to:

a.  Prepare the source code, computer, object code, cgi scripts, manuals, software specifications, system specifications, server logs, and database logs produced in this litigation, including the identity of persons who performed those steps, and the identity of the sources from where the source code, server logs, and database logs came from.

b.  Prepare the user manuals, software specifications, system specifications, and other documentation related to, or describing the operation of, Defendant's software.

c.  Document and describe source code, object code or cgi scripts performed by Vested Development, Inc. ("VDI"), or by VDI's employees and agents.

d.  Document and describe source code, object code and cgi scripts before and after VDI was engaged by Defendant.

e.  Search for documents in Defendant's custody or control that describe or document Defendant's source code, object code and cgi scripts, including but not limited to any documents contained in Defendant's e-mail systems, servers, or clients.

## RESPONSE:

Overstock.com objects to Topic No. 3 as vague, ambiguous, overly broad, unduly

burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence. Overstock.com further objects to this Topic to the extent that it seeks

material covered by the attorney client privilege or immune from production under the work

product doctrine. Overstock.com cannot reasonably understand this request. To the extent this

Topic covers document collection efforts for this litigation, Overstock.com incorporates its

objections and response to Topic 1. To the extent that this request addresses original authorship

of source code, et al, the request is overly broad, unduly burdensome, not related to this

litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it may

-8-

include source code, et al., that has no reasonable relationship to the technology at issue in this case. As it is not reasonably possible to prepare a witness for a topic so broad, vague and ambiguous, Overstock.com will only produce a witness on this Topic limited to the Overstock.com Affiliate Program or on-line advertising.

## TOPIC NO. 4:

All the procedures Defendant uses/has used to:

a.      Create performance requirements for software.

b.      Convert performance requirements into software specifications.

c.      Create software/source code.

## RESPONSE:

Overstock.com objects to Topic No. 4 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as vague and ambiguous as to its use of the terms "procedures," "performance requirements," and "convert performance requirements into software specifications." Overstock.com specifically objects to this Topic as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it may include information that has no reasonable relationship to the technology at issue in this case. As it is not reasonably possible to prepare a witness for a topic so broad, vague and ambiguous, Overstock.com will only produce a witness on this Topic limited to the Overstock.com Affiliate Program or on-line advertising.

**TOPIC NO. 5:**

Steps and actions taken to:

a.      Preserve, maintain and back up performance requirements for software.

b.      Preserve, maintain and back up software specifications.

c.      Preserve, maintain or back up software/source code.

**RESPONSE:**

Overstock.com objects to Topic No. 5 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to this request as vague and ambiguous as to its use of the phrase "performance requirements." Overstock.com also objects to this request as vague and ambiguous for its failure to specify the identity of the individual or group which performs the recited "steps and actions." To the extent this Topic covers document collection efforts for this litigation, Overstock.com incorporates its objections and response to Topic 1. To the extent that this request addresses original authorship of source code, et al., the request is overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it may include source code, et al., that has no reasonable relationship to the technology at issue in this case. As it is not reasonably possible to prepare a witness for a topic so broad, vague and ambiguous, Overstock.com will only produce a witness on this Topic limited to the Overstock.com Affiliate Program or on-line advertising.

**TOPIC NO. 6:**

Steps and actions taken to:

a.      Change or modify performance requirements for software.

b. Change or modify software.

c. Change or modify software/source code.

**RESPONSE:**

Overstock.com objects to Topic No. 6 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as vague and ambiguous as to its use of the terms "performance requirements." Overstock.com also objects to this request as vague and ambiguous for its failure to specify the identity of the individual or group which performs the recited "steps and actions." Overstock.com specifically objects to this Topic as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it may include information that has no reasonable relationship to the technology at issue in this case. As it is not reasonably possible to prepare a witness for a topic so broad, vague and ambiguous, Overstock.com will only produce a witness on this Topic limited to the Overstock.com Affiliate Program or on-line advertising.

**TOPIC NO. 7:**

For each of the actions in paragraphs 4, 5 and 6 above, whether they were performed internally or by third parties and the identity of the internal personnel and the third parties involved in the particular actions including dates when such personnel or third parties were involved in the particular actions.

**RESPONSE:**

Overstock.com objects to Topic No. 7 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client

-11-

privilege or immune from production under the work product doctrine. Overstock.com further incorporates its objections to Topics 4, 5, and 6. As it is not reasonably possible to prepare a witness for a topic so broad, vague and ambiguous, Overstock.com will only produce a witness on this Topic limited to the Overstock.com Affiliate Program or on-line advertising.

**TOPIC NO. 8:**

For Vested Development, Inc. ("VDI"):

 a. the reasons for hiring VDI.

 b. The information and instructions provided to VDI to allow it to perform its duties.

 c. The duties and responsibilities of VDI.

 d. The reasons for terminating VDI.

 e. How the activities and duties previously carried out by VDI have been performed since terminating VDI, and how they were performed before hiring VDI.

 f. Any instructions or background information provided to VDI relating to online advertising, Affiliate Programs or patents pertaining to the same.

**RESPONSE:**

Overstock.com objects to Topic No. 8 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to this Topic as vague and ambiguous as to its use of the terms "reasons," "duties," and "activities." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic limited to information related to the Overstock.com Associates Program or online advertising.

**TOPIC NO. 9:**

With respect to Defendant's online advertisements including, but not limited to, online advertisements on the Microsoft Shopping Network ("MSN"), American Online ("AOL") and Yahoo.com ("Yahoo"):

a.    How Defendant tracks WWW traffic from an online advertisement to one of Defendant's WWW sites.

b.    How Defendant's systems, methods and apparatus determine that a WWW user was referred, directed or linked to one of Defendant's WWW sites from another WWW site or other location on the WWW.

c.    How Defendant's systems, methods and apparatus identify a WWW site that refers or directs or provides a link to a WWW user to one of Defendant's WWW sites.

d.    How Defendant's systems, methods and apparatus identify any information relating to a WWW site (including but not limited to the name of the site, the owner of the site, account information, numeric data or any other identifying information) that refers or directs a WWW user to one of Defendant's WWW sites or that provides a link to a WWW user to one of Defendant's WWW sites.

e.    How Defendant's systems, methods and apparatus monitor, identify, receive, evaluate, collect, capture, determine or gather information related to Defendant's online advertisements including, but not limited to, information related to who or what referred, directed or linked the WWW user to one of the Defendant's WWW sites, information related to the WWW site on which Defendant's online advertisements are placed, or any other identifying or affiliation information related to the WWW site on which Defendant's online advertisements are placed.

f.    How Defendant's systems, methods and apparatus monitor, identify, receive, evaluate, capture, determine or gather information pertaining to who or what referred, directed or linked the WWW user from an online advertisement to one of Defendant's WWW sites, information relating to from where the WWW user was directed, referred or linked before arriving at one of Defendant's WWW sites, and any other identifying information relating to referring WWW sites or referring URLs and/or hypertext links.

g.    How Defendant and its systems, methods and apparatus identify, calculate and determine amounts of compensation, commissions, referral fees, bounties, or any other payments or monies owed for the cost of its online advertisements.

h.    How Defendant's databases or servers comprise or store:

(i)    information related to WWW traffic directed to any of Defendant's WWW sites,

-13-

        (ii)     information related to tracking where a WWW user at one of Defendant's WWW sites came from, and

        (iii)    information related to WWW sites comprising Defendant's online advertisements.

    i.     The identity of any WWW sites comprising directories that list Defendant's online advertisements.

    j.     Any articles, including webpage articles, authored by or for Defendants referring to Defendant's online advertising.

## RESPONSE:

Overstock.com objects to Topic No. 9 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as vague and ambiguous as to its use of the terms "online advertisements," "WWW traffic," "refer," "direct," "provide," "link," "monitor," "identify," "evaluate," "collect," "capture," "determine," "gather," "identifying," "affiliation," "referring," "calculate," "comprise," and "directories." Overstock.com specifically objects to this Topic as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it may include information that has no reasonable relationship to the technology at issue in this case. Overstock.com objects to this Topic as overly broad and unduly burdensome to the extent it seeks information regarding "any" article. Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

## TOPIC NO. 10:

With respect to the operation of Defendant's Affiliate Program(s) including, but not limited to, Affiliate, associate, or bounty programs:

-14-

a.  How Defendant tracks WWW traffic from a WWW site, an Affiliate member, or any person, place or thing to one of Defendant's WWW sites.

b.  How Defendant's systems, methods and apparatus determine that a WWW user was referred, directed or linked to one of Defendant's WWW sites from another WWW site, Affiliate member, or any other person, place, thing or location on the WWW.

c.  How Defendant's systems, methods and apparatus identify a WWW site (or any other information pertaining to a WWW site) or an Affiliate member that refers or directs a WWW user to one of Defendant's WWW sites or that provides a link to a WWW user to one of Defendant's WWW sites.

d.  How Defendant's systems, methods and apparatus receive, identify, monitor, evaluate, collect, capture, determine or gather information related to a WWW site, Affiliate member or other person place or thing that referred, directed or linked a WWW user to one of Defendant's WWW sites, and information related to referrals or WWW traffic from a WWW site or an Affiliate member to one of Defendant's WWW sites.

e.  How Defendant's systems, methods and apparatus receive, identify, monitor, evaluate, collect, capture, determine or gather information pertaining to who or what referred, directed or linked a WWW user from a WWW site, Affiliate member or other person, place or thing to one of Defendant's WWW sites, information relating to from where the WWW user was directed, referred or linked before arriving at one of Defendant's WWW sites, and any other identifying information or referring URLs and/or referring hypertext links.

f.  How Defendant's systems, methods and apparatus identify referring Affiliate members, referring WWW sites, referring URLs and/or referring hypertext links.

g.  How Defendant's databases or servers comprise or store:

    (i)  information related to WWW traffic directed to any of Defendant's WWW sites,

    (ii)  information related to WWW sites comprising Defendant's Affiliate member links or Defendant's online advertisements, and

    (iii)  information related to Defendant's Affiliate members.

h.  The identity of any WWW sites comprising directories that list or identify Defendant's Affiliate Program(s).

i.  How Defendant and its systems, methods and apparatus identify, calculate and determine amounts of compensation, commission, referral fees bounties or any other type of payment owed to its Affiliate Program members.

j.     How Defendant identifies calculates or determines the amount of monies owed to Affiliate Program members.

**RESPONSE:**

Overstock.com objects to Topic No. 10 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as vague and ambiguous as to its use of the terms "bounty," "Affiliate member," "Affiliate program members," "online advertisements," "refer," "direct," "provide," "link," "monitor," "identify," "evaluate," "collect," "capture," "determine," "gather," "referrals," "identifying," "affiliation," "calculate," "comprise," "directories," "referring Affiliate members," "Affiliate member links," "referring WWW sites," "referring URLs," "referring hypertext links," and "WWW traffic." Overstock.com specifically objects to this Topic as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it may include information that has no reasonable relationship to the technology at issue in this case. Overstock.com objects to Topic 10 as overly broad and unduly burdensome to the extent it seeks testimony unrelated to the Overstock.com Associates Program. Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

**TOPIC NO. 11:**

With respect to Defendant's online advertising and Affiliate Program(s) describe and identify in detail (including any actions taken by the listed items):

a.     The conception, reduction to practice, and diligence by Defendant for its online advertising and Affiliate Program(s).

b.    The conception, reduction to practice, and diligence for implementing, running and maintaining Defendant's systems, methods and apparatus for its online advertising and Affiliate Program(s).

c.    The investigation, research, conception, evaluation and development for Defendant's systems, methods and apparatus used in connection with its online advertising and Affiliate Program(s).

d.    All testing, analysis, trials, experiments or other work performed by Defendant, or of which Defendant is aware, to build any user navigation path tracking system or to track WWW traffic to one of Defendant's WWW sites.

e.    The substance of Defendant's due diligence investigation relating to the patents--in-suit prior to and after launching its Affiliate Program(s) and its online advertising.

f.    The substance of Defendant's due diligence investigation relating to any systems, methods or apparatus for tracking WWW traffic to one of Defendant's WWW sites or to build any user navigation path tracking system.

g.    Transfer mechanisms not stored on Defendant's computers, including the actions and processes that define or create such transfer mechanisms.

h.    Transfer mechanisms not stored on Defendant's computers, including the actions and processes that are carried out by Defendant's computers in response to the use of such transfer mechanisms.

i.    All database tables, records, queries, and joins that contain or refer to both of the following:

    (i)    any string contained in URLs received by your web servers, and

    (ii)    any information associated with any non-Overstock web site (including but not limited to MSN, Yahoo, AOL and any Affiliate member of Overstock), including but not limited to that non-Overstock WWW site's URL, its account information, its postal address, its IP address and its e-mail address.

j.    Every component of URLs received by your web servers and what each component represents and what they are used for.

k.    Every component of composite URLs received by your web servers and what each component represents and what they are used for.

**RESPONSE:**

Overstock.com objects to Topic No. 11 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to Topics 11 e and f as vague and ambiguous, as well as to the extent it seeks "due diligence" material the request goes only to information covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as vague and ambiguous as to its use of the terms "online advertising," "Affiliate Program(s)," "listed items," "user navigation path tracking system," "WWW traffic," "transfer mechanisms," "string," "information," "component," and "composite URL." Overstock.com specifically objects to this Topic as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it may include information that has no reasonable relationship to the technology at issue in this case. Overstock.com specifically objects to Topics 11 g and h, as vague and ambiguous as well as unduly burdensome to the extent they call for information not in the control of Overstock.com. Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

**TOPIC NO. 12:**

All steps and processes regarding:

a.    How Defendant determines or determined, computes or computed, or reckons or reckoned any and all payments and credits to third parties, including without limitation MSN, AOL, Yahoo, LinkShare, BeFree and Affiliate members relating to online advertising or Affiliate Programs, and how Defendant determines the address or bank account to which to deliver any such payment or credit.

b.    How Defendant generates e-mail messages to its Affiliates, including but not limited to generating or looking up of e-mail addresses of Defendant's Affiliates.

c.    With respect to paragraph b. above, how Defendant customizes any e-mail based on any characteristic of an Affiliate member, including but not limited to sending an e-mail message:

    (i)    to Affiliates whose rate of referring users to Defendant's websites has changed when compared to the Affiliate's historical norm, and

    (ii)    to Affiliates who have received a payment or credit significantly above or below payments representing the historical norm for the Affiliate's history.

**RESPONSE:**

Overstock.com objects to Topic No. 12 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as vague and ambiguous as to its use of the terms "reckon," "generate," "Affiliates," "generating," "looking up," "characteristic," "Affiliate member," "historical norm," "significantly above or below," and "history." Overstock.com objects to Topic 12 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as it seeks information that has no reasonable relationship to the claims asserted in this case (including "any and all payments and credits to third parties") Overstock.com further objects to the phrase "all steps." Overstock.com will construe this request as seeking "steps sufficient to show." Overstock.com specifically objects to Topics 12 b. and c. as they are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic 12 a.

**TOPIC NO. 13:**

With respect to Defendant's online advertising and Affiliate Program(s),

a. How and why Defendant reviews or polices the WWW sites where Defendant's on-line advertisements are placed, and how and why Defendant reviews or polices the websites of Defendant's Affiliate members.

b. How Defendant determines which of its on-line advertising campaigns are relatively more or less profitable than other online advertising campaigns.

c. How Defendant determines if its Affiliate Program(s) are profitable.

d. Why does Defendant place on-line advertisements?

e. Why does Defendant solicit or use Affiliate members?

f. The methods by which a "cid" (possibly also called a "campaign ID") is generated, assigned to a "campaign," and transmitted or delivered to Defendant's Affiliate members and/or to the WWW sites upon which Defendant's online advertisements are placed.

**RESPONSE:**

Overstock.com objects to Topic No. 13 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as vague and ambiguous as to its use of the terms "review," "police," "on-line advertisements," "Affiliate members," "profitable," and "solicit." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

**TOPIC NO. 14:**

How Defendant uses information related to the identity of any WWW site (or any other identifying information related to the WWW site including but not limited to name of the site, ownership information, numeric data, account information, or any other identifying information) that a user visited before arriving at Defendant's WWW site to select the page content to be delivered to the user's web browser.

**RESPONSE:**

Overstock.com objects to Topic No. 14 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as vague and ambiguous as to its use of the terms "identity," "identifying information," "numeric data," "select," "page content," and "delivered." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

**TOPIC NO. 15:**

Any computer processing performed by Defendant's computers in response to its HTTP referer field.

**RESPONSE:**

Overstock.com objects to Topic No. 15 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request as overly broad to the extent it seeks testimony regarding "any" computer processing, regardless of whether reasonably related to this litigation. Overstock.com objects to this request as vague and ambiguous, as to the use of the term "its" HTTP referer field, and will understand this to mean "the" HTTP referer field. Overstock.com also objects to this request as vague and ambiguous as to its use of the terms "in response." As the Topic is too vague to understand, without clarification of this Topic, Overstock.com will not produce a witness.

**TOPIC NO. 16:**

Defendant's computer system, including but not limited to:

a.    The location, operation of, and model or version of each of Defendant's WWW servers involved in serving Defendant's web pages, and the core software operating system utilized by each WWW server.

b.    The operation of all software, computer code, source code, object code, or CGI scripts (collectively "software") related to or involved in tracking WWW traffic from an online advertisement, WWW site, Affiliate member, or other person, place, thing or location on the WWW to one of Defendant's WWW sites, or related to or involved in the monitoring, evaluating, collecting, receiving, capturing, determining, identifying or gathering of information related to tracking the WWW traffic including, but not limited to, tracking software, database software, commission or bounty software, identification software, traffic analysis software, WWW or web reimbursement software, advertising reimbursement software, and enrollment software.

c.    The operation of all software, computer code, source code, object code, or CGI scripts (collectively "software") related to or involved in identifying a WWW site that refers or directs a WWW user to one of Defendant's WWW sites, or related to or involved in the monitoring, evaluating, collecting, capturing, determining or gathering of information related to the referring WWW site including, but not limited to, tracking software, database software, commission or bounty software, identification software, traffic analysis software, WWW or Web measurement software, advertising management software, and enrollment software.

d.    The operation of all software, computer code, source code, object code, or CGI scripts (collectively "software") related to or involved in identifying any information related to a WWW site (including but not limited to the name of the site, ownership information, numeric data, account information, or any other identifying information) that refers or directs a WWW user to one of Defendant's WWW sites, or related to or involved in the monitoring, evaluating, collecting, receiving, capturing, determining or gathering of information related to the referring WWW site or other person, place or thing, including, but not limited to, tracking software, database software, commission or bounty software, identification software, traffic analysis software, WWW or Web measurement software, advertising management software, and enrollment software.

e.    The operation of all software, computer code, source code, object code, or CGI scripts (collectively "software") related to or involved in identifying an Affiliate member or any other identifying information related to a person, place or a thing that refers or directs a WWW user to one of Defendant's WWW sites, or related to or involved in the monitoring, evaluating, collecting, receiving, capturing, determining or gathering of information related to the referring Affiliate member or other person, place or a thing, including, but not limited to, tracking software,

database software, commission or bounty software, identification software, traffic analysis software, WWW or Web measurement software, advertising management software, and enrollment software.

f.    The systems, methods and apparatus by which (i) WWW sites comprising Defendant's online advertising or (ii) Defendant's Affiliate WWW sites (or Affiliate members), are identified by Defendant including, but not limited to, assigning identifying information to such WWW sites and Affiliate members and comparing that identifying information with information received at any of Defendant's WWW sites.

g.    The systems, methods and apparatus by which WWW sites comprising Defendant's online advertising, Defendant's Affiliate WWW sites, Defendant's Affiliate members, or any other information related to a person, place or thing are identified by Defendant including, but not limited to, assigning identifying information to such WWW sites, Affiliate members or person, place or thing and comparing the identifying information with information received at any of Defendant's WWW sites.

h.    The conception, design, development, reduction to practice, testing, or beta testing of Defendant's systems, methods and apparatus for identifying a WWW site, an Affiliate member or any other information related to a person, place or thing that refers or directs a WWW user to one of Defendant's WWW sites or that provides a link to a WWW user to one of Defendant's WWW sites including, but not limited to, Defendant's decision to develop, implement, or launch such systems, methods, and apparatus and Defendant's online advertising and Affiliate Program(s).

i.    The date Defendant's Affiliate Program(s) became commercially available, and the date Defendant first began identifying WWW sites, Affiliate members or any other information relating to a person, place or thing that refers or directs a WWW user to one of Defendant's WWW sites or that provides a link to WWW users to any of Defendant's WWW sites.

j.    The date Defendants first began identifying online advertisements, or any other information relating to a person, place or thing that refers or directs a WWW user to one of Defendant's WWW sites or that provides a link to WWW users to any of Defendant's WWW sites.

k.    Modifications, changes, or amendments to Defendant's systems, methods and apparatus for identifying a WWW site (or any other information relating to a WWW site including but not limited to the name of the site, ownership information, numeric data, account information, or any other identifying information), Defendant's online advertisements, Defendant's Affiliate Program members, or any other identifying information related to a person, place or thing that refers or directs a WWW user to one of Defendant's WWW sites or provides a link to WWW users to any of Defendant's WWW sites.

**RESPONSE:**

Overstock.com objects to Topic No. 16 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to Topic 16 as vague and ambiguous, as well as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it requests information related to Overstock.com's computer system generally, including all servers, software, et al. regardless of any connection with the accused portions of Ov erstock.com's technology. Overstock.com objects to this Topic as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information related to particular server model numbers. Overstock.com also objects to this request as vague and ambiguous as to its use of the terms "WWW traffic," "Affiliate member," "monitoring," "evaluating," "collecting," "capturing," "determining," "identifying," "gathering," "tracking software," "commission," "bounty software," "identification software," "traffic analysis software," "reimbursement software," "enrollment software," "refer," "direct," "referring WWW site," "measurement software," "management software," "any information related to a WWW site," "numeric data," "Affiliate member," "referring Affiliate members," "comprising," "Affiliate WWW sites," "provide," "link," "commercially available," "identifying," and "Affiliate Program members." Although it is not reasonably possible for Overstock.com to prepare a witness for a topic so broad, vague and ambiguous as Overstock.com's entire computer system, Overstock.com will produce a witness for the enumerated sub-topics, subject to and without waiving any of the foregoing general and specific objections.

**TOPIC NO. 17:**

Defendant's communication with third parties, including:

a.  Communications between Defendant and third parties regarding Defendant's decision to pay to place online advertisements including, but not limited to, manuals, policies, mass mailings, agreements, contracts, brochures, formatting of links, formatting of URLs, and know how.

b.  Communications about enrollment in Defendant's Affiliate Program(s) including, but not limited to, WWW pages on any of Defendant's WWW sites related to Affiliate Program's enrollment procedures, fees, commissions or other compensation.

c.  Communications about Defendant's online advertisements that refer or direct a WWW user to one of Defendant's WWW sites or that provide a link to WWW users to any of Defendant's WWW sites including, but not limited to, enrollment procedures, fees, commissions or other costs and compensation paid for such online advertisements.

d.  Defendant's advertising of its Affiliate Program(s) including, but not limited to recruitment and enrollment of Affiliate Program(s) members.

e.  Press releases, bulletins, videos, brochures, web pages, including archived web pages, promotional materials, commercial advertisements, announcements, materials produced, distributed, or used in connection with any in-house seminar, meeting or training session, articles, speeches, videos, presentations or interviews, both internal and external, that have been written and/or given by your employees, officers, directors or other of your representatives or agents, that refer or relate to Defendant's online advertising and Affiliate Program(s).

**RESPONSE:**

Overstock.com objects to Topic No. 17 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine.    Overstock.com specifically objects to Topic 17 as vague and ambiguous, as well as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it requests information related to all of Overstock.com's communications with third parties,

regardless of any connection with the accused portions of Overstock.com's technology. Overstock.com also objects to this request as vague and ambiguous as to its use of the terms "place," "formatting of links," "know how," "refer," "direct," "provide," and "link." As such, Overstock.com will not produce a witness on this Topic unless plaintiffs can clarify and set forth a properly defined Topic. Overstock.com specifically objects to Topic 17 as vague and ambiguous, as well as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it requests information related to all of "Defendants' communication with third parties" generally, regardless of any connection with this litigation. Although it is not reasonably possible for Overstock.com to prepare a witness for a topic so broad, vague and ambiguous as all communications with third parties, Overstock.com will produce a witness for the enumerated sub-topics, subject to and without waiving any of the foregoing general and specific objections.

## TOPIC NO. 18:

Defendant's revenue, sales, profit, payments and/or expenditures associated, or reported in, with the following:

a. Monthly, quarterly or semi-annual yearly expenditures regarding Defendant's online advertising and its Affiliate Program(s).

b. The amount of royalties, commissions, bounties, or fees that Defendant has paid and expects to pay for (i) online advertising including but not limited to, payments made to MSN, AOL, and Yahoo and (ii) to Affiliate Program members.

c. Revenue and profitability of Defendant's Affiliate Programs on a monthly, quarterly, and annual basis including, but not limited to sales volume, revenue, gross profit, operating profit, and net profit.

d. Revenue and profitability of Defendant's online advertising on a monthly, quarterly, and annual basis including, but not limited to sales volume, revenue, gross profit, operating profit, and net profit.

e. Defendant's accounting methods for sales, costs, cost allocations, and profits related to Defendant's WWW sites, its online advertising, and its Affiliate Program(s).

f.   Profit and loss statements, printouts, presentations, or other information setting forth or including gross profit figures for any of Defendant's online advertising.

g.   Profit and loss statements, printouts, presentations, or other information setting forth or including gross profit figures for any of Defendant's Affiliate Program(s).

h.   All revenues, profits, sales, and other compensation that Defendant has received, or expects to receive, as a result of its online advertising and Affiliate Program(s).

i.   Cost information concerning any user navigation path tracking system used by Defendant, including cost or expenses (fixed and variable) Defendant has incurred, is incurring, or expects to incur as a result of using, maintaining, running, operating and owning such system.

j.   Cost information concerning any system, method or apparatus Defendant used to track WVVW traffic to one of Defendant's sites, including costs or expenses (fixed and variable) Defendant has incurred, is incurring, or expects to incur as a result of the use, maintenance, operation or ownership of them.

k.   Cost information concerning any system, method or apparatus Defendant used in connection with their online advertising and Affiliate Program(s), including costs and expenses (fixed and variable) that Defendant has incurred, is incurring or expects to incur as a result of using, maintaining and owning them.

l.   Any monies, fees, royalties, payments or other consideration provided to any third parry or Third Party Agency to develop, run or maintain any system for tracking WWW traffic to one of Defendant's WWW sites or any user navigation path tracking system.

**RESPONSE:**

Overstock.com objects to Topic No. 18 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to Topic 18 as overly broad and unduly burdensome to the extent it seeks testimony related to "Defendants' WWW sites" and "online advertising" generally, with no relation to the technology at issue in this case. Overstock.com also objects to Topic 18 as vague and ambiguous as to its use of the terms "as a result," "Affiliate Program members," "profitability," "accounting

-27-

methods," "user navigation path tracking system," and "WWW traffic." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

## TOPIC NO. 19:

Defendant's analyses of sales made to customers subsequent to a referral of a customer to one of Defendant's WWW sites from a WWW site containing Defendant's online advertisement.

a.   Budgeting and preparing with respect to online advertising or Affiliate Program(s).

b.   Projections, forecasts, market share reports, business plans, financial plans, strategic plans, fiscal plans, marketing strategies and plans, sales strategies and plans, and advertising strategies and plans which refer or relate to the actual or anticipated sales or profits from any online advertising or Affiliate Program(s).

## RESPONSE:

Overstock.com objects to Topic No. 19 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to Topic 19 as overly broad and unduly burdensome to the extent it seeks testimony related to "any online advertising," regardless of any relation to the technology at issue in this case. Overstock.com also objects to Topic 19 as vague and ambiguous as to its use of the terms "analyses of sales," "referral," "containing," and "preparing." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

## TOPIC NO. 20:

Defendant's analysis of sales made to customers subsequent to a referral of a customer to one of Defendant's WWW sites from a WWW site containing a link from Defendant's Affiliate Program(s) or members.

a.  Budgeting and preparing with respect to online advertising or Affiliate Program(s).

b.  Projections, forecasts, market share reports, business plans, financial plans, strategic plans, fiscal plans, marketing strategies and plans, sales strategies and plans, and advertising strategies and plans which refer or relate to the actual or anticipated sales or profits from any online advertising or Affiliate Program(s).

**RESPONSE:**

Overstock.com objects to Topic No. 20 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to Topic 20 as overly broad and unduly burdensome to the extent it seeks testimony related to "any online advertising," regardless of any relation to the technology at issue in this case. Overstock.com also objects to Topic 20 as vague and ambiguous as to its use of the terms "analyses of sales," "referral," "containing," "link," "preparing," and "members." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

**TOPIC NO. 21:**

Defendant's online advertising and Affiliate Program(s) including the following objects, occurrences or transactions or subjects:

a.  Agreements with Third Party Agencies or publishers of WWW sites, other than Affiliate WWW sites, regarding placement of Defendant's online advertising.

b.  Agreements or contracts between Defendant and Third Party Agencies related to online advertising, Affiliate Programs, web tracking or navigation, web measurement, server management, or bounty or commission payments and the terms of those agreements and the services provided to Defendant.

c.  The pricing or purchasing of online advertisements, and online advertisement pricing or purchasing models including, but not limited to cost per view, cost per per impression, cost per thousand, CPM, price per rotation, keyword pricing, cost

per click, price per click-through, price or percentage per purchase or sale, commission and flat fee models.

d.     Any analyses or reports regarding pricing or purchasing of online advertising.

e.     The types of online advertising utilized by Defendant including, but not limited to, banner ads, button ads, pop-ups, interstitials, e-mails, text links, HTML banners, rich media, video, audio, advertorials, toolbars, ad words, or screensavers.

f.     The number and identity of WWW sites upon which Defendant's online advertisements have been placed, or are expected to be placed, other than that utilized in Affiliate Programs, and the number of such online advertisements placed.

g.     Defendant's decisions to place online advertising on WWW sites including, but not limited to, decisions to pay WWW sites for online advertising and communications between Defendant and Third Party Agencies related to targeting of online advertising.

h.     Defendant's online advertising strategies and plans.

i.     The cost of each of Defendant's online advertisements on an annual basis since January 1995 and exactly how that cost is determined including but not limited to "cost per click" and commissions based on sales.

j.     The amount of fees, commissions, or other compensation you paid to third parties, Third Party Agencies or publishers of WWW sites for online advertising since January 1, 1995.

k.     The number of items sold through, via, or as a result of Defendant's online advertising on a monthly, and annual basis.

l.     The amount of fees, commissions or other compensation you paid to Third Party Agencies for the work they provided or are expected to provide relating to your online advertising and Affiliate Programs.

m.     Every step, process, procedure, task, and service Third Party Agencies perform or provide you with respect to your online advertising and Affiliate Program(s).

**RESPONSE:**

Overstock.com objects to Topic No. 21 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to

-30-

this request to the extent it seeks information prior to October 1999. Overstock.com further objects to this request to the extent it seeks information that is not stored by Overstock.com in the ordinary course of business. Overstock.com objects to Topic 21 as overly broad and unduly burdensome to the extent it seeks testimony related "online advertising" and "online advertisements" generally, and to specific types of advertising not related to this litigation. Overstock.com also objects to Topic 21 as vague and ambiguous as to its use of the terms "Affiliate WWW sites," "placement," "web tracking or navigation," "web measurement," "bounty or commission payments," "cost per view," "cost per impression," "cost per thousand," "CPM," "price per rotation," "keyword pricing," "cost per click," "price per click-through," "analyses," "banner ads," "button ads," "pop-ups," "interstitials," "links," "HTML banners," "advertorials," "ad words," "placed," "decisions," "targeting," "strategies and plans," "cost," "sold through, via, or as a result," and "every step, process, procedure, task, and service." Overstock.com further objects to this Topic to the extent that it requests information not ascertainable from how Overstock.com keeps its records in the ordinary course of business. Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

## TOPIC NO. 22:

Defendant's financial condition as described in the following documents:

a.  Defendant's annual reports, prospectuses, proxy statements and Form 10-K and Form 10-Q reports from January 1, 1995 to the present.

b.  General ledgers of Defendant from 1998 to the present.

## RESPONSE:

Overstock.com objects to Topic No. 22 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

-31-

of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to Topic 22 as unreasonably cumulative and unduly burdensome, because all information "as described in the following documents" is obtainable from such documents themselves, which constitute "some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2). Overstock.com specifically objects to Topic 22 b. as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Overstock.com objects to this Topic because it is not reasonably possible to prepare a witness for a topic so broad and burdensome, particularly in light of the availability of the underlying documents themselves. Overstock.com objects to this request to the extent it seeks information prior to October 1999. Overstock.com further objects to this interrogatory to the extent that it calls for expert testimony. Subject to the foregoing and General Objections, Overstock.com will provide expert testimony at the time designated by the Scheduling Order.

## TOPIC NO. 23:

Defendant's Affiliate Program(s) including the following objects, occurrences or transactions or subjects:

a. Whether the Affiliate Program(s) are managed, run, and controlled internally or by third parties and exactly what any third parties do to assist with the programs.

b. The number of Defendant's Affiliates on a monthly, annual and quarterly basis since the inception of its programs to present.

c. The number of items sold through, via, or as a result of Defendant's Affiliate Programs on a monthly, quarterly, and annual basis.

d. The amount of fees, commissions, or other compensation you paid members of your Affiliate Program(s), since January 1, 1995, on an annual, semiannual, quarterly, or monthly basis.

e. The cost of Defendant's Affiliate Program(s) on an annual basis since January 1995 and exactly how that cost is determined.

**RESPONSE:**

Overstock.com objects to Topic No. 23 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this request to the extent it seeks information prior to October 1999. Overstock.com further objects to this request to the extent it seeks information that is not stored by Overstock.com in the ordinary course of business. Overstock.com also objects to Topic 23 as vague and ambiguous as to its use of the terms "managed," "run," "controlled," "internally," "sold through, via, or as a result," and "cost." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

**TOPIC NO. 24:**

Defendant's knowledge and awareness of BTG, Tucows or Infonautics and their technologies including, but not limited to:

a.  Defendant's knowledge and awareness of the patents-in-suit, including:

   (i)   The date and circumstances upon which defendant first became aware of the patents-in-suit; and

   (ii)  Analyses by Defendant of the invalidity, unenforceability or infringement/non-infringement of the patents-in-suit, including any analysis performed prior to the filing of this lawsuit;

b.  Defendants' attempts or plans to design around the claims of the patents-in-suit;

c.  Communications or correspondence between Defendant and BTG, Tucows, or Infonautics related to Affiliate Programs, online advertising or licensing of the patents-in-suit; and

d.  Any acts or actions taken or performed by BTG, Tucows, or Infonautics that Defendant has relied on with respect to BTG, Tucows, or Infonautics' technologies or patents, including the person(s) relying on such acts or actions and the subsequent acts or actions taken or performed by such person(s).

e.  Articles, press releases, web pages, or bulletins referring or relating to BTG, including but not limited to those referring or relating to BTG's, Infonautics' or Tucows' interest in the patent(s)-in-suit in Defendant's possession.

f.  Communication made to any third parties regarding this litigation including, but not limited to, communications with Third Party Agencies, brokers, investors, potential investors, investment bankers, auditors, accountants, state or federal regulatory agencies, or analysts, former employees of defendants and plaintiffs.

g.  Any opinions of counsel, including draft or preliminary opinions, obtained with respect to the infringement, validity or enforceability of the BTG patents-in-suit.

h.  The features or qualities of the patents-in-suit as compared to products, software or technologies used by Defendants, any of its competitors or any other third party.

i.  The results of any enforceability searches, infringement searches, prior art searches or other searches or studies relating to the patents-in-suit, including any copies of patents, publications or prior art.

j.  Any communications or opinions of officers, directors and/or employees of yours with respect to infringement, validity or enforceability of the patents-in-suit.

k.  Defendant's affirmative defenses and counterclaims set forth in your Answer and/or Counterclaim to the Complaint in the above-referenced action.

**RESPONSE:**

Overstock.com objects to Topic No. 24 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Overstock.com specifically objects to Topic 24 to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com also objects to Topic 24 as vague and ambiguous as to its use of the terms "aware," "design around," "any acts or actions," "relied on," "subsequent acts or actions," and "features or qualities of the patents-in-suit." Overstock.com specifically objects to Topics 24 h and k to the extent that it calls for expert testimony. Subject to the foregoing and General Objections, Overstock.com will provide expert testimony at the time designated by the

Scheduling Order. Subject to the foregoing and General Objections, Overstock.com will provide

a witness to respond to Overstock.com's knowledge of the Plaintiffs' technologies.

## TOPIC NO. 25:

Any United States or foreign patents, and patent applications owned, controlled or filed by you that relate to electronic commerce technologies including, but not limited to, patents, patent applications and prior art searches relating to (a) Affiliate Programs, (b) WWW tracking or navigation, (c) features of any of Defendant's websites, (d) online advertising, or (e) bounty payments.

## RESPONSE:

Overstock.com objects to Topic No. 25 as vague, ambiguous, overly broad, unduly

burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence, and to the extent that it seeks material covered by the attorney client

privilege or immune from production under the work product doctrine. Overstock.com objects to

this Topic as overly broad and unduly burdensome as to subsection (c), not related to this

litigation, and not reasonably calculated to lead to the discovery of admissible evidence, to the

extent it seeks testimony related to "any" patents and patent applications, without regard to the

technology at issue in this case. Overstock.com also objects to Topic 25 as vague and ambiguous

as to its use of the terms "controlled," "electronic commerce technologies," "WWW tracking,"

"navigation," and "bounty." As it is not reasonably possible to prepare a witness for a topic so

broad, vague and ambiguous, Overstock.com will not produce a witness on this Topic unless

plaintiffs can clarify and set forth a properly defined Topic.

## TOPIC NO. 26:

Defendant's policies on licensing or cross-licensing patents related to electronic commerce or WWW sites and any (i) patent licenses, cross-licenses, offers to license, agreements, or contracts ("licenses") related to electronic commerce, Affiliate Programs, online advertising, WWW sites, web navigation or web tracking, (ii) amendments to those licenses, (iii) documents referring or relating to negotiations of those licenses, and (iv) royalties or other compensation transferred or received by Defendant pursuant to any such licenses.

-35-

**RESPONSE:**

Overstock.com objects to Topic No. 26 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine.   Overstock.com specifically objects to this Topic as overly broad and unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks testimony related to all of Overstock.com's "licenses," without regard to the technology at issue in this case. Overstock.com also objects to Topic 26 as vague and ambiguous as to its use of the terms "web navigation," and "web tracking." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

**TOPIC NO. 27:**

Any technical information, know how, software, or source code exchanged between Defendant and Third Party Agencies including, but not limited to: (a) material referring or relating to Defendant's WWW sites, Defendant's online advertisements and Defendant's Affiliate Program(s).

**RESPONSE:**

Overstock.com objects to Topic No. 27 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine.   Overstock.com specifically objects to this Topic as overly broad and unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks testimony related to "any technical information, know how, software, or source

-36-

code," with complete disregard as to the specific technology at issue in this case. Overstock.com also objects to Topic 27 as vague and ambiguous as to its use of the term "know how." Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic limited to information related to the Overstock.com Affiliate Program or online advertising.

## TOPIC NO. 28:

With respect to Defendant's current and former employees and third parties:

a. The identification of former and current employees with knowledge of how Defendant tracked/tracks WWW traffic to one of Defendant's WWW sites.

b. The identification of any current or former employees of Defendant with knowledge relating to the patents-in-suit.

c. The identification of any current or former employee of Defendant or third party with knowledge of any navigation path tracking system used by or on behalf of Defendant.

d. The identification of any current or former employee or third party who managed Defendant's online advertising and Affiliate Program(s).

e. The identification of any current or former employee of Defendant or third party who was involved with creating, maintaining, and using any methods, systems and apparatus used by Defendant in connection with its online advertising and Affiliate Program(s).

f. The identification of any current or former employee of Defendant or third party with knowledge of the services that Third Party Agencies provided to Defendant in connection with its online advertising and Affiliate Program(s).

g. Any investigation, research or analysis done by current or former employee of Defendant or by any third party pertaining to the inventions claimed or disclosed by the patents-in-suit.

## RESPONSE:

Overstock.com objects to Topic No. 28 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client

privilege or immune from production under the work product doctrine. Overstock.com specifically objects to this Topic as overly broad and unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks testimony in sub-Topics 28c., d., e., and f., related to Overstock.com's technology generally, with complete disregard as to the specific technology at issue in this case. Overstock.com objects to Topic 28g as it calls for a legal conclusion. Overstock.com also objects to Topic 28 as vague and ambiguous as to its use of the terms "tracked/track," "WWW traffic," "navigation path tracking system," and "inventions claimed or disclosed." Overstock.com further objects to this Topic to the extent "any" individual regardless of whether the individual's knowledge was tangential or *de minimus*. Subject to the foregoing and General Objections, Overstock.com will provide a witness for Topics 28a - f.

## TOPIC NO. 29:

Any non-infringing substitute or alternative to any alleged invention claimed or disclosed in the patents in suit of which Defendant is aware or has been made aware of by any person or entity.

## RESPONSE:

Overstock.com objects to Topic No. 29 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com also objects to Topic 29 as vague and ambiguous as to its use of the terms "non-infringing substitute or alternative," and "any alleged invention claimed or disclosed." Overstock.com specifically objects to Topic 29 to the extent that it calls for expert testimony. Subject to the foregoing and General Objections, Overstock.com will provide expert testimony at the time designated by the Scheduling Order. Subject to the foregoing and General Objections, Overstock.com will provide a witness to

-38-

respond to alternative ways to operate certain aspects of the Affiliates program or online advertising known to developers at Overstock.com.

**TOPIC NO. 30:**

Defendant's awareness of any third party's promotion or sale of any user navigation path tracking system or service.

**RESPONSE:**

Overstock.com objects to Topic No. 30 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com also objects to Topic 30 as vague and ambiguous as to its use of the terms "user navigation path tracking." Overstock.com specifically objects to Topic 30 to the extent that it calls for expert testimony. Subject to the foregoing and General Objections, Overstock.com will provide expert testimony at the time designated by the Scheduling Order. As it is not reasonably possible to prepare a witness for a topic so broad, vague and ambiguous, Overstock.com will not produce a witness on this Topic unless plaintiffs can clarify and set forth a properly defined Topic.

**TOPIC NO. 31:**

Defendant's awareness of any third party's promotion or sale of any system, method or apparatus to track WWW traffic to a WWW site.

**RESPONSE:**

Overstock.com objects to Topic No. 31 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com also objects to Topic 31 as vague and ambiguous as to its use of the terms "track" and "WWW

traffic." Overstock.com specifically objects to Topic 31 to the extent that it calls for expert

testimony. Subject to the foregoing and General Objections, Overstock.com will provide expert

testimony at the time designated by the Scheduling Order. Subject to and without waiving any of

the foregoing general and specific objections, Overstock.com will produce a witness for this

Topic limited to information related to the Overstock.com Associates Program or online

advertising.

## TOPIC NO. 32:

Defendant's awareness of any third party who has used or is using any system, method or apparatus to track WWW traffic to a WWW site or who has used or is using any user navigation path tracking system or service.

## RESPONSE:

Overstock.com objects to Topic No. 32 as vague, ambiguous, overly broad, unduly

burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence, and to the extent that it seeks material covered by the attorney client

privilege or immune from production under the work product doctrine. Overstock.com also

objects to Topic 32 as vague and ambiguous as to its use of the terms "track," "WWW traffic,"

and "user navigation path tracking." Overstock.com specifically objects to Topic 32 to the extent

that it calls for expert testimony. Subject to the foregoing and General Objections,

Overstock.com will provide expert testimony at the time designated by the Scheduling Order. As

it is not reasonably possible to prepare a witness for a topic so broad, vague and ambiguous,

Overstock.com will not produce a witness on this Topic unless plaintiffs can clarify and set forth

a properly defined Topic.

## TOPIC NO. 33:

All information related to Defendant's knowledge, claims or contentions that any third party tracked the navigation path of a user on the Internet or tracked WWW traffic to another WWW site prior to September 20, 1995.

**RESPONSE:**

Overstock.com objects to Topic No. 33 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com also objects to Topic 33 as vague and ambiguous as to its use of the terms "tracked," "navigation path," and "WWW traffic." Overstock.com further objects to the term "all information." Overstock.com will construe this to request as seeking "information sufficient to show." Overstock.com specifically objects to Topic 33 to the extent that it calls for expert testimony. Subject to the foregoing and General Objections, Overstock.com will provide expert testimony at the time designated by the Scheduling Order.

**TOPIC NO. 34:**

All information related to any entity funded by Defendant to perform research, investigate, study, analyze, develop or commercialize the tracking of the navigational path of a user on the Internet or to track WWW traffic to another WWW site.

**RESPONSE:**

Overstock.com objects to Topic No. 34 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com also objects to Topic 34 as vague and ambiguous as to its use of the terms "track," "navigational path," and "WWW traffic." Overstock.com further objects to the term" all information." Overstock.com will construe this to request as seeking "information sufficient to show." Overstock.com specifically objects to Topic 34 to the extent that it calls for expert testimony.

Subject to the foregoing and General Objections, Overstock.com will provide a witness to testify as to any non-privileged and non-work product areas.

## TOPIC NO. 35:

The substance and factual support of Defendant's answers to Plaintiff's interrogatories in this lawsuit.

## RESPONSE:

Overstock.com objects to Topic No. 35 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to Topic 35 as unreasonably cumulative and unduly burdensome, because "the substance and factual support" is obtainable from the responses themselves, which constitute "some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Subject to the foregoing and General Objections, Overstock.com will provide a witness to testify as to any non-privileged and non-work product areas. Overstock.com specifically objects to Topic 35 to the extent that it calls for expert testimony. Subject to the foregoing and General Objections, Overstock.com will provide expert testimony at the time designated by the Scheduling Order.

## TOPIC NO. 36:

The claims, allegations and defenses set forth in your Answer to the Complaint and your Counterclaims including but not limited to Defendant's claims that it does not infringe the patents in suit (either directly, contributorily, or through active inducement or combination thereof).

## RESPONSE:

Overstock.com objects to Topic No. 36 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to Topic 36 as calling for expert testimony. Subject to the foregoing and General Objections, Overstock.com will provide expert testimony at the time designated by the Scheduling Order.

## TOPIC NO. 37:

The substance and factual support for Defendant's contentions and defenses that Defendant's infringement is not willful, deliberate, or intentional.

### RESPONSE:

Overstock.com objects to Topic No. 37 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to Topic 37 to the extent that it calls for expert testimony. Subject to the foregoing and General Objections, Overstock.com will provide a witness regarding factual bases. Subject to the foregoing and General Objections, Overstock.com will provide expert testimony at the time designated by the Scheduling Order.

## TOPIC NO. 38:

The basis, if any for Defendant's contentions that the '860 or '979 patents are invalid and/or unenforceable.

### RESPONSE:

Overstock.com objects to Topic No. 38 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com

-43-

specifically objects to Topic 38 as calling for expert testimony. Subject to the foregoing and

General Objections, Overstock.com will provide expert testimony at the time designated by the

Scheduling Order.

## TOPIC NO. 39:

Whether Defendant's construction used to determine if any of Plaintiff's products, processes, methods, systems or apparatus do not infringe any claimed alleged inventions of the patents-in-suit or that the patents-in-suit are invalid or unenforceable changed, amended, or altered during the course of this litigation.

## RESPONSE:

Overstock.com objects to Topic No. 39 as vague, ambiguous, overly broad, unduly

burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence, and to the extent that it seeks material covered by the attorney client

privilege or immune from production under the work product doctrine. Subject to and without

waiving any of the foregoing general and specific objections, Overstock.com will produce a

witness for this Topic limited to information related to the Overstock.com Associates Program or

online advertising.

## TOPIC NO. 40:

The basis, if any, for Defendant construing the patents-in-suit in a manner that any Defendants' products, processes, methods, apparatus or systems do not infringe the claimed inventions of the patents in suit.

## RESPONSE:

Overstock.com objects to Topic No. 40 as vague, ambiguous, overly broad, unduly

burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence, and to the extent that it seeks material covered by the attorney client

privilege or immune from production under the work product doctrine. Overstock.com

specifically objects to Topic 40 as calling for expert testimony. Subject to and without waiving

-44-

any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic limited to information related to the Overstock.com Associates Program or online advertising.

## TOPIC NO. 41:

Any investigation, research or analysis pertaining to the inventions claimed or disclosed by the patents-in-suit.

## RESPONSE:

Overstock.com objects to Topic No. 41 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine.

## TOPIC NO. 42:

Defendant's advertising strategy and factors considered in evaluating and making decisions relating to advertising.

## RESPONSE:

Overstock.com objects to Topic No. 42 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to Topic 42 as overly broad to the extent it seeks information regarding types of advertising not related to the litigation. Subject to the foregoing and General Objections, Overstock.com will provide a witness.

## TOPIC NO. 43:

All efforts by defendant to advertise, market, or promote its Affiliate Program(s).

**RESPONSE:**

Overstock.com objects to Topic No. 43 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this Topic as overly broad and unduly burdensome to the extent it seeks "all" efforts. Subject to the foregoing and General Objections, Overstock.com will provide a witness.

**TOPIC NO. 44:**

All public statements defendant has made about the success of its Affiliate Program(s) and online advertising.

**RESPONSE:**

Overstock.com objects to Topic No. 44 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to this Topic as overly broad and unduly burdensome to the extent it seeks "all" public statements. Overstock.com further objects to this Topic to the extent the information is equally accessible to Plaintiffs. Subject to the foregoing and General Objections, Overstock.com will provide a witness.

**TOPIC NO. 45:**

The success of Defendant's Affiliate Program(s) and online advertising.

**RESPONSE:**

Overstock.com objects to Topic No. 45 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com also specifically objects to Topic 45 as vague and ambiguous as to its use of the term "success." Subject to the foregoing and General Objections, Overstock.com will provide a witness.

## TOPIC NO. 46:

For all of Overstock's websites, on a quarterly basis from February 1, 1998 through the present, the following activities resulting from its Affiliate Programs and on-line advertising:

a. Number of internet users referred to Overstock's sites

b. Number of orders placed after users were referred to Overstock's sites

c. Number of units ordered after users were referred to Overstock's sites

d. Amount of sales made after users were referred to Overstock's sites

e. Revenue Amazon received from users referred to Overstock's sites

f. The amount of fees, commissions, or other compensation paid by Overstock for referring users to its website

## RESPONSE:

Overstock.com objects to Topic No. 46 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com objects to Topic 46 as overly broad and unduly burdensome to the extent it seeks testimony related to "all of Overstock's websites" and "online advertising" generally, with no relation to the technology at issue in this case. Overstock.com also objects to Topic 46 as vague and ambiguous as to its use of the terms "all of Overstock's websites," "resulting from," "orders," "units," "profitability," and "amount of sales." Overstock.com specifically objects to this Topic as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery

of admissible evidence, as it may include information that has no reasonable relationship to the technology at issue in this case. Overstock.com objects to this request to the extent it seeks information prior to October 1999. Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

**TOPIC NO. 47:**

All factual information listed in Overstock's responses to Plaintiff's interrogatories.

**RESPONSE:**

Overstock.com objects to Topic No. 47 as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to Topic 47 as unreasonably cumulative and unduly burdensome, because "all factual information listed in Overstock's responses" is obtainable from the responses themselves, which constitute "some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Subject to the foregoing and General Objections, Overstock.com will provide a witness to testify as to any non-privileged and non-work product areas.

**TOPIC NO. 48:**

The name and precise location of each of Overstock's computer servers.

**RESPONSE:**

Overstock.com objects to Topic No. 48 as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to this Topic as

vague and ambiguous as to its use of the terms "name" and "precise location." Overstock.com specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it requests information related to "each of Overstock's computer servers" generally regardless of any connection with the accused portions of Overstock.com's technology, as it may include information that has no reasonable relationship to the technology at issue in this case. Overstock.com objects to Topic 48 as overly broad and unduly burdensome to the extent it seeks testimony unrelated to the Overstock.com's Affiliate Program.    Subject to the foregoing and General Objections, Overstock.com will provide a witness to testify as to any non-privileged and non-work product areas.

**TOPIC NO. 49:**

The function of each of Overstock's computer servers and how the servers are used in connection with Overstock's Affiliate Programs and on-line advertising.

**RESPONSE:**

Overstock.com objects to Topic No. 49 as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks material covered by the attorney client privilege or immune from production under the work product doctrine. Overstock.com specifically objects to this Topic as vague and ambiguous as to its use of the terms "function," "used in connection with," and "online advertising."    Overstock.com specifically objects to this Topic as overly broad, unduly burdensome, not related to this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, as it requests information related to "each of Overstock's computer servers" generally regardless of any connection with the accused portions of Overstock.com's technology, as it may include information that has no reasonable relationship to the technology at

-49-

issue in this case. Overstock.com objects to Topic 49 as overly broad and unduly burdensome to the extent it seeks testimony unrelated to the Overstock.com's Affiliate Program. Subject to and without waiving any of the foregoing general and specific objections, Overstock.com will produce a witness for this Topic.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ John M. Seaman*

Dated: January 18, 2006

David J. Margules (#2254) [dmargules@bmf-law.com]
John M. Seaman (#3868) [jseaman@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
*Attorneys for Defendant Overstock.com, Inc.*

OF COUNSEL:

Glenn A. Ballard, Jr.
John F. Luman, III
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781
(713) 223-2300

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
 *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

John W. Shaw, Esquire [jshaw@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
 *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

I further certify that on January 18, 2006, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and that a copy was served on the following non-registered participants by e-mail:

Niall A. MacLeod, Esquire [NAMacLeod@rkmc.com]
Michael A. Collyard, Esquire [MACollyard@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
 *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

Kristin L. Cleveland, Esquire [kristin.cleveland@klarquist.com]
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
 *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ John M. Seaman*

Dated: January 18, 2006

David J. Margules (#2254) [dmargules@bmf-law.com]
John M. Seaman (#3868) [jseaman@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
  *Attorneys for Defendant Overstock.com, Inc.*