IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BTG INTERNATIONAL INC., INFONAUTICS CORPORATION AND TUCOWS, INC.<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC., AMAZON SERVICES, INC., AND OVERSTOCK.COM, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-1264-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that Amazon.com, Inc. and Amazon Services, Inc. have served the attached subpoenas.

*Karen E. Keller by Andrew A. Lundgren (No. 4429)*
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Rolin Bissell (No. 4478)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

OF COUNSEL:

Kristin L. Cleveland, Esquire
Jeffrey S. Love, Esquire
James E. Geringer, Esquire
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

Dated: January 20, 2006

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

BTG International, Inc., Infonautics Corporation, and Tucows, Inc.
v.
Amazon.com, Inc., Amazon Services, Inc., and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1264 SLR (Dist. Del.)

TO: Cuesta Technologies LLC
c/o RA: Laurie Swiryn
351 La Cuesta Dr.
Portola Valley, CA 94028

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| 1361 S. Winchester Blvd., Suite 117, San Jose, California 95128 (or at another agreed upon time & location) | 1/26/06 9AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Lane M. Chitwood* (signature) | 1/19/06 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lane M. Chitwood    Klarquist Sparkman, LLP, 121 SW Salmon Street,
503-595-5300         Suite 1600, Portland, OR 97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____  
                    DATE

_____  
SIGNATURE OF SERVER

_____  
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE A**

## **INSTRUCTIONS**

1.  In producing documents and things, you are required to provide all documents and things known or available to you, whether or not such documents or things are within your direct possession, custody or control, and including but not limited to information in the possession of your employees, agents, representatives, guardians, attorneys, or any other persons or entities acting on your behalf.

2.  Please produce electronic documents in an intelligible format together with a description of the system from which the format was derived sufficient to permit intelligible rendering of the materials.

3.  In the event that multiple copies of a document exist, produce each copy on which there are any notations or markings of any sort not appearing on every other copy.

4.  If you do not have documents responsive to any particular subject matter, please so state.

5.  If you cannot fully produce the documents requested below after exercising due diligence to secure them, please respond and produce the document(s) to the extent possible, specify the portion of any request for production of documents to which you are unable to fully respond, state the facts upon which you base your contention that you are unable to fully respond to such portion, and state any knowledge, information, or belief you have concerning such portion.

Page 1 – Schedule A – Cuesta Technologies, LLC

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1. The terms "you," and "your" as used herein shall refer to Cuesta Technologies, LLC, including without limitation its past and present parents, predecessors, successors, subsidiaries, affiliates and divisions, any joint venture to which it may have been a party, and/or each of its officers, directors, employees, consultants, accountants, attorneys and agents, and all other persons and entities acting or purporting to act on behalf of any of the foregoing.

2. "Cuesta" as used herein refers to Cuesta Technologies, LLC, including without limitation its past and present parents, predecessors, successors, subsidiaries, affiliates and divisions, any joint venture to which it may have been a party, and/or each of its officers, directors, employees, consultants, accountants, attorneys and agents, and all other persons and entities acting or purporting to act on behalf of any of the foregoing.

3. "Edsoft" as used herein refers to Edsoft Software Corporation and Data Driven Software Corporation, including without limitation their past and present parents, predecessors, successors, subsidiaries, affiliates and divisions, any joint venture to which they may have been a party, and/or each of their officers, directors, employees, consultants, accountants, attorneys and agents, and all other persons and entities acting or purporting to act on behalf of any of the foregoing.

4. The term "document[s]" as used herein is used in its broadest sense and includes, without limitation, all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. "Document[s]" is used without limitation as to the type of

document (whether original, copy or non-identical copy), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

5. "Communication" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

6. "And" and "or" as used herein mean "and/or" and the singular form of words shall be deemed to include the plural, and vice versa, whenever appropriate in order to bring any document within the scope of these requests that might otherwise be considered beyond their scope.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1. For documents and things created or authored prior to December 31, 1995:

    (a) all documents, design documentation, specifications, source code, scripting code, computer files, screen shots and other materials related to consulting, planning, design, development, tracking, hosting or maintenance of World Wide Web sites by Cuesta, including without limitation projects related in any way to Edsoft;

    (b) all documents, design documentation, specifications, source code, scripting code, computer files, screen shots and other materials that show or explain tracking Internet users or customers (whether across different domains or sub-domains), URL affiliate keys, URL tracking, URL insertion, hypertext links, the use of persistent or

Page 3 – Schedule A – Cuesta Technologies, LLC

session cookies, the use of direct response codes, or placing ID tokens (or keys, tags, codes or mods) in URLs or website links;

(c) all documents, design documentation, specifications, source code, scripting code, computer files, screen shots and other materials that refer or relate to the identification of websites or webpages that refer users to other websites or webpages, the tracking of computer user navigation paths, the use of affiliate keys with URLs, or the modification or tagging of URLs for any purpose;

(d) all documents, design documentation, specifications, source code, scripting code, computer files, screen shots and other materials that refer or relate to a script, custom server extension, or other code which generates a link to another website and/or redirects a browser to another website.

(e) all documents, design documentation, specifications, source code, scripting code, computer files, screen shots and other materials that refer or relate to redirecting a computer user to a second, referred, webpage, which webpage has been revised by inserting information associated with the first, referring, webpage.

(f) all documents, design documentation, specifications, source code, scripting code, computer files, screen shots and other materials that refer or relate to monitoring, evaluating, collecting, capturing, or gathering information related to online advertisements.

2. All documents and things that identify, in whole or part, any individuals or entities related to or involved in, prior to December 31, 1995, the identification of websites or webpages that refer computer users to other websites or webpages, the tracking of computer user

Page 4 – Schedule A – Cuesta Technologies, LLC

navigation paths, the use of affiliate keys with URLs, or the modification or tagging of URLs for any purpose.

3.  All documents and things that evidence, refer to, or relate to, in whole or part, dates prior to December 31, 1995, upon which occurred the identification of websites or webpages that refer users to other websites or webpages, the tracking of computer user navigation paths, the use of affiliate keys with URLs, or the modification or tagging of URLs for any purpose.

4.  All documents and things that evidence, refer to, or relate to, in whole or part, dates prior to December 31, 1995, upon which occurred consulting, planning, design, development, tracking, hosting or maintenance of World Wide Web sites by Cuesta, including without limitation projects related in any way to Edsoft;

5.  All documents and things related to the destruction of any document or thing that related or referred to any of the subject matter requested herein, or to the transfer thereof to another person or entity.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

BTG International, Inc., Infonautics Corporation, and Tucows, Inc.
v.
Amazon.com, Inc., Amazon Services, Inc., and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1264 SLR (Dist. Del.)

TO: Monty Swiryn
351 La Cuesta Dr.
Portola Valley, CA 94028

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 1361 S. Winchester Blvd., Suite 117, San Jose, California 95128 (or at another agreed upon time & location) | 1/27/06 9AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Lane M. Chitwood* | 1/19/06 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lane M. Chitwood    Klarquist Sparkman, LLP, 121 SW Salmon Street,
503-595-5300    Suite 1600, Portland, OR 97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF   CALIFORNIA

BTG International, Inc., Infonautics Corporation, and Tucows, Inc.
v.
Amazon.com, Inc., Amazon Services, Inc., and Overstock.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-1264 SLR (Dist. Del.)

TO: Monty Swiryn CEO Cuesta Technologies
1361 S. Winchester Blvd. Suite 117
San Jose, CA  95128

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| 1361 S. Winchester Blvd., Suite 117, San Jose, California 95128 (or at another agreed upon time & location) | 1/27/06 9AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Lane M. Chitwood* | 1/19/06 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lane M. Chitwood     Klarquist Sparkman, LLP, 121 SW Salmon Street,
503-595-5300         Suite 1600, Portland, OR 97204

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on January 20, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

John M. Seaman, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

I further certify that copies of the foregoing document were served by hand delivery on the above-listed counsel and on the following counsel in the manner indicated:

### BY CM/ECF & EMAIL

Glenn A. Ballard, Jr., Esquire
John F. Luman, III, Esquire
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781

Ronald J. Schutz, Esquire
Niall A. MacLeod, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

*Karen E. Keller by Andrew A. Lundgren (No. 4429)*
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com