# Exhibit

# N

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

CARRIE R. KETTERLING, CLA
Senior Paralegal
612-349-8530

January 24, 2006

**VIA FEDERAL EXPRESS**

John Luman
Bracewell & Giuliani, LLP
711 Louisiana Street, Suite 2900
Houston, TX 77002

Re:    BTG International, Inc., et al. v. Amazon.com, Inc., et al.
       Our File No.: 122234-0001

Dear Mr. Luman:

Enclosed and served upon you, please find a CD containing documents bearing the production numbers BTG029214 to BTG029253. These documents are being produced pursuant to Judge Robinson's Order of January 10, 2006 on a non-waiver basis. We are currently considering the court's ruling with respect to one remaining document, which has not been included in this production.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Carrie R. Ketterling, CLA
Senior Paralegal

/crk
Enclosure

DEFENDANT'S EXHIBIT
N
PENGAD-Bayonne, N.J.

# Exhibit

# O



BRACEWELL
&GIULIANI LLP

711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Phone 713.223.2300
Fax 713.221.1212
www.bracewellgiuliani.com

September 16, 2005

<u>By Facsimile</u>

Mr. Niall A. MacLeod
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015

Re:    C.A. No. 04-1264-SLR; *BTG International Inc. v. Amazon.com, et al.;* In
the United States District Court for the District of Delaware

Dear Niall:

This letter is in regard to the amendments you have made to BTG's privilege log.
Stephanie Adamany's letter of July 20, 2005, lists each of the entries in your privilege log
that have been amended, and many of these changes still provide no basis for your
assertion of privileges.

The first category of documents includes internal communications and documents that
were neither sent by nor to an attorney. For the vast majority of these documents, all you
have done is add on the phrase "Performed at the direction of Bradley Ditty, Esq." In
fact, as far as we can discern for the following documents, the addition of that phrase is
the only change you have made to the privilege log:

| | | |
|---|---|---|
| 1210 | 1654 | 1847-48 |
| 1459-60 | 1657 | 1854-59 |
| 1486 | 1670-74 | 1864 |
| 1492 | 1680-82 | 1867 |
| 1565-66 | 1693-94 | 1932-33 |
| 1569 | 1729-30 | 1948-49 |
| 1571-75 | 1732 | 1952-53 |
| 1587 | 1755-59 | 1956-57 |
| 1589 | 1776-79 | 2029-30 |
| 1598 | 1781-83 | 2032 |
| 1620 | 1785-86 | 2077-80 |
| 1622 | 1789-90 | 2150-53 |
| 1633-34 | 1793 | |
| 1642-43 | 1832-34 | |

1826572.31



DEFENDANT'S
EXHIBIT



Mr. Niall A. MacLeod
September 16, 2005
Page 2

This is hardly a meaningful or substantive change to your privilege log. There is still no way to verify that the documents in question are privileged. We request an affirmation that outside counsel for BTG actually looked at the documents in question, and it can be discerned from the document that in fact Brad Ditty directed the employee and the document seeks legal advice. Alternatively, I will request that the Court view these documents to determine if they are in fact privileged.

Based upon our review, the only documents in this category you produced (a total of six documents) involve communications between BTG and its marketers Taylor Rafferty and Firefly (*see, e.g.,* entry 1483 corresponding to documents 26116-18).

The second category of documents at issue are communications with third parties. I notice that you have still refused to produce any documents or communications between BTG and Patent Logistics (documents 646, 649, 653, 791, 1114-15, 1128-71, 1175-82, 1275-76, 1304, 1410-11, 1421, 1659, 1661-68, 2053-63, and 2085-86). You have provided no explanation as why these documents are privileged. Please produce these documents, otherwise we will be forced to take this matter before the Court.

You have also failed to produce communications with Serissa Research (1125-27, 1425, 1531-34, 1576-79, 1581-83, and 1595-96). Again, you provide no basis for your assertion of privilege.

Further, you have not produced communications by and between you and your marketers Firefly (1034 and 1470) and Taylor Rafferty (1362-63, 1801, 1807, 1812, 1814, 1817, 1819, 1821, 1824, 1830, 1877, 1951, and 1954). It is odd that you would withhold these documents when you produced other communications with these entities (i.e. entry 1483 corresponding to documents 26116-18). Without question, your communications with marketers is not covered by any privilege, and these documents must be produced.

Note that Overstock's concerns regarding the propriety of BTG's privilege log is not without merit. The documents you did produce (738-43, 1096-98, 1438, 1146-47, 1462-63, 1485, 1493, 1495-96, and 1498-99) that were previously "privileged" are not, in fact, even remotely subject to any claim of privilege. Under these circumstances, Overstock.com is suspect of BTG's remaining privilege claims and insists that the documents described above be produced or inspected by the Court.



Mr. Niall A. MacLeod
September 16, 2005
Page 3

Very truly yours,

Bracewell & Giuliani LLP

John F. Luman III

JFL/da

cc:    Jeffrey S. Love
       Kristin L. Cleveland
       Klarquist, Sparkman, LLP
       One World Trade Center – Suite 1600
       121 S.W. Salmon Street
       Portland, Oregon 97204
       *(Via Facsimile)*

       Karen L. Pascale
       David J. Margules
       BOUCHARD, MARGULES & FRIEDLANDER
       222 Delaware Avenue, Suite 1400
       Wilmington, Delaware 19801
       *(Via Facsimile)*

       Glenn A. Ballard, Jr.
       BRACEWELL & GIULIANI LLP