IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL, INC., INFONAUTICS CORPORATION, and TUCOWS INC., | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. No. 04-1264-SLR |
| AMAZON.COM, INC., AMAZON SERVICES, INC., NETFLIX, INC., BARNESANDNOBLE.COM, INC., BARNESANDNOBLE.COM LLC, and OVERSTOCK.COM, INC. | § § § § § § § | REDACTED - PUBLIC VERSION OF D.I. 395 |
| Defendants. | § | |

## DEFENDANTS' REPLY BRIEF ON THE COMMON INTEREST PRIVILEGE

BOUCHARD MARGULES & FRIEDLANDER, P.A.
David J. Margules (#2254)
[dmargules@bmf-law.com]
John M. Seaman (#3868)
[jseaman@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
*Attorneys for Defendant Overstock.com, Inc.*

YOUNG, CONAWAY, STARGATT & TAYLOR LLP
John W. Shaw (#3362)
[jshaw@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
*Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

OF COUNSEL:

Glenn A. Ballard, Jr.
John F. Luman, III
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781

Kristin L. Cleveland
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204

Dated: February 27, 2006

Pursuant to the Court's January 10, 2006 Order, Defendants Amazon.com, Inc., Amazon Services, Inc., and Overstock.com, Inc. submit this brief in reply to Plaintiffs BTG International, Inc. ("BTG") and Tucows Inc.'s ("Tucows") Response to Defendants' Brief on the Common Interest Privilege.

## ARGUMENT

### I. The Court Specifically Requested Defendants' Brief

Plaintiffs' first argument is that the Court has already decided this issue. Plaintiffs are apparently ignoring the Court's January 10, 2006 Order which states:

> However, given the fact that these documents are privileged only by virtue of the asserted "common interest" privilege, which has not been tested, the court will allow defendants to brief why the common interest privilege does not apply to the Tucows documents logged by Plaintiff.

*See* January 10, 2006 Order. Thus, Plaintiffs' first argument is not persuasive.

### II. No Common Legal Interest Exists

Plaintiffs' second, third, and fourth arguments all attempt to establish the existence of a common legal interest between BTG and Tucows. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ This common interest is not legal, it is commercial and cannot support the privilege.

The parties must be pursuing a common legal goal. *See In re Application of the FTC for Order Compelling Avrett Free & Ginsberg*, No. M18-304, 2001 U.S. Dist. LEXIS 5059, *9 (S.D.N.Y. Apr. 19, 2001) ("The parties...must have demonstrated cooperation in formulating a common legal strategy.") (attached as Exhibit I to Defendants' Brief). Here, Tucows and BTG do not have a common goal of proving the patents to be valid; instead, Tucows and BTG have a common goal to commercialize the patents. The shared interest—to make money—is not a legal

interest but is instead commercial. To the extent any legal rights are at issue, they are only incidental to the parties' commercial relationship. 

Plaintiffs also argue that Tucows and BTG contemplated future litigation, creating a common legal interest. This position is unsupportable. First, mere anticipation of potential litigation does not create a common legal interest to support the privilege. Where "the common enterprises embarked on a business mission, though there is concern about the presence of litigation, the common interest privilege will not be applicable." *Lugosh v. Congel*, 219 F.R.D. 220, 238 (N.D.N.Y. 2003). Without doubt, Tucows and BTG were on a common business mission to commercialize the patents. Litigation was viewed a last resort.[1] *See* Exhibit J.

Second, for the privilege to apply, the parties must demonstrate their cooperation in forming a common legal strategy. *See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995). Despite this clear language, Plaintiffs now claim that Tucows and BTG anticipated joint litigation based on Tucows' presence in this suit and the fact

---

[1] In fact, Plaintiffs' brief simply concludes, without any evidence, that "litigation was undoubtedly contemplated...." *See* Response at p. 6. Plaintiffs provide no affidavits or other testimony to support their claim that litigation was actually contemplated.

2

that Tucows had to approve BTG's choice of which companies to sue. Of course, BTG resisted adding Tucows as a party and did so only after a Court order, and requiring Tucows' approval beforehand hardly constitutes joint litigation. ▮

▮

▮ *See Bank Brussels Lambert*, 160 F.R.D. at 447.

### III.   Other Privilege Issues

In their initial brief, Defendants raised several other unresolved issues. After an in camera review of 36 documents (12 representative documents from the categories of "Communications with Technical Experts," "Communications with Marketers," and "Internal Communications"), the Court found that 25 of the 36 representative documents had been wrongfully withheld as privileged by Plaintiff. These 36 representative documents represented only a fraction of the total documents in the three categories. *See* Letter dated September 16, 2005 (attached as Exhibit O to Defendants' Brief) Despite the Court's ruling that 25 of the 36 representative documents (70%) were NOT privileged, BTG has not produced any of the remaining documents from the three categories, and Plaintiffs' Response offers no explanation for its refusal to do so.

Finally, Defendants complained that Plaintiffs failed to produce all of the documents ordered by the Court. Plaintiffs have since produced the remaining document, and thus this issue has been resolved.

### CONCLUSION

Plaintiffs' response brief does not establish the validity of the common interest privilege. The parties' share only a commercial interest and did not contemplate joint legal action. As such,

3

the common interest privilege does not apply and all documents and communications shared between BTG and Tucows are discoverable. Moreover, Plaintiff has refused to produce any additional "privileged" documents that despite the Court's findings that 70% of a sample of such documents were wrongfully designated.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ John M. Seaman*
_____
David J. Margules (#2254) [dmargules@bmf-law.com]
John M. Seaman (#3868) [jseaman@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
*Attorneys for Defendant Overstock.com, Inc.*

OF COUNSEL:

Glenn A. Ballard, Jr.
John F. Luman, III
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781
(713) 223-2300

Dated: February 27, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2006, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

John W. Shaw, Esquire [jshaw@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

I further certify that on February 27, 2006, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and that a copy was served on the following non-registered participants by e-mail:

Niall A. MacLeod, Esquire [NAMacLeod@rkmc.com]
Michael A. Collyard, Esquire [MACollyard@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
  *Attorneys for Plaintiffs, BTG International, Inc., Infonautics Corporation, and Tucows Inc.*

Kristin L. Cleveland, Esquire [kristin.cleveland@klarquist.com]
KLARQUIST SPARKMAN LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
  *Attorneys for Defendants Amazon.com, Inc. and Amazon Services, Inc.*

|  | BOUCHARD MARGULES & FRIEDLANDER, P.A. |
|---|---|
|  | /s/ John M. Seaman |
| Dated: February 27, 2006 | _____ |
|  | David J. Margules (#2254) [dmargules@bmf-law.com]<br>John M. Seaman (#3868) [jseaman@bmf-law.com]<br>222 Delaware Avenue, Suite 1400<br>Wilmington, Delaware 19801<br>(302) 573-3500<br>*Attorneys for Defendant Overstock.com, Inc.* |